**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| TDM America, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | No. 06-472 C<br><br>Judge Thomas C. Wheeler |

**MOTION TO NOTICE INTERESTED THIRD PARTIES**

Pursuant to Rule 14(b) of the Rules of the United States Court of Federal Claims ("RCFC") and 41 U.S.C. § 114(b), defendant United States (the "government"), moves this Court to issue a notice to Clean Earth Dredging Technologies, Inc. ("CEDTI"), Donjon Marine Company, Inc. ("Donjon"), and OENJ Cherokee Corporation ("OENJ") to appear, if they so desire, as parties and assert any interest they may have in this action:

Clean Earth Dredging Technologies, Inc.
One Linden Avenue East
Jersey City, New Jersey 07305

Donjon Marine Company, Inc.
1250 Liberty Avenue
Hillside, New Jersey 07205

OENJ Cherokee Corporation
251 Jersey Gardens Blvd. East
Elizabeth, New Jersey 07201

Defendant has informed Plaintiff TDM America, LLC ("TDM") of this motion. Plaintiff has indicated that it has no opposition to this motion now, but will assess its position upon receiving and reviewing the motion.

## INTRODUCTION

Plaintiff brought this action seeking compensation for the alleged infringement of one or more claims of United States Patent Nos. 6, 293, 731 ("the'731 patent") and 5, 542, 614 ("the '614 patent"). The '731 patent claims methods of treating dredged material and the '614 patent claims a method for processing contaminated soil.

Rule 14(b)(1) of this Court's Rules of Practice and Procedure provides that "[t]he court, on its own motion or on the motion of a party, may notify any person with legal capacity to sue and be sued and who is alleged to have an interest in the subject matter of any pending action." In order to invoke the rule, a moving party must seek an order from the Court directing the clerk to issue the requisite notice to the moving party, who shall then serve the notice on the noticed parties together with copies of the pleadings. RCFC 14(b)(4) & (5).

For the reasons that follow, the Government submits that notices to CEDTI, Donjon and OENJ are warranted by the facts and circumstance presently known.

## POTENTIAL INTEREST OF THIRD PARTIES

The New York District of the United States Army Corps of Engineers ("USACE") has responsibility for the management of navigation projects in the Port of New York and New Jersey and surrounding areas.[1] The navigation channels of the Port of New York and New Jersey are periodically dredged to maintain or increase the depth of the channels to ensure safe and efficient navigation by large vessels. The New York District of the USACE utilizes contractors

[1] USACE *Areas of Responsibility*, *at* http://www.nan.usace.army.mil/whoweare/resp.htm.

for deepening, maintenance dredging and disposing of dredged material from the navigation channels of the Port of New York and New Jersey.

Plaintiff asserts that the USACE "and its local sponsors" have engaged in the unauthorized manufacture and use of the inventions claimed in the '731 and '614. *See* Compl. at ¶ 10. Plaintiff's complaint does not include any details regarding the allegedly infringing activities of the government nor does the complaint provide any identification of the "local sponsors."

Earlier this year a corporation by the name of UTEX Holdings, LLC ("UTEX") submitted an administrative claim to the United States Army alleging infringement of the '731 and '614 patents by three contractors of the USACE.[2] The three contractors referenced by UTEX were Donjon, OENJ and CEDTI. UTEX asserted in its administrative claim that TDM is a wholly owned subsidiary of UTEX.

In its administrative claim, UTEX asserted that the '731 patent was infringed as a result of Donjon's performance of a dredging contract. Specifically, UTEX referenced contract W912DS-05-C-0003, a USACE contract awarded to Donjon for the Arthur Kill Channel Navigation Improvement Project. Ex. 1 (excerpts of the Arthur Kill Channel Navigation Improvement Project, Contract No. 2, W912DS-05-C-0003). This contract incorporated by reference a patent indemnity clause, Federal Acquisition Regulation ("FAR") 52.227-4, requiring the contractor to indemnify the government for any patent infringement liability arising out of the performance of the contracts. *Id.* at 38. This patent indemnity clause, FAR 52.227-4, was also

---

[2] The United States Army Legal Services Agency denied the administrative claim of UTEX relating to the '731 and '614 patents on May 16, 2006.

incorporated by reference in other contracts under which OENJ and CEDTI performed upland processing as subcontractors. *See, e.g.*, Ex. 2 (excerpts of New York Harbor and Adjacent Channels, Port Jersey Channel, Contract No. 1, DACW51-03-C-0001) at 17, *and* Ex. 3 (excerpts of New York Harbor and Adjacent Channels, Port Jersey Channel, Contract No. 2, W912DS-04-C-0008) at 27. Consequently, a judgment against the government may affect Donjon, OENJ and CEDTI as indemnitors. For this reason, these contractors may have an interest in this case within the meaning of RCFC 14(b)(1).

The issuance of the requested notice for both parties conforms to the established practice of the United States Court of Federal Claims. *See, e.g., Rockwell Int'l Corp. v. United States,* 31 Fed. Cl. 536 (1994); *Myrtle Beach Pipeline Co. v. United States*, 6 Cl. Ct. 363 (1984); *Carrier Corp. v. United States*, 534 F.2d 250 (Ct. Cl. 1976); *Bowser, Inc. v. United States,* 420 F.2d 1057 (Ct. Cl. 1970).

## CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court grant this motion and issue the requested notice.

DATED: August 21, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

s/ Erica A. Franklin
ERICA A. FRANKLIN
Attorney
Commercial Litigation Branch
Department of Justice
Washington, D.C. 20530
Telephone: (202) 353-0517
Facsimile: (202) 307-0345