IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TDM America, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06-472 C |
| | ) | |
| v. | ) | Judge Thomas C. Wheeler |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF TDM AMERICA, LLC'S RESPONSE TO
THE MOTION TO NOTICE INTERESTED THIRD PARTIES**

Plaintiff TDM America ("TDM") respectfully submits this response to the motion submitted by defendant the United States of America (the "United States") to notice interested third parties (the "motion"). The United States submitted the motion pursuant to Rule 14(b) of the Rules of the United States Federal Court of Claims and 41 U.S.C. § 114(b), to notice three (3) non-parties to this patent infringement case on the grounds that the United States believes that these three non-parties may have potential interests in this litigation.

The parties identified by the United States are (i) Clean Earth Dredging Technologies, Inc., (ii) Donjon Marine Company, Inc., and (iii) OENJ Cherokee Corporation. The "interest" apparently derives from the fact that these parties have contractual agreements with the United States for dredging certain waterways. This suit alleges that certain dredging processes, utilized by or on behalf of the United States are covered by the patents-in-suit. Specific contracts are not recited in the complaint. While

TDM does not take any position with respect to the motion *vis-à-vis* noticing these parties, TDM submits the following clarification in response to the motion.

The complaint for patent infringement in this action provides the requisite pleading notice to the United States regarding its infringement of one or more claims of United States patent nos. 6,293,731 and 5,542,614. The complaint, however, does not restrict TDM's claims to any particular contracts or contractors. There may be parties, in addition to those identified by the United States in the motion, that have an interest in this litigation and whose contracts may be at issue in this litigation. Hence, TDM advises this Court that the motion should not be interpreted as limiting TDM's infringement claims to the infringing activities of the United States with respect to only contracts involving the three non-parties identified in the motion. TDM has not made, expressed or otherwise conveyed that its patent infringement claims are limited in this regard. An identification of all contracts at issue here is premature until after TDM has the opportunity to plenary discovery on this matter.

## CONCLUSION

Based on the foregoing, TDM does not oppose the motion.

Dated: September 5, 2006

                                        Respectfully submitted,

                                        DAVIDOFF MALITO & HUTCHER LLP
                                        *Attorneys for Plaintiff*

                                        David W. Denenberg
                                        Michael A. Adler
                                        605 Third Avenue – 34 Fl
                                        New York, NY 10158
                                        Tel: (212) 557-7200
                                        Fax: (212) 286-1884

00346579