**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| TDM America, LLC,<br>Plaintiff,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | No. 06-472 C<br>Judge Thomas C. Wheeler |

# JOINT PRELIMINARY STATUS REPORT

Plaintiff TDM America, LLC ("TDM") and defendant The United States of America ("United States") respectfully submit this Joint Preliminary Status Report pursuant to the Rules of the United States Court of Federal Claims, Rule 16.

1. **Does the court have jurisdiction over the action?**

   Yes. The parties concur that jurisdiction is proper in this court pursuant to 28 U.S.C. § 1498(a).

2. **Should the case be consolidated with any other case and, if so, why?**

   No. The parties are not aware of any other cases for consolidation.

3. **Should trial of liability and damages be bifurcated and, if so, why?**

   TDM strongly believes that the trial on liability and damages should not be bifurcated. There is no basis for bifurcation. For example, there will be no jury for the trial in this action so there is no concern over jury confusion. Remedies are limited to a reasonable royalty as lost profits and an injunction are not available where the United States is the defendant. Furthermore, the damages portion of this trial is not complex.

   The alternative suggested by the United States to complete fact discovery on liability and damages, and then complete only expert discovery on liability and try liability before convening expert discovery on damages and trying damages is inefficient and needlessly adds time and expense to this action. This alternative requires a second and unnecessary review of fact discovery to prepare expert reports and to conduct expert discovery. Then, this alternative requires a second

and extended trial schedule. Further, because the only remedy available to TDM is a reasonable royalty, no relief will be forthcoming to TDM until the conclusion of a second trial. In cases involving private entities, a verdict of liability results in an injunction pending the damages trial. Here, after a finding of liability, TDM would have no relief whatsoever until the end of a second trial.

The United States believes that it may prove more efficient to bifurcate the liability and damages phases of this lawsuit. An independent consideration of liability may provide a substantial savings in time for both the Court and the parties and will allow the issue of liability to be determined more expeditiously than if the liability and damages issues are combined for trial. The possibility of a negotiated settlement may be substantially improved once the issues of validity and infringement are determined. The United States only seeks bifurcation of expert discovery on damages issues and any subsequent trial relating to damages from the liability phase of this lawsuit. Bifurcation of fact discovery on issues of liability and damages is not sought.

4. **Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?**

No. The parties are not aware of any related cases in this court or any other tribunal.

5. **In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?**

No. The parties do not foresee any reason for seeking a remand or suspension of this matter.

6. **Will additional parties be joined? If so, the parties shall provide a statement describing such parties, their relationship to the case, the efforts to effect joinder, and the schedule proposed to effect joinder.**

The United States filed a motion to notice third party contractors, specifically, (i) Clean Earth Dredging Technologies, Inc. (ii) Donjon Marine Company, Inc. and (iii) OENJ Cherokee Corporation. TDM responded to that motion advising that it did not object to the motion, but reserved its right to join additional parties if it believes that joinder of other parties is necessary.

7. **Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?**

Neither party presently intends to file a motion pursuant to RCFC 12(b) or 12(c). The parties will evaluate whether a motion for summary judgment pursuant to RCFC 56 is warranted as discovery progresses. The parties propose that should such a motion be pursued, the moving papers will be filed on or before August 24, 2007.

**8. What are the relevant factual and legal issues?**

TDM asserts that the issues are:

This action charges the United States with infringement of U.S. patent no. 6,293,731 entitled method for treatment for dredged materials to form a structural fill and U.S. patent no. 5,542,614 entitled processing of waste material. Plaintiff alleges that the United States entered into various contracts with third parties for dredging waterways which require certain processes and/or apparatuses that infringe one or more claims of each of the patents-in-suit.

In this action, the United States moved to notice certain third parties which are contractors and/or sub-contractors under the United States Army Corps of Engineers contract. The United States cited the indemnification clauses of its contracts in notifying these third parties. Prior efforts to resolve this matter without litigation were made by TDM or a related TDM entity but were unsuccessful.

If the United States were found to have infringed any of the claims of the patents-in-suit, TDM would be entitled to a reasonable royalty.

The United States asserts that the issues are:

(a) Whether the accused dredging processes or methods of treating dredged material used by or for the United States infringe one or more of the claims of the United States Patents Nos. 6,293,731 (the '731 patent) and entitled A Method for Treatment for Dredged Materials to Form a Structural Fill and 5,542,614 (the '614 patent) and entitled A Processing of Waste Material.

(b) Whether each asserted claim of the '731 and '614 patents is invalid pursuant to 35 U.S.C. §§ 102, 103, or 112.

(c) Whether the assignments of the '731 and '614 patents to plaintiffs are void under the Anti-Assignment Act, 31 U.S.C.A. § 3727.

(d) If defendant is found to be liable pursuant to 28 U.S.C. § 1498(a), then the quantum of compensation or damages due TDM.

**9. What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

Plaintiff made attempts to resolve this litigation when it or a related entity asserted an administrative claim against the United States for infringement of the patents-in-suit. These efforts followed a series of communications that invited settlement discussions with the United States. These efforts, however, were unsuccessful. TDM is amenable to pursuing settlement discussions, but it declines a formal alternative dispute resolution, at this time.

The United States denies that plaintiff has attempted to resolve this litigation previously. TDM has not submitted an administrative claim against the United States for infringement of the patents-in-suit. Rather, as set forth in the United States' Answer, the only administrative claim submitted to the United States Army was by a company named UTEX Holdings, LLC (UTEX). It is too early in the litigation for the United States to form any conclusion as to the likelihood of settlement. The United States does contemplate mutual discussions with plaintiff regarding settlement as the case progresses. In light of plaintiff's position as to alternative dispute resolution, the United States does not believe that ADR is appropriate at this time. However, the United States is willing to explore the use of ADR procedures if initial settlement discussions suggest that such procedures would be helpful.

10. **Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why? A request for expedited trial scheduling is generally appropriate when the parties anticipate that discovery, if any, can be completed within a 90-day period, the case can be tried within 3 days, no dispositive motion is anticipated, and a bench ruling is sought. The requested place of trial shall be stated. Before such a request is made, the parties shall confer specifically on this subject.**

i) As stated above, TDM is amenable to settlement as discussed, but contemplates a two-week trial in the event settlement discussions are unsuccessful.

ii) TDM is precluded from requesting an expedited trial in this patent infringement case as discovery is anticipated to exceed ninety (90) days, at least one dispositive motion is contemplated, and the trial is expected to exceed three days. Nevertheless, TDM respectfully requests an expedited scheduling order as there are continuing contracts on behalf of the United States that call for dredging activities that infringe the claims of the patents-in-suit. Accordingly, TDM respectfully requests that this case proceed quickly to trial.

iii) The United States presently anticipates proceeding to trial as to all issues with the proviso that discovery may warrant determination of certain issues by summary judgment. The United States does not request an expedited trial schedule.

11. **Are there special issues regarding electronic case management needs?**

No.

**12. Is there other information of which the court should be aware at this time?**

A Joint Discovery Plan (proposed) is annexed hereto for the court's consideration.

Respectfully submitted,

DAVIDOFF MALITO & HUTCHER LLP
*Attorneys for Plaintiff*

Dated: October 12, 2006

s/Michael A. Adler
David W. Denenberg
Michael A. Adler
605 Third Avenue – 34 Fl
New York, NY 10158
Tel: (212) 557-7200
Fax: (212) 286-1884

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

Dated: October 12, 2006

s/Erica A. Franklin
Erica A. Franklin
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 353-0517
Facsimile: (202) 307-0345

Attorneys for the United States