## THE UNITED STATES COURT OF FEDERAL CLAIMS

### (Electronically Filed:  December 22, 2006)

| | |
|---|---|
| TDM AMERICA, LLC,                )<br>                                                   )<br>            Plaintiff,                        )<br>                                                   )<br>            v.                                  )<br>                                                   )<br>THE UNITED STATES OF AMERICA,    )<br>                                                   )<br>            Defendant.                     )<br>                                                   ) | Case No.  06-472 C<br><br>Judge Thomas C. Wheeler |

## DONJON MARINE COMPANY, INC.'S RCFC 14(c) ANSWER

Pursuant to Rule 14(c) of the Rules of the United States Court of Federal Claims ("RCFC") and 41 U.S.C. §114(b), Donjon Marine Company, Inc. ("Donjon"), by counsel, does hereby appear and submit its answer in response to the RCFC 14(b) Notice, which was served on or about November 13, 2006, issued pursuant to this Court's Order.  Said Order was issued in response to Defendant The United States of America's (the "Government's") Motion to Notify Interested Parties.  Upon current information and belief, Donjon denies each and every allegation in TDM America, LLC's ("TDM's") Complaint except to the extent expressly admitted or otherwise stated below.

In response to the Government's Motion To Notice Interested Third Parties, Donjon admits that it may have an interest in the outcome of this lawsuit based on work performed by Donjon for the Government pursuant to contracts which may include indemnity provisions.

## NATURE OF ACTION

1.      Donjon admits that this action purports to be an action for patent infringement. Donjon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies the same.

2.      To the extent paragraph 2 applies to Donjon, Donjon denies those allegations.

## NAMED PARTIES

3.      Donjon is without knowledge or information sufficient to form a belief as to whether TDM is a Nevada limited liability company or the location of its principal place of business.

## JURISDICTION

4.      Donjon admits only that this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1498.  To the extent the remaining allegations of paragraph 4 apply to Donjon, Donjon denies those allegations.

## CLAIM FOR RELIEF – PURPORTED PATENT INFRINGEMENT

5.      Donjon admits that on its face, United States Patent No. 6,293,731 (the "'731 patent"), purports to have issued on September 25, 2001, to be entitled "Method For Treatment Of Dredged Materials To Form A Structural Fill" and to list Ritchie G. Studer as inventor. Donjon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies the same.

6.      Donjon admits that the '731 patent is an official document that speaks for itself, and thus denies any characterizations thereof.

7.      Donjon admits that on its face, United States Patent No. 5,542,614 (the "'614 patent") purports to have issued on August 6, 1996, to be entitled "Processing Of Waste Material" and to list Irfan A. Toor as inventor.  Donjon is without knowledge or information

ME1 6053589v.4

sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies the same.

8.      Donjon admits that the '614 patent is an official document that speaks for itself, and thus denies any characterizations thereof.

9.      With respect to paragraph 9, Donjon is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies the same.

10.     To the extent paragraph 10 applies to Donjon, Donjon denies those allegations.

11.     With respect to paragraph 11, Donjon is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies the same.

12.     With respect to paragraph 12, Donjon is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies the same.

13.     With respect to paragraph 13, Donjon is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies the same.

14.     To the extent paragraph 14 applies to Donjon, Donjon denies those allegations.

15.     To the extent paragraph 15 applies to Donjon, Donjon denies those allegations.

## PRAYER FOR JUDGMENT

A.-G.   Paragraphs A through G of TDM's Complaint state TDM's prayer for judgment to which no response is required.  However, to the extent that Paragraphs A through G are deemed to contain averments, Donjon denies each such averment.  Donjon also denies that TDM is entitled to any of the relief requested in paragraphs A through G.

## DEFENSES

1.      TDM's claims are barred, in full or in part, by the doctrines of waiver and/or estoppel.

2.      The inventions claimed in the '731 and '614 patents have not been used or manufactured by Donjon.

3.      The claims of the '731 and '614 patents are invalid for failure to comply with one or more of 35 U.S.C. §§ 101, 102, 103, 112.

4.      Plaintiff is not entitled to any compensation pursuant to 28 U.S.C. §1498(a).  If Plaintiff was awarded compensation, such compensation may include delay compensation but shall not include any prejudgment or post-judgment interest or costs provided by 35 U.S.C. § 284 and 28 U.S.C. § 1961.

5.      To the extent that Plaintiff seeks recovery based on a purported assignment of unliquidated claims against the government, such assignment is void under the Anti-Assignment Act, 31 U.S.C.A. § 3727.

6.      To the extent that Plaintiff seeks recovery for infringement that occurred prior to the assignment of the patent to Plaintiff, such recovery is barred by the Anti-Assignment Act, 31 U.S.C.A. § 3727.

7.      To the extent that Plaintiff seeks recovery for alleged use of the inventions claimed in the '731 and '614 patents by Donjon for the Government occurring more than six years before the filing of the Complaint, Plaintiff is precluded from any such recovery, as set forth in 35 U.S.C. § 286.

8.      There exists a question as to the ownership of the '731 and '614 patents during the relevant time period. *See Answer of the United States* at ¶ 9.  To the extent that Plaintiff did not own the patents during the relevant time period, Plaintiff is not entitled to assert patent rights for that time period.  Plaintiff is also not entitled to rely, in any way or for any reason, on the administrative claim of UTEX for the infringement of the '731 and '614 patents in this action.

4

9.      Donjon maintains its right to seek leave and assert additional defenses that are currently unknown to it.

Dated: December 22, 2006

Respectfully submitted,

**MCCARTER & ENGLISH, LLP**

By:      _____s/Gary J. Campbell_____

Gary J. Campbell
Daniel J. Kelly
225 Franklin Street
Boston, MA  02110
Telephone: (617) 345-7000
Facsimile:  (617) 345-7050
E-mail:gcampbell@mccarter.com

*Attorneys for Donjon Marine Company, Inc.*

*Of counsel:*

John E. Flaherty
Michael R. Friscia
Sanjiv M. Chokshi
Andrew P. Nemiroff
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 622-4444
Facsimile:  (973) 624-7070
E-mail:mfriscia@mccarter.com