**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| TDM AMERICA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant,<br><br>and<br><br>Donjon Marine Company, Inc.<br><br>Interested Party. | Case No. 06-472 C<br><br>Judge Thomas C. Wheeler |

**DONJON MARINE COMPANY, INC.'S SUPPLEMENT**
**TO THE PARTIES' JOINT PRELIMINARY STATUS REPORT**

Donjon Marine Company, Inc. ("Donjon") respectfully submits this Supplement to the Parties' Joint Preliminary Status Report, filed on October 12, 2006, pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), Rule 16.

1. Donjon agrees that jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1498(a).

2. Donjon agrees that there is no need for consolidation.

3. Donjon understands that the Court has already decided that there is no basis to bifurcate, and it has no grounds to ask for a reconsideration of the issue.

4. Donjon is not aware of any related cases in this Court or any other tribunal that warrant this case being deferred.

5. Donjon does not foresee any reason for seeking a remand or suspension of this matter.

6. Donjon does not foresee a need for it to join additional parties.

7. Donjon does not intend to file any RCFC 12 motions at this time, but it does intend to file a motion for summary judgment pursuant to RCFC 56 as soon as it has completed sufficient discovery to support such a motion.

8. Donjon asserts that the relevant factual and legal issues are expanded to specifically include Donjon's contention that TDM America, LLC ("TDM") has no basis to allege that any work performed by Donjon under its contracts with the U.S. Army Corps of Engineers ("Corps") infringes either United States Letter Patent No. 6,293,731 (the "'731 patent") or No. 5,542,614 (the "'614 patent"). Donjon intends to invite TDM and its counsel to visit Donjon's treatment operation site and confirm that Donjon's process does not involve the creation of an additive slurry—Donjon only uses dry cement—and, in particular, does not involve making a slurry in a separate vessel and pumping it from the separate vessel to the dredge material.

9. Donjon asserts that given its limited role as an interested party, it does not know what the likelihood of settlement is.

10. Donjon anticipates that its interest in this matter will be resolved prior to trial because TDM will not be able to support its infringement contentions with respect to the work performed by Donjon under its contracts with the Corps. Barring that, Donjon agrees that this matter will proceed to trial, and that an expedited trial schedule is not appropriate in this matter.

11. Donjon agrees that there are no special issues regarding electronic case management needs.

12. Because Donjon did not join the case as an interested party until December 22, 2006, and because of the time required for the Government to respond to TDM's discovery requests, the parties agree that the discovery schedule previously submitted to the Court needs to

be modified. Accordingly, Donjon's proposed revised Discovery Plan is annexed hereto for the Court's consideration.

The parties are in agreement with certain aspects of the proposed modifications, but not all. The parties have agreed to enlarge the previous dates submitted by approximately 60 days, up to and including the date of the Markman hearing. The issues that the parties are not in full agreement are:

(a) Donjon and the Government propose that the deadline for dispositive motions occur after the Court delivers its Markman decision. Donjon does not understand how an effective summary judgment motion can be submitted if the basis of the motion depends on the results of the claim construction. Donjon believes that its liability will be resolved prior to the Markman hearing, but it wishes to reserve its right to rely on the Markman decision in filing its dispositive motions, if necessary.

TDM opposes scheduling of additional time for dispositive motions after the Markman hearing because it believes it is beneficial to the Court in determining claim construction to have dispositive motions before the Court so that the issues of infringement and validity which relate to claim construction are before the Court as the Court determines that claim construction.

(b) Donjon and TDM agree that all expert discovery should take place prior to the Markman hearing. Donjon does not foresee a need for export discovery after the Markman hearing. The Government proposes that time be allowed for expert discovery after the Markman decision.

Dated: February 12, 2007

Respectfully submitted,

**MCCARTER & ENGLISH, LLP**

By: s/ Gary J. Campbell

Gary J. Campbell
265 Franklin Street
Boston, MA 02110
Telephone: (617) 449-6500
Facsimile: (617) 607-9200
E-mail: gcampbell@mccarter.com
*Attorneys for Donjon Marine Company, Inc.*

*Of counsel:*
John E. Flaherty
Michael R. Friscia
Sanjiv M. Chokshi
Andrew P. Nemiroff
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 622-4444
Facsimile: (973) 624-7070
E-mail: jflaherty@mccarter.com

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| TDM AMERICA, LLC,<br>Plaintiff,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant,<br>and<br>Donjon Marine Company, Inc.<br>Interested Party. | Case No. 06-472 C<br>Judge Thomas C. Wheeler |

**<u>DONJON MARINE COMPANY, INC.'S PROPOSED DISCOVERY PLAN</u>**

| | |
|---|---|
| May 30, 2007 | Last day to serve interrogatories, document requests notices, notices of depositions (except for experts), and/or requests to admit. |
| July 13, 2007 | Fact discovery closes |
| July 23, 2007 | Exchange of expert reports on issues on which the parties have the burden of proof.<br>Expert deposition discovery begins. |
| August 20, 2007 | Exchange of rebuttal expert reports.<br>Expert deposition discovery begins on the rebuttals. |
| September 14, 2007 | Close of expert discovery. |
| September 28, 2007 | Parties exchange proposed claim term construction. |
| October 5, 2007 | Last day for the parties to meet and confer regarding claim term construction. |

| | |
|---|---|
| October 12, 2007 | Parties file joint claim construction statement. |
| October 26, 2007 | Parties to serve opening Markman briefs on claim term construction. |
| November 9, 2007 | Parties to serve opposition briefs on claim term construction. |
| November 26, 2007 | Parties to serve reply briefs on claim term construction. |
| December 3, 2007 | Markman hearing. |
| 28 days after the Court's Markman decision | Deadline for filing dispositive motions. Responses, objections, and replies shall be filed in accordance with RCFC 7.2, unless otherwise agreed by the parties. |

Respectfully submitted,

Dated: February 12, 2007

**MCCARTER & ENGLISH, LLP**

By: s/ Gary J. Campbell

Gary J. Campbell
265 Franklin Street
Boston, MA 02110
Telephone: (617) 449-6500
Facsimile: (617) 607-9200
E-mail: gcampbell@mccarter.com
*Attorneys for Donjon Marine Company, Inc.*

*Of counsel:*
John E. Flaherty
Michael R. Friscia
Sanjiv M. Chokshi
Andrew P. Nemiroff
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 622-4444
Facsimile: (973) 624-7070
E-mail: jflaherty@mccarter.com