**Exhibit A**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TDM America, LLC,<br><br>Plaintiff,<br><br>v.<br><br>The United States of America<br><br>Defendant,<br>and<br><br>Donjon Marine Company, Inc.<br><br>Interested Party. | Civil Action No. 06-472-C<br><br>Judge Thomas C. Wheeler |

## FIRST AMENDED COMPLAINT

Plaintiff TDM America, LLC ("TDM"), through its undersigned counsel, as and for its first amended complaint alleges:

### NATURE OF ACTION

1. This is an action for infringement of one or more claims of U.S. Patent No. 6,293,731 (the "'731 patent") issued September 25, 2001, and entitled "Method for Treatment for Dredged Materials to Form a Structural Fill; U.S. Patent No. 5,542,614 (the "'614 patent") issued August 6, 1996 and entitled "Processing of Waste Material"; U.S. Patent No. 5,794,862 (the "'862 patent") issued August 18, 1998, and entitled "Processing of Waste Material" and U.S. Patent No. 5,007,590 (the "'590 patent") issued April 16, 1991 and entitled "Apparatus and Method for Mixing Solid or Semi-Solid Wastes with Additives." The patents in suit were duly and legally issued to their respective inventors and are assigned to TDM.

2. Upon information and belief, defendant The United States of America ("US"), through the United States Army Corps of Engineers and/or other agencies or departments infringed and is infringing one or more claims of the patents-in-suit by making, having made, or using the inventions of such claims.

## NAMED PARTIES

3. Plaintiff TDM is a Nevada limited liability company having a business address at 4570 West Grove Drive, Suite 240, Addison, Texas 75001-5395.

4. Defendant US is The United States of America and includes the United States Army Corps of Engineers among other governmental agencies.

5. Donjon Marine Company, Inc. ("Donjon") was noticed by defendant US as an interested party in this action and alleges that it may have an interest in the outcome of this lawsuit with respect to the '731 and '614 patents based on work performed by Donjon for the US pursuant to contracts which may include indemnity provisions.

## JURISDICTION

6. TDM alleges that this action arose because inventions described in and covered by the '731, '614, '862, and '590 patents are being and have been made and/or used by or for defendant US without a license from TDM or lawful right to use the same. Thus, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1498.

## CLAIM FOR RELIEF-PATENT INFRINGEMENT

7. On September 25, 2001, the '731 patent entitled "Method for Treatment For Dredged Materials To Form A Structural Fill" was duly and legally issued to Ritchie G. Studer, as inventor.

8. The '731 patent is generally directed to a method for treating materials dredged from a waterway, such as a harbor or channel, and forming a mixture suitable for beneficial reuse as structural fill.

9. On August 6, 1996, the '614 patent entitled "Processing of Waste Material" was duly and legally issued to Irfan A. Toor, as inventor.

10. The '614 patent is generally directed to an apparatus and method for chemically and physically stabilizing contaminated soil.

11. On August 18, 1998, the '862 patent entitled "Processing of Waste Material" was duly and legally issued to Irfan A. Toor, as inventor.

12. The '862 patent is generally directed to an apparatus and method for chemically and physically stabilizing contaminated soil. The '862 patent is a continuation of application serial no. 193,449 which issued as the '614 patent.

13. On April 16, 1991, the '590 patent entitled "Apparatus and Method for Mixing Solid or Semi-Solid Wastes with Additives" was duly and legally issued to Patrick D. Taylor, as inventor.

14. The '590 patent is generally directed to an apparatus and method for treating solid or semi-solid waste materials through reducing the size of, homogenizing and mixing waste material.

15. The patents-in-suit are further directed to the treatment, processing, stabilization and/or remediation (collectively, "processing") of contaminated dredged materials so that the processed dredged materials are suitable for, *inter alia*, disposal upland of the waterways from which they were dredged and/or beneficial reuse of the processed dredged materials.

16. TDM is the current owner, by assignments, of all right, title and interest in and to the '731, '614, '862, and '590 patents.

17. Upon information and belief, defendant US, through the actions of the United States Army Corps of Engineers and its local sponsors and within six years preceding the filing of this Complaint, has caused and continues to cause the making and/or use of that which is described in and covered by claims of the '731, '614, '862, and '590 patents, without license or other lawful right. That making and/or use has been and continues to be by or for defendant US

18. Upon information and belief, defendant US through the United States Army Corps of Engineers has entered and continues to enter into numerous contracts with contractors, including Donjon, for the processing of contaminated dredged materials from waterways throughout the United States, wherein the processed dredged materials are suitable for, *inter alia,* disposal upland of the waterways from which they were dredged and/or beneficial reuse of the processed dredged materials.

19. Upon information and belief, defendant US was notified of its infringement of the '731, '614, '862, and '590 patents during the six years preceding the filing of this action.

20. At least as early as April 2005, TDM advised the United States Army Corps of Engineers of the infringement of the '731 and '614 patents. Subsequent to this date, there were numerous exchanges between TDM and the United States Army Corps of Engineers regarding the complained of infringements of the '731 and '614 patents.

21. After numerous exchanges over the course of thirteen (13) months, by letter dated May 16, 2006, the Department of the Army, United States Army Legal Service Agency refused to acknowledge the complained of infringements of the '731 and '614 patents.

22. Upon information and belief, the US has and continues to infringe the '731, '614, '862, and '590 patents through the activities of the United States Army Corps of Engineers within the past six years preceding the filing of the Complaint.

23. The exact amount of reasonable and entire compensation due TDM from the US for use of the inventions described in and claimed by the '731, '614, '862, and '590 patents, is not currently known by TDM, and cannot be stated definitively until TDM has been provided with the necessary data in the possession of defendant US, but upon information and belief, is no less than $300 million.

## PRAYER FOR JUDGMENT

**WHEREFORE, TDM** prays for judgment that:

A. The '731 patent is valid and the inventions claimed therein have been made and/or used by or for defendant US without license or lawful right;

B. The '614 patent is valid and the inventions claimed therein have been made and/or used by or for defendant US without license or lawful right;

C. The '862 patent is valid and the inventions claimed therein have been made and/or used by or for defendant US without license or lawful right;

D. The '590 patent is valid and the inventions claimed therein have been made and/or used by or for defendant US without license or lawful right;

E. TDM be awarded the reasonable and entire compensation for use of the inventions claimed in the '731 patent by defendant US, in an amount that is not less than $300 million;

F. TDM be awarded the reasonable and entire compensation for use of the inventions claimed in the '614 patent by defendant US, in an amount that is not less than $300 million;

G. TDM be awarded the reasonable and entire compensation for use of the inventions claimed in the '862 patent by defendant US, in an amount that is not less than $300 million;

H. TDM be awarded the reasonable and entire compensation for use of the inventions claimed in the '590 patent by defendant US, in an amount that is not less that $300 million;

I. TDM be awarded its costs incurred in this suit, including reasonable attorney fees;

J. TDM be awarded such other and further relief as it may be entitled to under the applicable United States statute; and

K. TDM be awarded such other and further relief as this Court may deem just and proper.

Respectfully submitted,

New York, New York
Dated: February 15, 2007

s/David W. Denenberg
David W. Denenberg
Michael A. Adler
DAVIDOFF MALITO & HUTCHER LLP
605 Third Avenue – 34 Fl.
New York, New York 10158
(212) 557-7200 Ph
(212) 286-1884 Fax

*Attorneys for Plaintiff,*
*TDM America, LLC*