Exhibit B

RECEIVED
JUN 21 2006
OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TDM America, LLC, Plaintiff, v. The United States of America, Defendant. | Civil Action No. 06-472-C |

## COMPLAINT

Plaintiff TDM America, LLC ("TDM"), through its undersigned counsel, as and for its complaint alleges:

### NATURE OF ACTION

1. This is an action for infringement of one or more claims of United States Letters Patents Nos. 6,293,731 (the "'731 patent") issued September 25, 2001 and entitled "Method for Treatment for Dredged Materials to Form a Structural Fill" and 5,542,614 (the "'614 patent") issued August 6, 1996 and entitled "Processing of Waste Material." The patents in suit were duly and legally issued to their respective inventors and are assigned to TDM.

2. Upon information and belief, defendant The United States of America ("USA"), through the United States Army Corps of Engineers infringed and is infringing one or more claims of the patents-in-suit by making, having made, or using the inventions of such claims.

## NAMED PARTIES

3. Plaintiff TDM is a Nevada limited liability company having a business address at 4570 West Grove Drive, Suite 240, Addison, Texas 75001-5395.

## JURISDICTION

4. TDM alleges that this action arose because inventions described in and covered by the '731 and '614 patents are being and have been made and/or used by or for defendant USA without a license from TDM or lawful right to use the same. Thus, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1498.

## CLAIM FOR RELIEF - PATENT INFRINGEMENT

5. On September 25, 2001, the '731 patent entitled "Method For Treatment For Dredged Materials To Form A Structural Fill" was duly and legally issued to Ritchie G. Studer, as inventor.

6. The '731 patent is generally directed to a method for treating materials dredged from a waterway, such as a harbor or channel, and forming a mixture suitable for beneficial re-use as structural fill.

7. On August 6, 1996, the '614 patent entitled "Processing of Waste Material" was duly and legally issued to Irfan A. Toor, as inventor.

8. The '614 patent is generally directed to an apparatus and method for chemically and physically stabilizing contaminated soil.

9. TDM is the current owner, by assignments, of all right, title and interest in and to the '731 and '614 patents.

10. Upon information and belief, defendant USA, through the actions of the United States Army Corps of Engineers and its local sponsors and within six years preceding the filing of this Complaint, has caused and continues to cause the making and/or use of that which is described in and covered by claims of the '731 and '614 patents, without license or other lawful right. That making and/or use has been and continues to be by or for defendant USA.

11. Defendant USA was notified of its infringement of the '731 and '614 patents during the six years preceding the filing of the Complaint.

12. At least as early as April 2005, TDM advised the United States Army Corps of Engineers of the infringement of the '731 and '614 patents. Subsequent to this date, there were numerous exchanges between TDM and the United States Army Corps of Engineers regarding the complained of infringements of the '731 and '614 patents.

13. After numerous exchanges over the course of 13 months, by letter dated May 16, 2006, the Department of the Army, United States Army Legal Service Agency refused to acknowledge the complained of infringements of the '731 and '614 patents.

14. Upon information and belief, defendant USA has and continues to infringe the '731 and '614 patents through the activities of the United States Army Corps of Engineers within the past six years preceding the filing of the Complaint.

15. The exact amount of reasonable and entire compensation due TDM from defendant USA for use of the invention described in and claimed by the '731 and '614 patents, is not currently known by TDM, and cannot be stated definitively until TDM has been provided with the necessary data in the possession of defendant USA, but upon information and belief, is no less than $300 million.

**PRAYER FOR JUDGMENT**

**WHEREFORE, TDM** prays for judgment that:

A. U.S. Patent No. 6,293,731 is valid and the inventions claimed therein have been made and/or used by or for defendant USA without license or lawful right;

B. U.S. Patent No. 5,542,614 is valid and the inventions claimed therein have been made and/or used by or for defendant USA without license or lawful right;

C. TDM be awarded the reasonable and entire compensation for use of the inventions claimed in the '731 patent by defendant USA, in an amount that is not less than $300 million;

D. TDM be awarded the reasonable and entire compensation for use of the inventions claimed in the '614 patent by defendant USA, in an amount that is not less than $300 million;

E. TDM be awarded its costs incurred in this suit, including reasonable attorney fees;

F. TDM be awarded such other and further relief as it may be entitled to under the applicable United States statute; and

G. TDM be awarded such other and further relief as this Court may deem just and proper.

Dated: June 20, 2006

Respectfully submitted,

David W. Denenberg
GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE, P.C.
One Pennsylvania Plaza, 37th Floor
New York, NY 10119
(212) 649-4700 ph
(212) 333-5980 fax

*Attorneys for Plaintiff,*
*TDM America, LLC.*



#1011372 v2
105707-57621