**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**(Electronically Filed: February 15, 2007)**

| | | |
|---|---|---|
| TDM America, LLC, Plaintiff, v. THE UNITED STATES OF AMERICA, Defendant. | ) ) ) ) ) ) ) ) ) ) | Civil Action No. 06-472 C<br>Judge Thomas C. Wheeler |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TDM America, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 06-472 C<br><br>Judge Thomas C. Wheeler |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

## I. PRELIMINARY STATEMENT

Pursuant to Rule 15(a) of the Rules of the United States Court of Federal Claims, plaintiff TDM America, LLC ("TDM") respectfully submits this memorandum in support of its motion for leave to file a first amended complaint. A copy of the proposed first amended complaint is attached to this motion as Exhibit A. A copy of the initial complaint is attached to this motion as Exhibit B.

This is an action for infringement of one or more claims of US Patent No. 6,293,731 entitled "Method for Treatment for Dredged Materials to Form a Structural Fill" (the "'731 patent") and US Patent No. 5,542,614 entitled "Processing of Waste Material" (the "'614 patent"). Generally, the patents relate to methods for treating dredged material for beneficial reuse and/or upland disposal thereof. TDM is the owner of these two patents and seeks damages from the defendant United States of America (the "US") who, as alleged in the complaint,

through the actions of the United States Army Corps of Engineers and its local sponsors "has caused and continues to cause the making and/or use of that which is described in and covered by claims of the '731 and '614 patents, without license or other lawful right." (Complaint, ¶ 10).

TDM is also the owner of US Patent No. 5,794,862 issued August 18, 1998, entitled "Processing of Waste Material" (the "'862 patent") and US Patent No. 5,007,590 issued April 16, 1991 entitled "Apparatus and Method for Mixing Solid or Semi-Solid Wastes with Additives" (the "'590 patent"). TDM recently discovered, through investigation and discovery in connection with this and a related matter, that the US, through the actions of the United States Army Corps of Engineers and its local sponsors, has caused and continues to cause the making and/or use of that which is described in and covered by claims of the '862 and '590 patents, without license or other lawful right. These patents also relate to methods for treating dredged material for beneficial reuse and/or upland disposal thereof. Accordingly, by this motion, TDM seeks leave to file an amended complaint to add claims of infringement with respect to the '862 and '590 patents.

## II. BACKGROUND RELEVANT TO THE MOTION

TDM filed suit on June 21, 2006. The US filed its answer on August 21, 2006. On November 2, 2006, this Court issued a scheduling order pursuant to which the parties have until March 30, 2007 to serve "interrogatories, document request, notices of depositions, and/or requests to admit" and until May 15, 2007 for fact discovery to close. TDM served document demands and interrogatories on the US on November 6, 2006. The US is still compiling documents and information to complete its responses to document demands and interrogatories. The US has not yet served any such discovery demands upon TDM.

On December 22, 2006, Donjon Marine Company, Inc. ("Donjon") answered the Complaint as an interested party pursuant to RCFC 14(b) notice, which was served on Donjon on or about November 13, 2006. In its answer, Donjon admitted that "it may have an interest in the outcome of this lawsuit based on work performed by Donjon for the Government which may include indemnity provisions." Donjon did not make any discrepancy between the two patents in suit. Donjon first filed its initial disclosures this week as well as a supplement to the parties' joint preliminary status report extending the last day to serve discovery demands to May 30, 2007 and the close of fact discovery to July 13, 2007. In its initial disclosures, Donjon produces no documents and has not provided a date when production or inspection will be forthcoming.

The US consented to TDM's filing the proposed first amended complaint. Donjon would not consent unless assurances were given that it not be an interested party to the '862 and '590 patent allegations or it be admitted that it does not infringe the '862 and '590 patents. For obvious reasons, neither the US or TDM could make such a concession at this early stage.

## III. THE CONTROLLING PRINCIPLES OF LAW

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." In *Foman v. Davis*, 371 US 178, 182, 83 S.Ct. 227, 231, the Supreme Court listed factors that a court should consider in deciding whether to grant leave to amend:

> Rule 15(a) declares that leave to amend 'shall freely be given when justice so requires,' this mandate is to be heeded… In the absence of any apparent or declared reason – such as undue delay, bad faith

> or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. –the leave sought should, as the rules require, be 'freely given'.

