# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TDM AMERICA, LLC,<br>Plaintiff,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant,<br>and<br>Donjon Marine Company, Inc.<br>Interested Party. | Case No. 06-472 C<br>Judge Thomas C. Wheeler |

## REVISED DISCOVERY SCHEDULE

Pursuant to the Court's order during the February 15, 2007 Status Conference Telephone Call, counsel for TDM America, LLC, ("TDM"), the United States of America ("United States"), and Donjon Marine Company, Inc., ("Donjon") respectfully submit the following Proposed Revised Discovery Schedule, along with a statement of the Parties' positions on two disputed issues related to the revised schedule. All of the Parties agree to a 60-day extension of the current dates through the Markman hearing. However, the Parties do not agree on the post-Markman hearing schedule as it relates to: (1) the deadline for filing dispositive motions; and (2) the nature, scope and scheduling of expert report supplementation.

## I. Jointly Proposed Revised Discovery Schedule

The following portion of the Proposed Revised Discovery Schedule is agreed upon by all of the Parties:

| | |
|---|---|
| May 30, 2007 | Last day to serve interrogatories, document requests notices, notices of depositions (except for experts), and/or requests to admit. |
| July 13, 2007 | Fact discovery closes |
| July 23, 2007 | Exchange of expert reports on issues on which the parties have the burden of proof.<br>Expert deposition discovery begins. |
| August 20, 2007 | Exchange of rebuttal expert reports.<br>Expert deposition discovery begins on the rebuttals. |
| September 14, 2007 | Close of expert discovery related to the Markman Hearing. |
| September 28, 2007 | Parties exchange proposed claim term construction. |
| October 5, 2007 | Last day for the parties to meet and confer regarding claim term construction. |
| October 12, 2007 | Parties file joint claim construction statement. |
| October 26, 2007 | Parties to serve opening Markman briefs on claim term construction. |
| November 9, 2007 | Parties to serve opposition briefs on claim term construction. |
| November 26, 2007 | Parties to serve reply briefs on claim term construction. |
| December 3-4, 2007 | Two-day Markman hearing subject to the Court's availability. |

## II. Post-Markman Schedule Proposed by TDM

The post-Markman hearing schedule proposed by TDM is as follows:

| | |
|---|---|
| 28 days after the Court's Markman decision | Deadline for filing dispositive motions and last day to supplement expert reports, if necessary. |
| 28 days after the respective parties file and serve dispositive motions | Deadline for filing responses or objections to the dispositive motions. |
| 14 days after the respective parties file and serve responses and objections to dispositive motions | Deadline for filing replies to responses or objections to the dispositive motions. |

As stated above, the parties disagree on: (1) the deadline for filing dispositive motions; and (2) the nature, scope and scheduling of expert report supplementation following the Court's Markman determination. Essentially, the dispute arises because TDM wishes to avoid delay and repeatedly placing the onus of timing upon the Court while the United States and Donjon wish to completely repeat expert discovery and push dates off repeatedly placing the onus on this Court making several decisions. TDM argues that all dispositive issues and expert subject matter can be argued with the Markman submissions -- there being only two differing claim interpretation arguments for what is certain to be only a few claim limitations -- so that dispositive motions should be submitted with the Markman briefing. No need for expert supplementation should arise based on the Court's adopting one of the two proffered claim constructions which both sides already knew. Based upon the Court's instructions during the February 15, 2007 telephone conference, TDM endeavors to follow those instructions. Therefore, TDM's proposed schedule sets a deadline of 28 days after the Markman determination for submitting dispositive motions as expressly requested by the Court. That schedule necessarily requires another 28 days for

oppositions and 14 more days for replies to be submitted which TDM puts in its proposed schedule. Likewise, as the United States and Donjon raised the issue of supplementing expert reports and the Court suggested a short period for supplementation may be desirable, TDM allows 28 days for supplementation of expert reports.

