**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| TDM America, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-472 C |
| THE UNITED STATES OF AMERICA | ) | Judge Thomas C. Wheeler |
| Defendant, | ) | |
| and | ) | |
| DONJON MARINE COMPANY, INC., | ) | |
| Interested Party. | ) | |

**MOTION TO NOTICE ADDITIONAL INTERESTED THIRD PARTIES**

Pursuant to Rule 14(b) of the Rules of the United States Court of Federal Claims (“RCFC”) and 41 U.S.C. § 114(b), defendant United States (the "government"), moves this Court to issue notices to Great Lakes Dredge & Dock Company, EIC Associates, Inc., Bean Stuyvesant, L.L.C., Jay Cashman Inc., Buddy’s Contracting Service, and Weston/Bean Joint Venture to appear, if they so desire, as parties and assert any interest they may have in this action:

Great Lakes Dredge & Dock Company
2122 York Road
Oakbrook, Illinois 60523-1989

EIC Associates, Inc.
140 Mountain Avenue
Springfield, New Jersey 07081-1725

Bean Stuyvesant, L.L.C.
1055 St. Charles Ave., Ste 520
New Orleans, Louisiana 70130

Jay Cashman Inc.
20 West Howell Street
Boston, Massachusetts 02125

Buddy's Contracting Service
512 North Court Street
Visalia, California 93291

Weston/Bean Joint Venture
1400 Weston Way
West Chester, Pennsylvania 19380
c/o
Care of Weston Solutions, Inc.
P.O. Box 538253
Atlanta, Georgia 30353-8253

Defendant informed counsel for TDM America, LLC ("TDM") and Donjon Marine Company of this motion. Today, February 23, 2007, counsel for TDM indicated that TDM does not consent to this motion noticing interested third parties because such notice may result in further delay of the proceedings. Counsel for Donjon consents to the timing and filing of this motion.

INTRODUCTION

Rule 14(b)(1) of this Court's Rules of Practice and Procedure provides that "[t]he court, on its own motion or on the motion of a party, may notify any person with legal capacity to sue and be sued and who is alleged to have an interest in the subject matter of any pending action." In order to invoke the rule, a moving party must seek an order from the Court directing the clerk to issue the requisite notice to the moving party, who shall then serve the notice on the noticed parties together with copies of the pleadings. RCFC 14(b)(4) & (5).

Plaintiff brought this action seeking compensation for the alleged infringement of one or more claims of United States Patent Nos. 6, 293, 731 ("the'731 patent") and 5, 542, 614 ("the '614 patent"). The '731 patent claims methods of treating dredged material and the '614 patent claims a method for processing contaminated soil. Prior to filing its Answer, the United States submitted a Motion to Notice Interested Third Parties and identified three contractors known to have a potential interest in this litigation, Clean Earth Dredging Technologies, Inc., Donjon Marine Company, Inc., and OENJ Cherokee Corporation. The Court granted the motion and directed the Clerk of the Court to issue a Notice to be served to these parties. Upon receipt of such Notices, Donjon Marine Company filed an Answer and is now actively participating in this action.

As discussed during the February 15, 2007 Status Conference, the United States has identified six additional parties having potential interest in this litigation. The identification of these additional parties resulted from reviewing contract clauses and provisions in twenty-nine contracts that have been collected from four districts of the United States Army Corps of Engineers. Based upon this extensive review, the United States believes that the six additional parties set forth in this motion completes its list of potentially interested parties.

Noticing these additional parties should not delay the progression of this case as litigation is in an early stage. The parties only recently submitted and were granted a motion for a protective order on February 16, 2007. Docket No. 24, Joint Motion for Protective Order, (Feb. 16, 2007), *and* Docket No. 25, Order, (Feb. 16, 2007). Indeed, yesterday the parties submitted a Revised Discovery Schedule that proposed extending all deadlines through the Markman Hearing for sixty days. Docket No. 26, Joint Submission of Proposed Revised Discovery Schedule, (Feb.

22, 2007). The fact that this litigation is in its early stage is further evidenced by TDM's recent motion to file an amended complaint. Docket No. 22, Motion for Leave to File a First Amended Complaint by TDM (Feb. 15, 2007).

