**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| TDM America, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant,<br><br>and<br><br>DONJON MARINE COMPANY, INC.,<br><br>Interested Party. | No. 06-472 C<br><br>Judge Thomas C. Wheeler |

**UNITED STATES' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

During the Status Conference on February 15, 2007, the United States confirmed that it consents to Plaintiff TDM America, LLC filing a First Amended Complaint. This case is in its early stage of discovery and it is therefore appropriate for the Court to allow Plaintiff to amend its complaint and just as it is to allow the United States to notice additional parties. *See* Docket No. 28, United States' Motion to Notice Additional Third Parties (February 23, 2007). The United States files this Response to address the inaccurate statements that Plaintiff set as its basis for its Motion and Supporting Memorandum For Leave to File a First Amended Complaint.

Plaintiff asserts that it seeks to amend its complaint to add infringement allegations regarding two additional patents, U.S. Patent Number 5,070,590 ("the '590 patent") and U.S. Patent Number 5,794,862 ("the '862 patent"), because it "recently discovered, through

investigation and discovery in connection *with this* and a related matter" (emphasis added) that the inventions claimed in the two additional patents have been used for or by the United States. *See* Docket No. 22, Motion for Leave to File a First Am. Complaint (Feb. 15, 2007) at 1, *and* Docket No. 23, Mem. in Support of Plaintiff's Motion for Leave to File First Am. Complaint (Feb. 15, 2007) at 2, 5. Plaintiff's Initial Disclosures, however, reveal that Plaintiff's parent corporation, Utex Environmental Services, communicated to Senator Orrin Hatch on April 1, 2005, its opinions that the inventions claimed in the '590 patent and the '862 patent were being used by and for the United States in the performance of dredging contracts. Consequently, Plaintiff considered and developed opinions regarding the relevance of these patents before it filed its Administrative Claim with the Army on February 7, 2006, and long before it filed its Complaint in this Court on June 21, 2006.

Additionally, although Plaintiff asserts that is seeking to amend its complaint to add allegations relating to the '590 and the '862 patents based upon recent discovery and investigation, Plaintiff has failed to describe such discovery and the information that it provided. Plaintiff did not make reference to any particular discovery, nor did it attach any exhibits demonstrating recently discovered evidence.

Finally, in support of its Motion, Plaintiff asserted that its request to amend its complaint is submitted "before the US or Donjon responded to discovery demands and obligations and before the US or Donjon conducted any discovery...." Docket No. 23 at 5. This statement is blatantly incorrect. The United States timely responded to Plaintiff's First Set of Interrogatories on December 15, 2006, and timely responded to Plaintiff's Request for Documents and Things on December 22, 2006. As documents have been identified and processed, the United States has

diligently produced the documents to Plaintiff. Indeed, the United States has subsequently produced documents on January 17, 2007, February 15, 2007, and February 23, 2007. In addition to these productions, the United States made a number of documents available for inspection on February 6-7, 2007. In these ways, the United States has responded to Plaintiff's discovery requests.

DATED: March 5, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

s/ Erica A. Franklin
ERICA A. FRANKLIN
Attorney
Commercial Litigation Branch
Department of Justice
Washington, D.C. 20530
Telephone: (202) 353-0517
Facsimile: (202) 307-0345