**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| TDM AMERICA, LLC, | |
| Plaintiff, | |
| v. | |
| THE UNITED STATES OF AMERICA, | Case No. 06-472 C |
| Defendant | Judge Thomas C. Wheeler |
| and | |
| Donjon Marine Company, Inc. | |
| Interested Party. | |

**DONJON MARINE COMPANY, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

Interested Party Donjon Marine Company, Inc. ("Donjon") respectfully files this response to plaintiff TDM America, LLC's ("TDM's") Motion for Leave to File a First Amended Complaint. TDM submitted the motion pursuant to Rule 15(a) of the Rules of the United States Court of Federal Claims to add allegations of infringement by the United States of America (the "United States") of two additional patents—US Patent No. 5,794,862 issued August 18, 1998, entitled "Processing of Waste Material" (the "`862 patent") and US Patent No. 5,007,590 issued April 16, 1991, entitled "Apparatus and Method for Mixing Solid or Semi-Solid Wastes with Additives (the "`590 patent").

TDM's original complaint contained allegations of infringement by the United States of US Patent Nos. 6,293,731 (the "`731 patent") and 5,542,614 (the "`614 patent"). The `731 patent involves a "barge-based" method of treating dredged material, while the three others involve a "land-based" treatment method. TDM Supporting Memorandum for Leave to File a

First Amended Complaint ("TDM Memorandum") at 5. Donjon, as TDM should know as a result of its pre-filing investigation, only operates a barge-based treatment facility. It is a dry cement operation. There is no slurry, and there is no separate mixing vessel. Thus, at most, Donjon's performance under its contracts with the United States only raises an interest to the extent that TDM claims that Donjon's dry cement operation infringes any of the claims in the `731 patent, the "barge-based" patent.

Donjon does not oppose TDM's Motion, but files this Response to address the inaccurate statements contained in TDM's Motion and Memorandum.

1. Donjon did not withhold its consent to TDM's filing of the proposed first amended complaint "unless assurances were given that it not be an interested party to the `861 and `590 patent allegations or it be admitted that it does not infringe the `862 and `590 patents." TDM Memorandum at 3. Donjon withheld its consent to TDM's First Amended Complaint, merely requesting that TDM expressly state in its allegations what may be inferred from its allegations—that, at the time of filing its First Amended Complaint, TDM's allegations with respect to the `861 and `590 patents are against the United States, and not Donjon. The language regarding Donjon not being an interested party to the `861 patent and `590 patent was language crafted by TDM that Donjon consented to, but the United States could not. Further, Donjon was not seeking to deprive TDM of any rights regarding Donjon's ultimate liability, it was merely asking it be clear in its allegations that it had no basis to believe that Donjon was infringing the `861 and `590 patents because Donjon was already a party in the case.

2. TDM's statement that it "recently discovered, through investigation and discovery in connection with this and a related matter, that the US, through the actions of the United States Army Corps of Engineers and its local sponsors, has caused and continues to cause the making and/or use of that which is described in and covered by claims of the `862 and `590 patents,

without license or other lawful right" is unsupported by the facts. Plaintiff's Initial Disclosures include a paper presented by TDM's parent corporation, Utex Environmental Services, to Senator Orrin Hatch on April 1, 2005. In that paper, Utex expressed the opinion that the `590 patent and the `862 patent were being used by and for the United States in the performance of dredging contracts. This was more than a year before it filed its Complaint in this Court. TDM fails to explain why it did not bring these claims at the time of its initial Complaint.

**CONCLUSION**

In consideration of the foregoing, Donjon does not claim prejudice, and does not oppose TDM's Motion.

Respectfully submitted,

Dated: March 5, 2007

**MCCARTER & ENGLISH, LLP**

By: s/ Gary J. Campbell

Gary J. Campbell
265 Franklin Street
Boston, MA 02110
Telephone: (617) 449-6500
Facsimile: (617) 607-9200
E-mail: gcampbell@mccarter.com
*Attorney for Donjon Marine Company, Inc.*

*Of counsel:*
John E. Flaherty
Andrew P. Nemiroff
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 622-4444
Facsimile: (973) 624-7070
E-mail: jflaherty@mccarter.com