IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TDM AMERICA, LLC,<br>Plaintiff,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant,<br>and<br>DONJON MARINE COMPANY, INC.,<br>Third-Party Defendant. | No. 06-472 C<br>Judge Thomas C. Wheeler |

**UNITED STATES' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Pursuant to Rules 8 and 12 of the Rules of the United States Court of Federal Claims, the United States of America ("United States," or "government") hereby answers the averments contained in the numbered paragraphs of TDM America, LLC's ("TDM" or "Plaintiff") First Amended Complaint, filed on March 6, 2007. Upon current information and belief, the United States denies each and every averment in Plaintiff's First Amended Complaint except to the extent expressly admitted or otherwise stated below.

**NATURE OF ACTION**

1. With respect to paragraph 1 of the Amended Complaint, the United States admits that Plaintiff brought this action for manufacture or use by or for the United States of one or more claims of the United States Patents Nos. 6,293,731 ("the '731 patent") issued September 25, 2001, and entitled "Method for Treatment of Dredged Materials to Form a Structural Fill";

5,542,614 ("the '614 patent") issued August 6, 1996, and entitled "Processing of Waste Material"; 5,794,862 ("the '862 patent") issued August 18, 1998, and entitled "Processing of Waste Material"; and 5,007,590 ("the '590 patent") issued April 16, 1991 and entitled "Apparatus and Method for Mixing Solid or Semi-Solid Wastes with Additives." The United States admits that the '731, '614, '590, and '862 patents were issued by the United States Patent and Trademark Office ("USPTO"). The United States further admits that TDM is the assignee of record in the USPTO for the '731, '614, '590, and '862 patents. The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 1 and, therefore, denies the same.

2. The United States denies the averments of paragraph 2 of the Amended Complaint.

**NAMED PARTIES**

3. The United States is without knowledge or information sufficient to form a belief as to whether TDM is a Nevada limited liability company. The United States admits that TDM has a business address of 4570 West Grove Drive, Suite 240, Addison, Texas 75001-5395.

4. The United States admits the averments of paragraph 4 of the Amended Complaint.

5. With respect to paragraph 5 of the Amended Complaint, the United States admits that the United States filed a Motion to Notice Interested Parties, including Donjon Marine Company, Inc. ("Donjon"), because Donjon may have an interest in the outcome of this lawsuit with respect to the patents-in-suit based upon its performance of contracts for the United States that contain indemnity provisions. The United States further admits that the Clerk of the Court

issued the notice of this action and of the opportunity to intervene that the United States served to the interested parties, including Donjon.

**JURISDICTION**

6. With respect to paragraph 6 of the Amended Complaint, the United States admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1498. The United States further admits that it does not have a license from TDM to use the inventions described in and covered by the '731, '614, '590, and '862 patents, but lacks knowledge or information sufficient to form a belief as to whether it has a lawful right to use those claimed inventions and the same are denied. The United States denies that the inventions described in and covered by the '731, '614, '590, and '862 patents are being and have been made and/or used by or for the United States.

**CLAIM FOR RELIEF - PATENT INFRINGEMENT**

7. With respect to paragraph 7 of the Amended Complaint, the United States admits that the '731 patent entitled "Method for Treatment of Dredged Materials to Form a Structural Fill" was issued by the USPTO on September 25, 2001. The United States also admits that the '731 patent lists Ritchie G. Studer as the inventor. The United States is without knowledge or information sufficient to form a belief as to the remaining averments of paragraph 7 and, therefore, denies the same.

8. With respect to paragraph 8 of the Amended Complaint, the United States admits that the Abstract section of the '731 patent states that it addresses "[a] method for treating materials dredged from a waterway, such as a harbor or channel, and forming a mixture suitable for beneficial re-use as structural fill."

9. With respect to paragraph 9 of the Amended Complaint, the United States admits that the '614 patent entitled "Processing of Waste Material" was issued from the USPTO on August 6, 1996. The United States also admits that the '614 patent lists Irfan A. Toor as the inventor. The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 9 and, therefore, denies the same.

10. With respect to paragraph 10 of the Amended Complaint, the United States admits that the Abstract section of the '614 patent states that it addresses "[a]n apparatus and method for chemically and physically stabilizing contaminated soil."

