**THE UNITED STATES COURT OF FEDERAL CLAIMS**

**(Electronically Filed: March 16, 2007)**

| | | |
|---|---|---|
| TDM AMERICA, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| THE UNITED STATES OF AMERICA, | ) | Case No. 06-472 C |
| Defendant | ) | Judge Thomas C. Wheeler |
| and | ) | |
| DONJON MARINE COMPANY, INC. | ) | |
| Interested Party. | ) | |

**DONJON MARINE COMPANY, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

For its Answer to Plaintiff TDM America, LLC's ("TDM") First Amended Complaint, Interested Party Donjon Marine Company, Inc. ("Donjon"), upon knowledge as to its own acts and upon information and belief as to the acts of others, by and through its undersigned attorneys, hereby answers as follows:

Donjon states that any interest Donjon may have in the outcome of this lawsuit is only with respect to United States Patent No. 6,293,731 (the "'731 patent") based on work performed by Donjon for the Defendant The United States of America ("United States") pursuant to contracts which may include indemnity provisions. Donjon makes no claim of interest with respect to United States Patent No. 5,542,614 (the "'614 patent") or as to the newly asserted patents, United States Patent Nos. 5,794,862 (the "'862 patent") and 5,007,590 (the "'590

patent"), alleged in the First Amended Complaint. Further, any response by Donjon to the allegations related to the '614 patent or the newly asserted patents should not be construed as an admission of interest in those patents.

**NATURE OF ACTION**

1. As to the '731 patent, Donjon admits that this action purports to be an action for patent infringement. Donjon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies same.

As to the '614, '862 and '590 patents, Paragraph 1 does not require a response as it makes no specific allegations of infringement against Donjon and does not pertain to Donjon's interest in this case. To the extent such allegations are intended to be made or construed against Donjon, Donjon is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies same.

2. As to the '731 patent, to the extent Paragraph 2 applies to Donjon, Donjon denies those allegations.

As to the '614, '862 and '590 patents, Paragraph 2 does not require a response as it makes no specific allegations of infringement against Donjon and does not pertain to Donjon's interest in this case. To the extent such allegations are intended to be made or construed against Donjon, Donjon denies those allegations.

**NAMED PARTIES**

3. Donjon is without knowledge or information sufficient to form a belief as to whether TDM is a Nevada limited liability company or the location of its principal place of business.

4. Donjon admits the allegations in Paragraph 4 of the First Amended Complaint.

5. Donjon admits the allegations in Paragraph 5 of the First Amended Complaint.

**JURISDICTION**

6. Donjon admits only that this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1498. To the extent the remaining allegations of Paragraph 6 apply to Donjon, Donjon denies those allegations.

**CLAIM FOR RELIEF – PURPORTED PATENT INFRINGEMENT**

7. Donjon admits only that, on its face, the ’731 patent purports to have issued on September 25, 2001, to be entitled “Method For Treatment Of Dredged Materials To Form A Structural Fill” and to list Ritchie G. Studer as inventor. Donjon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies same.

8. Donjon admits that the ’731 patent is an official document that speaks for itself, and thus denies any characterizations thereof.

9. Donjon admits only that on its face, the ’614 patent purports to have issued on August 6, 1996, to be entitled “Processing Of Waste Material” and to list Irfan A. Toor as inventor. Donjon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies same.

10. Donjon admits that the ’614 patent is an official document that speaks for itself, and thus denies any characterizations thereof.

11. Donjon admits only that, on its face, the ’862 patent purports to have issued on August 18, 1998, to be entitled “Processing Of Waste Material” and to list Irfan A. Toor as inventor. Donjon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies same.

12. Donjon admits that the ’862 patent is an official document that speaks for itself, and thus denies any characterizations thereof. Donjon admits that on its face, the ’862 patent is

listed as a continuation of application serial no. 193,449 which purports to have issued as the ’614 patent.

13. Donjon admits only that, on its face, the ’590 patent purports to have issued on January 23, 1990, to be entitled “Apparatus and Method for Mixing Solid or Semi-Solid Wastes with Additives” and to list Patrick D. Taylor as inventor. Donjon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies same.

14. Donjon admits that the ’590 patent is an official document that speaks for itself, and thus denies any characterizations thereof.

15. Donjon admits only that the patents-in-suit alleged are official documents that speak for themselves, and thus denies any characterizations thereof.

