# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TDM AMERICA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant,<br><br>and<br><br>DONJON MARINE COMPANY, INC.,<br><br>Third-Party Defendant. | No. 06-472 C<br><br>Judge Thomas C. Wheeler |

## THE UNITED STATES' BRIEF IN SUPPORT OF ITS MOTION TO QUASH THE DEPOSITION NOTICE OF ALAN P. KLEIN, ESQ. AND FOR A PROTECTIVE ORDER

Plaintiff TDM America, LLC, ("TDM America") has noticed the deposition of Alan P. Klein, Esq., ("Mr. Klein") to take place on Tuesday, April 10, 2007. TDM America also asked for the following documents:

1. The May 16, 2006 letter from Alan P. Klein, Esq. to Robert G. Fryling, Esq. regarding the administrative claim of UTEX Environmental Services, LLC ("UTEX") and all attachments to that letter ("May 16, 2006 letter");

2. All documents relied upon for the opinions expressed in the May 16, 2006 letter;

3. All documents reviewed in connection with the opinions expressed in the May 16, 2006 letter; and

4. All documents reviewed by Mr. Klein or anyone working with or for Mr. Klein in connection with the subject matter of the May 16, 2006 letter.

Exhibit 1 (Notice of Deposition with Document Demand). UTEX is the alleged predecessor

company to TDM America as the owner of the patents in suit. The government seeks to quash this notice of deposition and seeks a protective order to prevent TDM America from taking Mr. Klein's deposition in this case. The government also seeks a protective order to prevent the production of documents requested in paragraphs 2–4 of the Notice of Deposition listed above.

Any knowledge that Mr. Klein has about the subject matter of this suit was gained while evaluating UTEX's administrative claim against the government, during his adjudication of that claim on behalf of the Army, or while assisting the government in defending this suit. Therefore, any questions concerning the subject matter of this lawsuit will elicit attorney-client or work product privileged information. Also, the collection of documents sought in paragraphs 2–4 of the Notice of Deposition are covered by the attorney-client privilege and/or the work product doctrine. The government contacted opposing counsel on Monday, April 2, 2007, to attempt to resolve the matter, but opposing counsel indicated that the deposition should go forward. TDM should be prevented from taking Mr. Klein's deposition and from requesting these privileged documents.

## BACKGROUND

Mr. Klein is Chief of the Intellectual Property Office of the Regulatory Law and Intellectual Property Division of the U.S. Army Legal Services Agency. In short, Mr. Klein is the Intellectual Property Counsel for the Department of the Army. See Exhibit 2 ("Klein Declaration") at ¶ 2. In his capacity as intellectual property counsel, Mr. Klein is responsible for evaluating the legal merit of administrative claims of patent infringement filed against the Department of the Army. See Exhibit 2 at ¶ 4.

UTEX Environmental Services, LLC, a company allegedly affiliated with TDM America, filed an administrative claim with the Army alleging that the government used or manufactured the inventions claimed in U.S. Patent Nos. 5,542,614 ("'614 patent"); 5,931,605; and 6,293,731 ("'731 patent"). The '731 and '614 patents are at issue in this suit. Mr. Klein denied the claim in a letter dated May 16, 2006 to Robert Fryling, UTEX's counsel. See Exhibit 2 at ¶ 4. This denial of claim letter is requested in paragraph 1 of the document requests of the notice of deposition set forth above, is not privileged, and is in TDM America's possession as evidenced by its production of the document at Bates range TDM 005114 – 005120. Mr. Klein has no independent or first-hand factual knowledge about UTEX's claim against the government. See Exhibit 2 at ¶ 3.

Mr Klein, as Intellectual Property Counsel of the Army, is also responsible for assisting the United States Department of Justice in defending this suit brought by TDM America. Therefore, Mr. Klein acts as "in-house counsel" for the Department of the Army with respect to this litigation. See Exhibit 2 at ¶ 5.

## ARGUMENT

A protective order that prohibits a deposition in it entirety is rarely granted except when the deposition is of a party's attorney. N.F.A. Corp. V. Riverview Narrow Fabrics, Inc., 117 F.R.D. 83, 84 (M.D.N.C. 1987). "Discovery was hardly intended to enable a learned profession to perform its functions on wits borrowed from the adversary." Upjohn Co. v. United States, 449 U.S. 387, 396 (1981) (quoting Hickman v. Taylor, 329 U.S. 495, 516 (1947)). An attempt to depose a party's attorney constitutes good cause for obtaining a protective order "unless the party

seeking the deposition can show both the propriety and need for the deposition." N.F.A., 117 F.R.D. at 85.

An attempt to depose an attorney involved in a suit implicates both the attorney-client privilege and work-product doctrine. While there is no prohibition in the Federal Rules of Civil Procedure against taking opposing counsel's deposition, doing so has been found to disrupt the adversarial system and lower the standards of the profession, adding to the burdensome time and costs of litigation. See Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986). While there may be circumstances where a court should allow the taking of opposing counsel's deposition,[1] "those circumstances should be limited to where the party seeking to take the deposition has shown that

(1) no other means exist to obtain the information than to depose opposing counsel;

(2) the information sought is relevant and nonprivileged; and

(3) the information is crucial to the preparation of the case.

