**Exhibit 5**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TDM America, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 06-472 C<br><br>Judge Thomas C. Wheeler |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT PURSUANT TO RULE 33 OF THE RULES OF THE UNITED STATES COURT OF FEDERAL CLAIMS**

Pursuant to Rule 33 of the Rules of the United States Court of Federal Claims, plaintiff TDM America, LLC ("TDM" or "plaintiff") propounds the following interrogatories on defendant The United States of America ("US" or "defendant") to be answered in writing and under oath, within thirty (30) days of the date of service hereof, with such answers being provided to plaintiff's attorneys at the offices of Davidoff Malito & Hutcher LLP, 605 Third Avenue, 34th Floor, New York, NY 10157. The interrogatories are deemed continuing in nature and must be timely supplemented pursuant to Rule 26(e) of the Rules of the United States Court of Federal Claims.

**DEFINITIONS**

A. In addition to any standard definition, the terms "plaintiff" or "TDM" shall mean TDM America, LLC and (i) all its present and former directors, officers, members, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest and any parent, subsidiary or affiliated entities that

are/were in existence during the applicable period of time covered by these requests; (ii) any other person or entity acting on its behalf or on whose behalf it acted; and (iii) any other person or entity otherwise subject to its control or which controls it, or with which it is under common control.

B. The terms "defendant" or “US” shall refer to the executive, legislative and/or judicial branches of the federal government of the United States of America, including the Department of the Army, the United States Army Corps of Engineers (“US Army Corps of Engineers”), and any other federal department, agency, commission, bureau and/or office.

C. The term “contractor” shall mean any contractors and/or subcontractors.

D. The term “dredging activities” shall mean, in addition to dredging, the treatment, processing, stabilization, retention, staging, handling, curing, reuse, remediation, fixation, solidification and/or disposal of dredged materials.

E. The term "patent-in-suit" or "patents-in-suit" shall mean any one and/or combination of United States patent numbers 6,293,731 B1 (the “ ‘731 patent”) and 5,542,614 (the “‘614 patent”), whichever is broader in context.

F. The term "document" shall mean its customary broad sense and includes, without limitation, the following items, whether printed, electronic, magnetic, taped, or reproduced by any process including audio and video, or written or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, namely; notes, letters, correspondence, communications, telegrams, memoranda, summaries of records of telephone conversations, summaries of records of personal conversations, diaries, reports, laboratory and research reports and notebooks, charts,

plans, drawings, graphs, photographs, phonorecords, DVD's, CD's video tapes, minutes or records of meetings, including directors' meetings, reports and/or summaries of interviews, reports and/or investigations, opinions or reports of consultants, reports of intellectual property searches, agreements, reports of summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of documents, known to or in possession or control of defendant.

G. The term "things" as used herein is any tangible object other than a document and includes objects of every kind and nature including, but not limited to prototypes, models, specimens, and the like.

H. To the extent that a term of a request may be interpreted in a broad sense or in a narrow sense, the term or request shall be interpreted in its broadest sense.

I. "Complaint" means the complaint filed in this action.

J. "Answer" means the answer filed in this action.

K. "Any" or "each" should be understood to include and encompass "all"; "or" should be understood to and encompass "and"; and "and" should be understood to include and encompass "or".

L. "Person" or "persons" means, unless otherwise specified, any individual, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature and type.

M. "Communication" or "communications" means, unless otherwise specified, any of the following (a) any letter, memorandum, or other document; (b) any telephone call between two or more persons; (c) any conversation or meeting between

two or more persons; and (d) any electronic and/or taped transmission including emails, audio and video tapes, CD's, DVD's and the like.

N. The term "date" means the exact date, month and year, if ascertainable, or if not, the best approximation (including relationship to other events).

O. For all purposes herein, spelling, syntax, abbreviations, idioms and proper nouns shall be construed and interpreted to give proper meaning and consistency to the context of each request.

