**Exhibit 26**

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TDM America, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 06-472 C<br><br>Judge Thomas C. Wheeler<br><br>**SECOND AMENDED NOTICE OF DEPOSITION WITH DOCUMENT DEMAND** |

**PLEASE TAKE NOTICE** that, pursuant to the Rule 30(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff TDM America, LLC ("TDM") will take the deposition upon oral examination of Bryce Wisemiller before a duly authorized court reporter, on May 1, 2007 at 9:30 a.m. at the offices of Davidoff Malito & Hutcher, LLP, 605 Third Avenue, 34th Floor, New York, NY 10158.

This second amended notice does not replace TDM's previous demands for documents pursuant to Rules 30(b)(5) and 34 of the RCFC. The deponent should have produced all documents in his possession or control that relate or refer to any of the categories listed on Exhibit A annexed hereto. To the extent not produced, TDM will not deem this deposition complete and reserves all rights related thereto.

The deposition may be videotaped. You are invited to attend.

Respectfully submitted,

DAVIDOFF MALITO & HUTCHER LLP
*Attorneys for Plaintiff*

Dated: March 23, 2007

David W. Denenberg
Michael A. Adler
605 Third Avenue – 34 Fl
New York, NY 10158
Tel: (212) 557-7200
Fax: (212) 286-1884

**EXHIBIT A TO NOTICE OF DEPOSITION WITH DOCUMENT DEMAND**

All documents and things[1] that constitute, relate and/or refer to:

1. The positions, offices, duties, responsibilities and knowledge of each of the person listed in the US's initial disclosures;
2. The factual basis of any assertion, allegation and/or averment made in the US's answer to the complaint in this action;
3. Any relationship between the US Army Corps of Engineers and any port authority regarding dredging activities;
4. The organizational structure of the United States Army Corps of Engineers;
5. Beginning with fiscal year 1997 to the present, all contracts for dredging activities including all amendments;
6. Requests for proposals for dredging activities;
7. Solicitation proposals for dredging activities;
8. Addendums to proposals for dredging activities;
9. Bids for dredging activities;
10. Amendments to any bids or proposals for dredging activities;
11. Quality control and quality assurance for dredging activities;
12. Technical sheets and other data for dredging activities;
13. Contractors' invoices, bills and time management reports related to dredging activities;
14. Processes, methods, manner, treatment, stabilization, retention, staging, handling, curing, remediation, fixation solidification and disposal for dredging materials at any port, harbor and/or waterway within the United States; volume of dredging activities;

1 The definitions set forth in Plaintiff's First Set of Interrogatories to Defendant Pursuant to Rule 33 of the Rules of the United States Court of Federal Claims are incorporated herein by reference.

15. The patents in suit including claim term construction, all non-infringement, invalidity, and unenforceability positions of defendant and the bases therefor;

16. The cost for dredging activities including license fees, if applicable;

17. All memos, notes, minutes, recordings and other compilations regarding this litigation and/or the patents-in-suit;

18. Summaries showing quantities and qualities of dredging activities for each region and/or district within that region;

19. Processing documents;

20. Total costs incurred by region and by district for dredging and treatment;

21. USACE websites and other documents that contain summaries of dredging activities and/or projected dredging amounts; and

22. All documents that must be submitted under "Special Contract Requirements" (usually within 70 calendar days) that pertain to dredging activities.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2007, I served a true and accurate copy of SECOND AMENDED NOTICE OF DEPOSITION WITH DOCUMENT DEMAND (for Bryce Wisemiller) on counsel for the United States by Federal Express at the following address:

Erica A. Franklin
US Department of Justice
Civil Division
1100 L Street, NW
Suite 1100
Washington, DC 20001

and on counsel for Donjon Marine Company, Inc. by Federal Express at the following address:

Gary J. Campbell
McCarter & English LLP
265 Franklin Street
Boston, MA 02110

Michael A. Adler

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TDM America, LLC, Plaintiff, | ) | No. 06-472 C |
| v. | ) | Judge Thomas C. Wheeler |
| THE UNITED STATES OF AMERICA, Defendant. | ) | **SECOND AMENDED NOTICE OF DEPOSITION WITH DOCUMENT DEMAND** |

**PLEASE TAKE NOTICE** that, pursuant to the Rule 30(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff TDM America, LLC ("TDM") will take the deposition upon oral examination of Ella Snell before a duly authorized court reporter, on May 2, 2007 at 9:30 a.m. at the offices of Davidoff Malito & Hutcher, LLP, 605 Third Avenue, 34th Floor, New York, NY 10158.

