# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TDM America, LLC,<br><br>Plaintiff,<br><br>v.<br><br>The United States of America<br><br>Defendant,<br>and<br><br>Donjon Marine Company, Inc.<br><br>Interested Party. | Civil Action No. 06-472-C<br>Judge Thomas C. Wheeler |

## SUBMISSION OF APPENDIX A TO TDM'S MEMORANDUM OF LAW IN OPPOSITION TO THE US' MOTION TO QUASH THE SUBPOENA OF ALAN P. KLEIN AND FOR A PROTECTIVE ORDER AND IN SUPPORT OF TDM'S CROSS-MOTION FOR SANCTIONS AND/OR TO COMPEL PURSUANT TO RCFC 37

The annexed Appendix A was inadvertently omitted with the filing of TDM America, LLC's ("TDM's") memorandum of law in opposition to the US' motion to quash the subpoena of Alan P. Klein and for a protective order and in support of TDM's cross-motion for sanctions and/or to compel pursuant to RCFC 37 filed with the court on April 23, 2007.

Pursuant to the instructions of the court, TDM submits a copy of "Appendix A" which is annexed hereto.

Respectfully submitted,

DAVIDOFF MALITO & HUTCHER LLP
*Attorneys for Plaintiff*

Dated: April 25, 2007

David W. Denenberg
Michael A. Adler
605 Third Avenue – 34 Fl
New York, NY 10158
Tel: (212) 557-7200
Fax: (212) 286-1884

# CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2007, I served a true and accurate copy of SUBMISSION OF APPENDIX A TO TDM'S MEMORANDUM OF LAW IN OPPOSITION TO THE US' MOTION TO QUASH THE SUBPOENA OF ALAN P. KLEIN AND FOR A PROTECTIVE ORDER AND IN SUPPORT OF TDM'S CROSS-MOTION FOR SANCTIONS AND/OR TO COMPEL PURSUANT TO RCFC 37 and APPENDIX A by using the Court's CM/ECF system so that a copy was sent to the following persons automatically by email:

Erica A. Franklin
US Department of Justice
Civil Division
1100 L Street, NW
Suite 1100
Washington, DC 20001

and on counsel for Donjon Marine Company, Inc. by electronic filing at the following address:

Gary J. Campbell
McCarter & English LLP
265 Franklin Street
Boston, MA 02110

Michael A. Adler

## APPENDIX A

## US CONTRACTS REQUIRE DETAILED PROCESS DOCUMENTS

The US' contracts expressly provide that the contractor "shall submit ten (10) copies of the following information within 35 or 70 Calendar Days after being informed of being the apparent Low Bidder" including "detailed descriptions of the proposed processing" including "dewatering", "debris removal", "method of treatment", "additives used", "mechanical processing", "stabilization methods", etc. (Exs. 1, 2, 3). Further, specific categories and descriptions of documents requested and which must have been submitted under contractual requirements with the US include:

1. All documents required to be submitted under the "Special Contract Requirements" such as offloading, processing and disposal site construction activities schedule, project construction schedule, synopsis of proposed operations which contain a detailed description of the dredging and treatment processes including identification of processing, transportation and operating procedures. These documents are supplemental information to contracts which typically must be submitted within seventy (70) calendar days. For example, a reference is made to such documents in documents bearing Bates Stamp Nos. G011499-G011504; and G012760-G012764. (For ease of reference, these documents are attached hereto as Exhibits 2 and 3 and request that contractors provide a detailed description of the proposed processing technology including dewatering, material treatment specifying the method of treatment, additives used during the processing, the mechanical processing used, decontamination and stabilization methods incorporated, chemical treatment, interim storage, etc.)
2. All beneficial use determination permits (BUDs), waterside development contracts, state water quality permits and/or certificates, processing and disposal permits/requirements for the sites identified by the contractor, dewatering permits, commercial zone permits, CZMs, and any documents submitted to the permit agencies for the issuance of these permits. By way of example, reference is made to the highlighted portions of documents produced by the US bearing Bates Stamp Nos. G011499-G011504 (Ex. 2) and G011581. (Ex. 30)

3. Summaries showing logging of dredging activities for each region and/or district within that region, that may include monthly summary reports of volumes and monthly progress reviews.

4. Publicly disclosed summary and research & development documents related to dredging activities. This includes content found in USACE websites for the years 1999 to the present and documents that contain summaries of dredging activities and/or projected dredging amounts. For example, reference is made to the documents attached as Exhibit D and already sent with my February 1, 2007 letter. This category also includes: (1) publicly available dredged sediment research and development reports that originated with USACE; (2) videos that show the processing of dredged materials carried out by any of USACE's contractors; (3) USACE publications and media that contain segments on the processing and upland disposal of dredged materials; and (4) other documents disseminated by USACE including interviews, that pertain to the processing and upland disposal of dredged materials.

5. Dredge materials processing documents. Reference is made to G012760-G012764. (Ex. 3)

6. Total volumes and costs incurred by region and by district for the dredging, treatment and upland disposal of dredged materials.

7. Photos of actual dredging activities. Reference is made to the highlighted portions of documents produced by the US bearing bates stamp nos. G010149-G010154 which specifically call for digital photograph submissions. (Ex. 31).

8. Quality control plans and disposal plans. Reference is made to the highlighted portions of documents produced by the US bearing Bates Stamp Nos. G011608-G011611. (Ex. 32).

9. Bid solicitation proposal and amendment documents, pre-award files, contractor brochures and partnering documents.

10. Letters and documents that mention patents, especially the ones that mention patent numbers.

11. USACE transportation logs and replacement documents, upland scow placement documents and summaries of debris removal.

12. Documents that describe the amount of cement to be added to dredged material during the processing thereof and documents that mention Portland Cement.

13. Cornerstone consulting documents.