**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| TDM America, LLC, Plaintiff, | ) | Civil Action No. 06-472 C |
| v. | ) | Judge Thomas C. Wheeler |
| THE UNITED STATES OF AMERICA, Defendant. | ) | |
| and | ) | |
| Donjon Marine Company, Inc., Interested Party. | ) | |

**TDM'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL OENJ CHEROKEE CORPORATION AND REDEVELOPMENT MATERIALS, INC. TO PRODUCE DOCUMENTS AND APPEAR FOR A DEPOSITION**

Plaintiff TDM America, LLC respectfully submits this memorandum in support of its motion to compel the production of documents from OENJ Cherokee Corporation ("OENJ") and Redevelopment Materials, Inc. ("RMI")[1] and to compel RMI's and OENJ's appearance for a deposition pursuant to subpoenas that were timely and duly served on RMI and OENJ (collectively referred to as "OENJ/RMI"). (Exs. 1 and 2)[2].

[1] RMI's attorney advised that RMI was formerly known as OENJ. RMI and OENJ are referred to herein, collectively, as OENJ/RMI.

[2] Exhibits refer to the exhibits annexed to the July 20, 2007 declaration of Michael A. Adler.

## I. Summary of the Relevant Facts and Law

TDM commenced this action charging defendant the United States of America ("US") with patent infringement of four US patents related to the treatment[3] and apparatus for the treatment of dredged material for upland disposal. The US, through the Army Corps of Engineers ("USACE"), contracts with various contractors to dredge material from various ports and waterways around the United States. Several of these contractors subcontract the treatment of the dredged materials to processing entities, OENJ/RMI being one of those entities.

The US itself identified OENJ in its motion to notice interested third parties pursuant to Rule 14(b) as a potential interested party because OENJ treated dredged materials for upland disposal on behalf of various contractors with the US. This Court granted the US' motion by order dated October 23, 2006. (Ex. 3). Thereafter, OENJ was duly noticed, but did not appear in this case. OENJ could not be sued directly by TDM for its infringing activities because 28 U.S.C.A. §1498(a) requires that the US, and not the contracting entity, be sued. In any event, the very fact that the US designated OENJ as a potential interested party speaks loudly of its relevance to this case.

Throughout the discovery phase of this case, it became apparent that OENJ treated significant volumes of dredged materials for upland disposal on behalf of contractors with the US including Jay Cashman, LLC, Great Lakes Dredging Docks, Donjon Marine Co. and Bean Stuyvesant. (Exs. 4-8). In deposition testimony, the US and several contractors for the US testified that OENJ dredged material for upland disposal on behalf of the US' contractors. (Exs. 4-8). In fact, the US, in at least one

[3] The processing of dredged material generally includes mixing the dredged material with an additive such as cement. Thereafter, the treated dredged material is typically disposed upland for beneficial reuse.

contract, identified and required that OENJ must be used to treat dredged material. (Ex. 8).

Despite TDM's diligent efforts to obtain complete information regarding OENJ's treatment of dredged material for upland disposal through taking many depositions of the US and its contractors, it became apparent that key information such as quantities and volumes of treated dredged material and the identification of disposal sites is information only ascertainable from OENJ.

On or about May 16, 2007, TDM served subpoenas on OENJ and RMI for production of documents and to take their 30(b)(6) deposition. (Exs. 1 and 2). OENJ/RMI's attorneys contacted TDM's attorneys requesting that TDM narrow the scope of the document requests. TDM did so without protestation. (Ex. 9). TDM's attorneys made it clear, as they did with similar subpoenas served on other third parties, that TDM was seeking documents that contain descriptions of the process and methods used by OENJ to treat dredged material for US contractors, the total volumes and associated costs with that treatment, and an identification of where the treated dredged material was disposed upland.

OENJ/RMI's attorneys also noted that confidentiality was an issue because some of its contracts with dredgers contained confidential provisions. (Ex. 10). TDM's attorneys advised that a protective order was in place and, of course, TDM would abide by it. (Ex. 9). TDM further explained that the affected parties themselves produced documents in this litigation, thereby rendering the alleged "confidentiality issue" moot. In any event, such confidentiality provisions do not insulate a party from producing documents that are requested under subpoena power. Yet, OENJ/RMI now seeks at least

sixty (60) days merely to notice the affected parties and to receive a response from them regarding their willingness to produce documents. (Exs. 11-12). OENJ/RMI fails to explain why it did not earlier contact these parties.

