**UNITED STATES COURT**
**OF FEDERAL CLAIMS**

| | |
|---|---|
| TDM AMERICA, LLC,<br>Plaintiff,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant.<br>and<br>DONJON MARINE COMPANY, INC.,<br>Interested Party. | Civil Action No. 06-472 C<br>Judge Thomas C. Wheeler |

**DECLARATION OF CATHERINE J. BICK, ESQ.**

I, **CATHERINE J. BICK, ESQ.**, declare and say as follows:

1. I am an attorney of the State of New Jersey and an officer and shareholder with the firm of Giordano, Halleran & Ciesla, P.C., counsel to Redevelopment Materials, Inc. ("RMI"), a non-party in the above litigation.

2. After RMI advised that it had been served, on May 16, 2007, with subpoenas in this matter directed to RMI and OENJ Cherokee Corp. we prepared and sent to TDM's counsel, after consulting with our client, a May 29, 2007 letter pursuant to R.C.F.C.

45(c)(2)(B). A copy of this letter is attached as Exhibit 10 to the Declaration of Michael Adler filed by TDM in support of its motion.

3. I had three telephone conversations with counsel for TDM America, LLC ("TDM") after sending out RMI's letter of May 29, 2007, between June 5, 2007 and June 21, 2007.

4. In addition to the May 29, 2007 letter, we wrote to TDM's attorney on June 20, 2007 by letter, on June 22, 2007 by email, and on June 26, 2007, by letter. Our June 20 letter is attached to the Adler Declaration as Exhibit 11; our June 26 letter is Exhibit 12 to the Adler Declaration. A copy of my June 22, 2007 email to Mr. Adler and David Denenberg, Esq. is attached as Exhibit A hereto.

5. After this office wrote to TDM's counsel by letter dated June 26, 2007, I received no further correspondence from TDM's counsel. I received one telephone message, on July 25, 2007. Before that call was returned, this motion to compel was received.

In accordance with 28 U.S.C. ¶1746 I declare under penalty of perjury that the foregoing is true and correct.

/S/

CATHERINE J. BICK

Dated: August 10, 2007

::ODMA\PCDOCS\ghcdocs\598535\1

# EXHIBIT A

**Catherine J. Bick**

**From:** Catherine J. Bick
**Sent:** Friday, June 22, 2007 10:14 AM
**To:** 'dwd@dmlegal.com'; 'maa@dmlegal.com'
**Cc:** Kurt E. Anderson
**Subject:** TDM America, LLC

Gentlemen -

This will confirm our telephone conversation yesterday, in which you agreed that you will advise in writing of what is the narrowed scope of the documents requested by your subpoenas to OENJ Cherokee, Corp. and Redevelopment Materials, Inc. (collectively "RMI"). This will further confirm your advice that it is TDM America, LLC's ("TDM") position that none of the documents it seeks from RMI can be confidential as they are, or ought to be, in the public domain. If this is, in fact, the case, then one aspect of RMI's concerns may be relieved. Will you kindly advise as to the authority upon which you rely for this position? Is there a particular statute or FAR regulation?

To the extent that TDM can identify with particularity the documents that it seeks, the locating of same from the hundreds of boxes of documents will be easier. However, as you know from our conversations and correspondence, the undue burdensomeness of the subpoenas includes the cost to RMI, which is financially distressed, to pay someone to review the records and locate the documents. We did not touch on this issue in our telephone conversation. Will you agree to divide evenly the cost of doing so? If so, as soon as the documents TDM seeks are identified, the work to locate them can begin.

Please advise as to the foregoing. RMI remains committed to working out, in good faith, a resolution of these issues. As I will be out of the office next week, I ask that you kindly contact my partner, Kurt Anderson, whom I have copied on this email. Thank you.

Catherine J. Bick
Giordano, Halleran & Ciesla, PC
PO Box 190
Middletown, NJ 07748
(tel) 732-741-3900
(fax) 732-224-6599
cbick@ghclaw.com