# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TDM America, LLC,<br><br>Plaintiff,<br><br>v.<br><br>The United States of America<br><br>Defendant,<br>and<br><br>Donjon Marine Company, Inc.<br><br>Interested Party. | Civil Action No. 06-472-C<br>Judge Thomas C. Wheeler |

## TDM AMERICA, LLC'S REPLY TO NON-PARTY REDEVELOPMENT MATERIALS, INC.'S OPPOSITION AND IN FURTHER SUPPORT OF TDM AMERICA LLC'S MOTION TO COMPEL DISCOVERY

Plaintiff TDM America, LLC ("TDM") respectfully submits this reply to non-party Redevelopment Materials, Inc.'s and OENJ Cherokee Corp. ("OENJ/RMI") opposition to plaintiff TDM America, LLC's motion to compel discovery ("Opposition Brief") and in further support of TDM's motion to compel discovery.

A party objecting to a subpoena as unduly burdensome bears the burden of showing that the subpoena violates Rule 45 and must provide specific and compelling proof that the burden is undue. *See JZ Buckingham Investments LLC v. the United States*, 2007 WL 2317520 (Fed.Cl. August 9, 2007) (*citations omitted*). In JZ *Buckingham Investments LLC,* this Court held only two weeks ago, that when a non-party is no stranger to the litigation, was a major player in the events that underlie the claims, and documents sought are relevant, objections to a subpoena based upon allegations of undue burden will not obviate its duty to respond thereto

and at its own expense. *See id.*

OENJ/RMI refuses to produce documents relevant to the case and responsive to the subpoena based on allegations of undue burden, despite the fact that it was a major player in the conduct complained of and admittedly processed dredged material for the United States Army Corps. of Engineers ("USACE") during the relevant time period. (Declaration of Thomas Valenti ("Valenti Dec."), ¶4.) Significantly, OENJ/RMI also admits that it is in possession of documents relevant to the case and responsive to the subpoena. (Valenti Dec., ¶5.)

Courts generally balance the following factors in determining whether a subpoena causes undue burden "(1) the relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *See Jade Trading, LLC v. the United States*, 65 Fed.Cl. 188, 190 (Fed.Cl. 2005).

Here, there is no dispute as to the relevancy of the documents sought by TDM from OENJ/RMI. OENJ/RMI admits as much in its opposing brief. (Opposition Brief, p. 9.) Similarly, there can be no dispute as to TDM's need for such documents since OENJ/RMI was admittedly a subcontractor who processed dredged material for USACE during the time period covered by this lawsuit. (Valenti Dec., ¶4.) TDM has in good faith narrowed and tailored its documents requests through correspondence with OENJ/RMI's counsel. (Declaration of Michael Adler ("Adler Dec."), Ex. 9.) Moreover, OENJ/RMI acknowledges that it is no stranger to this litigation as it was noticed of same by the US. (Opposition Brief, p. 1.)

OENJ/RMI contends that the subpoena is unduly burdensome because (1) its filing system would make it difficult to locate responsive documents and (2) some documents

may be subject to confidentiality agreements with third parties. TDM has already offered to pay for the copying costs of any documents produced pursuant to the subpoena but there is not one scintilla of support in Rule 45 for RMI's conditioning its production of documents upon TDM paying its legal fees and out of pocket expenses. (See Adler Dec., Ex. 12)[1] This is probably why OENJ/RMI did not even mention this issue in its Opposition Brief. OENJ/RMI's allegation of undue burden based upon the alleged existence of 250 boxes in a storage location is also unavailing, given that all those boxes admittedly do not derive from its activities with USACE. (Opposition Brief, page 3.)

Similarly, OENJ/RMI's attempt to avoid its duty to respond to the subpoena because of alleged third party confidentiality agreements is also without merit. Again, OENJ/RMI cites no case law to support its allegation that such purported confidentiality provisions constitute an undue burden under Rule 45. Significantly, OENJ/RMI glosses over the fact that a protective order was issued in this case and promptly sent to its counsel by TDM's counsel. (Declaration of Dimitra Tzortzatos ("Tzortzatos Dec."), Ex.1.) OENJ/RMI also glosses over the fact that the dredging contractors that OENJ/RMI would have contracted with for processing of dredged material for USACE projects have already responded to subpoenas served upon them by TDM in this very case. Therefore, there is no basis whatsoever for OENJ/RMI's allegation that certain purported confidentiality provisions that may or may not be contained in

