# In the United States Court of Federal Claims

No. 06-472C

(Filed: August 29, 2007)

****************************************** *
*
TDM AMERICA, LLC, *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant, *
*
and *
*
DONJON MARINE COMPANY, INC., *
Third-Party Defendant. *
*
****************************************** *

## DISCOVERY ORDER

The Court has before it Plaintiff's July 25, 2007 motion to compel OENJ Cherokee Corporation and Redevelopment Materials, Inc. ("OENJ/RMI") to produce documents and appear for depositions pursuant to subpoenas that Plaintiff served on OENJ/RMI. This motion presents the issue of which party should incur the burden and expense of complying with Plaintiff's admittedly broad discovery requests. The requested documents may be contained in as many as 250 bankers' boxes comprising tens of thousands pages, some more than ten years old, in an off-site storage facility. OENJ/RMI has raised attorney client privilege and confidentiality concerns, and has asserted that it does not have the resources to perform the necessary review before turning the records over to Plaintiff. In order to accommodate Plaintiff's right of access to potentially relevant information, and to minimize the potential expense and burden on OENJ/RMI, the Court will adopt the following procedure:

1. OENJ/RMI shall designate the boxes of documents it reasonably believes are or may be responsive to Plaintiff's subpoenas, and shall make these boxes

available for Plaintiff's on-site review at the storage facility. An OEN/RMI representative may be present to observe Plaintiff's document review.

2. Plaintiff, at its own expense, shall be permitted to copy those documents it believes fall within the parameters of its subpoenas, and shall provide OENJ/RMI a duplicate copy of any and all documents selected. The copying of documents shall be performed at the storage facility. Plaintiff shall take care to return the OENJ/RMI documents to the boxes in which they were found, and in the same order and condition. Plaintiff shall use a document numbering system to record on both sets of copies the box and location where each document was found.

3. OENJ/RMI may review the documents selected for copying by Plaintiff, and may assert a claim of privilege or confidentiality as to any document so selected. Any documents claimed to be privileged shall be returned to OENJ/RMI, and any documents claimed to be confidential shall be marked as being subject to the Court's Protective Order. OENJ/RMI shall provide a privilege log to Plaintiff containing a list and description of each document claimed to be privileged. The Court is available to resolve any disputed claims of privilege or confidentiality, if necessary, although the parties will be expected to work cooperatively and resolve any disagreements as best they can. The initial disclosure of documents to Plaintiff under this procedure shall not be deemed a waiver of any privilege by OENJ/RMI.

4. This document review process shall commence within seven days after the issuance of this Discovery Order. The deposition(s) requested by Plaintiff may commence after completion of the document review, or at any other time mutually agreed by the parties.

5. The parties may add further ground rules or procedures to this discovery process as may be mutually agreeable.

Accordingly, Plaintiff's motion to compel discovery is GRANTED in part, and DENIED in part, pursuant to the foregoing ruling.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge