**Exhibit 26**

**U.S. Department of Justice**

Civil Division

EAF
154-06-472

Telephone: (202) 353-0517
Facsimile: (202) 307-0345

*Washington, D.C. 20530*

August 15, 2007

**VIA E-MAIL**

David W. Denenberg, Esq.
Michael A. Adler, Esq.
DAVIDOFF MALITO & HUTCHER LLP
605 Third Avenue - 34 Fl
New York, New York 10158

Re: *TDM v. UNITED STATES,*
Court of Federal Claims No. 06-472

Dear Mr. Adler:

I am in receipt of your letter dated August 13, 2007. In your letter you raise a number of issues that I am willing to discuss with you further. However, in this letter I am compelled to address your unsupported allegations and blatant misrepresentations regarding the Government's discovery activities. First, you charge that the Government has indiscriminately designated the deposition transcripts of its witnesses as proprietary without referencing any particular testimony or providing reasoning for your challenge. As you will recall, in a number of instances, your examination of Government witnesses involved questions relating to proprietary processing methods and reference to proprietary documents. Appropriately, Government counsel designated the transcripts as a result of the deposition testimony that was provided.

Nevertheless, the Government acknowledges that there are portions of the testimony that may not require protection. Consequently, the Government is diligently working to review each transcript designation to determine for which portions of the testimony it may remove previous designations. In most instances, this determination requires the assistance and approval of the contractor or subcontractor for which the information relates. As you are aware, the Government witnesses have provided deposition testimony on ten separate occasions in a relatively concentrated time frame. Additionally, the Government has prepared and served responses to numerous discovery requests during that same time frame. Further, as you acknowledge in your letter, each time that your office has requested an expedited review of selected portions of these deposition transcripts for removal of previous protective designations, the Government has complied in a timely manner.

We are confused as to why you assert that "the US had mentioned earlier that it believed it had thirty (30) days to designate such testimony as proprietary...." This statement was never made by any representative of the Government. Moreover, your statement, if true, would address the initial designation of transcripts rather than the removal of previously applied designations. Equally confusing is your threat to seek court intervention "if the US does not provide a detailed and specific designation of transcript testimony" by this Friday. Again, the Government has already designated the deposition transcripts. Your request is that the Government review its designations and consider removing them. While the Protective Order does not establish a time frame for removing such designations, the Government is working to review its designations and will provide you with revised designations upon completion of the review.

Next you challenge the Government's listing of witnesses in its Initial Disclosures. Review of Court of Federal Claims Rule governing initial disclosures of individuals likely to have discoverable information will resolve this issue. *See* RCFC 26(a)(1)(A). As explained in RCFC 26(a)(1)(A), disclosure of each individual likely to have discoverable information is required to the extent that the disclosing party may use such individuals to support its claims or defenses. Therefore, RCFC 26(a)(1)(A) does not require the Government to identify every individual in the agency that is "likely to have discoverable information," as your letter suggests. Additionally, you inaccurately state that "none of the contracting officers ... for any of the relevant USACE contracts were ever identified by the US in its initial disclosures or at any subsequent time." Even as your letter acknowledges, Ms. Ella Snell, a USACE Contracting Officer for the New York District was identified in the United States' Initial Disclosures. Also disclosed were contracting personnel from the Los Angeles and Jacksonville Districts. Moreover, the identification of additional contracting officer representatives were provided during deposition testimony and you have subsequently deposed several of those representatives.

With regard to responding to interrogatories exceeding the number permitted under RCFC 33(a), the United States acknowledges that this number was increased in the Joint Discovery Plan. The United States also accepts your proposal to discuss your preference for which additional interrogatories the United States should respond. This discussion will be useful, as the Government count of TDM's interrogatories totals 123. During this discussion, we may address other issues you raised relating to the Government's responses to interrogatories.

Your next discovery issue addresses information contained on USACE Dredging Information websites and the contracts identified in this litigation involving the processing of dredged material. The United States disagrees with your assertion that information relating to these items has not been provided. Requested information has been addressed in deposition testimony and in verified interrogatory responses.

Finally, your letter addresses a nonexistent agreement to pay for TDM's copying expenses. While you are correct in asserting that the Government stated in its July 31, 2007 letter that it is amenable to discussing an arrangement for sharing costs relating to document productions in this litigation, no "representation" of an agreement has been made. Review of the

transcript from Kerri Mullins' deposition reveals that our discussion related to objections that counsel for Donjon and the Government raised relating to your untimely production of documents you received pursuant to a subpoena issued to the New Jersey Department of Environmental Protection. You will recall that you first produced these documents as you presented them to the Donjon witness during the deposition. You attempted to defend yourself by stating, "Don't expect me to get you exhibits giving me less than a day's notice." To which I responded, "You could have sent that to me, you could have offered for me to pay for it, the mail. You could have identified the document, or as Mr. Flaherty had suggested, you could have properly produced it." Mullins Transcript. at 144. The only offer made during this discussion was to assist you with the cost of mailing documents that you intended to use the next day as deposition exhibits, where such documents had not been previously produced. It is implausible that this exchange provided "guidance" to TDM that an agreement relating to sharing costs of document productions in this case had been reached.

Very truly yours,

Erica A. Franklin

ERICA A. FRANKLIN
Attorney
Commercial Litigation Branch
Civil Division