# DEFENDANT'S EXHIBIT 1

**Brown, Walter (CIV)**

**From:** uscfc_cmecf@ao.uscourts.gov
**Sent:** Tuesday, October 16, 2007 7:59 PM
**To:** uscfc_cmecf@ao.uscourts.gov
**Subject:** Activity in Case 1:06-cv-00472-TCW TDM AMERICA, LLC v. USA Motion to Compel

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.
US Court of Federal Claims
United States Court of Federal Claims

Notice of Electronic Filing
The following transaction was entered by Denenberg, David on 10/16/2007 7:59 PM EDT and filed on 10/16/2007

Case Name: TDM AMERICA, LLC v. USA
Case Number: 1:06-cv-472 https://ecf.cofc.uscourts.gov/cgi-bin/DktRpt.pl?21397

Filer: TDM AMERICA, LLC

Document Number: 78
Copy the URL address from the line below into the location bar of your Web browser to view the document: https://ecf.cofc.uscourts.gov/cgi-bin/show_case_doc?78,21397,,33375763,,,204

Docket Text:
MOTION to Compel <I>pursuant to RCFC37 against The United States of America</I>, filed by TDM AMERICA, LLC.<font style=color:AF3636;font-weight:bold;>Response due by 11/2/2007.</font>(Denenberg, David)
1:06-cv-472 Notice has been electronically mailed to:
Walter Wayne Brown walter.brown2@usdoj.gov, C-IP.ECF@usdoj.gov

Gary J. Campbell gcampbell@mccarter.com, anemiroff@mccarter.com, jflaherty@mccarter.com

David W. Denenberg dwd@dmlegal.com

1:06-cv-472 Notice will NOT be delivered to:

The following document(s) are associated with this transaction:
Document description: Main Document
Original filename: n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1131461693 [Date=10/16/2007] [FileNumber=514581-0]
[7791e402ddae03796f0b04f8deaee9370c56dd7b1451cf43246f711d4e2556ab123e487c1580d00278663fd2dae4404c475b4263ce660235840c895b3367c98c]]

# DEFENDANT'S EXHIBIT 2

October 16, 2007

**IMPORTANT**: This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or it's contents is strictly prohibited. If you have received this transmission in error, please notify us by telephoning and return the original transmission to us at the address given below.

**FROM:** Commercial Litigation Branch
Civil Division
U. S. Department of Justice
Washington, D.C. 20530

Fax No. (202) 307-0345
Voice No. (202) 307-0341

**SENT BY:** Walter W. Brown WWB

**TO:** Michael A. Adler, Esq.
DAVIDOFF, MALITO, & HUTCHER LLP

**FAX No.** (212) 286-1884

**NUMBER OF PAGES SENT (INCLUDING COVER PAGE):** 5

**SPECIAL INSTRUCTIONS:**

**U.S. Department of Justice**

Civil Division

WWB
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

Telephone: (202) 307-0341
Facsimile: (202) 307-0345

*Washington, DC 20530*

October 16, 2007

**BY FACSIMILE AND E-MAIL**

Michael A. Adler, Esq.
Davidoff Malito & Hutcher LLP
605 Third Avenue, 34th Floor
New York, New York 10158

Re: *TDM America, LLC v. United States*
Court of Federal Claims No. 06-0472C

Dear Mr. Adler:

I write in response to your September 17, 2007, letter to Erica A. Franklin, which addresses numerous discovery issues. As you know by now, Ms. Franklin is no longer with this office and I have been assigned as attorney of record for the United States. I will address each of the issues raised by your letter.

First, you reassert TDM's request that the government "redesignate transcript testimony that the US has designated as proprietary" for nine full-length depositions of eight government witnesses. While you acknowledge that the government's statements that it is reviewing the transcripts and must obtain approvals from third parties (because these transcripts often reflect the proprietary information of government contractors), you nonetheless demand a date certain for completion of this task.

Further to Ms. Franklin's earlier communications, the government is continuing its efforts to review these transcript and plans to begin submitted redesignated transcripts in the near future. As Ms. Franklin has previously noted, the Government has responded in a timely fashion to all requests by TDM for expedited review of selected portions of deposition transcripts. In this case, however, TDM has refused to limit its wholesale request for redesignation or to even prioritize among the various transcripts as to which it particularly seeks. In fact, at the date of your letter, it appears that your request for redesignation encompassed all depositions of government witnesses.

