# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TDM America, LLC, Plaintiff, v. The United States of America Defendant, and Donjon Marine Company, Inc. Interested Party. | Civil Action No. 06-472-C<br>Judge Thomas C. Wheeler |

## DECLARATION OF DAVID W. DENENBERG IN FURTHER SUPPORT OF TDM'S MOTION PURSUANT TO RCFC 37 AGAINST THE US

I, **DAVID W. DENENBERG**, under penalty of perjury, state:

1. I am an attorney of record on behalf of plaintiff, TDM America, LLC ("TDM") in the above referenced litigation.

2. I am a partner with the law firm of Davidoff Malito & Hutcher LLP located at 605 Third Avenue, 34th Floor, New York, NY 10158.

3. I make this declaration in support of TDM's motion pursuant to RCFC 37 against defendant the United States of America (the "US").

4. On or about October 12, 2007, I had a telephone conversation with Walter W. Brown, present counsel for the US regarding the scheduling of a status conference and several discovery issues. During this conversation, I asked Mr. Brown to give me a date by when the US would produce documents regarding the three contracts identified during the deposition of non-party Clean Earth Dredging Technologies, Inc. ("Clean Earth"), by its president and founder

Steven Sands. Mr. Brown responded that the US was conducting an investigation to locate these documents but could not give me a schedule for production.

5. I also discussed with Mr. Brown the US's failure to produce a RCFC 30(b)(6) witness who could explain the disparity between the volumes of dredged material disposed "Upland" reported in the United States Army Corps of Engineers ("USACE") website and the amounts indicated by the US' list of contracts in Revised Attachment A and noted the impossibility to ascertain specific amounts from that attachment. I elaborated that Virginia A. Pankow, the witness designated by the US for this purpose, had no knowledge regarding treatment of dredged materials or how volumes for the USACE website were obtained. Mr. Brown responded that he would have to look into it because he was not sure if one witness could be knowledgeable about nationwide dredging contracts involving the treatment of dredged materials. He also asked if I could name other parts of the US where I thought treatment of dredged material occurred so that the US could conduct a thorough investigation, which I did. Mr. Wade stated he would get back to me about additional production, additional searches for contracts and an RCFC 30(b)(6) witness. He did not.

6. During this conversation, I also mentioned that TDM had long standing discovery issues in this case. I offered to send him a copy of the most recent correspondence TDM sent to Erika A. Franklin, former counsel for the US, regarding these issues. After this telephone conversation, my office e-mailed to Mr. Wade copies of the August 13, 2007 and September 17, 2007 letters.

7. Exhibit 1 is a true and accurate copy of the joint status report that was filed with this Court on June 12, 2007 without the exhibits.

8. Exhibit 2 is a true and accurate copy of an e-mail sent from Dimitra Tzortzatos, Esq. to Walter W. Brown on October 12, 2007 attaching the August 13, 2007 and September 17, 2007 letters from my office to Ms. Franklin.

9. Exhibit 3 is a true and accurate copy of a letter dated October 16, 2007 from Walter W. Brown to Michael A. Adler.

10. Exhibit 4 is a true and accurate copy of a submittal to the US from Great Lakes Dredge & Dock Company, LLC as required by US Contract Specification 0800, paragraph 1A.1 produced by the US bearing bates nos. G0100300228-G0100300332.

11. Exhibit 5 is a true and accurate copy of a CD produced by the US entitled "Beneficial Use of Dredging Material, Harbor Programs Branch/US Army CoE, 26 Federal Plaza, Rm 2119A, New York, New York 10278-0090" the ("CD") and bearing bates no. G0101900001. Also attached is a true and accurate copy of an excerpt from the CD and a Declaration of its truth and accuracy sworn to on November 27, 2007 by Oi Si Lo.

12. Exhibit 6 is a true and accurate copy of a letter dated February 13, 2007 from David W. Denenberg to Erika A. Franklin.

13. Exhibit 7 is true and accurate copy of the Joint Discovery Plan (proposed) filed with this court on October 12, 2006.

14. Exhibit 8 are true and accurate copies of pp. 55-56, 58-59, 62-64, 109-110, 114, 248-249, from the May 10 (initial) and 22, 2007 (continued) deposition transcripts of Bryce Wisemiller.

15. Exhibit 9 are true and accurate copies of pp. 55-56, 91-94, 108-109 from the May 16, 2007 deposition transcript of Harold Hawkins.

16. Exhibit 10 is a true and accurate print-out of a webpage appearing on the USACE website describing the disposal type category of beach nourishment.

Dated: New York, New York
November 27, 2007

s/David W. Denenberg
David W. Denenberg

**CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2007, I served a true and accurate copy of the DECLARATION OF DAVID W. DENENBERG IN FURTHER SUPPORT OF TDM'S MOTION PURSUANT TO RCFC 37 AGAINST THE US by using the Court's CM/ECF system so that a copy was sent to the following persons automatically via email:

Walter W. Wade
Walter.Brown2@usdoj.gov

Walter W. Wade
US Department of Justice
Civil Division
1100 L Street, NW
Suite 1100
Washington, DC 20001

and on interested party Donjon Marine Company, Inc.'s counsel by using the Court's CM/ECF system so that a copy was sent to the following persons automatically via email as follows:

John Flaherty
jflaherty@mccarter.com

John Flaherty
McCarter & English LLP
265 Franklin Street
Boston, MA 02110

s/David W. Denenberg
David W. Denenberg