# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TDM America, LLC,<br><br>Plaintiff,<br><br>v.<br><br>The United States of America,<br><br>Defendant,<br>and<br><br>Donjon Marine Company, Inc.,<br><br>Interested Party. | Civil Action No. 06-472-C<br>Judge Thomas C. Wheeler |

## JOINT STATUS REPORT

Plaintiff TDM America, LLC ("TDM"), defendant The United States of America ("US" or "government"), and third-party defendant Donjon Marine Company, Inc. ("Donjon") jointly submit this status report in compliance with this Court's December 3, 2007 order.

The parties agree to an extension of the discovery period to January 31, 2008. A stipulated proposed modified scheduling order is annexed hereto.

As ordered, the parties identify the following discovery issues:

## I. STATEMENT OF TDM

### A. TDM'S Discovery Issues Pertaining to the US

#### 1. TDM's Motion for Sanctions

On or about October 18, 2007, TDM filed a motion pursuant to RCFC 37 against the US (the "Motion") for failing to completely and properly provide discovery that was, *inter alia*, directed to the volumes and methods for treatment of dredged material. In its Motion, TDM identified interrogatory nos. 10-13, 15-16, 20-24 and 25-26 as interrogatories that TDM believed

were incompletely answered and/or completely unanswered. The specific interrogatories are discussed in TDM's Motion and also appear in the exhibits annexed thereto. In general, however, the interrogatories are directed to (i) the total amounts paid by the US for dredging activities and treatment of dredged material; (ii) the total volume of treated dredged material; (iii) an identification of all the processes and methods used by the US' contractors for the treatment of dredged materials; (iv) a complete identification by bates numbers of all US contracts that include treatment of dredged materials, including any modifications and all submissions (for example, 30 and 70-day submissions) that correspond to each of the contracts; and (v) additional interrogatories that seek previously requested information, for the most part, but are directed to the additional patents-in-suit (the '862 and '590 patents) that were included in the first amended complaint in this action. TDM respectfully requests the relief and sanctions sought in its Motion which would establish volumes and methods of treatment of dredged materials to be in accordance with the U.S. Army Corps of Engineers' ("USACE") website and the contracts produced by the US and require the US to respond.

TDM also requested an RCFC 30(b)(6) deposition of the US directed to the volumes of treated dredged material and the volumes of dredged material disposed upland. Specifically, TDM sought a witness(es) who could explain discrepancies or differences between the volumes of dredged material contained in certain contracts produced by the US and a much greater volume that appears in the USACE website that identifies dredged material for "Upland" disposal. The US contends that it already has produced a witness in this regard, but as explained in TDM's Motion, this witness was not knowledgeable of the facts and figures necessary to explain such discrepancies. Therefore, again, the Motion seeks relief and sanctions establishing volumes in accordance with the USACE website.

**2. Additional Production and RCFC 30(b)(6) Deposition**

Additional RCFC 30(b)(6) depositions of the US must now be taken on US contracts involving treatment of dredged material that have only recently become known to TDM because these contracts were first identified during the deposition of Steven Sands, President of Clean Earth Dredging Technologies, Inc., a non-party. As of December 10, 2007, all contracts involving treatment of dredged material have yet to be produced. While the US advised that such documents will be produced and it agreed to provide RCFC 30(b)(6) deponents for these contracts, a thirty (30) day discovery extension is now necessary for production, review and scheduling of same. The US has not yet provided a date for production of all documents and this deposition. TDM seeks a Court order setting a date for this production.

**3. US' Objection to Michael J. Chapman, PhD.**

The US objected to Michael J. Chapman, PhD., Vice President of The Analysis Group, serving as an expert witness for TDM. The US alleges that Mr. Chapman's retention conflicts with the US' retention of The Analysis Group in an unrelated case entitled *The Boeing Company v. The United States of America*, Civil Action No. 00-705-C. TDM believes that there is no conflict of interest, as Mr. Chapman has no involvement in *Boeing*. In any event, any conflict was waived by the US through its initial hiring of The Analysis Group ***after*** TDM hired The Analysis Group because The Analysis Group had a responsibility to advise TDM of any other potentially conflicting engagements. It did not do so. TDM should not incur the inconvenience and unnecessary monetary expense of hiring and familiarizing another damages expert at this stage in the litigation.

