**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| TDM America, LLC,<br>Plaintiff,<br>v.<br>The United States of America<br>Defendant,<br>and<br>Donjon Marine Company, Inc.<br>Interested Party. | Civil Action No. 06-472-C<br>Judge Thomas C. Wheeler |

**DECLARATION OF MICHAEL A. ADLER IN SUPPORT OF TDM AMERICA, LLC'S MOTION FOR AN ORDER DISMISSING THE UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO RCFC 56(f) AND TO RENEW ITS PREVIOUSLY-FILED MOTION FOR SANCTIONS PURSUANT TO RCFC 37 AGAINST THE UNITED STATES**

I, **MICHAEL A. ADLER**, under penalty of perjury, state:

1. I am an attorney on behalf of plaintiff TDM America, LLC ("TDM") in the above referenced litigation.

2. I am senior counsel with the law firm of Davidoff Malito & Hutcher LLP located at 605 Third Avenue, 34th Floor, New York, NY 10158.

3. I make this declaration in support of TDM's motion for an order dismissing the United States' ("US") motion for partial summary judgment pursuant to RCFC 56(f) and in support of its motion to renew its previously-filed motion pursuant to RCFC 37 against the US.

4. As set forth below, on January 16 , 2008 and January 22, 2008, I conferred in good faith with Walter W. Brown, counsel for the US, in an effort to resolve the US' non-compliance with this Court's December 17, 2007 Order but was unable to do so.

5. On January 16, 2008, I telephoned Walter W. Brown, counsel for the US, and inquired as to why he had not notified this Court or TDM of the US' inability to comply with this Court's December 17, 2007 Order (the "Order") which required the US to identify by bates number all contracts, amendments to contracts and contractor submittals. I advised Mr. Brown that the US should have notified the Court and TDM of its noncompliance with the Order before January 15, 2008.

6. Mr. Brown responded that it was not the US' responsibility to do so and that TDM should ask the Court for an extension of time to submit its opposition and that the US would agree to that. Mr. Brown also stated some documents still needed to be produced or identified and that he could not set a date for when the US would be producing or identifying the missing documents but estimated that it might take up to three weeks. Mr. Brown could not state whether the US would be able to identify complete contracts for all contracts which are the subject of its motion for partial summary judgment.

7. I told Mr. Brown that TDM would be prejudiced without identification and production of all of the contract documents and requested that the US advise the Court of the situation. I also requested that the US withdraw its motion for partial summary judgment until the missing documents are produced or identified pursuant to this Court's Order. Mr. Brown denied both requests. I then advised him that TDM will seek (i) dismissal of the US' motion for partial summary judgment with prejudice based upon the US' blatant defiance of this Court's Order and (ii) renewal of its previous motion for sanctions with respect to identification and production of the contract documents for treatment of dredged material.

8. After diligently reviewing the list of documents identified by the US and expending much time and effort to locate them, TDM discovered that the documents identified

as the "main contracts" by the US were never produced. In fact, documents identified by the US within the bates number range of G0101000001 through G0101012860, some 12,860 documents, were never produced to TDM at all.

9. On January 22, 2008, counsel for TDM advised the US that many of the contract documents identified by the US in its January 15, 2008 letter were not produced; specifically, documents bates numbered G0101000001 through G0101012860. Nevertheless, the US refused to alter its position regarding contacting the Court about these improprieties. Mr. Brown claimed that some of the documents were probably produced at some point with different bates numbers but he was not sure because the prior attorney assigned to this action by the US handled the production.

10. Exhibit A is a true and accurate copy of the transcript of the December 13, 2007 hearing before this Court.

11. Exhibit B is a true and accurate copy of the December 17, 2007 Discovery Order.

12. Exhibit C is a true and accurate copy of the January 15, 2008 letter with attachments from the US' counsel, Walter W. Brown, to TDM's counsel, David W. Denenberg.

13. Exhibit D is a true and accurate copy of an executed contract bearing bates numbers G0100507481 through G0100507494.

14. Exhibit E is a true an accurate copy of pages 81-83 of the January 11, 2008 transcript of Donjon Marine Inc.'s 30(b)(6) deposition.

15. Exhibit F is a true and accurate copy of a January 22, 2008 letter with Revised Attachment 2 only from Walter W. Brown to David W. Denenberg.

16. Exhibit G is a true and accurate copy of this Court's April 30, 2007 discovery order.

Dated: New York, New York
January 24, 2008

s/Michael A. Adler
Michael A. Adler



00369912.2