**Exhibit D**

DEPARTMENT OF THE ARMY
NEW YORK DISTRICT, CORPS OF ENGINEERS
JACOB K. JAVITS FEDERAL BUILDING
NEW YORK, N.Y. 10278-0090
27 August 2004

REPLY TO ATTENTION OF

CENAN- CT-apl

Donjon Marine Company, Inc.
(Attn: Mr. Thomas D. Witte, Executive Vice President)
1250 Liberty Avenue
Hillside, NJ 07205

SUBJECT: W912DS-04-C-0016 (initiated under IFB No. W912DS-04-B-0008), Contract for Maintenance Dredging of Seguine Point

Dear Mr. Witte:

You are hereby notified that your bid dated 28 May 2004, in response to subject Invitation for Bids (IFB) is accepted in the amount of $7,599,766.00 for CLIN 0001 and CLIN 0002 (entire bid). However, the amount obligated for this contract is $2,600,000.00.

Prior to issuance of the Notice to Proceed you must submit two originals each of your executed payment and performance bonds, as required by the solicitation, **USING THE LATEST VERSION OF THE BONDS AS PROVIDED WITH THIS LETTER (SF 25: 5/96; SF25A: 10/98) – prior versions are unacceptable.**

No work to be performed prior to Notice to Proceed and within ten (10) days of this letter, please execute and submit the enclosed payment and performance bonds and return to this office, Attn: Alan P. Link, Room 1843, Contracts Branch.

Sincerely,

David H. Freedman

DAVID H. FREEDMAN
Major, U. S. Army
Contracting Officer

Enclosures:
1) 2 performance bonds
2) 2 payment bonds
3) Contract copy

PLAINTIFF'S EXHIBIT 56 9/18/07

G0100507481

| SOLICITATION, OFFER, AND AWARD *(Construction, Alteration, or Repair)* | 1. SOLICITATION NO. W912DS-04-B-0008-0003 | 2. TYPE OF SOLICITATION [X] SEALED BID (IFB) [ ] NEGOTIATED (RFP) | 3. DATE ISSUED 2[illegible]-2004 | PAGE OF PAGES 1 OF 23 |
|---|---|---|---|---|

**IMPORTANT** - The "offer" section on the reverse must be fully completed by offeror.

| 4. CONTRACT NO. | 5. REQUISITION/PURCHASE REQUEST NO. | 6. PROJECT NO. |
|---|---|---|
| W912DS-04-C-0016 | W16ROE-4233-1034 | |

| 7. ISSUED BY CODE W912DS | 8. ADDRESS OFFER TO *(If Other Than Item 7)* CODE |
|---|---|
| USA ENGINEER DISTRICT, NEW YORK<br>ATTN:CENAN-CT ROOM 1843<br>26 FEDERAL PLAZA<br>NEW YORK NY 10278<br>TEL:212-264-0238 FAX: 212-264-3013 | See Item 7<br>TEL: FAX: |

| 9. FOR INFORMATION CALL: | A. NAME ALAN P LINK | B. TELEPHONE NO. *(Include area code)* *(NO COLLECT CALLS)* 212-264-0242 |
|---|---|---|

**SOLICITATION**

**NOTE: In sealed bid solicitations "offer" and "offeror" mean "bid" and "bidder".**

10. THE GOVERNMENT REQUIRES PERFORMANCE OF THE WORK DESCRIBED IN THESE DOCUMENTS *(Title, identifying no., date):*

Maintenance Dredging and Disposition of Dredged Material From the Sequine Point Section of the Raritan Bay Reach of the New York and New Jersey Channels.

This is an unrestricted procurement.
Estimated Value: $5,000,000.00 to $10,000,000.00.
NAICS CODE: 237990. SIZE STANDARD: $17.0 MILLION.
Contract Specialist: ALAN P. LINK, (212) 264-6707
Technical POC: SOON B. LEW, (212) 264-0199

11. The Contractor shall begin performance within 5 calendar days and complete it within 50 calendar days after receiving [ ] award, [X] notice to proceed. This performance period is [X] mandatory, [ ] negotiable. *(See ______ .)*

| 12 A. THE CONTRACTOR MUST FURNISH ANY REQUIRED PERFORMANCE AND PAYMENT BONDS? *(If "YES," indicate within how many calendar days after award in Item 12B.)* [X] YES [ ] NO | 12B. CALENDAR DAYS 10 |
|---|---|

13. ADDITIONAL SOLICITATION REQUIREMENTS:

A. Sealed offers in original and 1 copies to perform the work required are due at the place specified in Item 8 by 01:00 PM *(hour)* local time 28 May 2004 *(date)*. If this is a sealed bid solicitation, offers must be publicly opened at that time. Sealed envelopes containing offers shall be marked to show the offeror's name and address, the solicitation number, and the date and time offers are due.

B. An offer guarantee [X] is, [ ] is not required.

C. All offers are subject to the (1) work requirements, and (2) other provisions and clauses incorporated in the solicitation in full text or by reference.

D. Offers providing less than 120 calendar days for Government acceptance after the date offers are due will not be considered and will be rejected.

