# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TDM America, LLC,<br><br>Plaintiff,<br><br>v.<br><br>The United States of America,<br><br>Defendant,<br>and<br><br>Donjon Marine Company, Inc.,<br><br>Interested Party. | ) | Civil Action No. 06-472-C<br>Judge Thomas C. Wheeler |

## TDM AMERICA LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR AN ORDER DISMISSING THE UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO RCFC 56(f) AND TO RENEW ITS PREVIOUSLY-FILED MOTION FOR SANCTIONS PURSUANT TO RCFC 37 AGAINST THE UNITED STATES

DAVIDOFF MALITO & HUTCHER LLP
*Attorneys for Plaintiff*
605 Third Avenue, 34 Floor
New York, New York 10158
(212) 557-7200

00369998

# TABLE OF CONTENTS

Page

**I. PRELIMINARY STATEMENT** .......... 2

**II. FACTS AND SUPPORTING ARGUMENT** .......... 3

A. The Order .......... 3

B. The US' Response to Paragraph 6 of the Order Does Not Comply Therewith .......... 4

C. The US' Failure to Comply With the Order Should Result in Dismissal of Its Motion for Partial Summary Judgment .......... 7

D. The US' Failure to Comply Should Result in Sanctions .......... 8

**III. CONCLUSION** .......... 9

**APPENDIX A:**

TDM America LLC's Memorandum In Support Of TDM's Motion Pursuant to RCFC 37 Against the United States .......... A1

Declaration of Michael A. Adler In Support Of TDM's Motion Pursuant to RCFC 37 Against the United States .......... A2

This Court's April 30, 2007 Discovery Order .......... Ex. 1

Transcript of the February 6, 2007 Telephone Conference with This Court .......... Ex. 2

Transcript of the February 15, 2007 Telephone Conference with This Court .......... Ex. 3

Transcript of the March 6, 2007 Telephone Conference with This Court .......... Ex. 4

This Court's June 15, 2007 Order .......... Ex. 5

Plaintiff's Second Set of Interrogatories to Defendant Pursuant to the Rules of the Court of Federal Claims .......... Ex. 6

Defendant United States' Responses to Plaintiff's Second Set of Interrogatories (Nos. 15-16) .......... Ex. 7

Excerpts of the Transcript of Ella Snell's May 18, 2007 30(b)(1) Deposition .......... Ex. 8

Excerpts of the Transcript of Harold Hawkin's May 16, 2007 30(b)(1) Deposition .......... Ex. 9

Excerpts of the Transcript of
Bryce Wisemiller's May 22, 2007 30(b)(1) Deposition .......... Ex. 10

Excerpts from the USACE Website for the Period 2001 to 2006 .......... Ex. 11

Print-out from the USACE Website for the Period 2000 to 2003 .......... Ex. 12

Excerpts of the Transcript of
Virginia Pankow's July 27, 2007 30(b)(6) Deposition .......... Ex. 13

Plaintiff's First Set of Interrogatories to Defendant Pursuant to
Rule 33 of the Rules of the United States Court of Federal Claims .......... Ex. 14

Defendant United States' Second Amended Response to
Plaintiff's First Set of Interrogatories (Nos. 1-14) .......... Ex. 15

December 27, 2006 Letter from David W. Denenberg to Erica A. Franklin .......... Ex. 16

February 1, 2007 Letter from David W. Denenberg to Erica A. Franklin .......... Ex. 17

August 13, 2007 Letter from Michael A. Adler to Erica A. Franklin .......... Ex. 18

September 17, 2007 Letter from Michael A. Adler to Erica A. Franklin .......... Ex. 19

Defendant United States' Initial Disclosures .......... Ex. 20

Excerpts of the Transcript of
Salvatore Didato's July 12, 2007 30(b)(1) Deposition .......... Ex. 21

Excerpts of the Transcript of
Steven Sands' September 10, 2007 Deposition .......... Ex. 22

Plaintiff's Third Set of Interrogatories to Defendant United States
Pursuant to Rule 33 of the Rules of the United States Court of Federal Claims .......... Ex. 23

Defendant United States' Responses to Plaintiff's Third Set of Interrogatories .......... Ex. 24

Documents Produced by the United States Bearing
Bates Nos. G0100611293-G0100611350 .......... Ex. 25

August 15, 2007 Letter from Erica A. Franklin to Michael A. Adler .......... Ex. 26

Plaintiff's Second Amended Notice of
Rule 30(b)(6) Deposition with Document Demand .......... Ex. 27