Relying on the Supreme Court's opinion in *Foman* to interpret RCFC 15(a), this Court liberally granted motions to amend pleadings absent a clear showing by the non-movant of undue prejudice. *See e.g., State of Alaska v. United States*, 15 Cl.Ct. 276, 279 (1988) ("leave to amend should be freely permitted absent sufficient, explicit reasons indicating it should be denied"); *Effingham County Board of Education v. United States*, 9 Cl.Ct. 177, 181 (1985) ("While in connection with a motion to amend pursuant to Rule 15 we are to look to each of the factors outlined in *Foman*, *supra*, we are persuaded that **absent a firm showing of prejudice to the non-movant, as a matter of law, the amendment must be allowed.**") (emphasis added)

In *St. Paul Fire and Marine Insurance Company v. United States,* 31 Fed.Cl. 151, 153, this Court held that:

> In order to successfully assert undue prejudice as a justification for denying a Rule 15 motion, the non-movant must demonstrate that one of the following circumstance will result: severe disadvantage or inability to present facts or evidence; necessity of conducting extensive research shortly before trial due to the introduction of new evidence or legal theories; or excessive delay that is unduly burdensome. *See Alaska*, 15 Cl.Ct. at 280. Mere annoyance and inconvenience as here, however, are insufficient bases to warrant a denial of a motion to amend.

*See also First Nationwide Bank v. United States,* 48 Fed.Cl. 248, 256 (2000).

In the present case, there is simply no basis for denying TDM's motion. There can be no claim of prejudice. TDM merely seeks to add allegations of infringement by the US of two additional patents, the '862 and '590 patents, to its existing patent infringement claim as

these patents are directed to similar subject matter. Specifically, like the '614 patent, the '862 and '590 patents are directed to land based methodologies for treating dredged material. Considering that (i) the US still has not completed compiling documents and information to complete responses to document demands and interrogatories; (ii) discovery as to Donjon begins this week and Donjon's initial disclosures included no document production and, after request, Donjon cannot provide a date for production; and (iii) neither the US or Donjon served a single discovery request in this action, there can be no objection based on severe disadvantage, undue delay or prejudice. Thus, neither the US nor Donjon can establish any prejudice, and certainly cannot make the required showing of "severe disadvantage or inability to present facts or evidence" which would be necessary to defeat TDM's motion. *See St. Paul Fire and Marine Insurance Company,* 31 Fed.Cl. at 153. Donjon's objections based on its alleged lack of interest in the '862 and '590 patents is of no moment to TDM's allegations that the US infringes those patents.

Finally, because TDM's first motion to amend the complaint is requested at this early stage of the litigation, before the US or Donjon responded to discovery demands and obligations and before the US or Donjon conducted any discovery, there can be no claim of bad faith or undue delay. *See Alaska*, 15 Cl.Ct. at 280 (delay of more than one year in seeking to amend complaint would not serve to defeat motion to amend without proof of deliberate tardiness). Accordingly, TDM's motion for leave to filed a first amended complaint should be granted.

## IV. CONCLUSION

For the foregoing reasons, TDM's motion for leave to file a first amended complaint should be granted.

Respectfully submitted,

New York, New York
Dated: February 15, 2007

s/ David W. Denenberg

David W. Denenberg
Michael A. Adler
DAVIDOFF MALITO & HUTCHER LLP
605 Third Avenue – 34 Fl.
New York, New York 10158
(212) 557-7200 Ph
(212) 286-1884 Fax

*Attorneys for Plaintiff, TDM America, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing "MEMORANDUM IN SUPPORT OF PLAINTIFF'SMOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT" was filed by used the Court's Cm/ECF system so that a copy was sent to the following persons automatically via email on this 15th day of February, 2007:

Erica A. Franklin, Esq.
US Department of Justice
Civil Division
1100 L Street, NW
Suite 1100
Washington, DC 20001

Counsel for Defendant
the United States of America

Gary J. Campbell, Esq.
McCarter & English LLP
225 Franklin Street
Boston, MA 02110

Counsel for Interested Party
Donjon Marine Co.

s/ David W. Denenberg

David W. Denenberg