In what TDM believes to be a blatant disregard of the Court's requested scheduling on dispositive motions and the Court's statement that it will not tolerate undue delay, the United States' and Donjon's proposed schedule has 90 days for a second full round of expert discovery after the Markman determination, ignoring the Court's discussion regarding "supplementation." Plaintiff respectfully submits that this was not the intent of the Court and is inconsistent with this Court's ruling. The United States' and Donjon's proposed schedule results in extending the trial date of this case to mid-year 2008 which the United States and Donjon are undoubtedly proposing for purposes of delaying the trial of this case. Specifically, the United States and Donjon add 90 days for expert discovery, an additional 30 days for filing dispositive motions and contemplate even more additional time for oppositions and replies subsequent to the Court's issuance of a Markman determination. This means that dispositive motions would not be completely submitted until *160 days after the Markman determination* (that is almost a half a year). At that point, the onus is again upon the Court to rule on dispositive motions before the trial is scheduled. The United States' and Donjon's proposed schedule needlessly prolongs just the scheduling of the trial until mid-year 2008 and is antithetical to the Court's view enunciated during the February 15, 2007 status conference wherein the Court allowed an adequate period of 28 days following its Markman decision for filing dispositive motions.

Further, a second complete round of expert discovery after the Markman determination, as suggested by the United States and Donjon, is simply wasteful and duplicative. In this regard,

all of the issues should have already presented themselves at the time of filing the Markman briefs. Moreover, in the unlikely event that a party believes that further expert discovery is critical for the dispositive motion, the Court can decide whether to grant additional time when such request is made after the Markman determination. However, until that time, further delays should not be built into the scheduling order and TDM's proposed revised discovery schedule should be "So Ordered" by the Court.

## III. Post-Markman Schedule Proposed by the United States and Donjon

The post-Markman hearing schedule proposed by the United States and Donjon is as follows:

| | |
|---|---|
| 30 days after the Court's Markman decision | Exchange of expert reports. |
| 60 days after the Court's Markman decision | Exchange of rebuttal expert reports. |
| 90 days after the Court's Markman decision | Close of expert discovery. |
| 120 days after the Court's Markman decision | Deadline for filing dispositive motions. |
| In accordance with RCFC 7.2 | Deadline for filing responses, objections, and replies relating to dispositive motions. |

The United States and Donjon propose that the deadline for filing dispositive motions occur after the Court delivers its Markman decision. As the Court recognized during the recent status conference, an effective summary judgment motion requires consideration of the Court's construction of the claims. Further, any suggestion that the parties' positions on patent

infringement or validity are relevant to the Court's claim constructions is inappropriate and contrary to law.

Additionally, the United States and Donjon propose that a period of time be allowed for expert discovery after the Markman decision is issued and prior to the deadline for filing dispositive motions. An expert report can be developed more efficiently, and prove more useful, after claim construction, as multiple, alternative theories do not need to be set forth. Further, it is reasonable and foreseeable for an expert to revise his or her testimony based on the Markman decision. So that the respective parties and the Court may fully benefit from such expert opinions, it is necessary that the schedule not only allow for these opinions to be developed and submitted after the Markman ruling, but also to allow time for depositions relating to submitted expert opinions.

Therefore, the schedule proposed by the United States and Donjon will result in the submission of dispositive motions that reflect the Court's Markman decision and thoroughly developed expert testimony. TDM has failed to assert any recognizable prejudice or burden that this beneficial result would create. Rather, TDM has only asserted, inappropriately and without justification, that this proposed schedule is an attempt to delay trial. A trial date in this case has not been established. Moreover, providing the parties with a schedule that promotes the effectiveness of dispositive motions may serve to avoid the need for trial or, at minimum, shorten the duration of trial. Accordingly, the Court should approve the post-Markman schedule proposed by the United States and Donjon.

Respectfully submitted,

DATED: February 22, 2007

s/David W. Denenberg by Michael A. Adler
DAVID W. DENENBERG
MICHAEL A. ADLER
DAVIDOFF MALITO & HUTCHER LLP
605 Third Avenue - 34 Fl
New York, New York 10158
Telephone: (212) 557-7200
Facsimile: (212) 286-1884
*Attorneys for Plaintiff TDM America*

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

DATED: February 22, 2007

s/Erica A. Franklin
ERICA A. FRANKLIN
Commercial Litigation Branch
Department of Justice
Washington, D.C. 20530
Telephone: (202) 353-0517
Facsimile: (202) 307-0345
*Attorneys for Defendant United States*

DATED: February 22, 2007

s/Gary J. Campbell
GARY J. CAMPBELL
MCCARTER & ENGLISH, LLP
265 Franklin Street
Boston, Massachusetts 02110
Telephone: (617) 449-6558
Facsimile: (617) 326-3097
*Attorney for Interested Party Donjon Marine, Inc.*

*Of counsel:*
John E. Flaherty
Michael R. Friscia
Sanjiv M. Chokshi
Andrew P. Nemiroff

Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 622-4444
Facsimile: (973) 624-7070
E-mail: jflaherty@mccarter.com