Consequently, for this reason and those that follow, the Government submits that notices to Great Lakes Dredge & Dock Company, EIC Associates, Inc., Bean Stuyvesant, L.L.C., Jay Cashman Inc., Buddy's Contracting Service, and Weston/Bean Joint Venture are warranted by the facts and circumstance presently known.

POTENTIAL INTEREST OF THIRD PARTIES

The United States Army Corps of Engineers ("USACE") is responsible for supporting navigation by maintaining and improving the nation's waterways.[1] Maintenance of these waterways includes dredging the channels to preserve or establish specified depths and widths. Currently, the USACE maintains more than 12,000 miles of inland waterways and 900 harbors.[2] Consequently, the USACE relies on a number of contractors to perform deepening, maintenance dredging and disposal of dredged material from the large number of waterways and harbors for which the USACE has responsibility.

Plaintiff asserted in its Complaint that the USACE "and its local sponsors" have engaged in the unauthorized manufacture and use of the inventions claimed in the '731 and '614. *See* Compl. at ¶ 10. The Complaint does not include any details regarding the location of the allegedly infringing activities of the government nor does the Complaint provide any identification of the "local sponsors" to which it referred. After the United States filed its first

---

[1] USACE *Missions*, *at* http://www.usace.army.mil/missions/water.html

[2] *Id.*

Motion to Notice Interested Third Parties and its Answer, Plaintiff indicated that it sought discovery relating to USACE dredging activities throughout the nation. In response, the United States investigated such activity in every district of the USACE to determine, identify and locate contracts that involved processing dredged material since 2000. This investigation resulted in the identification of twenty-nine contracts that were subsequently produced to Plaintiff. These contracts relate to dredging activity in New York, New Jersey, Michigan, Florida, and California.[3]

A number of these contracts contain a patent indemnity clause, Federal Acquisition Regulation ("FAR") § 52.227-4, that requires the contractor to indemnify the government for any patent infringement liability arising out of the performance of the contracts. The government has determined that this patent indemnity clause was incorporated by reference or as full text in USACE contracts awarded to Great Lakes Dredge & Dock Company, EIC Associates, Inc., Bean Stuyvesant, L.L.C., Jay Cashman Inc., Buddy's Contracting Service, and Weston/Bean Joint Venture. Excerpts of representative contracts for each of these contractors is attached to this motion. Ex. 1 (Great Lakes Dredge & Dock Company, DACW51-01-C-0025); Ex. 2 (EIC Associates, Inc., W912DS-05-C-0002); Ex. 3 ( Bean Stuyvesant, L.L.C., DACW51-02-C-0001); Ex. 4 ( Jay Cashman Inc., DACW51-03-C-0014); Ex. 5 (Buddy's Contracting Service, DACW09-01-D-0010-0003); *and* Ex. 6 (Weston/Bean Joint Venture, W912EP-04-C-0021). Consequently, a judgment against the government may affect Great Lakes Dredge & Dock Company, EIC Associates, Inc., Bean Stuyvesant, L.L.C., Jay Cashman Inc., Buddy's

[3] Recent developments have revealed that contracts identified for the Detroit District of the USACE do not involve processing of dredged material. The United States is currently preparing revised interrogatory responses to reflect this new information.

Contracting Service, and Weston/Bean Joint Venture as indemnitors. For this reason, these contractors may have an interest in this case within the meaning of RCFC 14(b)(1).

The issuance of the requested notice for both parties conforms to the established practice of the United States Court of Federal Claims. *See, e.g., Rockwell Int'l Corp. v. United States,* 31 Fed. Cl. 536 (1994); *Myrtle Beach Pipeline Co. v. United States*, 6 Cl. Ct. 363 (1984); *Carrier Corp. v. United States*, 534 F.2d 250 (Ct. Cl. 1976); *Bowser, Inc. v. United States,* 420 F.2d 1057 (Ct. Cl. 1970).

## CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court grant this motion and direct the Clerk of the Court to issue the requested notice.

DATED: February 23, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

s/ Erica A. Franklin
ERICA A. FRANKLIN
Attorney
Commercial Litigation Branch
Department of Justice
Washington, D.C. 20530
Telephone: (202) 353-0517
Facsimile: (202) 307-0345