11. With respect to paragraph 11 of the Amended Complaint, the United States admits that the '862 patent entitled "Processing of Waste Material" was issued from the USPTO on August 18, 1998. The United States also admits that the '862 patent lists Irfan A. Toor as the inventor. The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 11 and, therefore, denies the same.

12. With respect to paragraph 12 of the Amended Complaint, the United States admits that the Abstract section of the '862 patent states that it addresses "[a]n apparatus and method for chemically and physically stabilizing contaminated soil." The United States further admits the '862 patent indicates that it is a continuation of Ser. No. 193, 449, Pat. No. 5, 542, 614.

13. With respect to paragraph 13 of the Amended Complaint, the United States admits that the '590 patent entitled "Apparatus and Method for Mixing Solid or Semi-Solid Wastes with Additives" was issued by the USPTO on April 16, 1991. The United States also admits that the '590 patent lists Patrick D. Taylor as the inventor. The United States is without knowledge or

information sufficient to form a belief as to the remaining averments of paragraph 13 and, therefore, denies the same.

14. With respect to paragraph 14 of the Amended Complaint, the United States admits that the Abstract section of the '590 patent states that it addresses "[an] apparatus and method for mixing solid or semi-solid waste materials with one or more additives to produce a solid or semi-solid end product."

15. With respect to paragraph 15 of the Amended Complaint, the United States admits that each patent-in-suit sets forth what is claimed in the patent.

16. With respect to paragraph 16 of the Amended Complaint, the United States admits that TDM is the assignee of record in the USPTO for the '731, '614, '590, and '862 patents. The United States also admits that IMEX PARTNERS, L.P., assigned its "entire right, title and interest in and to" the '731 patent, and that TDM Ltd assigned its "entire right, title and interest in and to" the'614 patent to TDM. The United States lacks knowledge or information sufficient to form a belief as to the truth of the averment that TDM is the owner of the '731, '614, '590, and '862 patents and, therefore, denies the same. As described in ¶¶ 19-21 below, UTEX Holdings, LLC ("UTEX") asserted that it had patent rights to the '731 and '614 patents when it submitted an administrative claim earlier this year alleging that the government had infringed these patents. Now, TDM asserts in its Amended Complaint that is has patent rights to the '731 and '614 patents and alleges infringement based on the same operative facts alleged in the UTEX administrative claim.

17. The United States denies the averments paragraph 17 of the Amended Complaint.

18. The United States admits that one of the missions of the United States Army

Corps of Engineers ("USACE") is to support navigation by maintaining and improving the nation's waterways. The United States admits that maintenance of these waterways includes dredging the channels to preserve or establish specified depths and widths. The United States also admits that the USACE has relied on a number of contractors, including Donjon, to perform deepening, maintenance dredging and disposal of dredged material. The United States further admits that in a limited number of the USACE dredging contracts, the contractor has processed dredged material such that it is suitable for upland disposal or beneficial reuse.

19. With respect to paragraph 19 of the Amended Complaint, the United States denies that it was notified by TDM of alleged infringement of the '731, '614, '590, and '862 patents during the six years preceding the filing of the Complaint. The United States also denies that it has infringed the '731, '614, '590, and '862 patents. The United States admits that by letter dated February 7, 2006, counsel for UTEX submitted an administrative claim to the United States Army Legal Services Agency ("ALSA") alleging infringement of three patents, including the '731 and the '614 patents, but not the '590, and '862 patents, asserting that "private entities have applied these technologies in conjunction with the United States Army Corps of Engineers (USACE) administered and awarded contracts."

20. With respect to paragraph 20 of the Amended Complaint, the United States denies that TDM had any communications with or provided any advisements to the United States Army Corps of Engineers relating to infringement of the '731 and '614 patents prior to the filing of its Complaint. The United States admits that on May 24, 2005, the Honorable Orrin G. Hatch sent a letter addressed to Lieutenant General Carl A. Strock, Commander and Chief of Engineers, USACE and Colonel Richard J. Polo, Jr., Commander and District Engineer, USACE, asserting

"that some Army Corps of Engineers dredge treatment contractors may be utilizing patented techniques exclusively owned by UTEX." The United States also admits that counsel for UTEX first communicated with the USACE regarding alleged infringement of the '731 and '614 patents on or about June 7, 2005, and that this communication was followed by additional communications between counsel for UTEX and the USACE. The United States denies any remaining averments of paragraph 20.