16. With respect to Paragraph 16, Donjon is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies same.

17. To the extent the allegations of Paragraph 17 are intended to apply to Donjon, Donjon denies those allegations.

18. As Donjon enters into contracts for dredging, Donjon denies TDM’s expansive characterizations of the contracts in Paragraph 18. As to the remaining allegations, Donjon is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies same.

19. As the allegations of Paragraph 19 do not pertain to Donjon, no response is made thereto.

20. As the allegations of Paragraph 20 do not pertain to Donjon, no response is made thereto.

21. As the allegations of Paragraph 21 do not pertain to Donjon, no response is made thereto.

22. To the extent the allegations of Paragraph 22 are intended to apply to Donjon, Donjon denies those allegations.

23. To the extent the allegations of Paragraph 23 are intended to apply to Donjon, Donjon denies those allegations.

## PRAYER FOR JUDGMENT

A.-J. Paragraphs A through J of TDM's First Amended Complaint state TDM's prayer for judgment to which no response is required. However, to the extent that Paragraphs A through J are deemed to contain averments, Donjon denies each such averment. Donjon also denies that TDM is entitled to any of the relief requested in Paragraphs A through J.

## AFFIRMATIVE DEFENSES

1. Based at least upon apparent inadequate pre-litigation investigation by TDM and TDM's counsel, this matter is an exceptional case as contemplated by 35 U.S.C. § 285, and thus entitles Donjon to attorneys' fees, costs and any other relief permitted by law from TDM and TDM's counsel.

2. Donjon has not infringed and does not infringe (either directly, contributorily or by inducement) any valid and enforceable claim of the '731, '614, '862 and '590 patents.

3. The subject matter claimed in the '731, '614, '862 and '590 patents have not been used, made, sold, offered for sale, imported or manufactured by Donjon.

4. The claims of the '731, '614, '862 and '590 patents are invalid for failure to comply with one or more of the conditions and requirements of the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112.

5. TDM's claims are barred, in full or in part, by the doctrines of waiver, equitable estoppel and/or the doctrine of unclean hands.

6. Plaintiff is not entitled to any compensation pursuant to 28 U.S.C. §1498(a). If Plaintiff was awarded compensation, such compensation may include delay compensation but shall not include any prejudgment or post-judgment interest or costs provided by 35 U.S.C. § 284 and 28 U.S.C. § 1961.

7. To the extent that Plaintiff seeks recovery based on a purported assignment of unliquidated claims against the government, such assignment is void under the Anti-Assignment Act, 31 U.S.C.A. § 3727.

8. To the extent that Plaintiff seeks recovery for infringement that occurred prior to the assignment of the patent to Plaintiff, such recovery is barred by the Anti-Assignment Act, 31 U.S.C.A. § 3727.

9. To the extent that Plaintiff seeks recovery for alleged use of the subject matter claimed in the '731, '614, '862 and '590 patents by Donjon for the Government occurring more than six years before the filing of the Complaint, Plaintiff is precluded from any such recovery, as set forth in 35 U.S.C. § 286.

10. There exists a question as to the ownership of the '731 and '614 patents during the relevant time period. *See Answer of the United States*, p. 9 at ¶ 10. To the extent that Plaintiff did not own the patents during the relevant time period, Plaintiff is not entitled to assert patent rights for that time period. Plaintiff is also not entitled to rely, in any way or for any reason, on the administrative claim of UTEX for the infringement of the '731 and '614 patents in this action.

11. Donjon maintains its right to seek leave and assert additional defenses that are

currently unknown to it.

WHEREFORE, Donjon respectfully requests that the Court:

A. Dismiss the First Amended Complaint with prejudice;

B. Find the claims of TDM's patents-in-suit not infringed by Donjon;

C. Find that Donjon is not liable in anyway for the relief sought in the First Amended Complaint; and deny TDM all such relief;

D. Award Donjon its costs of this action and its attorneys' fees pursuant to 35 U.S.C. § 285;

E. Grant such other and further relief as the Court deems just and proper.

Dated: March 16, 2007

Respectfully submitted,

**MCCARTER & ENGLISH, LLP**

By: __s/ Gary J. Campbell__
Gary J. Campbell
265 Franklin Street
Boston, MA 02110
Telephone: (617) 449-6500
Facsimile: (617) 607-9200
E-mail:gcampbell@mccarter.com

*Attorney for Donjon Marine Company, Inc.*

*Of counsel:*

John E. Flaherty
Andrew P. Nemiroff
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 622-4444
Facsimile: (973) 624-7070
E-mail:jflaherty@mccarter.com