Id. at 1327; see e.g., Boughton v. Cotter Corp., 65 F.3d 823, 830 (10th Cir. 1995) (following

---

[1] Those circumstances where the deposition of an attorney may be appropriate include:

> (1) when a party affirmatively raises an issue which involves reliance upon the attorney's advice; (2) when an attorney is a witness; (3) when the attorney is the person with the best information concerning non-privileged matters relevant to the lawsuit; (4) when the defendant uses the attorney's advice as a defense; and (5) the crime/fraud exception to the attorney work product or attorney-client privilege rule.

West Peninsular Title Co. v. Palm Beach County, 132 F.R.D. 301, 303, n.3 (S.D. Fla. 1990) (citations omitted); see also American Casualty Co. v. Krieger, 160 F.R.D. 582, 586 (S.D. Cal. 1995) (finding deposition of an attorney appropriate when the attorney is a fact witness); Johnston Development Group, Inc. v. Carpenters Local Union No. 1578, 130 F.R.D. 348 (D.N.J. 1990). None of these circumstances apply in this case.

Shelton); Sparton Corp. v. United States, 44 Fed. Cl. 557 (Fed. Cl. 1999) (following Shelton); N.F.A., 117 F.R.D. at 86 (following Shelton). TDM America can make no such showing.

**I. Other Discovery Avenues Exist for TDM America to Obtain the Information that It Seeks from Mr. Klein**

Alan Klein has no independent or first-hand knowledge concerning any facts relating to any claim made by TDM America except to represent the Army in response to an administrative claim filed by UTEX and to assist the Department of Justice in defending this suit. See Exhibit 2 at ¶ 4. Mr. Klein's testimony is therefore not crucial or unique. See N.F.A., 117 F.R.D. at 84, n.2 (noting deposition of an attorney is necessary and appropriate where attorney may be a fact witness, where the attorney may have the best information concerning non-privileged matters relevant to a suit, or where the attorney's advice becomes an issue in the case).

TDM America can acquire the information that it needs to prepare its case through other means. See Shelton, 805 F.2d at 1330 (finding practice of deposing opposing counsel who had nothing to do with the lawsuit except to represent her client a harassing tactic "that does nothing for the administration of justice but rather prolongs and increases the costs of litigation, demeans the profession, and constitutes an abuse of the discovery process"). TDM America can use interrogatories, document requests, and depositions to gain the information that it seeks from persons with first-hand knowledge of the events about which TDM America complains. See West Peninsular Title, 132 F.R.D. at 301 (finding "party seeking a deposition must demonstrate that the deposition is the only practical means available of obtaining the information. Other methods, such as written interrogatories, should be employed.").

TDM America has not demonstrated that it made an adequate effort to obtain the information it seeks from alternate sources before attempting to depose Mr. Klein. See Sparton, 44 Fed. Cl. at 563. Mr. Klein has not been offered as a fact witness by the government and his only knowledge of the facts of this case are second-hand information that Mr. Klein possesses as a result of this evaluation of the claim and participation in defense of the United States. A deposition of Mr. Klein would invariably elicit communications that are protected by the attorney-client privilege and work product doctrine. See West Peninsular Title, 132 F.R.D. at 303 (noting innocent inquiries at deposition often implicate work product or attorney-client privileges).

## II. The Information Sought While Arguably Relevant Is Privileged

Mr. Klein's involvement in this suit is as in-house counsel for the Army assisting the Department of Justice, and as an evaluator and arbiter of the administrative claim that UTEX filed against the government. See Deuterium Corp. v. United States, 19 Cl. Ct. 697, 699–700 (Cl. Ct. 1990) (finding administrative claims are adversarial proceedings that present the specter of litigation). While information sought from Mr. Klein may be relevant, such information is privileged.

### A. Attorney Client Privilege Protects Mr. Klein's Communications With Other Government Employees

The attorney-client privilege encourages "full and frank communication between attorneys and their clients and thereby promote[s] broader public interests in the observance of law and administration of justice." Upjohn, 449 U.S. at 389. The attorney-client privilege exists to protect the provision of information to a lawyer to enable him to give sound and informed

advice, as well as the giving of professional advice to a client. Id. at 390. "The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." Id. at 389. The attorney-client privilege applies to communications from government employees at all levels to government attorneys and also protects communications with agency lawyers who provide legal advice with respect to impending litigation. Deuterium, 19 Cl. Ct. at 699–700.