## INSTRUCTIONS

1. Where an interrogatory or document request seeks identification, listing or description of an act, event, fact, or instance, the following information as to each such act, event, fact or instance, shall be included wherever applicable:

A. Date;

B. Place;

C. Identification of each person present and the name of the organization that each represented or with which each was connected;

D. The identity of the person or persons involved in or performing such act, event, fact or instance (or, in the case of an omission, the identity of the person or persons failing to act);

E. When the act, event, fact or instance first became known to plaintiff;

F. The circumstances and manner in which defendant first obtained such knowledge;

G. Type of document;

H. General subject matter; and

I. Date of the document and its author(s), addressee(s) and recipient(s).

2. No part of any interrogatory shall be left unanswered merely because an objection has been interposed to another part of the interrogatory.

3. Where an objection is made to any interrogatory or part hereof under Rule 33 of The Rules of The United States Court of Federal Claims, the objection shall state with specificity all grounds therefor.

4. Where an interrogatory is objected to as unduly burdensome, defendant shall (i) indicate the nature of the burden involved in providing the response requested; and (ii) set forth a proposal as to a less burden-incurring response that would provide responsive information.

5. Where a claim of privilege is asserted in responding or objecting to any discovery requested herein and information is not provided on the basis of such assertion, identify the nature of the privilege (including work product) which is being claimed. When any privilege is claimed, defendant shall indicate as to the information requested, whether (a) any documents exist, or (b) any oral communications took place.

## INTERROGATORIES

**INTERROGATORY NO. 1**

State when and how the US first learned of the patents-in-suit including identifying the persons, dates and documents involved.

**RESPONSE TO INTERROGATORY NO. 1**

**INTERROGATORY NO. 2**

Separately, for each claim of the patents-in-suit, state with particularity the factual basis for the US' contention that it has not infringed any claims of the patents-in-suit.

**RESPONSE TO INTERROGATORY NO. 2**

**INTERROGATORY NO. 3**

Separately, for each of the patents-in-suit, state with particularity the factual basis for the US' contention that the patents-in-suit are invalid.

**RESPONSE TO INTERROGATORY NO. 3**

**INTERROGATORY NO. 4**

Separately, for each of the patents-in-suit, state whether the US is contending that one or more claims of the patents-in-suit are unenforceable and, if so, identify each such claim and state with particularity the factual basis therefor.

**RESPONSE TO INTERROGATORY NO. 4**

**INTERROGATORY NO. 5**

Identify all persons with any relevant knowledge of the matters alleged in the answer.

**RESPONSE TO INTERROGATORY NO. 5**

**INTERROGATORY NO. 6**

State with particularity all grounds in support of each denial made in the answer to this action.

**RESPONSE TO INTERROGATORY NO. 6**

**INTERROGATORY NO. 7**

Separately, for each of the patents-in-suit, identify all prior art to the patents-in-suit.

**RESPONSE TO INTERROGATORY NO. 7**

**INTERROGATORY NO. 8**

Identify all opinions, reports and evaluations concerning the patents-in-suit.

**RESPONSE TO INTERROGATORY NO. 8**

**INTERROGATORY NO. 9**

Identify the US' proposed construction for each claim of the patents-in-suit and all intrinsic and extrinsic evidence supporting that construction.

**RESPONSE TO INTERROGATORY NO. 9**

**INTERROGATORY NO. 10**

Identify each and every specific contract, and identify each and every contractor retained by the US for dredging activities at any port, harbor and/or waterway since 1997 to the present and for each such contract specify all contract information and processing information relevant to those contracts and the dredging activities, including specifically the treatment, processing, stabilization, retention, staging, handling, curing, reuse, remediation, solidification and/or disposal of the dredged materials.

**RESPONSE TO INTERROGATORY NO. 10**

**INTERROGATORY NO. 11**

Identify all processes and methods utilized by each of the respective contractors identified in the response to Interrogatory No. 10, and all documents, specifications, data, and other writings that describe and set forth the methods, processes and/or manner utilized for the dredging activities.