This second amended notice does not replace TDM's previous demands for documents pursuant to Rules 30(b)(5) and 34 of the RCFC. The deponent should have produced all documents in her possession or control that relate or refer to any of the categories listed on Exhibit A annexed hereto. To the extent not produced, TDM will not deem this deposition complete and reserves all rights related thereto.

The deposition may be videotaped. You are invited to attend.

Respectfully submitted,

DAVIDOFF MALITO & HUTCHER LLP
*Attorneys for Plaintiff*

Dated: March 23, 2007

David W. Denenberg
Michael A. Adler
605 Third Avenue – 34 Fl
New York, NY 10158
Tel: (212) 557-7200
Fax: (212) 286-1884

## EXHIBIT A TO NOTICE OF DEPOSITION WITH DOCUMENT DEMAND

All documents and things[1] that constitute, relate and/or refer to:

1. The positions, offices, duties, responsibilities and knowledge of each of the person listed in the US's initial disclosures;
2. The factual basis of any assertion, allegation and/or averment made in the US's answer to the complaint in this action;
3. Any relationship between the US Army Corps of Engineers and any port authority regarding dredging activities;
4. The organizational structure of the United States Army Corps of Engineers;
5. Beginning with fiscal year 1997 to the present, all contracts for dredging activities including all amendments;
6. Requests for proposals for dredging activities;
7. Solicitation proposals for dredging activities;
8. Addendums to proposals for dredging activities;
9. Bids for dredging activities;
10. Amendments to any bids or proposals for dredging activities;
11. Quality control and quality assurance for dredging activities;
12. Technical sheets and other data for dredging activities;
13. Contractors' invoices, bills and time management reports related to dredging activities;
14. Processes, methods, manner, treatment, stabilization, retention, staging, handling, curing, remediation, fixation solidification and disposal for dredging materials at any port, harbor and/or waterway within the United States; volume of dredging activities;

---

1 The definitions set forth in Plaintiff's First Set of Interrogatories to Defendant Pursuant to Rule 33 of the Rules of the United States Court of Federal Claims are incorporated herein by reference.

15. The patents in suit including claim term construction, all non-infringement, invalidity, and unenforceability positions of defendant and the bases therefor;

16. The cost for dredging activities including license fees, if applicable;

17. All memos, notes, minutes, recordings and other compilations regarding this litigation and/or the patents-in-suit;

18. Summaries showing quantities and qualities of dredging activities for each region and/or district within that region;

19. Processing documents;

20. Total costs incurred by region and by district for dredging and treatment;

21. USACE websites and other documents that contain summaries of dredging activities and/or projected dredging amounts; and

22. All documents that must be submitted under "Special Contract Requirements" (usually within 70 calendar days) that pertain to dredging activities.

# CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2007, I served a true and accurate copy of SECOND AMENDED NOTICE OF DEPOSITION WITH DOCUMENT DEMAND (for Ella Snell) on counsel for the United States by Federal Express at the following address:

Erica A. Franklin
US Department of Justice
Civil Division
1100 L Street, NW
Suite 1100
Washington, DC 20001

and on counsel for Donjon Marine Company, Inc. by Federal Express at the following address:

Gary J. Campbell
McCarter & English LLP
265 Franklin Street
Boston, MA 02110

Michael A. Adler

David W. Denenberg, Esq. (DWD-9951)
Michael A. Adler, Esq. (MAA-6626)
DAVIDOFF MALITO & HUTCHER LLP
605 Third Avenue, 34th Floor
New York, New York 10158
Tel: (212) 557-7200
Fax: (212) 286-1884
**ATTORNEYS FOR PLAINTIFF**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| TDM America, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06-472 C |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**SECOND AMENDED NOTICE OF RULE 30(b)(6) DEPOSITION WITH DOCUMENT DEMAND**

TO: Erica A. Franklin
US Department of Justice
Civil Division
1100 L Street, NW
Suite 1100
Washington, DC 20001

**PLEASE TAKE NOTICE** that, pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), Rule 30(b)(6), plaintiff TDM America, LLC ("TDM") will take the deposition upon oral examination of defendant The United States of America ("US") through one or more officers, directors, managing agents or other person who consent to testify on US's behalf concerning the categories listed in Exhibit A annexed hereto.

The deposition upon oral examination will take place on March 15, 2007 at 10:00 a.m. at the offices of Davidoff Malito & Hutcher, LLP, 444 North Capitol Street, N.W., Suite 841, Washington, D.C. 20001.

The deposition will take place before a notary public or other officer authorized by law to administer oaths.

Pursuant to Rule 30(b)(6) and 34 of the RCFC, the deponent shall produce for inspection and copying, within thirty (30) days of the date of service hereof, delivered to the law offices of Davidoff Malito & Hutcher, LLP 605 Third Avenue, 34th Floor, New York, NY 10158, all documents in his/her possession or control that were requested in plaintiff's first set of requests for production of documents and things to defendant pursuant to Rule 34 of the rules of the United States Court of Federal Claims, plaintiff's first set of interrogatories to defendant pursuant to Rule 33 of the United States Court of Federal Claims, and all documents that refer and/or relate to categories contained in Exhibit A annexed hereto.

The deposition may be videotaped. You are invited to attend.

Dated: February 21, 2007

**DAVIDOFF MALITO & HUTCHER LLP**
605 Third Avenue, 34th Floor
New York, NY 10158
212-557-7200
Attorneys for Plaintiff

David W. Denenberg (DWD-9951)
Michael A. Adler, Esq. (MAA-6626)

**Exhibit A**

Categories[1]

I. **General**

1. The positions, offices, duties, responsibilities and knowledge of each of the persons listed in the US's initial disclosures;

2. All discovery responses up to and including the date of this deposition including the basis for objecting to any discovery requests to date;

3. The factual basis of any assertion, allegation and/or averment made in the US's answer to the complaint in this action;

4. The basis and nature of any information withheld on the grounds of privilege;

5. All documents produced by the US up to and including the date of this deposition;

6. The organizational, working and/or economic relationship between the US Army Corps of Engineers and any port authority and/or between the US Army Corps of Engineers in relation to the remainder of the US regarding dredging activities;

7. All documents referred to in the US's initial disclosures, but not produced by the US; and

8. The organizational structure of the United States Army Corps of Engineers.

II. **Contracts (beginning with fiscal year 1997 to the present):**

9. Contracts for dredging activities;

10. Amendments to contracts for dredging activities;

11. Requests for proposals for dredging activities;

12. Solicitation proposals for dredging activities;

13. Addenda to proposals for dredging activities;

---

[1] The definitions set forth in Plaintiff's First Set of Interrogatories to Defendant Pursuant to Rule 33 of the Rules of the United States Court of Federal Claims are incorporated herein by reference. The category headings are for convenience only and should not be interpreted to limit the subject matter.