Instead of properly and timely producing documents, OENJ/RMI's attorneys engaged in a letter writing campaign to avoid producing documents and appearing for a 30(b)(6) deposition. (Exs. 10-12). OENJ/RMI further demanded that TDM should agree to reimburse OENJ/RMI to pay for OENJ/RMI's attorneys to review about two hundred fifty (250) boxes of storage files because pertinent records might be found in one or more of these 250 uncategorized storage files. (Exs. 10-11). Specifically, OENJ/RMI demanded that TDM pay OENJ/RMI's attorneys and paralegals up to $200.00/hr. to review the 250 boxes. (Ex. 12). This request is simply outrageous as OENJ/RMI is essentially asking TDM to subsidize OENJ/RMI's costs for cleaning up its woefully deficient and negligently maintained document storage system. The need to review 250 boxes derives from OENJ/RMI's sloppiness and TDM should not bear the financial burden to "clean up" OENJ/RMI. In this regard, any burden imposed as a result of TDM's discovery request does not derive from TDM, but, rather, is caused by OENJ/RMI's negligence. However, TDM agreed from the outset to reimburse OENJ/RMI for the copying charges - - as TDM did with other third parties, including, among others, Jay Cashman, Inc. and the New Jersey Department of Environmental Protection.

## II. The Controlling Principles of Law

Any party may take the testimony of any person, including a party, by deposition upon oral examination RCFC 30(a).[4] Generally, discovery is permitted upon "any matter, not privileged, which is relevant to the subject matter involved in the pending action." RCFC 26(b)(1).

Courts may judiciously temper the scope of a subpoena when its coverage is so sweeping that it imposes a genuine burden and harshness on a party. *See Capital Properties, Inc. v. the Unites States of America*, 49 Fed.Cl. 607 (2001). However, if the scope of the subpoena is not overly broad and the information sought is relevant there is no justification for disregarding a subpoena. *See Jade Trading, LLC v. the United States of America,* 32 Fed.Cl. 609 (1995). Here, the documents and testimony sought by the subpoena are both relevant and narrow enough in scope so as not to impose any undue burden upon OENJ/RMI. Moreover, the hapless state of OENJ/RMI's storage system should not be a factor in this Court's determination of whether or not the subpoena is unduly burdensome nor should TDM be saddled with the cost of organizing it.

## III. Conclusion

Undoubtedly, OENJ is not merely a third party without more, but, indeed, benefited for many years and earned millions and millions of dollars from contractors with the US. Undoubtedly, confidentiality provisions are unenforceable with respect to unjustifiably immunizing documents from discovery. Undoubtedly, TDM should not be expected to bear the expense to clean up OENJ/RMI's document mess. Undoubtedly,

[4] In interpreting its rules, the court looks to the general Federal law interpreting analogous provisions. *Tutor-Saliba Corp. v. The United States,* 32 Fed. Ct. 609, 610 (Ct. Cl. 1995). Internal citations omitted.

OENJ/RMI should be made to immediately produce all responsive documents and appear for a deposition.

Respectfully submitted,

DAVIDOFF MALITO & HUTCHER LLP
*Attorneys for Plaintiff*

Dated: July 25 2007

s/David W. Denenberg
David W. Denenberg
Michael A. Adler
605 Third Avenue – 34 Fl
New York, NY 10158
Tel: (212) 557-7200
Fax: (212) 286-1884

**CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2007, I served a true and accurate copy of TDM'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL OENJ CHEROKEE CORPORATION AND REDEVELOPMENT MATERIALS, INC. TO PRODUCE DOCUMENTS AND APPEAR FOR A DEPOSITION on counsel for OENJ Cherokee Corporation and Redevelopment Materials, Inc. via regular mail, postage prepaid, in an envelope addressed to:

Catherine J. Bick, Esq.
Giordano, Halleran & Ciesla
125 Half Mile Road
Red Bank, NJ 07701

and on counsel for the United States by using the Court's CM/ECF system so that a copy was sent to the following persons automatically via email:

Erica A. Franklin
Erica.franklin@usdoj.gov

Erica A. Franklin
US Department of Justice
Civil Division
1100 L Street, NW
Suite 1100
Washington, DC 20001

and on interested party Donjon Marine Company, Inc.'s counsel by using the Court's CM/ECF system so that a copy was sent to the following persons automatically via email as follows:

John Flaherty
jflaherty@mccarter.com

John Flaherty
McCarter & English LLP
265 Franklin Street
Boston, MA 02110

s/David W. Denenberg
David W. Denenberg