[1] "RMI is willing to assemble a small team of paralegals (-$100/hr) and associate attorneys (<$200/hr) (total of 2 or 3 people) to spend one day looking through boxes. Based on this test, we will get a feel for how long it will take to go through the boxes and estimate how much it will cost. We can then provide you with an estimate for the review of the boxes. As previously proposed, we again propose that TDM share 50% of all of RMI's legal fees associated with the production of documents (including, without limitation, the review of boxes) and pay 100% of the other out-of-pocket costs. Additionally, we would propose that TDM pay 100% of RMI's legal fees related to any motion addressing relief from any confidentiality restraints to allow production to TDM."

contracts responsive to the subpoena impose an undue burden upon it.[2]

The cases cited by OENJ/RMI in support of their contention that TDM must shoulder the cost of their legal fees for production are inapposite because in those cases the non-parties subpoenaed were strangers to the litigation. For example, in *First American Corporation v. Price Waterhouse LLP*, 184 F.R.D. 234 (S.D.N.Y 1998), the non-party was merely an auditor of a defendant's records with no interest in the litigation. Here, OENJ/RMI is admittedly no stranger to the litigation and was a major player in the events underlying the claims of this case.

## CONCLUSION

OENJ/RMI alleges in its opposition that it was surprised by the instant motion because there was a short period of silence between the time of TDM's inability to receive discovery and the time that the motion was filed. While OENJ/RMI does not explain why it believes it was absolved from the subpoena during this period of time, it is clear that OENJ/RMI could have picked up the phone and called TDM to advise that, in view of the motion being filed, discovery issues could be worked out without further motion practice by either party. OENJ/RMI opted not to do that. OENJ/RMI opted not to act like any of the other parties that cooperated with discovery. OENJ/RMI opted not to reply to TDM's call before filing the motion to work this out. Pointedly, OENJ/RMI's attorneys give the impression that only one attorney was contacted, but, in fact, Kurt Anderson her partner was contacted as well. (Tzortzatos Dec., ¶4.)

Further, there is no doubt that OENJ/RMI had numerous occasions to provide partial discovery, yet OENJ/RMI failed to even do that. Instead, OENJ/RMI chose to give TDM absolutely nothing. Based on the foregoing, TDM respectfully requests that this Court order

[2] It is interesting to note that despite all the difficulty OENJ/RMI alleges is involved in locating responsive documents it was nonetheless able to locate a relevant contract with a purported confidentiality provision to include it its opposition brief.

OENJ/RMI to timely respond to the outstanding subpoena and at its own cost.

Respectfully submitted,

DAVIDOFF MALITO & HUTCHER LLP
*Attorneys for Plaintiff*

Dated: August 27, 2007

s/David W. Denenberg
David W. Denenberg
Michael A. Adler
605 Third Avenue – 34 Fl
New York, NY 10158
Tel: (212) 557-7200
Fax: (212) 286-1884

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2007, I served a true and accurate copy of TDM AMERICA, LLC'S REPLY TO NON-PARTY REDEVELOPMENT MATERIALS, INC.'S OPPOSITION AND IN FURTHER SUPPORT OF TDM AMERICA, LLC'S MOTION TO COMPEL DISCOVERY on counsel for OENJ Cherokee Corporation and Redevelopment Materials, Inc. by U.S. First Class Mail, postage prepaid in an envelope and Federal Express at the following address:

Catherine J. Bick, Esq.
Giordano, Halleran & Ciesla
125 Half Mile Road
Red Bank, NJ 07701

and on counsel for the United States by using the Court's CM/ECF system so that a copy was sent to the following persons automatically via email:

Erica A. Franklin
Erica.franklin@usdoj.gov

Erica A. Franklin
US Department of Justice
Civil Division
1100 L Street, NW
Suite 1100
Washington, DC 20001

and on interested party Donjon Marine Company, Inc.'s counsel by using the Court's CM/ECF system so that a copy was sent to the following persons automatically via email as follows:

John Flaherty
jflaherty@mccarter.com

John Flaherty
McCarter & English LLP
265 Franklin Street
Boston, MA 02110

s/David Denenberg
David Denenberg