Indeed, it is also entirely unclear to me why TDM seeks a date certain for the redesignation of these transcripts at this time. The Stipulated Protective Order does not establish

a time frame for these types of requests, and this case is not presently approaching trial, which is generally the impetus for such requests.

Second, you also contend that the government's discovery responses are "inaccurate and misleading," and, further, that its responses to TDM's third set of interrogatories is "deficient." Specifically, TDM contends that the government's responses "failed to specify which documents constitute the actual contracts and the amendments thereto." TDM makes this assertion with little or no mention of the thousands of pages of responsive contract documents the government has produced or of the numerous depositions of the relevant contracting officers that TDM has taken since discovery began in this case.

Instead, TDM complains that the identification of responsive documents in the government's interrogatory responses resulted in a "fifty-one page list of documents by bates range" for "hundreds of documents" identified for each contract. TDM further complains that these ranges included "daily quarterly assurance reports, daily weather reports, and transportation and placement logs," although you have not specifically identified any such pages, even as examples. Based on these contentions, TDM asserts that the government is attempting to divert TDM's attention by identifying "irrelevant and unresponsive documents."

TDM's response, however, highlights the fact that requests such as TDM's, which seek identification of all documents in the "official" file of a multi-million dollar federal dredging contract are indeed burdensome because it requires the production of hundreds (if not thousands) of documents. Earlier this year, we produced all of the documents in New York District for your inspection. Rather than review the documents and choose those that were relevant, you asked that we copy the documents in several broad categories. As a result, you should not complain that the results are not to your liking. While it is understandable that TDM seeks identification of the most relevant aspects of the contracts, TDM has failed to specify, in its discovery responses and correspondence, what those aspects are, and is apparently unwilling to perform its duty to review the documents.

In the same vein, TDM's assertions regarding the government's deposition witnesses are also unconvincing. Your letter contends that the government witnesses were "unable to agree to as to the description and nature" of the documents presented to them, though no specific instances are presented. Similarly, TDM's assertion that "the few contract documents that were located were in fact the very same documents refuted by US witnesses" is also unspecified and unexplained. TDM nonetheless contends that "it is clear that the US has this information, but refuses to furnish it to TDM." This assertion, however, is unsupported, given that TDM has deposed the government employees who are most knowledgeable about the contracts-at-issue. Just because those witnesses do not answer certain questions to the satisfaction to TDM counsel does not mean that the government has not complied with its discovery obligations.

Third, your letter objects to the government's refusal to respond to TDM Interrogatories 23, 24, 25, and 26 because they exceed the permissible number of interrogatories under RCFC

33(a). Though your letter states that "TDM advised the Court that the parties agreed upon forty (40) interrogatories," I am unaware that there are any documents or other evidence that reflects this agreement. Likewise, Ms. Franklin's position, as she previously stated to TDM, was that there was no such agreement. Accordingly, the government maintains its position on this issue under Rule 33(a) as well as its calculation of the number of interrogatories.

TDM specifically requests a "full and complete answer" to Interrogatory Nos. 23 and 26, and is "willing to entertain a reasonable compromise" on the other interrogatories. Given that all of these interrogatories exceed the numerical limit, the government is willing to consider a reasonable compromise for all four interrogatories. Specifically, we would discuss an arrangement with TDM that would narrow the scope of (1) Interrogatory Nos. 23 and 26, which call for the government to supplement all other interrogatories, and (2) Interrogatory Nos. 24 and 25, which call for extensive information on "each contract that the US was or is a party to since 1997, for any dredging activity at any port, harbor and/or waterway."

Fourth, TDM demands "an explanation of the disparity between volumes of dredged material reported on US websites and volumes of treated dredged material identified by the US in this litigation." As noted in previous correspondence from Ms. Franklin, this question is addressed in interrogatory responses, including our responses to Interrogatory Nos. 18, 19, and 22. It is unclear from your letter as to what aspects of those responses are deficient.