**4. Deposition Designations**

Finally, on many occasions, TDM requested that the US redesignate all the depositions that it designated as "confidential - attorneys' eyes only" on a wholesale basis. To date, only the

relatively minor depositions of Virginia Pankow and John Bearce have been redesignated.

**B. TDM'S Discovery Issues Pertaining to Donjon**

**1. Incomplete Document Production**

TDM requested that Donjon produce additional documents identified during the deposition of Thomas Witte on July 2, 2007. After five months and despite exchange of letters and several conversations with Jack Flaherty, Esq. and Gary Campbell, Esq., who both acknowledged that a response was due, TDM did not receive a confirmation that all documents were produced in their entirety. TDM notes that a list of what was taken by the Department of Justice as discussed during the deposition of Thomas Witte on July 2, 2007 at page 68 has not been produced. But Donjon told this Court and TDM that many documents were unavailable because of this investigation - yet, no list was provided and no explanation proffered as to why copies were not retrieved.

As an example of Donjon's incomplete production, TDM obtained a copy of a permit for dredging activities from the New Jersey Department of Environmental Protection that was issued to Donjon in the year 2003 (PCP 030001), but neither Donjon nor the US produced this same permit in any of their respective document productions. Yet, this permit was in effect for Donjon's treatment of dredged materials from its first contract in 2003 through 2006. TDM respectfully asks the Court to direct that Donjon confirm that all responsive documents have been produced.

**2. Donjon's Refusal to Allow an RCFC 30(b)(6) Deposition**

During the October 17, 2007 telephonic status conference on this matter. This Court ordered that a RCFC 30(b)(6) deposition of Donjon. Donjon agreed to designate the entire 30(b)(1) testimony of Kerri Mullins and Thomas Witte as 30(b)(6) testimony. Donjon also agreed to designate the 30(b)(1) testimony of Arnold Witte as 30(b)(6) testimony for the 30(b)(6) topics he was presented for at the time of his deposition.

In compliance with this Court's Discovery Order dated October 17, 2007, TDM provided Donjon with notice of the documents that it intends to discuss at the 30(b)(6) deposition of Donjon by letter dated November 5, 2007 and assured Donjon that TDM does not wish to revisit those areas that already were questioned previously in-depth, but reserves the right to inquire on other topics and/or to clarify the record. After several letters and a lengthy period of time, Donjon responded by letter stating that it intends to produce Kerri Mullins as its 30(b)(6) witness. A date of December 19, 2007 has been scheduled for this deposition. Donjon, however, seeks to limit the deposition to four (4) hours and to restrict the deposition only to the documents specified thus far. TDM believes there is no basis for such limits and they are contrary to this Court's October 17, 2007 Discovery Order.

It should be further noted that the Court requested TDM to advise which documents it will use for Donjon's 30(b)(6) deposition because Mr. Flaherty represented that Donjon was a small family company and hoped to limit the scope. Yet, TDM learned during the deposition of Arnold Witte that Donjon has over two hundred (200) employees. Clearly, Donjon can produce a 30(b)(6) witness.[1]

### C. <u>TDM's 30(b)(6) Depositions</u>

Donjon noticed the RCFC 30(b)(1) depositions of Rick Redle and Ritchie Studer and an RCFC 30(b)(6) deposition of TDM. TDM produced Rick Redle and Ritchie Studer on October 23, 2007 and October 24, 2007 respectively. Messrs. Redle and Studer were each deposed for a full day. In stark contrast to Donjon's failure to designate any witness as an RCFC 30(b)(6), both of these depositions were designated as 30(b)(6) depositions by TDM's counsel at the outset of these depositions. Donjon advised TDM that it intends to continue the depositions of Ritchie Studer and

---

[1] TDM and Donjon resolved certain issues today and will continue to work to resolve issues prior to the conference.

Rick Redle, and TDM agreed on the condition that the same courtesies be extended TDM as Donjon. TDM respectfully requests that Donjon sufficiently identify the documents and categories on which it intends to continue these depositions prior to the continuing depositions of Rick Redle and Ritchie Studer scheduled for January 15, 2008.

Unlike Donjon with its over 200 employees, TDM truly is a small company run by a handful of people on a part-time basis. In addition Messrs. Redle and Studer must travel from Texas imposing a far greater burden on TDM as opposed to Donjon whose 30(b)(6) witness will only be traveling from New Jersey. Further, TDM advised Donjon that Messrs. Redle and Studer were TDM's 30(b)(6) witnesses at the onset of their depositions, while Donjon advised TDM retroactively and has yet to designate what 30(b)(1) testimony is binding on the company as 30(b)(6) testimony. Therefore, TDM respectfully requests that Donjon be directed to identify the documents and categories on which it intends to continue the depositions of Messrs. Redle and Studer.