NSN 7540-01-155-3212 1442-101 **STANDARD FORM 1442** (REV. 4-85)
Prescribed by GSA
FAR (48 CFR) 53.236-1(e)

**SOLICITATION, OFFER, AND AWARD (Continued)**
*(Construction, Alteration, or Repair)*

**OFFER** *(Must be fully completed by offeror)*

14. NAME AND ADDRESS OF OFFEROR *(Include ZIP Code)*
Donjon Marine Co., Inc.
1250 Liberty Ave.
Hillside, New Jersey 07205

15. TELEPHONE NO. *(Include area code)* (908) 964-8812

16. REMITTANCE ADDRESS *(Include only if different than Item 14)*
See Item 14

CODE

~~FACILITY CODE~~ DUNS # 071176457

17. The offeror agrees to perform the work required at the prices specified below in strict accordance with the terms of this solicitation, if this offer is accepted by the Government in writing within _______ calendar days after the date offers are due. *(Insert any number equal to or greater than the minimum requirements stated in Item 13D. Failure to insert any number means the offeror accepts the minimum in Item 13D.)*

AMOUNTS — SEE SCHEDULE OF PRICES

18. The offeror agrees to furnish any required performance and payment bonds.

19. ACKNOWLEDGMENT OF AMENDMENTS
*(The offeror acknowledges receipt of amendments to the solicitation -- give number and date of each)*

| AMENDMENT NO. | 0001 | 0002 | 0003 | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| DATE | 5/5/04 | 5/14/04 | 5/21/04 | | | | | | | |

20A. NAME AND TITLE OF PERSON AUTHORIZED TO SIGN OFFER *(Type or print)* Thomas D. Witte, Executive Vice President

20B. SIGNATURE [signature: Thomas D. Witte]

20C. OFFER DATE 5-28-04

**AWARD** *(To be completed by Government)*

21. ITEMS ACCEPTED: CLIN 0001=$1,100,000.00 (Initial Funding=$660,000.00)
CLIN 0002=$6,499,766.00 (Initial Funding=$1,940,000.00)

22. AMOUNT $7,599,766.00

23. ACCOUNTING AND APPROPRIATION DATA $2,600,000.00
96X31230000 082421 2520D2LFC6012520 NA 96303

24. SUBMIT INVOICES TO ADDRESS SHOWN IN *(4 copies unless otherwise specified)* — ITEM Block 26

25. OTHER THAN FULL AND OPEN COMPETITION PURSUANT TO
☐ 10 U.S.C. 2304(c) ☐ 41 U.S.C. 253(c)

26. ADMINISTERED BY — CODE E3R0205
Operations Division-Management Support
26 Federal Plaza-Room 1934
New York, NY 10278

27. PAYMENT WILL BE MADE BY: — CODE
USACE Finance Center-Millington
5722 Integrity Drive
Millington, TN 38054-5005

**CONTRACTING OFFICER WILL COMPLETE ITEM 28 OR 29 AS APPLICABLE**

☐ 28. NEGOTIATED AGREEMENT *(Contractor is required to sign this document and return ______ copies to issuing office.)* Contractor agrees to furnish and deliver all items or perform all work, requisitions identified on this form and any continuation sheets for the consideration stated in this contract. The rights and obligations of the parties to this contract shall be governed by (a) this contract award, (b) the solicitation, and (c) the clauses, representations, certifications, and specifications or incorporated by reference in or attached to this contract.

☒ 29. AWARD *(Contractor is not required to sign this document.)* Your offer on this solicitation, is hereby accepted as to the items listed. This award consummates the contract, which consists of (a) the Government solicitation and your offer, and (b) this contract award. No further contractual document is necessary.

30A. NAME AND TITLE OF CONTRACTOR OR PERSON AUTHORIZED TO SIGN *(Type or print)*

30B. SIGNATURE

30C. DATE

31A. NAME OF CONTRACTING OFFICER *(Type or print)* David H. Freedman
TEL: EMAIL:

31B. UNITED STATES OF AMERICA BY [signature: David H. Freedman]

31C. AWARD DATE 27 August 2004

NSN 7540-01-155-3212 STANDARD FORM 1442 BACK (REV. 4-85)

Section SF 30 - BLOCK 14 CONTINUATION PAGE

SF 1442 CONTINUATION PAGE
Contract Number: W912DS-04-C-0016
Contractor: Donjon Marine Co., Inc.
IFB Number: W912DS-04-B-0008
Project Title/Location: Maintenance Dredging and Disposition of Dredged Material From the Sequine Point Section of the Raritan Bay Reach of the New York and New Jersey Channels.

SF 1442, "Items Accepted": CLIN's 0001 and 0002

Contractor's Proposal, dated 5-28-04

Amendments: 0001, dated 5 May 2004
0002, dated 14 May 2004
0003, dated 21 May 2004

Continuing Contract Clause Applies

Wage Rate Decision No. NY 20030001, dated 5/21/04, Construction Type: Heavy Dredging is incorporated into this contract, as per Section 00900 of the Solicitation.

Block 22 Amount:
Total Award Amount: Seven-Million-Five-Hundred-Ninety-Nine-Thousand-Seven-Hundred-Sixty-Six Dollars and No Cents.
$7,599,766.00
Funded Amount of this Contract: Two-Million Six-Hundred-Thousand Dollars and No cents.
$2,600,000.00
Payments are made through the Resource Management System (RMS) with the follow-up copy of payment requisition to:

U. S. Army Corps of Engineers
Operations Division-Management Support Branch
26 federal Plaza-Room 1934
New York, NY 10278-0090

Accounting and Appropriation Data: Purchase Request Number W16ROE-4233-1934
1. CLIN 0001: 96X31230000 082421 2520D2LFC6012520 NA 96303 $660,000.00
2. CLIN 0002: 96X31230000 082421 2520D2LFC6012520 NA 96303 $1,940,000.00
This is an incrementally funded contract in the amount of $2,600,000.00. The amount remaining to be funded is $4,999,766.00 (Four-Million-Nine-Hundred-Ninety-Nine-Thousand-Seven-Hundred-Sixty-Six Dollars and No Cents).