Stipulated Protective Order Entered on February 16, 2007 .......... Ex. 28

September 4, 2007 E-mail from Michael A. Adler to Erica A. Franklin .......... Ex. 29

September 13, 2007 Letter from Erica A. Franklin to Michael A. Adler .......... Ex. 30

# TABLE OF AUTHORITIES

**Page**

RCFC 5 .......... 1

RCFC 37 .......... 1, 2, 3, 8, 9

RCFC 56 .......... 1, 2, 7, 9

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| TDM America, LLC,<br><br>Plaintiff,<br><br>v.<br><br>The United States of America,<br><br>Defendant,<br>and<br><br>Donjon Marine Company, Inc.,<br><br>Interested Party. | Civil Action No. 06-472-C<br>Judge Thomas C. Wheeler |

**TDM AMERICA LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR AN ORDER DISMISSING THE UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO RCFC 56(f) AND TO RENEW ITS PREVIOUSLY-FILED MOTION FOR SANCTIONS PURSUANT TO RCFC 37 AGAINST THE UNITED STATES**

Plaintiff TDM America, LLC ("TDM") respectfully submits this memorandum in support of its motion for an order dismissing the United States' motion for partial summary judgment pursuant to RCFC 56(f) and in support of its motion to renew its previously-filed motion pursuant to RCFC 37 against the United States ("US").[1] Pursuant to RCFC 5.3(b)(3), a copy of TDM America LLC's memorandum in support of TDM's motion for sanctions pursuant to RCFC 37 against the US and the accompanying declaration of Michael A. Adler with exhibits filed with this Court on October 16, 2007 are annexed hereto in Appendix A.[2]

[1] Alternatively, the instant motion may also be considered an independent motion for sanctions incorporating TDM's previously-filed motion.

[2] Pursuant to RCFC 5.3(b)(3), TDM hereby incorporates pages 1-15 and 21-22 of its memorandum annexed hereto in Appendix A, as the issues contained in the omitted pages have already been resolved.

## I. Preliminary Statement

TDM respectfully requests that this Court issue an order:

1. Dismissing the US' motion for partial summary judgment with prejudice because the US failed to comply with this Court's discovery order dated December 17, 2007 (the "Order") requiring that the US provide essential contract information critical to the US' motion for partial summary judgment to TDM under RCFC 56(f);

2. Sanctioning the US pursuant to RCFC 37(b)(2)(A) for failing to completely and properly respond to discovery despite being ordered to do so by this Court and establishing the following:

(i) The US consented and authorized the methods used in the processing of dredged material for all contracts at issue in this case;

(ii) The methods of processing dredged material for all contracts at issue in this case were performed in accordance with the methods and processes of the claims of the patents-in-suit; and

(iii) The submittals and solicitations/specifications for all contracts at issue in this case are deemed part of those contracts; and

3. Awarding TDM its attorneys' fees related to the instant motion pursuant to RCFC 37(a)(4)(A).

In the event this Court does not dismiss the US' motion for partial summary judgment with prejudice, TDM requests an immediate stay of the US' motion for partial summary

judgment pending resolution of all issues set forth herein, at which time TDM should be granted four (4) weeks to respond to the US' motion for partial summary judgment.[3]

## II. Facts and Supporting Argument

### A. The Order

During the December 13, 2007 hearing, this Court heard argument on a number of discovery issues, including oral argument on TDM's motion for sanctions pursuant to RCFC 37 against the US. Another issue that was argued related to the US' pending motion for partial summary judgment with respect to eighteen (18) contracts involving the treatment of dredged material. TDM requested that the US identify the documents that comprise these complete contracts, including amendments and submittals to each such contract - - information TDM requested much earlier during discovery. TDM argued that, although the US moves for summary judgment based upon alleged provisions of these contracts, the US has yet to identify these complete contracts. (Adler Dec., Ex. A at pp. 42-44).

As a result of the December 17, 2007 hearing, this Court, at paragraph 6, ordered:

> 6. **In accordance with Rule 56(f)**, the Court grants Plaintiff's request for limited discovery before it must respond to Defendant's November 8, 2007 motion for partial summary judgment. Plaintiff has requested Defendant to identify the documents by bates numbers that comprise the 18 contracts placed at issue in Defendant's motion, as well as any amendments to the contracts, **and any contractor submittals for each contract relating to treatment methods or quantities of dredged or treated materials.** Defendant shall provide this information to Plaintiff on or before January 15, 2008. Plaintiff shall file its response to Defendant's motion for partial summary judgment on or before February 12, 2008. Further filings shall be in accordance with the Court's rules relating to motions for summary judgment.