21. With respect to paragraph 21 of the Amended Complaint, the United States admits that by letter dated February 7, 2006, counsel for UTEX submitted an administrative claim to the ALSA alleging infringement of the '731 and the '614 patents. The United States further admits that the ALSA conducted an investigation and by letter dated May 16, 2006, denied the administrative claim of UTEX Environmental Services, LLC. The United States denies any remaining averments of paragraph 21.

22. The United States denies the averments of paragraph 22 of the Amended Complaint.

23. The United States denies the averments of paragraph 23 of the Amended Complaint.

## PRAYER FOR JUDGMENT

A.- K. Paragraphs A through K of Plaintiff's Amended Complaint state Plaintiff's prayer for judgment to which no response is required. However, to the extent that Paragraphs A through K are deemed to contain averments, the United States denies each such averment. The United States also denies that Plaintiff is entitled to any of the relief requested in the paragraphs A through K.

**DEFENSES**

The United States further answers concerning its defenses:

1. The inventions claimed in the '731, '614, '590, and '862 patents have not been used or manufactured by or for the United States.

2. The claims of the '731, '614, '590, and '862 patents are invalid for failure to comply with 35 U.S.C. §§ 102, 103, 112, and perhaps for additional reasons which, when ascertained, the United States requests leave to add to this Answer or otherwise give notice to Plaintiff.

3. Plaintiff is not entitled to any compensation pursuant to 28 U.S.C. § 1498(a). If Plaintiff was awarded compensation, such compensation may include delay compensation but shall not include any prejudgment or post-judgment interest or costs provided by 35 U.S.C. § 284 and 28 U.S.C. § 1961.

4. To the extent that Plaintiff seeks recovery based on a purported assignment of unliquidated claims against the government, such assignment is void under the Anti-Assignment Act, 31 U.S.C. § 3727.

5. To the extent that Plaintiff seeks recovery for infringement that occurred prior to the assignment of the patent to Plaintiff, such recovery is barred by the Anti-Assignment Act, 31 U.S.C.A. § 3727.

6. To the extent that Plaintiff seeks recovery for alleged use of the inventions claimed in the '731 and '614 patents by or for the government occurring more than six years before the filing of the Complaint, Plaintiff is precluded from any such recovery, as set forth in 35 U.S.C. § 286. Plaintiff is similarly precluded to the extent Plaintiff seeks recovery for alleged

use of the inventions claimed in the '590 and '862 patents by or for the government occurring more than six years before the filing of the Amended Complaint.

7. There exists a question as to the ownership of the '731 and '614 patents during the relevant time period. *See Answer* at ¶ 16 *supr*a. To the extent that Plaintiff did not own any of the patents-in-suit during the relevant time period, Plaintiff is not entitled to assert patent rights for that time period. Plaintiff is also not entitled to rely, in any way or for any reason, on the administrative claim of UTEX in this action.

8. The United States asserts any and all defenses which are presently unknown to it, but which, when ascertained, the government requests leave to add to this Answer.

WHEREFORE, the United States respectfully requests the following relief:

A. That the Court dismiss the Amended Complaint with prejudice, and that the Court deny each prayer for relief sought by Plaintiff;

B. That the Court adjudge each claim of the patents-in-suit invalid for failure to comply with the requirements set forth in 35 U.S.C. §§ 102, 103, and 112.

C. That the Court adjudge each claim of the patents-in-suit not infringed by or for the United States;

D. That the Court adjudge that Plaintiff is not entitled to any compensation pursuant to 28 U.S.C. § 1498(a).

E. That the United States recover from Plaintiff all of its expenses, including costs and attorneys' fees; and

F. That the government have such further relief as the Court deems proper and just.

DATED: March 16, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

s/ Erica A. Franklin
ERICA A. FRANKLIN
Attorney
Commercial Litigation Branch
Department of Justice
Washington, D.C. 20530
Telephone: (202) 353-0517
Facsimile: (202) 307-0345