Mr. Klein supervised the investigation of UTEX's administrative claim, evaluated that claim, and made the final decision to deny the claim. See Exhibit 2 at ¶ 4. Communications from government employees to Mr. Klein for the purpose of investigation of the UTEX's claim, and Mr. Klein's communications to government employees in requesting information are confidential communications to solicit or provide legal advice. As such, these communications are privileged and may not be disclosed. See Sparton, 44 Fed. Cl. at 566 (finding attorney-client privilege provides "unqualified, absolute protection from discovery for confidential communications made by a client to an attorney for the purpose of obtaining legal advice," and also "protects legal advice and opinion communicated from the attorney to the client").

Mr. Klein should not be required to submit to a deposition that will necessarily elicit attorney-client communications about which Mr. Klein cannot testify, and to reveal his mental impressions and legal strategy concerning UTEX's claim.

**B. Work Product Doctrine Protects Mental Impressions and Legal Strategy From Disclosure**

A party may not obtain the work product of an attorney without a showing of substantial need for the preparation of that party's case and that the party is unable without undue hardship

to obtain the substantial equivalent of the materials by other means. See Federal Rule of Civil Procedure 26(b)(3); see also Upjohn, 449 U.S. at 398 (noting substantial incorporation of the work-product doctrine as set forth in Hickman, 329 U.S. at 510, and reaffirmed in United States v. Nobles, 422 U.S. 225, 236–40 (1975)). Work-product consists of any document or tangible thing prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative such as an attorney. See Fed. R. Civ. P. 26(b)(3). The work-product doctrine is meant to protect against disclosure of "written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties." Upjohn, 449 U.S. at 397 (quoting Hickman, 329 U.S. at 510); see also Shelton, 805 F.2d at 1328 (finding work-product doctrine protects from discovery not only discovery materials obtained or prepared in anticipation of litigation, but an attorney's mental impressions, including thought processes, opinions, conclusions, and legal theories). The work-product doctrine applies to government attorneys in litigation. Nat'l Labor Relations Bd. v. Sears, Roebuck & Co., 421 U.S. 132, 154 (1975).

The Supreme Court has noted that Rule 26 provides special protection to work product revealing the attorney's mental processes. The Rule states that if a party makes the requisite showing for production of documents covered by the work-product doctrine, a court "shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fed. R. Civ. P. 26(b)(3). "Forcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes." Upjohn, 449 U.S. at 399. "Because the subtleties of what constitutes work product may not be readily

perceived at first glance, the Court is justified in discouraging attorney depositions and placing the burden on those who request the deposition." N.F.A., 117 F.R.D. at 86; see also Niagara Mohawk Power Corp. v. Stone & Webster Eng. Corp., 125 F.R.D. 578, 586 (N.D.N.Y. 1989) (finding "a necessary corollary that protected work product contained in documents and tangible things cannot be obtained through less tangible methods such as the deposition questioning of persons with knowledge of the protected information").

Deposing Mr. Klein on the subject of UTEX's administrative claim or this litigation would necessarily implicate Mr. Klein's mental impressions and strategy concerning that claim and this suit. This is protected by the work-product doctrine.

Not only is TDM America seeking to take Mr. Klein's deposition which, considering his knowledge of the issues, necessarily implicates attorney-client privileged information and work product, but TDM America is also seeking three categories of documents that are covered by the work-product doctrine. TDM America wants all documents relied upon by Mr. Klein in forming his denial of UTEX's claim; all the documents that he reviewed in connection with the opinion, and all documents reviewed by him or anyone working with him in connection with the subject matter of UTEX's claim. Exhibit 1 at Exhibit A, ¶¶ 2–4. "Where . . . the deponent is opposing counsel and opposing counsel has engaged in a process of selecting and compiling documents in preparation for litigation, the mere acknowledgment of the existence of those documents would reveal counsel's mental impressions, which are protected as work product." Shelton, 805 F.2d at 1329. The documents requested in paragraphs 2 through 4 of Exhibit A of Mr. Klein's Notice of Deposition are protected by the work product doctrine and should not be disclosed to TDM America.

## III. <u>The Information Sought Is Not Crucial to TDM America's Case</u>

Mr. Klein has no independent or first-hand factual knowledge about facts relating to UTEX's claim against the government. Exhibit 2 at ¶ 4. Nothing that Mr. Klein would have to offer at a deposition would be crucial to TDM America's preparation of it case. See Sparton, 44 Fed. Cl. at 568 (noting no relevance for attorney's assessment of the case for his client's case).

## CONCLUSION

For the reasons set forth herein, the government respectfully requests that the Court quash the deposition notice of Alan P. Klein, Esq., and accompanying document demand, and enter a protective order preventing the TDM America, LLC, from deposing Mr. Klein in this litigation and requesting the documents in paragraph 2 – 4 of the document request attached to the Notice of Deposition.

Dated: April 6, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

s/Erica A. Franklin by Susan L. C. Mitchell
ERICA A. FRANKLIN
Attorney
Commercial Litigation Branch
Department of Justice
Washington, D.C. 20530
Telephone: (202) 353-0517
Facsimile: (202) 307-0345

Of Counsel:
SUSAN L. C. MITCHELL
Attorney
Department of Justice