**RESPONSE TO INTERROGATORY NO. 11**

**INTERROGATORY NO. 12**

For each contract that the US was or is a party to since 1997 for any dredging activity at any port, harbor and/or waterway, complete the chart below either confirming that the contractor is performing the referenced element of the patent claim for the '731 patent or describe the manner in which the particular dredging activity and/or processing activity is performed and how the activity differs from the referenced one.

**RESPONSE TO INTERROGATORY NO. 12**

| Contractor: | | Contract No. ____________. |
|---|---|---|
| US Patent 6,293,731 (The '731 Patent)<br><br>Claim 1 | If contractor performs activities under the referenced contract, insert "YES" | If contractor performs different activity, explain what the activity is and how it is different |
| A method for producing a structural fill material comprising the steps of: | | |
| obtaining a dredged material; | | |
| depositing the dredged material into a containment receptacle; | | |
| removing free water from the dredged material and the containment receptacle; | | |
| creating an additive slurry in a mixing container; | | |
| pumping the additive slurry from the mixing container to a mixing assembly disposed within the containment receptacle; | | |
| mixing the additive slurry into the dredged material to form a substantially homogenous mixture; and, | | |
| curing the substantially homogenous mixture in the containment receptacle, thereby producing a structural fill material and reducing particulate emissions. | | |

**INTERROGATORY NO. 13**

For each contract that the US was or is a party to since 1997 for any dredging activity at any port, harbor and/or waterway, complete the chart below either confirming that the contractor is performing the referenced element of the patent claim for the '614 patent or describe the manner in which the particular dredging activity and/or processing activity is performed and how the activity differs from the referenced one.

**RESPONSE TO INTERROGATORY NO. 13**

| Contractor: ______ | | Contract No.______. |
|---|---|---|
| **US Patent 5,542,614 (The '614 Patent) Claim 1** | **If contractor performs activities under the referenced contract, insert "YES"** | **If contractor performs different activity, explain what the activity is and how it is different** |
| A method for processing waste material comprising the steps of: | | |
| receiving said waste material in a vibrating screen box; | | |
| vibrating said vibrating screen box to separate lumps of said waste material that are larger than a predetermined size thereby removing lumps of said waste material of a size greater than said predetermined size from said waste material; | | |
| discharging said waste material of a size less than said predetermined size into a homogenizer; | | |
| receiving said waste material into said homogenizer; | | |
| homogenizing said waste material in said homogenizer; | | |
| dropping said waste material into a mixer after homogenizing, said mixer located below said homogenizer; | | |
| accumulating a batch of waste material in said mixer; | | |

| Contractor: | | Contract No. |
|---|---|---|
| **US Patent 5,542,614 (The '614 Patent) Claim 1** | **If contractor performs activities under the referenced contract, insert "YES"** | **If contractor performs different activity, explain what the activity is and how it is different** |
| weighing said batch of waste material to determine an amount of additive to be added to said waste material; | | |
| mixing said waste material with said additive in said mixer to form a mixture; and | | |
| dropping said mixture from said mixer to a processing terminus located below said mixer. | | |

**INTERROGATORY NO. 14**

State the amount, in percentage and dollar terms, that the US believes is a reasonable royalty for each of the patents-in-suit, explain the basis therefor and identify the documents relied upon to support that basis.

**RESPONSE TO INTERROGATORY NO. 14**

Respectfully submitted,

DAVIDOFF MALITO & HUTCHER LLP
*Attorneys for Plaintiff*

Dated: November 6, 2006

David W. Denenberg
Michael A. Adler
605 Third Avenue – 34 Fl
New York, NY 10158
Tel: (212) 557-7200
Fax: (212) 286-1884

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2006, I served a true and accurate copy of PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT PURSUANT TO RULE 33 OF THE RULES OF THE UNITED STATES COURT OF FEDERAL CLAIMS on counsel for the United States by electronic mail at the following address:

Erica A. Franklin
Erica.franklin@usdoj.gov

and via overnight courier, postage prepaid, in an envelope addressed to:

Erica A. Franklin
US Department of Justice
Civil Division
1100 L Street, NW
Suite 1100
Washington, DC 20001

and

Erica A. Franklin
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530

Michael A. Adler

Exhibit 6

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TDM America, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 06-472 C<br><br>Judge Thomas C. Wheeler |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT PURSUANT TO RULE 34 OF THE RULES OF THE UNITED STATES COURT OF FEDERAL CLAIMS**

Pursuant to Rule 34 of the Rules of the United States Court of Federal Claims, plaintiff TDM America, LLC ("TDM" or "plaintiff") requests that defendant The United States of America ("US" or "defendant") produce for inspection and copying, each and all of the items described below, within thirty (30) days of the date of service hereof, delivered to the offices of Davidoff Malito & Hutcher LLP, 605 Third Avenue, 34th Floor, New York, NY 10158.

**DEFINITIONS**

A. In addition to any standard definition, the terms "plaintiff" or "TDM" shall mean TDM America, LLC. and (i) all its present and former directors, officers, members, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest and any parent, subsidiary or affiliated entities that are/were in existence during the applicable period of the time covered by these requests; (ii) any other person or entity acting on its behalf or

on whose behalf it acted; (iii) any other person or entity otherwise subject to its control or which controls it, or with which it is under common control.

B. The terms "defendant" or "US" shall refer to the executive, legislative and/or judicial branches of the federal government of the United States of America, including the Department of the Army, the United States Army Corps of Engineers ("US Army Corps of Engineers"), and any other federal department, agency, commission, bureau, and/or office.

C. The term "contractor" shall mean any contractors and/or subcontractors.

D. The term "dredging activities" shall mean, in addition to dredging, the treatment, processing, stabilization, retention, staging, handling, curing, reuse, remediation, fixation, solidification and/or disposal of dredged materials.

E. The term "patent-in-suit" or "patents-in-suit" shall mean any one and/or combination of United States patent numbers 6,293,731 B1 (the '731 patent) and 5,542,614 (the '614 patent), whichever is broader in context.

F. The term "document" shall mean its customary broad sense and includes, without limitation, the following items, whether printed, electronic, magnetic, taped, or reproduced by any process including audio and video, or written or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, namely; notes, letters, correspondence, communications, telegrams, memoranda, summaries of records of telephone conversations, summaries of records of personal conversations, diaries, reports, laboratory and research reports and notebooks, charts, plans, drawings, graphs, photographs, phonorecords, DVD's, CD's video tapes,

minutes or records of meetings, including directors' meetings, reports and/or summaries of interviews, reports and/or investigations, opinions or reports of consultants, reports of intellectual property searches, agreements, reports of summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of documents, known to or in possession or control of defendant.

G. The term "things" as used herein is any tangible object other than a document and includes objects of every kind and nature including, but not limited to prototypes, models, specimens, and the like.

H. To the extent that a term in a request may be interpreted in a broad sense or in a narrow sense, the term or request shall be interpreted in its broadest sense.

I. "Complaint" means the complaint filed in this action.

J. "Answer" means the answer filed in this action.

K. "Any" or "each" should be understood to include and encompass "all"; "or" should be understood to and encompass "and"; and "and" should be understood to include and encompass "or".

L. "Person" or "persons" means, unless otherwise specified, any individual, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature and type.

M. "Communication" or "communications" means, unless otherwise specified, any of the following (a) any letter, memorandum, or other document; (b) any telephone call between two or more persons; (c) any conversation or meeting between

two or more persons; and (d) any electronic and/or taped transmission including emails, audio and video tapes, CD's, DVD's and the like.

N. The term "date" means the exact date, month and year, if ascertainable, or if not, the best approximation (including relationship to other events).

O. For all purposes herein, spelling, syntax, abbreviations, idioms and proper nouns shall be construed and interpreted to give proper meaning and consistency to the context of each request.