14. Bids for dredging activities;

15. Amendments to any bids or proposals for dredging activities;

16. Quality control and quality assurance for dredging activities;

17. Technical sheets and other data for dredging activities;

18. Contractors' invoices, payment requests, bills and time management reports related to dredging activities;

19. The Port Authority of New York and New Jersey – Maintenance Dredging Contract MF-207A (March 1997);

20. Donjon Marine Co., Inc. – Berth Deepening Contract HH-934.553 (May 2006);

21. New York and New Jersey Harbor Kill Van Kill Channel Navigation Improvements 50 Ft. Project, IFB NO. W912DS-05-B-003;

22. Bid #W912DS-04-B-0003-0008;

23. Bid #W912DS-05-B-003 (NY & NJ Harbor, Kill Van Kill, 12/1/04);

24. Bid #W912DS-06-B-0007;

25. Bid #W912DS-04B-0006;

26. All contracts for dredging activities with ECDC Environmental, LLC;

27. All contracts for dredging activities with Clean Earth Dredge Technologies, Inc.;

28. All contracts for dredging activities with OENJ Cherokee Corporation;

29. All contracts for dredging activities with Bean Stuyvesant, LLC;

30. All contracts for dredging activities with Great Lakes Dredge & Dock Co.;

31. All contracts for dredging activities with Jay Cashman, Inc.;

32. All contracts for dredging activities with Weeks Marine Inc.;

33. All contracts for dredging activities with Donjon Marine Company, Inc.;

34. All contracts listed on attachment A of defendant's responses to plaintiff's first set of interrogatories (nos. 1-19);

35. Summaries showing quantities and qualities of dredging activities for each region and/or district within that region;

36. Total costs incurred by region and by district for dredging and treatment;

37. USACE websites and other documents that contain summaries of dredging activities and/or projected dredging amounts;

38. All documents that must be submitted under "Special Contract Requirements" (usually within 70 calendar days) that pertain to dredging activities; and

39. Bid solicitation proposal and amendment documents, pre-award files, contractor brochures and partnering documents.

## III. <u>Dredging, Dredging Methods and Processes</u>

40. Processes, methods, manner, treatment, stabilization, retention, staging, handling, curing, remediation, fixation solidification and disposal for dredging materials at any port, harbor and/or waterway within the United States;

41. Bid solicitation proposal and amendment documents, pre-award files, contractor brochures and partnering documents;

42. Volume of dredging activities;

43. On-site inspectors and inspections for dredging activities;

44. All beneficial use determination permits (BUDs), waterside development contracts, state water quality permits and/or certificates, processing and disposal permits/requirements for the sites identified by a contractor or subcontractor on behalf of the US, dewatering permits, commercial zone permits, CZMs, and any documents submitted to the permit agencies for the issuance of these permits;

45. Summaries showing logging of dredging activities for each region and/or district within that region, that may include monthly summary reports of volumes and monthly progress reviews;

46. Photos of actual dredging activities; and

47. Quality control plans, disposal plans and de-watering quality assurance plans.

## IV. Patents

48. The patents in suit including claim term construction, all non-infringement invalidity, and unenforceability positions of defendant and the bases therefore;

49. Prior art to the patents in suit;

50. The opinion contained in the letter dated May 16, 2006 from Alan P. Klein, Intellectual Property Counsel for the Army addressed to Robert G. Fryling, Esq., Blank Rome, LLP, One Logan Square, 18th and Cherry Streets, Philadelphia, PA (19103-6998);

51. Letters and documents that mention patents, especially the ones that mention patent numbers; and

52. Any other opinions related to infringements of any of the patents in suit.

## V. Costs

53. The cost for dredging activities including license fees, if applicable; and

54. Total volumes and costs incurred by region and by district for the dredging, treatment and upland disposal of dredged materials;

55. Yearly summaries of volumes and costs for the dredging, treatment and upland disposal of dredged materials; and

56. Summaries of volumes and costs by contractors and/or subcontractors on behalf of the US for the dredging, treatment and upland disposal of dredged materials.