Since our interrogatory responses were served, TDM has also taken the deposition of Virginia Pankow of the USACE-NDC, regarding the maintenance of information on the referenced websites. In my phone conference with TDM counsel David Denenberg last week, he indicated that Ms. Pankow's testimony was insufficient and that he believed better witnesses existed. As I stated to Mr. Denenberg, we are open to discussing this issue further and will consider any additional information that TDM wishes to bring to our attention.

Fifth, your letter seeks payment from the government to TDM "for the copying expenses incurred from third parties, as well as the US' portion of the conference calls, saving the US the expense for personally appearing at the depositions." Earlier correspondence from Ms. Franklin has clearly stated the government's positions on these issues. Namely, the government has not agreed, orally or in writing, to pay these costs. Therefore, we see no reason to discuss this issue further.

Given the apparent confusion that has surrounded this issue, please note that any future requests for the sharing of costs should be documented in writing by the parties. If the government wishes to enter into a cost-sharing agreement, I will be happy to state our position in writing.

Finally, your letter also requests that the government amend its response to Interrogatory No. 10, which calls for a list of contracts where dredged material was treated with an additive. Specifically, you note that three additional government contracts, outside of the USACE, which

were identified during the deposition of a Clean Earth Dredging Technologies, Inc., witness. Per your request, the government is now endeavoring to produce the relevant documents relating to these contracts. The government will also endeavor to amend its interrogatory response when information regarding those contracts becomes available. We are not aware of any other relevant contracts (where dredged materials were treated with an additive) that have not been previously identified. We note, however, that your clients are very familiar with the dredging industry and yet your complaint names only the Army Corps of Engineers by name. It is not surprising then that we have focused on that agency, as have you. If, after reasonable inquiry, you form a good faith belief that any other agency has engaged in infringement of the patents at issue, please let me know. I will certainly investigate any specific allegations of infringement by other government agencies.

Very truly yours,

Walter W. Brown
Attorney
Commercial Litigation Branch
Civil Division

cc (by e-mail): John E. Flaherty, Esq.
Gary J. Campbell, Esq.

P.01

## TRANSACTION REPORT

OCT-16-2007 TUE 04:37 PM

FOR:

SEND

| DATE | START | RECEIVER | TX TIME | PAGES | TYPE | NOTE | M# | DP |
|---|---|---|---|---|---|---|---|---|
| OCT-16 | 04:37 PM | 912122861884 | 55" | 5 | FAX TX | OK | 353 | |

TOTAL : 55S PAGES: 5

October 16, 2007

**IMPORTANT:** This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or it's contents is strictly prohibited. If you have received this transmission in error, please notify us by telephoning and return the original transmission to us at the address given below.

**FROM:** Commercial Litigation Branch
Civil Division
U. S. Department of Justice
Washington, D.C. 20530

Fax No. (202) 307-0345
Voice No. (202) 307-0341

**SENT BY:** Walter W. Brown WWB

**TO:** Michael A. Adler, Esq.
DAVIDOFF, MALITO, & HUTCHER LLP

**FAX No.** (212) 286-1884

**NUMBER OF PAGES SENT (INCLUDING COVER PAGE):** 5

**SPECIAL INSTRUCTIONS:**

**Brown, Walter (CIV)**

**From:** Brown, Walter (CIV)
**Sent:** Tuesday, October 16, 2007 4:51 PM
**To:** Adler, Michael A.
**Cc:** dwd@dmlegal.com; dt@dmlegal.com; Campbell, Gary; 'Jflaherty@mccarter.com'
**Subject:** Discovery Letter From Government
**Attachments:** Brown(10-16-07).pdf

Mr. Adler,

Attached is our response to your letter of Sept. 17th, 2007.

I am sorry that I missed your call earlier today. Hopefully, this letter addresses some of your concerns. Also, with regard to the extension, I spoke with Mr. Denenberg last week about a possible three week extension of the fact discovery period, and moving back future dates (re experts etc.) accordingly. I don't think any party has an issue with this. We are also amenable to other suggestions in this regard.

Give me a call back at your earliest convenience. I will be in the office until 6:15 or so and have no problem with Donjon joining as well.

-Wally

Walter W. Brown
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, NW
Room 11128
Washington, D.C. 20005
Telephone: (202) 307-0341
Facsimile: (202) 307-0345