## II. STATEMENT OF THE US

Following the production of documents collected from the U.S. Navy and U.S. Coast Guard on November 1, 2007, TDM counsel, on November 14, 2007, orally indicated to government counsel that it wished to take a 30(b)(6) deposition of U.S. Navy employees prior to the end of fact discovery. On November 21, 2007, the government produced additional documents relating to dredging activities at the U.S. Merchant Marine Academy, which also involved activities of the U.S. Navy. Following that production, the government has recently discovered that its document production was not complete. The government anticipates receiving additional documents relating to the U.S. Navy this week and plans to produce them shortly thereafter. The government believes this will complete its production and has so informed TDM counsel. Following this production, the government will endeavor (1) to provide deposition dates for witnesses responsive to TDM's oral

requests prior to the close of fact discovery and (2) to communicate in writing to TDM counsel what topics these witnesses will address prior to the deposition. Prior to the drafting of this Joint Status Report, the government was unaware of any requests by TDM to conduct a 30(b)(6) deposition of U.S. Coast Guard personnel.

The government also notes that TDM's 30(b)(6) deposition of New Jersey Department of Environmental Protection witness(es) is also being rescheduled. The government plans to attend that deposition. The government, as it has previously indicated, also plans to attend and participate in the continued depositions of TDM witnesses Rick Redle and Ritchie Studer, when those depositions are scheduled.

The government believes that all other discovery disputes with TDM (1) have been discussed in the briefing related to TDM's Motion Pursuant to RCFC 37 Against the US, presently pending before this Court, or (2) are adequately addressed in the Statement of Donjon below.

As indicated above, the government does agree with extending the fact discovery period until January 31, 2008. However, the government would consider any schedules suggested by the Court. The government further notes that its Motion for Partial Summary Judgment For Lack of Subject Matter Jurisdiction, filed November 8, 2007, if granted, could potentially affect the content and scope of expert discovery that will follow the close of fact discovery.

## III. STATEMENT OF DONJON

Interested Party Donjon Marine Company, Inc. ("Donjon") consents to the extension of the discovery period to January 31, 2008, and provides the following with respect to current discovery issues.

1. <u>Donjon's 30(b)(6) Deposition</u>

The continuation of Donjon's 30(b)(6) is currently scheduled for December 19, 2007. Donjon's Rule 30(b)(6) deposition was initially raised with the Court during the October 17, 2007 status conference call because the parties could not agree to the scope of the deposition. Donjon was concerned about the hardship on a small business if it was required to prepare witnesses for a Rule 30(b)(6) deposition covering the 49 topics identified in TDM's May 2nd Amended Notice of Rule 30(b)(6) Deposition, when the probable designees (Tom Witte and Kerri Mullins) had already given 2 days and 3 hours of testimony on the topics actually relevant to the case. Most of the 49 topics dealt with four topic areas that had already been addressed during the depositions of Mullins and Witte. Donjon offered to stipulate to that testimony as binding on Donjon, if TDM would reduce the number of topics to be covered in a subsequent Rule 30(b)(6) deposition.

During the status conference call, TDM counsel informed the Court that he had come into possession of relevant documents subsequent to those depositions. In particular, Mr. Denenberg repeatedly told the Court that he had obtained a permit of some sort that warranted the additional time. Donjon counsel asked that Mr. Denenberg identify the permit but he was unable to do so during the call. Donjon acknowledged TDM's right to a Rule 30(b)(6) deposition on appropriate topics not yet covered, and merely sought a reduction in the scope of the deposition. This would include not asking questions on issues already covered with the Donjon witnesses. On the same day, the Court ordered that "Plaintiff shall provide both Defendant and Donjon Marine Company with advance notice of the documents that Plaintiff intends to discuss at the deposition."

Prior to TDM identifying any documents, Donjon produced J. Arnold Witte for his Rule 30(b)(1) deposition on October 25, 2007. In an effort to complete the Rule 30(b)(6) deposition efficiently, Donjon identified certain topics for which Mr. Witte would be able to provide Rule

30(b)(6) testimony, in the hope that it would reduce the number of documents identified by TDM. Mr. Witte's deposition lasted a full day, and included 30(b)(6) testimony. This brought the total deposition time for the three Donjon witnesses to three days and three hours.