The contractor's Small Business Subcontracting Plan, dated 25 August 2004, and approved by the Deputy for Small Business, New York District on 26 August 2004 is incorporated into this contract.

The following contractor documents are incorporated into this contract:

1. "10-Day Submittal", Response to Section 00800, Paragraph 1A, dated 16 June 2004.
2. "70-Day Submittal", Response to Section 00800, Paragraph 1A.2, dated 17 August 2004.

The following have been added by full text:
AMENDMENT 0001 CHANGES

JDW

Section 00010 - Solicitation Contract Form

| ITEM NO | SUPPLIES/SERVICES | QTY | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 0001 | MOBILIZATION AND DEMOBILIZATION<br>FFP<br>PURCHASE REQUEST NUMBER: W16ROE-4104-7779 | 1 | Lump Sum | $1,100,000.00 | $1,100,000.00 |

NET AMT: $ 1,100,000.00

FOB: Destination

| ITEM NO | SUPPLIES/SERVICES | EST. QTY | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 0002 | DREDGING<br>FFP<br>DREDGING, TRANSPORTATION, OFFLOADING, DEWATERING, PROCESSING, AND PLACEMENT. Removal of material except ledge rock lying above the plane of minus 35 feet below mean low water plus 2 feet allowable overdepth from the Federal Navigation Channel as shown on the contract drawings, and placement of dredged material at an approved/permitted upland site furnished by the contractor. See Section 00800 for complete specifications.<br>PURCHASE REQUEST NUMBER: W16ROE-4104-7779 | 140,840 | Cubic Yard | $ 46.15 | $ 6,499,766.00 |

NET AMT: $ 6,499,766.00

FOB: Destination.

TOTAL BID FOR BOTH ITEMS, 0001 AND 0002:$ 7,599,766.00

BIDDING INSTRUCTIONS
OFFLOADING, PROCESSING, AND DISPOSAL SITES INFORMATION (TO BE PROVIDED BY BIDDERS):

| | Site 1 | Site 2 |
|---|---|---|
| Name of Site(s) | Landfill 1E | EnCap Golf Holdings, LLC |
| Name of POC(s) | Kerri Mullins | James T. Hackensmith |

JSW



| | Site 1 | Site 2 |
| --- | --- | --- |
| Address of Site(s) | 100 Baler Road, North Arlington NJ | Valley Brook Road, Lyndhurst, NJ |
| Telephone Number(s) | (908)964-8812 | (201)907-5288 |

NOTES FOR PRICE SCHEDULE

1. Bidders are required to bid on all items on the Price Schedule or their bid will be rejected.

2. The low bidder for the purpose of award will be the conforming responsible bidder offering the lowest amount for the total bid price.(Items 0001 and 0002).

3. Any bid that is materially unbalanced may be rejected. An unbalanced bid is one, which is based on price significantly less than the cost for some work and prices are significantly overstated for other work.

4. Bidders are reminded that they must bid on the issued plans and specifications as amended. Any deviations, conditions, or attachments made by the bidders thereto may render the bid non-responsive and be a cause for rejection.

5. The apparent low bidder shall submit the documents specified in Section 00800, Paragraph 1A (Contractor Identified Offloading, Processing, and Disposal Site Compliance). If the apparent low bidder does not submit the information required to be submitted within the time specified, the Contractor will be considered non-responsible, and its bid rejected.

6. Disposal Site Compliance: The Apparent Low Bidder must demonstrate to the Government within 70 calendar days from the date the apparent low bidder is notified of being the low bidder, that the CONTRACTOR's IDENTIFIED site(s) is operational and capable of offloading, processing, and disposing of the dredged material on that date for the estimated quantity as per the bid schedule, is in compliance with the New Jersey Department of Environmental Protection and/or with the State of New York Department of State Coastal Management (CZM) Program Policies or other host state compliance as appropriate for the offloading, processing, and disposal of dredged material.

7. Bidders will identify their offloading, processing, and disposal sites with their bid. Bidders will write on the blank lines provided on the Price Schedule the name(s) of the site(s), POC(s), address(es), and phone(s) of their site(s) included in that line item.

8. Note that the 90-day rule may apply to this contract if the sediment testing and permitting are delayed. The "90-day" rule references 29 CFR 1.6 (c)(3)(iv) as set forth in FAR 22.404-6(b)(6) provides that if a contract to which a general wage determination has been applied is not awarded within 90 days after bid opening, any modification to that wage determination published prior to the contract award shall be effective unless the agency obtains an extension of this 90-day period from the Administrator, US Department of Labor.