[3] The four (4) weeks correspond to the duration of time (January 15, 2008 to February 12, 2008) given to TDM in the Order to submit its opposition to the US' motion for partial summary judgment after the US would have identified and produced the contract-related information it was ordered to identify and produce.

(Adler Dec., Ex. B at ¶ 6) (emphasis added). This Court further ruled, at paragraph 10:

> 10. Plaintiff's motion for Rule 37 sanctions is denied, without prejudice to being reconsidered at a later date if the foregoing discovery matters remain unresolved.

(Adler Dec., Ex. B at ¶ 10).

### B. The US' Response to Paragraph 6 of the Order Does Not Comply Therewith

On January 15, 2008, the US responded to paragraph 6 of the Order. (Adler Dec., Ex. C). The US responded, in relevant part, that it could not identify complete contracts and would try to do so at some future undisclosed date. (Adler Dec., Ex. C at p. 1). Specifically, the US stated, in part, "[i]n some instances, we were unable to locate certain documents, which are listed in Attachment 2. We anticipate that we will be producing these missing documents in the near future, to the extent that they exist in government files." *Id.* Thus, this discovery dispute remains unresolved and requires reconsideration.

The US admittedly *could not* and *did not* identify the documents that comprise fifteen (15) out of the eighteen (18) contracts at issue. (Adler Dec., Ex. C at Attachment 2). For an additional two (2) contracts, the US posits that submittals were not required, but provides no contract documentation confirming this and does not supply the method of treatment of dredged material. (Adler Dec., Ex. C at Attachment 2). Significantly, the "missing parts" to which the US refers, include the contractor submittals, and contract amendments and solicitations/ specifications.[4] *Id.* These documents are crucial to the issue presented in the US' motion for partial summary judgment.

[4] It is TDM's position that the solicitations/specifications are part of the contracts. The US has not identified a single solicitation and/or specification.

For example, TDM located a document produced by the US, bates-numbered G00507481 through G0100507494, that is a part of an executed contract for one (1) of the eighteen (18) contracts at issue. (Adler Dec., Ex. D). Significantly, Kerri Mullins testified at the 30(b)(6) deposition of Donjon Marine, Inc. ("Donjon") that this document was a copy of the executed contract for dredging and treatment of dredged material between the US and Donjon.[5] (Adler Dec., Ex. E). And this document specifically incorporates the contractor submittals into the contract. (Adler Dec., Ex. E at p. 3). Specifically, page 3 of this document states in relevant part:

> **The following contractor documents are incorporated into this contract:**
>
> 1. "10-Day Submittal", Response to Section 00800, Paragraph 1A, dated 16 June 2004.
>
> 2. "70-Day Submittal", Response to Section 00800, Paragraph 1A.2, dated 17 August 2004.

*Id.* (emphasis added).

Counsel for TDM telephoned counsel for the US on January 16, 2008 to inquire as to why it did not notify this Court or TDM that it would not be complying with the Order. (Adler Dec. at ¶5). TDM's counsel noted that the US should have advised the Court and TDM of what the US refers to as "missing parts" prior to the January 15, 2008 deadline. (Adler Dec. at ¶5 and Ex. C at p. 1). Counsel for the US responded that it was not its responsibility to notify the Court and instead insisted that TDM request from the Court an extension of time to oppose the partial summary judgment motion commensurate with the time required by the US to locate and produce the "missing parts." (Adler Dec. at ¶6 and Ex. C at p. 1). Counsel for the US also

---

[5] TDM notes that the US did not include this document in its identification of contract documents on January 15, 2008. (Adler Dec., Ex. C at p. 1).

confirmed that certain of the missing documents were never produced. *Id.* Counsel for TDM advised that, if the US remains steadfast in its refusal to advise the Court of its inability to comply with the Court's Order, TDM will file a motion regarding the US' failure to comply with the Order. (Adler Dec. at ¶¶6-7). In any event, counsel for the US could not give a specific date as to when the missing documents would be identified or produced and could not provide assurances that all contract information could be completely identified and produced. (Adler Dec. at ¶6).