## INSTRUCTIONS

1. Plaintiff requires you to produce all documents that are in defendant's actual or constructive possession, custody or control of defendant's attorneys, accountants, representatives, consultants, agents, employees or anyone acting on behalf of or in privity with defendant.

2. Where a responsive document has been destroyed or alleged to have been destroyed, lost, misplaced or stolen, state and specify in writing and serve upon the undersigned the date and reason for its destruction, misplacement or loss and identify each person having any knowledge of its destruction, misplacement or loss and identify each person responsible for its destruction, misplacement or loss.

3. Where a responsive document has never been, or is no longer, in the possession, custody or control of the responding party, specify in writing and serve upon the undersigned the name and address of any person or entity known or believed by you to have possession, custody or control of that document or category of document.

4. These requests shall be deemed to seek documents since at least the inception of the designs in each and every one of the patents-in-suit unless the context indicates otherwise, but shall be deemed to be continuing so that any additional

documentation relating in any way to these requests which defendant acquires or which becomes known to defendant up to and including the time of trial shall be furnished to plaintiff after such documentation is acquired or becomes known.

5. Where responsive documents are in electronic form, the document requests herein shall be construed to include all ancillary files and programs necessary to navigate the responsive documents.

6. If defendant declines to provide any requested document by reason of a claim of privilege or other exemption from discovery, for each document identify in writing and serve on the undersigned (i) the nature of the privilege (including work product) or other exemption from discovery which is being claimed; (ii) the type of document; (iii) the general subject matter of the document; (iv) the date of the document; (v) the names and addresses of the person or persons who prepared and signed the document; (vi) the names and addresses of the person or persons to whom the document was addressed or directed; (vii) where not apparent, the relationship or relationships of the person or persons to whom the document was addressed or directed; and (viii) identify all persons or entities who saw the original document or saw or received a copy of such document, and the job titles of each such person, and any other information to sufficiently describe the nature of the privilege so as to permit the court to sufficiently describe the nature of the privilege claim so as to permit the court to adjudicate the validity of the privilege claim.

7. This request requires the production of documents in the same form and in the same order as they are kept in the usual course of business or organized and labeled to correspond with the particular demands set forth below. If you choose the

former method, the documents are to be produced in the boxes, file folders, bindings, or other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, bindings or other containers are to be left intact.

8. To the extent that defendant considers documents as containing confidential information all such documents shall be produced for outside attorneys' eyes only until such time that a suitable protective order is issued.

9. To the extent defendant comes into possession or control of documents subsequent to its initial production of documents, defendant is required to promptly serve the additional documents on plaintiff and supplement its response.

## DOCUMENT REQUESTS

**REQUEST NO. 1**

All documents and things referred to in defendant's initial disclosures pursuant to Rule 26(a) of the Rules of the United States Court of Federal Claims.

**REQUEST NO. 2**

Separately, for each of the patents-in-suit, all documents and things that constitute or support the factual basis for defendant's defense that the inventions of the patents-in-suit have not been used or manufactured by or for the US.

**REQUEST NO. 3**

Separately, for each of the patents-in-suit, all documents and things that constitute or support the factual basis for defendant's defense that the patents-in-suit are invalid for failure to comply with 35 USC §102.

**REQUEST NO. 4**

Separately, for each of the patents-in-suit, all documents and things that constitute or support the factual basis for defendant's defense that the patents-in-suit are invalid for failure to comply with 35 USC §103.

**REQUEST NO. 5**

Separately, for each of the patents-in-suit, all documents and things that constitute or support the factual basis for defendant's defense that the patents-in-suit are invalid for failure to comply with 35 USC §112.

**REQUEST NO. 6**

All documents and things that constitute and/or support defendant's position that defendant is barred from a damages recovery pursuant to 31 USC §3727.

**REQUEST NO. 7**

All documents and things that comprise and/or support defendant's defense that TDM did not own the patents-in-suit during any time period relevant to this litigation.