## VI. Other

57. Publicly disclosed summary and research & development information related to dredging activities; videos that show the processing of dredged materials carried out by any of USACE's contractors; USACE publications and media that contain segments on the processing and upland disposal of dredged materials; and other information disseminated by USACE including interviews that pertain to the processing and upland disposal of dredged materials;

58. Cornerstone Consulting; and

59. Portland Cement, Hercules Cement Company, and other cement companies.

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2007, I served a true and accurate copy of SECOND AMENDED NOTICE OF RULE 30(b)(6) DEPOSITION WITH DOCUMENT DEMAND on counsel for the United States by Federal Express at the following address:

Erica A. Franklin
US Department of Justice
Civil Division
1100 L Street, NW
Suite 1100
Washington, DC 20001

and on counsel for Donjon Marine Company, Inc. by Federal Express at the following address:

Gary J. Campbell
McCarter & English LLP
225 Franklin Street
Boston, MA 02110

Michael A. Adler

**Exhibit 27**

**U.S. Department of Justice**

Civil Division

Telephone: (202) 353-0517
Facsimile: (202) 307-0345

EAF
154-06-472

*Washington, D.C. 20530*

April 13, 2007

**VIA E-MAIL & FEDERAL EXPRESS**

David W. Denenberg, Esq.
Michael A. Adler, Esq.
DAVIDOFF MALITO & HUTCHER LLP
605 Third Avenue - 34 Fl
New York, New York 10158

Re: *TDM v. UNITED STATES,*
Court of Federal Claims No. 06-472

Dear Counsel:

Please find enclosed the Government's production of the documents numbered: G01005 00001 through G01005 09883; G01006 00001 through G01006 11714; and G01007 00001 through G01007 08566.

Regarding the 30(b)(1) deposition notices that you recently served for Mr. Bryce Wisemiller, Mr. Harold Hawkins and Ms. Ella Snell, please note that Mr. Wisemiller is available on May 3, 2007, but not on the noticed date of May 1, 2007. Similarly, Mr. Hawkins is available on May 1, 2007, but not available on his noticed date of May 3, 2007. Ms. Snell is available on her noticed date of May 2, 2007. Additionally, Mr. Bryce Wisemiller is designated as the United States Army Corps of Engineers 30(b)(6) witness for the New York District. He is available for deposition in New York City on May 16, 2007, but not on the noticed dates of May 8-9, 2007. Please respond indicating your agreement to conduct the noticed depositions on these dates.

Very truly yours,

Erica A. Franklin

ERICA A. FRANKLIN
Attorney
Commercial Litigation Branch
Civil Division

cc: Gary J. Campbell, Esq.

Enclosures

**Exhibit 28**

DAVIDOFF MALITO & HUTCHER LLP

ATTORNEYS AT LAW
605 THIRD AVENUE
NEW YORK, NEW YORK 10158
(212) 557-7200
FAX (212) 286-1884
WWW.DMLEGAL.COM

GARDEN CITY
200 GARDEN CITY PLAZA
GARDEN CITY, N.Y. 11530
(516) 248-6400

MELVILLE
105 MAXESS RD., SUITE 124S
MELVILLE, NY 11747
(631) 574-4510

ALBANY
150 STATE STREET
ALBANY, N.Y. 12207
(518) 465-8230

WASHINGTON, D.C.
444 NORTH CAPITOL STREET, N.W.
WASHINGTON, D.C. 20001
(202) 347-1117

WRITER'S DIRECT: 646-428-3210
E-MAIL: dwd@dmlegal.com

April 18, 2007

**BY EMAIL**

Erica A. Franklin, Esq.
US Department of Justice
Civil Division
1100 L Street, NW - Suite 1100
Washington, DC 20001

**Re: TDM America, LLC v. United States of America**
**Civil Action No. 06-472C (Judge Thomas C. Wheeler)**
**Our Ref: 7683.001**

Dear Ms. Franklin:

This letter is in response to your April 13, 2007 letter.

This office agrees to take the Rule 30(b)(1) depositions of the US' witnesses on the days indicated. With respect to the Rule 30(b)(6) deposition, the US has not yet designated a witness for districts other than New York. However, that portion of the Rule 30(b)(6) deposition for the New York witness can be taken on May 16, 2007. Please advise of the remaining designated deponents for the 30(b)(6) witnesses.

Thank you for your attention to this matter.

Very truly yours,

David W. Denenberg

DWD/lsh

cc: Gary J. Campbell, Esq.