On November 12, 2007, TDM provided a list of bates ranges for 65 documents it intended to ask about during Donjon's Rule 30(b)(6) deposition. After having the opportunity to review the documents associated with the bates ranges, and TDM's correspondence regarding the deposition, Donjon has the following specific comments and objections:

- TDM continues to insist that its questioning is not limited to the documents it specifically identifies prior to the deposition. This is in direct conflict with the Court's October 17, 2007 Order. TDM's counsel has stated that TDM has an "unfettered right" to further Rule 30(b)(6) deposition testimony. The lack of specificity makes it impossible to identify and prepare an appropriate witness, if any. Donjon has insisted that TDM proceed in accordance with the Court's instructions of October 17, 2007.

- Identification of prior art documents as a topic for a Rule 30(b)(6) deposition is inappropriate. Discovery of Donjon's prior art allegations is properly done through contention interrogatories. Donjon's Rule 30(b)(6) designee will not be an expert. Further, prior art calls for attorney work product and legal conclusions, which Donjon's Rule 30(b)(6) designee will not be able to provide.

- A large number of documents identified belie TDM counsel's representations that they will not ask questions already addressed in the prior depositions of Kerri Mullins and Tom Witte. The documents that include schematics are identical or substantially identical to permits and related documents already asked about in the previous depositions. For instance, while Mr. Denenberg stated during the conference call with the Court that he has a permit that was produced after the depositions of Tom Witte and Kerri Mullins, it appears the permit is merely a renewal of a previous permit. That prior permit and others, as well as related documents, had been produced prior to the depositions and discussed at the depositions. Thus, other than to authenticate the document, no further questioning would seem appropriate on schematics already discussed in previous testimony.

- TDM objects to limiting the deposition to one-half day, yet it has not demonstrated that any deposition in accordance with the Court's Order warrants more than one-half day. Further, TDM only offered, and Donjon accepted, half-day continuations of Messrs. Redle and Studer's depositions.

- TDM's continued requests that Donjon designate which Rule 30(b)(6) topics were covered in the depositions of Kerri Mullins and Tom Witte are unwarranted. TDM made this request

to the Court, and the Court instructed TDM that it could read the depositions transcripts to determine which topics were covered.

Subject to these comments and objections, Donjon has agreed to produce a Rule 30(b)(6) witness to testify in accordance with the Court's Order, on December 19, 2007.

2. <u>TDM's 30(b)6) deposition.</u>

Immediately preceding the scheduled Rule 30(b)(1) depositions of Rick Redle and Ritch Studer on October 23rd and 24th respectively, TDM's counsel informed Donjon counsel that those depositions would also serve as the Rule 30(b)(6) deposition noticed by Donjon. Donjon's counsel accepted the witness designations without objection. The depositions proceeded with Messrs. Studer and Redle providing testimony as individuals, the original '731 patentee in the case of Mr. Studer, and designees of TDM. TDM's counsel stopped the depositions at 5:00 pm and stated that he would allow an additional half day of testimony for each witness to complete the depositions. Both Donjon and the US understood that the depositions would be a continuation of both the Rule 30(b)(1) and 30(b)(6) depositions.

Now, in the wake of the Court's Order regarding the scope of Donjon's Rule 30(b)(6) deposition, TDM's counsel is trying to place unreasonable restrictions on the continued depositions. First, TDM apparently fails to recognize that the continued depositions are also continued Rule 30(b)(1) depositions, as was Kerri Mullins's continued deposition when Donjon consented to that deposition extending beyond a single day. TDM's additional restrictions include that: (1) Donjon identify the documents about which it intends to ask questions, as TDM was required to do for Donjon's Rule 30(b)(6) deposition; (2) the Rule 30(b)(6) deposition be limited to prior work experience and prior art previously identified by Donjon; and (3) that the depositions not take place until Donjon' s 30(b)(6) deposition is concluded and TDM's demands satisfied.

TDM fails to recognize that TDM's identification of documents was required under this Court's Order in response to a claim of recently obtained documents. TDM cannot attempt to claim a similar hardship situation as Donjon. TDM is a holding company controlled by Mr. Studer and others, not a business with daily operational demands on management. It's business is this litigation.