(End of Summary of Changes)

Section 00700 - Contract Clauses

CLAUSES INCORPORATED BY REFERENCE

| | | |
|---|---|---|
| 52.202-1 Alt I | Definitions (Dec 2001) --Alternate I | MAY 2001 |
| 52.203-3 | Gratuities | APR 1984 |
| 52.203-5 | Covenant Against Contingent Fees | APR 1984 |
| 52.203-7 | Anti-Kickback Procedures | JUL 1995 |
| 52.203-8 | Cancellation, Rescission, and Recovery of Funds for Illegal or Improper Activity | JAN 1997 |
| 52.203-10 | Price Or Fee Adjustment For Illegal Or Improper Activity | JAN 1997 |
| 52.203-12 | Limitation On Payments To Influence Certain Federal Transactions | JUN 2003 |
| 52.204-4 | Printed or Copied Double-Sided on Recycled Paper | AUG 2000 |
| 52.209-6 | Protecting the Government's Interest When Subcontracting With Contractors Debarred, Suspended, or Proposed for Debarment | JUL 1995 |
| 52.211-18 | Variation in Estimated Quantity | APR 1984 |
| 52.214-26 | Audit and Records--Sealed Bidding | OCT 1997 |
| 52.214-27 | Price Reduction for Defective Cost or Pricing Data - Modifications - Sealed Bidding | OCT 1997 |
| 52.214-28 | Subcontracting Cost Or Pricing Data--Modifications--Sealed Bidding | OCT 1997 |
| 52.214-29 | Order Of Precedence--Sealed Bidding | JAN 1986 |
| 52.219-4 | Notice of Price Evaluation Preference for HUBZone Small Business Concerns | JAN 1999 |
| 52.219-8 | Utilization of Small Business Concerns | OCT 2000 |
| 52.219-9 Alt I | Small Business Subcontracting Plan (Jan 2002) Alternate I | OCT 2001 |
| 52.219-14 | Limitations On Subcontracting | DEC 1996 |
| 52.219-16 | Liquidated Damages-Subcontracting Plan | JAN 1999 |
| 52.222-3 | Convict Labor | JUN 2003 |
| 52.222-4 | Contract Work Hours and Safety Standards Act - Overtime Compensation | SEP 2000 |
| 52.222-6 | Davis Bacon Act | FEB 1995 |
| 52.222-6 | Davis Bacon Act | FEB 1995 |
| 52.222-7 | Withholding of Funds | FEB 1988 |
| 52.222-8 | Payrolls and Basic Records | FEB 1988 |
| 52.222-9 | Apprentices and Trainees | FEB 1988 |
| 52.222-10 | Compliance with Copeland Act Requirements | FEB 1988 |
| 52.222-11 | Subcontracts (Labor Standards) | FEB 1988 |
| 52.222-12 | Contract Termination-Debarment | FEB 1988 |
| 52.222-13 | Compliance with Davis-Bacon and Related Act Regulations. | FEB 1988 |
| 52.222-14 | Disputes Concerning Labor Standards | FEB 1988 |
| 52.222-15 | Certification of Eligibility | FEB 1988 |
| 52.222-21 | Prohibition Of Segregated Facilities | FEB 1999 |
| 52.222-26 | Equal Opportunity | APR 2002 |
| 52.222-27 | Affirmative Action Compliance Requirements for Construction | FEB 1999 |
| 52.222-35 | Equal Opportunity For Special Disabled Veterans, Veterans of the Vietnam Era, and Other Eligible Veterans | DEC 2001 |
| 52.222-36 | Affirmative Action For Workers With Disabilities | JUN 1998 |
| 52.222-37 | Employment Reports On Special Disabled Veterans, Veterans Of The Vietnam Era, and Other Eligible Veterans | DEC 2001 |

| | | |
|---|---|---|
| 52.223-14 | Toxic Chemical Release Reporting | AUG 2003 |
| 52.225-11 | Buy American Act--Construction Materials Under Trade Agreements | JAN 2004 |
| 52.226-1 | Utilization Of Indian Organizations And Indian-Owned Economic Enterprises | JUN 2000 |
| 52.227-1 | Authorization and Consent | JUL 1995 |
| 52.227-2 | Notice And Assistance Regarding Patent And Copyright Infringement | AUG 1996 |
| 52.227-4 | Patent Indemnity-Construction Contracts | APR 1984 |
| 52.228-11 | Pledges Of Assets | FEB 1992 |
| 52.228-14 | Irrevocable Letter of Credit | DEC 1999 |
| 52.228-15 | Performance and Payment Bonds--Construction | JUL 2000 |
| 52.229-3 | Federal, State And Local Taxes | APR 2003 |
| 52.232-5 | Payments under Fixed-Price Construction Contracts | SEP 2002 |
| 52.232-23 | Assignment Of Claims | JAN 1986 |
| 52.232-27 | Prompt Payment for Construction Contracts | OCT 2003 |
| 52.233-1 | Disputes | JUL 2002 |
| 52.233-3 | Protest After Award | AUG 1996 |
| 52.236-5 | Material and Workmanship | APR 1984 |
| 52.236-6 | Superintendence by the Contractor | APR 1984 |
| 52.236-7 | Permits and Responsibilities | NOV 1991 |
| 52.236-15 | Schedules for Construction Contracts | APR 1984 |
| 52.236-16 | Quantity Surveys | APR 1984 |
| 52.236-17 | Layout of Work | APR 1984 |
| 52.236-21 | Specifications and Drawings for Construction | FEB 1997 |
| 52.236-26 | Preconstruction Conference | FEB 1995 |
| 52.242-13 | Bankruptcy | JUL 1995 |
| 52.242-14 | Suspension of Work | APR 1984 |
| 52.243-1 Alt I | Changes--Fixed Price (Aug 1987) - Alternate I | APR 1984 |
| 52.243-5 | Changes and Changed Conditions | APR 1984 |
| 52.244-6 | Subcontracts for Commercial Items | APR 2003 |
| 52.246-1 | Contractor Inspection Requirements | APR 1984 |
| 52.246-12 | Inspection of Construction | AUG 1996 |
| 52.247-34 | F.O.B. Destination | NOV 1991 |
| 52.249-2 | Termination For Convenience Of The Government (Fixed-Price) | SEP 1996 |
| 52.249-2 Alt I | Termination for Convenience of the Government (Fixed-Price) (Sep 1996) - Alternate I | SEP 1996 |
| 52.249-10 | Default (Fixed-Price Construction) | APR 1984 |
| 52.253-1 | Computer Generated Forms | JAN 1991 |
| 252.201-7000 | Contracting Officer's Representative | DEC 1991 |
| 252.203-7001 | Prohibition On Persons Convicted of Fraud or Other Defense-Contract-Related Felonies | MAR 1999 |
| 252.203-7002 | Display Of DOD Hotline Poster | DEC 1991 |
| 252.204-7003 | Control Of Government Personnel Work Product | APR 1992 |
| 252.204-7004 Alt A | Required Central Contractor Registration Alternate A | NOV 2003 |
| 252.205-7000 | Provision Of Information To Cooperative Agreement Holders | DEC 1991 |
| 252.209-7000 | Acquisition From Subcontractors Subject To On-Site Inspection Under The Intermediate Range Nuclear Forces (INF) Treaty | NOV 1995 |
| 252.209-7004 | Subcontracting With Firms That Are Owned or Controlled By The Government of a Terrorist Country | MAR 1998 |
| 252.219-7003 | Small, Small Disadvantaged and Women-Owned Small Business Subcontracting Plan (DOD Contracts) | APR 1996 |