The majority of the "main contract" documents identified by the US as bearing bates-numbers G01010 00001 through G01010 12860 were never produced despite the US' contrary representation to TDM and to the Court. (Adler Dec. at ¶8 and Ex. A at p. 41). On January 22, 2008, counsel for TDM discussed these documents with counsel for the US. (Adler Dec. at ¶9). Counsel for the US vacillated stating that either the documents were never produced or, on reconsideration, that perhaps parts of the documents were actually produced under different bates numbers. *Id.* Counsel for the US further responded that he was unsure of the details, as a previous attorney had handled the production. *Id.* TDM spent several days trying to locate these documents on the US' representations that these documents were produced -- the US' actions are simply outrageous. (Adler Dec. at ¶8 and Ex. A at p. 41).

Belatedly, on January 22, 2008, the US e-mailed additional documents, but contractor submittals for seven (7) out of the eighteen (18) contracts are still missing. (Adler Dec., Ex. F at Revised Attachment 2). Importantly, none of the documents identified by the US as the "main contracts" within the bates-range G01010 00001 through G01010 12860 have been produced. At present, despite the Order, the total number of contracts with missing documents is, at least, fifteen (15) out of eighteen (18); assuming two (2) contracts really do not require submittals.

Clearly, the US' response and production still remains incomplete more than a week after the Court-ordered deadline. Moreover, the US failed to identify any of the solicitations/ specifications for any of the eighteen (18) contracts at issue.

### C. The US' Failure to Comply With the Order Should Result in Dismissal of Its Motion for Partial Summary Judgment

Pursuant to this Court's Order, the US was required to identify specific contract-related documents, including the contracts, all amendments to the contracts and the contractor submittals, by January 15, 2008. The US failed to comply with the Order and, *de facto*, modified the Order without first seeking judicial approval by extending its time to comply with paragraph 6 thereof. (Adler Dec., Ex. B). RCFC 56(f) states:

> **When Affidavits Are Unavailable**. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, **the court may refuse the application for judgment** or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

RCFC 56(f) (emphasis added).

The US failed to comply with the Order. Therefore, pursuant to RCFC 56(f), the US' motion for partial summary judgment should be dismissed with prejudice.

The US' failure to comply with the Order prejudices and interferes with TDM's ability to oppose the US' motion for partial summary judgment. Without giving TDM the opportunity to review and study all eighteen (18) contracts in complete form, TDM is unable to fully, diligently and properly oppose that motion. In essence, the US' action negates TDM's ability to develop a cogent and complete response because it does not have all the documents. TDM should not have to bear the burden of the US' non-compliance with the Order and RCFC 56(f) by having to

rewrite its opposition brief several times in accordance with the US' piecemeal identification of documents.

TDM remains in a "Catch 22" position, having to oppose the summary judgment motion, but not being able to fully and properly do so. Furthermore, the US' failure to comply with this Court's Order should not be condoned by this Court or rewarded with yet another extension of time.

**D. The US' Failure to Comply Should Result in Sanctions**

TDM moved to compel the US to respond to interrogatory and document requests on April 23, 2007. This motion resulted in a court order dated April 30, 2007 requiring the US to produce the requested documents and answer the interrogatories. (Adler Dec., Ex. H) Nevertheless, the US still failed to properly abide by that order. Thereafter, TDM filed a second motion pursuant to RCFC 37 against the US on October 16, 2007 (Appendix A), resulting in the issuance of the Order. The US failed to identify or produce complete contracts for treatment of dredged material as required by the Order.

To date, the US violated two court orders requiring it to identify and produce the contracts. Therefore, sanctions are warranted. The appropriate sanctions for failing to identify and produce the contract documents as required by the Order are (1) sanctioning the US pursuant to RCFC 37(b)(2)(A) by establishing the following facts: (i) the US consented and authorized the methods used in the processing of dredged material for all contracts at issue in this case; (ii) the methods of processing dredged material for all contracts at issue in this case were performed in accordance with the methods and processes of the claims of the patents-in-suit; and (iii) the submittals and solicitations/specifications for all contracts at issue in this case are deemed part of

those contracts; and (2) awarding TDM its attorneys' fees related to the instant motion pursuant to RCFC 37(a)(4)(A).

## III. **Conclusion**

Based upon the foregoing, TDM respectfully requests that the Court issue an order granting the relief requested herein.

Respectfully submitted,

DAVIDOFF MALITO & HUTCHER LLP
*Attorneys for Plaintiff*

Dated: January 24, 2008

s/David W. Denenberg
David W. Denenberg
Michael A. Adler
605 Third Avenue – 34 Floor
New York, NY 10158
Tel: (212) 557-7200
Fax: (212) 286-1884