**REQUEST NO. 8**

All prior art, patentability studies and/or invalidity studies pertaining to the patents-in-suit.

**REQUEST NO. 9**

All documents and things that show or explain the organizational, working and/or economic relationship between defendant and the US Army Corps of Engineers regarding dredging activities.

**REQUEST NO. 10**

All documents and things that the US will rely upon to support its construction of any term of any claim of the patents-in-suit.

**REQUEST NO. 11**

All documents and things that the US will rely upon to support what the US believes is a reasonable royalty for the invention of the patents-in-suit.

**REQUEST NO. 12**

For each contract since 1997 for dredging activities at any port, harbor and/or waterway, please produce:

a) all bid documents;

b) all contracts; and

c) all material data specification sheets, specifications, process sheets, data and/or the processes used by the US and/or any of its contractors.

**REQUEST NO. 13**

All documents and things, including all documents derived from or compiled by the US, its contractors and/or subcontractors, that comprise or constitute any of the below listed items that are related to the dredging activities conducted at any port, harbor and/or waterway, for the years 1997 to the present.

a) progress management reports;

b) requests for proposals;

c) solicitation documents;

d) pre-bid meeting questions that are posted for the public and all answers or other responses relating thereto;

e) addendums to any proposals;

f) bids;

g) amendments to any bids or proposals;

h) contracts with third-party contractors including all amendments;

i) quality control sampling data sheets;

j) job cost information including, but not limited to, any requests for increased payments by third party contractors;

k) contractors' proposals;

l) technical sheets, and data binders;

m) contractors' invoices, bills, time management sheets and other documents submitted in connection with reimbursement or being paid for dredging activities.

n) listings of all bidders, bids and bid awards for any US contract;

o) quality assurance/quality control data related to dredging activities at all ports, harbors and/or waterways;

p) manifests for the disposal of material that was dredged from ports, harbors and/or waterways;

q) waterfront development permits for dredging activities at all ports, harbors and/or waterways;

r) physical description of the processes and/or plans for dredging activities;

s) documents that indicate certain dredging processes were not meeting required specifications, including but not limited to, any documents that requested additional payments or modifications to the methods for any dredging activities;

t) engineering specifications, reports and evaluations;

u) pre-filing communications regarding the patents-in-suit;

v) opinions regarding the prior art; and

w) photographs and/or tapes.

**REQUEST NO. 14**

All documents and things that constitute, comprise and/or show any relationship between any contractors and the US with respect to dredging activities at any port, harbor and/or waterway.

**REQUEST NO. 15**

To the extent not previously requested, all documents and things that relate to the following contracts and/or entities with respect to dredging activities for the US:

a. the Port Authority of New York and New Jersey – Maintenance Dredging Contract MF-207A (March 1997);

b. Donjon Marine Co., Inc. – Berth Deepening Contract HH-934.553 (May 2006);

c. New York and New Jersey Harbor Kill Van Kill Channel Navigation Improvements 50 Ft. Project, IFB No. W912DS-05-B-003;

d. all written contracts within the W912DS bidding codes, including:

(i) Bid #W912DS-04-B-0003-0008;

(ii) Bid #W912DS-05-B-0003 (NY & NJ Harbor, Kill van Kill, 12/1/04);

(iii) Bid #W912DS-06-B-0007; and

(iv) Bid #W912DS-04B-0006.

e. all contracts for dredging activities with ECDC Environmental, LLC;

f. all contracts for dredging activities with Clean Earth Dredge Technologies, Inc.;

g. all contracts for dredging activities with OENJ Cherokee Corporation;

h. all contracts for dredging activities with Bean Stuyvesant, LLC;

i. all contracts for dredging activities with Great Lakes Dredge & Dock Co.;

j. all contracts for dredging activities with Jay Cashman, Inc.;

k. all contracts for dredging activities with Weeks Marine Inc.;

l. all contracts for the years 1997 to the present that comprise and/or refer to the US Army Corps of Engineers Contract Dredging Program; and

m. any other federal contract for dredging activities.