The continued depositions of Messrs. Studer and Redle are not due to a Rule 30(b)(6) notice alone, they are also serving as Rule 30(b)(1) depositions that were not completed. The Government never had the opportunity to ask questions. TDM's witnesses Scott Crawford and Irfan Toor did not provide Rule 30(b)(6) testimony. Thus, Donjon and the Government have been limited to date to a total of two days deposition as both the Rule 30(b)(1) and 30(b)(6) of two inventors and TDM's 30(b)(6) designees. Donjon is asking TDM to produce Messrs. Redle and Studer for an additional one-half day each, as TDM represented it would do, under the same ground rules that accompanied that first day of deposition for each.

3. Production of additional documents requested by TDM

On December 4, 2007, Donjon produced documents requested by TDM's counsel in his November 5, 2007 letter.

4. Additional Schedule Modifications

Donjon believes that expert discovery may not be necessary before the claim construction in this case, especially with respect to the '731 patent. Therefore, Donjon requests that the Court schedule a status conference after the close of fact discovery to discuss the modification of the post-discovery schedule.

Respectfully submitted,

DAVIDOFF MALITO & HUTCHER LLP
*Attorneys for Plaintiff TDM America, LLC*

Dated: December 11, 2007

s/David W. Denenberg
David W. Denenberg
Michael A. Adler
605 Third Avenue – 34 Fl
New York, NY 10158
Tel: (212) 557-7200
Fax: (212) 286-1884

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

Dated: December 11, 2007

Walter W. Brown
Walter W. Brown, Attorney
Commercial Litigation Branch
Department of Justice
1100 L Street, NW - Suite 1100
Department of Justice
Washington, D.C. 20530
Tel.: (202) 307-0341
Fax.: (202) 307-0345
*Attorneys for Defendant United States*

Dated: December 11, 2007

Gary J. Campbell
Gary J. Campbell
McCarter & English LLP
265 Franklin Street
Boston, MA 02110
Tel.: (617) 449-6558
Fax: (617) 326-3097
*Attorneys for Third-Party Defendant*
*Donjon Marine Co.*

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TDM America, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant.<br><br>and<br><br>Donjon Marine Company, Inc.,<br><br>Third-Party Defendant. | Civil Action No. 06-472 C<br><br>Judge Thomas C. Wheeler |

**[PROPOSED] MODIFIED SCHEDULING ORDER**

This [proposed] modified scheduling order seeks a further extension of time to complete depositions. The parties also stipulate that all other dates scheduled by this Court are pushed forward in order to accommodate the enlargement of time for the fact discovery period. For the convenience of the Court the following modified schedule is proposed:

Proceedings before the Markman hearing:

a. January 31, 2008, fact discovery closes.

b. On or before February 14, 2008, the parties shall exchange expert reports on issues on which each party has the burden of proof. Expert deposition discovery may begin.

c. On or before March 10, 2008, the parties shall exchange rebuttal expert reports. Expert deposition discovery may begin on the rebuttal expert reports.

d. On April 10, 2008, expert discovery relating to the Markman hearing shall close.

e. On April 14, 2008, the parties shall exchange their proposed claim term construction.

f. April 18, 2008, shall be the last day for the parties to meet and confer regarding their claim construction statement.

g. On or before May 2, 2008, the parties shall file a joint claim construction statement.

h. On or before May 19, 2008, the parties shall submit opening Markman briefs on claim term construction.

i. On or before June 2, 2008, the parties shall submit opposition briefs on claim term construction.

j. On or before June 23, 2008, the parties shall submit Markman reply briefs on claim term construction.

Respectfully submitted,

DAVIDOFF MALITO & HUTCHER LLP
*Attorneys for Plaintiff TDM America, LLC*

Dated: December 11, 2007

David W. Denenberg
David W. Denenberg
Michael A. Adler
605 Third Avenue – 34 Fl
New York, NY 10158
Tel: (212) 557-7200
Fax: (212) 286-1884

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

Dated: December 11, 2007

Walter W. Brown
Walter W. Brown
Attorney
Commercial Litigation Branch
Civil Division
1100 L Street, NW
Suite 1100
Department of Justice
Washington, D.C. 20001
Tel.: (202) 307-0341
Fax.: (202) 307-0345

*Attorneys for the Defendant United States*

Dated: December 11, 2007

Gary J. Campbell
Gary J. Campbell
McCarter & English LLP
265 Franklin Street
Boston, MA 02110
Tel.: (617) 449-6558
Fax: (617) 326-3097

*Attorneys for Third-Party Defendant Donjon Marine Co.*