| | | |
|---|---|---|
| 252.225-7012 | Preference For Certain Domestic Commodities | FEB 2003 |
| 252.232-7003 | Electronic Submission of Payment Requests | JAN 2004 |
| 252.236-7000 | Modification Proposals-Price Breakdown | DEC 1991 |
| 252.236-7002 | Obstruction of Navigable Waterways | DEC 1991 |
| 252.236-7008 | Contract Prices-Bidding Schedules | DEC 1991 |
| 252.243-7001 | Pricing Of Contract Modifications | DEC 1991 |
| 252.243-7002 | Requests for Equitable Adjustment | MAR 1998 |
| 252.244-7000 | Subcontracts for Commercial Items and Commercial Components (DoD Contracts) | MAR 2000 |
| 252.246-7000 | Material Inspection And Receiving Report | MAR 2003 |
| 252.247-7023 | Transportation of Supplies by Sea | MAY 2002 |
| 252.247-7024 | Notification Of Transportation Of Supplies By Sea | MAR 2000 |

CLAUSES INCORPORATED BY FULL TEXT

52.211-10 COMMENCEMENT, PROSECUTION, AND COMPLETION OF WORK (APR 1984)

The Contractor shall be required to (a) commence work under this contract within five (5) calendar days after the date the Contractor receives the notice to proceed, (b) prosecute the work diligently, and (c) complete the entire work ready for use not later than 50 calendar days after the Contractor receives the notice to proceed. The time stated for completion shall include final cleanup of the premises.

(End of clause)

52.211-12 LIQUIDATED DAMAGES--CONSTRUCTION (SEP 2000)

(a) If the Contractor fails to complete the work within the time specified in the contract, the Contractor shall pay liquidated damages to the Government in the amount of $1,565.00 for each calendar day of delay until the work is completed or accepted.

(b) If the Government terminates the Contractor's right to proceed, liquidated damages will continue to accrue until the work is completed. These liquidated damages are in addition to excess costs of repurchase under the Termination clause.

(End of clause)

52.211-18 VARIATION IN ESTIMATED QUANTITY (APR 1984)

If the quantity of a unit-priced item in this contract is an estimated quantity and the actual quantity of the unit-priced item varies more than 15 percent above or below the estimated quantity, an equitable adjustment in the contract price shall be made upon demand of either party. The equitable adjustment shall be based upon any increase or decrease in costs due solely to the variation above 115 percent or below 85 percent of the estimated quantity. If the quantity variation is such as to cause an increase in the time necessary for completion, the Contractor may request, in writing, an extension of time, to be received by the Contracting Officer within 10 days from the beginning of the delay, or within such further period as may be granted by the Contracting Officer before the date of final settlement of the contract. Upon the receipt of a written request for an extension, the Contracting Officer shall ascertain the facts and make an adjustment for extending the completion date as, in the judgement of the Contracting Officer, is justified.

52.219-4 NOTICE OF PRICE EVALUATION PREFERENCE FOR HUBZONE SMALL BUSINESS CONCERNS (JAN 1999)

(a) Definition. HUBZone small business concern, as used in this clause, means a small business concern that appears on the List of Qualified HUBZone Small Business Concerns maintained by the Small Business Administration.

(b) Evaluation preference. (1) Offers will be evaluated by adding a factor of 10 percent to the price of all offers, except--

(i) Offers from HUBZone small business concerns that have not waived the evaluation preference;

(ii) Otherwise successful offers from small business concerns;

(iii) Otherwise successful offers of eligible products under the Trade Agreements Act when the dollar threshold for application of the Act is exceeded (see 25.402 of the Federal Acquisition Regulation (FAR)); and

(iv) Otherwise successful offers where application of the factor would be inconsistent with a Memorandum of Understanding or other international agreement with a foreign government.

(2) The factor of 10 percent shall be applied on a line item basis or to any group of items on which award may be made. Other evaluation factors described in the solicitation shall be applied before application of the factor.