**REQUEST NO. 16**

All documents and things that constitute and/or refer to the organizational structure, including the responsibilities of all US personnel and/or consultants, of the

division of the US that is responsible and/or oversees dredging activities, including but not limited to, the US Army Corps of Engineers.

**REQUEST NO. 17**

All documents and things that constitute and/or refer to the relationship between the US and any port authority, such as the Port Authority of New York and New Jersey.

**REQUEST NO. 18**

To the extent not previously requested, all documents and things, for fiscal years 1998 through 2006, that comprise, refer or relate to the US Army Corps of Engineers contract dredging programs for dredging activities.

**REQUEST NO. 19**

All documents and things that show the basis for the US' position that the below listed parties are interested parties:

(i) Clean Earth Dredging Technologies, Inc.;

(ii) Donjon Marine Company, Inc.; and

(iii) OENJ Cherokee Corporation.

**REQUEST NO. 20**

To the extent not previously requested, all documents and things, that show, comprise or relate to the processes, methods, treatment, stabilization, retention, staging, handling, curing, reuse, remediation, fixation, solidification and/or disposal used for dredging activities at any port, harbor and/or waterway.

**REQUEST NO. 21**

All documents and things that refute or tend to refute the analysis contained in David W. Denenberg's letter to the Honorable Orrin G. Hatch, dated April 4, 2005 re: analysis of certain patents assigned to UTEX and/or its subsidiaries.

**REQUEST NO. 22**

All documents and things that show any of the processes, methods, handling and costs associated with any dredging activities at any port, harbor and/or waterway.

**REQUEST NO. 23**

To the extent not previously requested, all documents and things that comprise or otherwise show the manner in which dredging activities are performed at any port, harbor and/or waterway.

**REQUEST NO. 24**

All documents and things that constitute, refer and/or reflect any concerns or issues concerning the patents-in-suit.

**REQUEST NO. 25**

All documents and things that constitute or refer to any consultants retained or otherwise engaged on behalf of the defendant with respect to dredging activities at any port, harbor and/or waterway.

**REQUEST NO. 26**

All documents and things that the US will rely upon during the trial of this case.

**REQUEST NO. 27**

All documents that comprise and/or refer to the earliest date that defendant became aware of the patents-in-suit.

**REQUEST NO. 28**

All documents and things that the US relies upon, or which constitutes and supports any of the US' responses to plaintiff's first set of interrogatories.

**REQUEST NO. 29**

To the extent not previously requested, documents and things that mention and/or refer to the patents-in-suit.

**REQUEST NO. 30**

With respect to the patents-in-suit, all documents and things that were relied upon for the opinion contained in the letter dated May 16, 2006 from Alan P. Klein, Intellectual Property, Counsel for the Army addressed to Robert G. Fryling, Esq., Blank Rome, L.L.P., One Logan Square, 18th & Cherry Streets, Philadelphia PA 19103-6998.

Respectfully submitted,

DAVIDOFF MALITO & HUTCHER LLP
*Attorneys for Plaintiff*

Dated: November 6, 2006

David W. Denenberg
Michael A. Adler
605 Third Avenue – 34 Fl
New York, NY 10158
Tel: (212) 557-7200
Fax: (212) 286-1884

## CERTIFICATE OF SERVICE

I hereby certify that on November 6 2006, I served a true and accurate copy of PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT PURSUANT TO RULE 34 OF THE RULES OF THE UNITED STATES COURT OF FEDERAL CLAIMS on counsel for the United States: by electronic mail at the following address:

Erica A. Franklin
Erica.franklin@usdoj.gov

and via overnight courier, postage prepaid, in an envelope addressed to:

Erica A. Franklin
US Department of Justice
Civil Division
1100 L Street, NW
Suite 1100
Washington, DC 20001

and

Erica A. Franklin
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530

Michael A. Adler