(3) A concern that is both a HUBZone small business concern and a small disadvantaged business concern will receive the benefit of both the HUBZone small business price evaluation preference and the small disadvantaged business price evaluation adjustment (see FAR clause 52.219-23). Each applicable price evaluation preference or adjustment shall be calculated independently against an offeror's base offer.

These individual preference amounts shall be added together to arrive at the total evaluated price for that offer.

(c) Waiver of evaluation preference. A HUBZone small business concern may elect to waive the evaluation preference, in which case the factor will be added to its offer for evaluation purposes. The agreements in paragraph (d) of this clause do not apply if the offeror has waived the evaluation preference.

____ Offeror elects to waive the evaluation preference.

(d) Agreement. A HUBZone small business concern agrees that in the performance of the contract, in the case of a contract for

(1) Services (except construction), at least 50 percent of the cost of personnel for contract performance will be spent for employees of the concern or employees of other HUBZone small business concerns;

(2) Supplies (other than procurement from a nonmanufacturer of such supplies), at least 50 percent of the cost of manufacturing, excluding the cost of materials, will be performed by the concern or other HUBZone small business concerns;

(3) General construction, at least 15 percent of the cost of the contract performance incurred for personnel will be will be spent on the concern's employees or the employees of other HUBZone small business concerns; or

(4) Construction by special trade contractors, at least 25 percent of the cost of the contract performance incurred for personnel will be spent on the concern's employees or the employees of other HUBZone small business concerns.

(e) A HUBZone joint venture agrees that in the performance of the contract, the applicable percentage specified in paragraph (d) of this clause will be performed by the HUBZone small business participant or participants.

(f) A HUBZone small business concern nonmanufacturer agrees to furnish in performing this contract only end items manufactured or produced by HUBZone small business manufacturer concerns. This paragraph does not apply in connection with construction or service contracts.

(End of clause)

52.228-1 BID GUARANTEE (SEP 1996)

(a) Failure to furnish a bid guarantee in the proper form and amount, by the time set for opening of bids, may be cause for rejection of the bid.

(b) The bidder shall furnish a bid guarantee in the form of a firm commitment, e.g., bid bond supported by good and sufficient surety or sureties acceptable to the Government, postal money order, certified check, cashier's check, irrevocable letter of credit, or, under Treasury Department regulations, certain bonds or notes of the United States. The Contracting Officer will return bid guarantees, other than bid bonds, (1) to unsuccessful bidders as soon as practicable after the opening of bids, and (2) to the successful bidder upon execution of contractual documents and bonds (including any necessary coinsurance or reinsurance agreements), as required by the bid as accepted.-

(c) The amount of the bid guarantee shall be 20 percent of the bid price or $3,000,000.00, whichever is less.-

(d) If the successful bidder, upon acceptance of its bid by the Government within the period specified for acceptance, fails to execute all contractual documents or furnish executed bond(s) within 10 days after receipt of the forms by the bidder, the Contracting Officer may terminate the contract for default.-

(e) In the event the contract is terminated for default, the bidder is liable for any cost of acquiring the work that exceeds the amount of its bid, and the bid guarantee is available to offset the difference.

(End of clause)

52.236-1 PERFORMANCE OF WORK BY THE CONTRACTOR (APR 1984)

The Contractor shall perform on the site, and with its own organization, work equivalent to at least 40 percent of the total amount of work to be performed under the contract. This percentage may be reduced by a supplemental agreement to this contract if, during performing the work, the Contractor requests a reduction and the Contracting Officer determines that the reduction would be to the advantage of the Government.

(End of clause)

52.236-4 PHYSICAL DATA (APR 1984)

Data and information furnished or referred to below is for the Contractor's information. The Government shall not be responsible for any interpretation of or conclusion drawn from the data or information by the Contractor.

(a) The indications of physical conditions on the drawings and in the specifications are the result of site investigations by hydrographic surveys and individual inspections. ___

(b) Weather conditions: SEE SECTION 00800, PAGE 9, PARAGRAPH 6a.

(c) Transportation facilities: SEE SECTION 00800, PAGE 10, PARAGRAPH 6d.

(d) ANY ADDITIONAL INFORMATION CAN BE FOUND IN SECTION 00800, PAGES 9-12, PARAGRAPH SIX.

(End of clause)

52.252-2 CLAUSES INCORPORATED BY REFERENCE (FEB 1998)

This contract incorporates one or more clauses by reference, with the same force and effect as if they were given in full text. Upon request, the Contracting Officer will make their full text available. Also, the full text of a clause may be accessed electronically at this/these address (es):

http://farsite.hill.af.mil

(End of clause)

52.252-4 ALTERATIONS IN CONTRACT (APR 1984)

Portions of this contract are altered as follows:

(End of clause)

52.252-6 AUTHORIZED DEVIATIONS IN CLAUSES (APR 1984)

(b) The use in this solicitation or contract of any Federal Acquisition Regulation (48 CFR Chapter 1) clause with an authorized deviation is indicated by the addition of "(DEVIATION)" after the date of the clause.

(c) The use in this solicitation or contract of any Federal Acquisition Regulation (48 CFR Chapter 1) clause with an authorized deviation is indicated by the addition of "(DEVIATION)" after the name of the regulation.

(End of Clause)

252.236-7001 CONTRACT DRAWINGS, MAPS, AND SPECIFICATIONS (AUG 2000)

(a) The Government will provide to the Contractor, without charge, one set of contract drawings and specifications, except publications incorporated into the technical provisions by reference, in electronic or paper media as chosen by the Contracting Officer.

(b) The Contractor shall--

(1) Check all drawings furnished immediately upon receipt;

(2) Compare all drawings and verify the figures before laying out the work;

(3) Promptly notify the Contracting Officer of any discrepancies;

(4) Be responsible for any errors that might have been avoided by complying with this paragraph (b); and

(5) Reproduce and print contract drawings and specifications as needed.

(c) In general--

(1) Large-scale drawings shall govern small-scale drawings; and

(2) The Contractor shall follow figures marked on drawings in preference to scale measurements.

(d) Omissions from the drawings or specifications or the misdescription of details of work that are manifestly necessary to carry out the intent of the drawings and specifications, or that are customarily performed, shall not relieve the Contractor from performing such omitted or misdescribed details of the work. The Contractor shall perform such details as if fully and correctly set forth and described in the drawings and specifications.

(e) The work shall conform to the specifications and the contract drawings identified on the following index of drawings:

Title File Drawing No.
(SEE SECTION 00800, PAGES 7-9, PARAGRAPH 5)

(End of clause)

252.236-7004 PAYMENT FOR MOBILIZATION AND DEMOBILIZATION (DEC 1991)

(a) The Government will pay all costs for the mobilization and demobilization of all of the Contractor's plant and equipment at the contract lump sum price for this item.

(1) 60 percent of the lump sum price upon completion of the contractor's mobilization at the work site.

(2) The remaining 40 percent upon completion of demobilization.

(b) The Contracting Officer may require the Contractor to furnish cost data to justify this portion of the bid if the Contracting Officer believes that the percentages in paragraphs (a) (1) and (2) of this clause do not bear a reasonable relation to the cost of the work in this contract.

(1) Failure to justify such price to the satisfaction of the Contracting Officer will result in payment, as determined by the Contracting Officer, of --

(i) Actual mobilization costs at completion of mobilization;

(ii) Actual demobilization costs at completion of demobilization; and

(iii) The remainder of this item in the final payment under this contract.

(2) The Contracting Officer's determination of the actual costs in paragraph (b)(1) of this clause is not subject to appeal.

252.247-7023 TRANSPORTATION OF SUPPLIES BY SEA (MAY 2002)

(a) Definitions. As used in this clause –

(1) "Components" means articles, materials, and supplies incorporated directly into end products at any level of manufacture, fabrication, or assembly by the Contractor or any subcontractor.

(2) "Department of Defense" (DoD) means the Army, Navy, Air Force, Marine Corps, and defense agencies.

(3) "Foreign flag vessel" means any vessel that is not a U.S.-flag vessel.

(4) "Ocean transportation" means any transportation aboard a ship, vessel, boat, barge, or ferry through international waters.

(5) "Subcontractor" means a supplier, materialman, distributor, or vendor at any level below the prime contractor whose contractual obligation to perform results from, or is conditioned upon, award of the prime contract and who is performing any part of the work or other requirement of the prime contract.

(6) "Supplies" means all property, except land and interests in land, that is clearly identifiable for eventual use by or owned by the DoD at the time of transportation by sea.

(i) An item is clearly identifiable for eventual use by the DoD if, for example, the contract documentation contains a reference to a DoD contract number or a military destination.

(ii) "Supplies" includes (but is not limited to) public works; buildings and facilities; ships; floating equipment and vessels of every character, type, and description, with parts, subassemblies, accessories, and equipment; machine tools; material; equipment; stores of all kinds; end items; construction materials; and components of the foregoing.

(7) "U.S.-flag vessel" means a vessel of the United States or belonging to the United States, including any vessel registered or having national status under the laws of the United States.

(b)(1) The Contractor shall use U.S.-flag vessels when transporting any supplies by sea under this contract.

(2) A subcontractor transporting supplies by sea under this contract shall use U.S.-flag vessels if–

(i) This contract is a construction contract; or

(ii) The supplies being transported are–

(A) Noncommercial items; or

(B) Commercial items that–

(1) The Contractor is reselling or distributing to the Government without adding value (generally, the Contractor does not add value to items that it contracts for f.o.b. destination shipment);

(2) Are shipped in direct support of U.S. military contingency operations, exercises, or forces deployed in humanitarian or peacekeeping operations; or

(3) Are commissary or exchange cargoes transported outside of the Defense Transportation System in accordance with 10 U.S.C. 2643.

(c) The Contractor and its subcontractors may request that the Contracting Officer authorize shipment in foreign-flag

Exhibit E

form of the question.

A. This is -- this is the only submittal that I have had any type of response from.

MR. FLAHERTY: Counsel, is this document on the list we got the other day?

MR. ADLER: I think it was. It should be.

MR. FLAHERTY: It should have been.

MR. ADLER: This one too.

MR. FLAHERTY: Okay.

MR. ADLER: Off the record.

(Discussion off the record.)

Q. Okay. Let me show you a document that's been previously marked as Plaintiff's No. 56, G0100507481 through 503. And just for the record, and for recollection, can you just identify this document.

A. This is indicating that they have accepted our bid and that we are now instructed to provide the appropriate bonds to change this into a contract.

Q. Okay. And then once you change

this into a contract then you're authorized to begin work?

A. No, then you initiate those series of meetings and other things that all have to occur prior to initiating work.

Q. In those meetings do you discuss the processing of dredge material?

A. Not normally.

Q. But at times have you?

A. Not that I recall.

Q. Under, on the first page there is -- and this is -- this letter is addressed to Donjon Marine Company, attention, Mr. Thomas D. Witte, it seems to be signed by David H. Freedman, are you familiar with him?

A. I have not met him.

Q. Under enclosures it says, "1, two performance bonds, 2, two payment bonds, 3, contract copy."

Do you understand what that is, an understanding of what that is?

MR. FLAHERTY: Which?

MR. ADLER: All of that.

A. Yes.

Q. What is it? Or what are they, I should say?

A. This is an executed copy of the contract.

Q. Okay.

A. With copies that are noted on the front of the appropriate bonds.

Q. Now --

A. I don't -- haven't looked through this package to see if the bonds are in here, but as a matter of fact, I don't see the bonds.

MR. FLAHERTY: I think that may have been the gist of the question.

A. Yeah, I don't see performance or payment bonds attached to this, just the contract.

Q. Now, am I correct in understanding that your 10-day submittal and your 70-day submittal in response to section 00800 is actually part and parcel of this contract?

MR. FLAHERTY: Objection.

A. I don't know.

Q. Okay. Let me turn your attention

Exhibit F

**U.S. Department of Justice**

Civil Division

WWB
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

Telephone: (202) 307-0341
Facsimile: (202) 307-0345

*Washington, DC 20530*

January 22, 2008

**BY FEDERAL EXPRESS AND E-MAIL**

David W. Denenberg, Esq.
Davidoff Malito & Hutcher LLP
605 Third Avenue, 34th Floor
New York, New York 10158

John E. Flaherty, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102

Gary J. Campbell, Esq.
McCarter & English, LLP
265 Franklin Street
Boston, Massachusetts 02110

Re: *TDM America, LLC v. United States*
Court of Federal Claims No. 06-0472C

Counsel:

Attached are documents bearing Bates Nos. G0102500001 to G0102500207, as well as Revised Attachment 2. Consistent with our letter of January 15, 2008, we are producing copies of certain contract documents that we previously identified as being missing documents on the original Attachment 2. We will be producing the remaining documents listed in Revised Attachment 2 in the near future, to the extent that they exist in government files.

Very truly yours,

Walter W. Brown
Attorney
Commercial Litigation Branch
Civil Division

Enclosures

# Revised Attachment 2

| Contract | Missing Parts |
|---|---|
| W912DS-07-C-0003 | |
| W912DS-06-C-0018 | |
| W912DS-05-C-0003 | |
| W912DS-05-C-0020 | Contractor Submittals |
| W912DS-05-C-0004 | 70-Day Submission |
| W912DS-04-C-0008 | |
| W912DS-04-C-0016 | Contractor Submittals |
| DACW51-03-C-0001 | 70-Day Submittal |
| DACW51-03-C-0012 | |
| DACW51-03-C-0014 | Contractor Submittals |
| DACW51-03-C-0019 | |
| DACW51-03-C-0021 | 3-Day Submittal |
| DACW51-02-C-0001 | |
| DACW51-02-C-0002 | |
| DACW51-02-C-0019 | Contractor Submittals |
| DACW51-02-C-0022 | |
| DACW51-01-C-0006 | |
| DACW51-01-C-0023 | |

Revised: January 22, 2008

**Exhibit G**

# In the United States Court of Federal Claims

No. 06-472C

(Filed: April 30, 2007)

****************************************

TDM AMERICA, LLC,

Plaintiff,

v.

THE UNITED STATES,

Defendant,

and

DONJON MARINE COMPANY, INC.,

Third-Party Defendant.

****************************************

## DISCOVERY ORDER

In this patent infringement case, the Court has before it various discovery disputes stemming from Defendant's April 6, 2007 Motion to Quash the Deposition Notice of Alan P. Klein, and Plaintiff's April 23, 2007 Cross-Motion for Sanctions or to Compel pursuant to RCFC 37. The events underlying the disputes began in November 2006, and seemingly have escalated despite the Court's attempts to assist the parties informally. The Court has conducted three discovery conferences with counsel on February 6, 2007, February 15, 2007, and March 6, 2007 respectively.

The issues presented are: (1) whether Defendant has furnished complete and verified responses to Plaintiff's interrogatories; (2) whether Defendant has responded properly to Plaintiff's requests for production of documents, particularly as to "process" documents showing the methods used to treat dredged material in other Government contracts; (3) whether Defendant has frustrated Plaintiff's attempts to proceed with discovery depositions noticed under RCFC 30(b)(1) and 30(b)(6); and (4) whether Plaintiff should be permitted to depose Alan P. Klein, patent counsel of the U.S. Army Legal Services Agency in the Office of the Judge Advocate. Fact discovery is to be completed in this case by July 13, 2007.

Upon considering the parties' positions, the Court directs counsel to resolve all of the pending discovery disputes within 30 days, on or before May 30, 2007. Defendant is ordered to provide complete and verified responses to Plaintiff's interrogatories, and to respond properly to all of Plaintiff's document requests, within that time. Plaintiff's depositions noticed to date shall either be taken or scheduled within this 30-day period.

Defendant's motion to quash the deposition notice of Alan P. Klein is GRANTED. Pursuant to RCFC 26(c), Defendant is not required to produce Army patent counsel for a deposition or to respond to the accompanying document requests in paragraphs 2-4 of the Notice of Deposition.

Counsel are directed to file a Joint Status Report with the Court on June 5, 2007 indicating the extent of their compliance with this Order, and identifying any remaining discovery issues. Failure to adhere to this Order may result in the imposition of sanctions under RCFC 37(b)(2).

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge