Exhibit 5

# In the United States Court of Federal Claims

No. 06-472C

(Filed: June 15, 2007)

| | |
|---|---|
| ****************************************** | * |
| | * |
| TDM AMERICA, LLC, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant, | * |
| | * |
| and | * |
| | * |
| DONJON MARINE COMPANY, INC., | * |
| Third-Party Defendant. | * |
| | * |
| ****************************************** | * |

ORDER

The parties filed a joint status report on June 12, 2007 requesting an extension until August 27, 2007 to complete depositions. For good cause shown, this request is GRANTED.

The joint status report refers to a number of other potential discovery agreements where the expected level of cooperation among counsel has been lacking. The parties are encouraged to resolve discovery disputes among themselves, as much as possible. Any discovery disputes that cannot be resolved after the pursuit of reasonable efforts should be the subject of an appropriate motion filed with the Court.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge

Exhibit 6

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| TDM America, LLC, | ) | |
| Plaintiff, | ) | Civil Action No. 06-472 C |
| v. | ) | Judge Thomas C. Wheeler |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |
| and | ) | |
| Donjon Marine Company, Inc. | ) | |
| Interested Party | ) | |

**PLAINTIFF'S SECOND SET OF INTERROGATORIES (NOS. 15-16) TO DEFENDANT PURSUANT TO RULE 33 OF THE RULES OF THE UNITED STATES COURT OF FEDERAL CLAIMS**

Pursuant to Rule 33 of the Rules of the United States Court of Federal Claims, plaintiff TDM America, LLC ("TDM" or "plaintiff") propounds the following interrogatories on defendant The United States of America ("US" or "defendant") to be answered in writing and under oath, within thirty (30) days of the date of service hereof, with such answers being provided to plaintiff's attorneys at the offices of Davidoff Malito & Hutcher LLP, 605 Third Avenue, 34th Floor, New York, NY 10158. The interrogatories are deemed continuing in nature and must be timely supplemented pursuant to Rule 26(e) of the Rules of the United States Court of Federal Claims.

## DEFINITIONS AND INSTRUCTIONS

The definitions and instructions from TDM's first set of interrogatories are adopted and shall apply to this second set of interrogatories as though fully incorporated herein. However, the term "dredging activities" shall mean dredging and dredged materials that were treated, processed, stabilized, retained, staged, handled, cured, remediated, fixated, reused, solidified and/or disposed. Likewise, the term "treatment" or "treated" should include processing, stabilization, retention, staging, handling, curing, reuse, remediation, fixation, solidification and/or disposal.

## INTERROGATORIES

**INTERROGATORY NO. 15**

The total volume of, and total amounts paid by the US for, dredging activities and treatment of dredged material on behalf of the US since 1997. This information should be provided for the entire United States, each United States Army Corps of Engineers civil engineer division and/or civil engineer district.

**RESPONSE TO INTERROGATORY NO. 15**

**INTERROGATORY NO. 16**

The total volume of, and total amounts paid by the US for, treated dredged material disposed upland or beneficially reused in the United States. This information should be provided for the entire United States.

**RESPONSE TO INTERROGATORY NO. 16**

Respectfully submitted,

DAVIDOFF MALITO & HUTCHER LLP
*Attorneys for Plaintiff*

Dated: February 13, 2007

David W. Denenberg
Michael A. Adler
605 Third Avenue – 34 Fl
New York, NY 10158
Tel: (212) 557-7200
Fax: (212) 286-1884

**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2007, I served a true and accurate copy of PLAINTIFF'S SECOND SET OF INTERROGATORIES (NOS. 15-16) TO DEFENDANT PURSUANT TO RULE 33 OF THE RULES OF THE UNITED STATES COURT OF FEDERAL CLAIMS on counsel for the United States by overnight courier, postage prepaid, in an envelope addressed to:

Erica A. Franklin
US Department of Justice
Civil Division
1100 L Street, NW
Suite 1100
Washington, DC 20001

and on counsel for Donjon Marine Company, Inc. by Federal Express at the following address:

Gary J. Campbell
McCarter & English LLP
225 Franklin Street
Boston, MA 02110

________________________

Michael A. Adler

**Exhibit 7**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| TDM AMERICA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant,<br><br>and<br><br>DONJON MARINE COMPANY, INC.,<br><br>Third-Party Defendant. | No. 06-472 C<br><br>Judge Thomas C. Wheeler |

**DEFENDANT UNITED STATES' RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES (NOS. 15-16)**

Pursuant to Rule 33 of the Rules of the Court of Federal Claims ("RCFC"), defendant United States ("the Government') hereby responds to plaintiff TDM America, LLC's ("TDM") second set of interrogatories (Nos. 15-16), served on the United States on February 13, 2007. The following responses are based upon present information and belief. The Government reserves the right to amend and supplement these responses if it learns of new information relevant hereto, through discovery or otherwise.

**GENERAL OBJECTIONS**

Each response set forth below is subject to the general objections set forth in this section. Where a specific interrogatory is objectionable on one or more grounds, the Government may explicitly state or restate an objection in its response to the interrogatory. Such specific

objections are not intended to waive any of the following general objections, which apply to each interrogatory.

The Government hereby makes the following General Objections to TDM's interrogatories:

1. The Government objects to TDM's interrogatories to the extent that the information requested is protected by the following privileges, exemptions, and restrictions:

(a) the attorney-client privilege;

(b) the attorney work product doctrine;

(c) the community of interest privilege;

(d) the deliberative process privilege;

(e) the "FOR OFFICIAL USE ONLY" (FOUO) restriction;

(f) the Trade Secrets Act, 18 U.S.C. § 1905, or documents containing proprietary or other commercial information provided to the Government on a pledge of secrecy and confidentiality.

With respect to responses which contain information proprietary to the Government, or another third party, or information subject to the "FOR OFFICIAL USE ONLY," or Privacy Act restrictions, such responses will be subject to a protective order which is stipulated to by the parties and is entered by the Court.

2. The Government objects to each and every Instruction and Definition in TDM's interrogatories to the extent that they exceed the permissible scope of discovery under the RCFC and/or seek to impose upon defendant duties and responsibilities beyond those required by those Rules.

3. The Government objects to TDM's interrogatories to the extent that they seek legal conclusions or opinions, the mental impressions of Government counsel and the Government's legal theories. RCFC 26(b)(3).

4. The Government objects to the indefinite time period governing some of the interrogatories because it renders such interrogatory overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence in this action. The Government generally limits its answers relating to its processing of dredged material by contractors of the United States Army Corps of Engineers to the period beginning six years before the filing of the complaint in this action.

5. The Government objects to TDM's interrogatories to the extent that they are premature. Further, the Government's responses are based upon information that is known or reasonably believed by the Government at the time of its responses to these interrogatories. It is anticipated that further discovery, independent investigation, and analysis may supply additional facts, give new meaning to known facts, or entail new factual conclusions. The Government therefore reserves the right to amend and/or supplement these responses if it learns of new information relevant hereto, through discovery or otherwise.

6. The Government reserves the right to challenge the relevance, materiality, and admissibility at trial, or in any subsequent proceeding, of this or any other action, of any of the information it provides in response to these interrogatories.

7. The Government objects to TDM's interrogatories to the extent that they seek information relating to allegations of willful infringement because the intent of the Government and its contractors is irrelevant in an action brought under 28 U.S.C. § 1498 in the United States

Court of Federal Claims. Likewise, the existence or lack of opinions and/or advice of counsel is irrelevant to any issue in this litigation.

8. The Government objects to TDM's interrogatories to the extent that they seek information or documents that are generated or created by or for the use of counsel after the filing of TDM's Complaint.

9. The Government objects that TDM's definition and use of the term "defendant" and "US" incorporated into TDM's Interrogatories to the United States is overly broad to the extent that it purports to include the Legislative Branch and the Judicial Branch, and every agency of the Executive Branch of the federal government as the defendant in this litigation. Plaintiff's definition is overly broad and unduly burdensome in that requiring Government counsel to request information from every government entity would be cumbersome and would require a substantial amount of time. Further, under RCFC 11, plaintiff bears the burden of comparing the accused item or process with the construed patent claims, and making a good faith assertion of infringement as to each accused item or process. *See Antonious v. Spaulding & Evenflo Cos.*, 275 F.3d 1066, 1072-73 (Fed. Cir. 2002). Plaintiff's Complaint contains averments only as to the activities of the United States Army Corps of Engineers ("USACE") and only to activity involving harbor dredging materials. Thus, the USACE is the only federal entity accused of infringement as a defendant in this litigation. The Government therefore limits its responses to interrogatories referencing the terms "defendant" and "US" as such terms relate to the USACE and to those activities reasonably related to remediation and processing of harbor dredging materials.

10. The Government objects that TDM's definition and use of the term "contractor" incorporated into TDM's Interrogatories to the United States is overly broad to the extent that it purports to include any contractors and/or subcontractors without limitation. Plaintiff's Complaint contains averments only as to any contractors or subcontractors of the USACE relating to the subject of the patents-in-suit, i.e., remediation and processing of dredged materials. For the reasons stated in the foregoing paragraph, the Government limits its responses to these interrogatories by limiting the term "contractor" to contractors awarded contracts by the USACE for dredging activities and the subcontractors selected by those contractors to conduct remediation and processing of harbor dredging materials.

11. The Government objects to TDM's interrogatories to the extent that they call for the production of expert opinions prior to the time called for under Rule 26(a)(2) and the Court's scheduling order.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to and without waiving its general objections, the Government hereby objects and responds to each interrogatory of TDM. Furthermore, this document is designated PROPRIETARY INFORMATION under the protective order because of the confidential nature of the information disclosed herein.

**INTERROGATORY NO. 15**

The total volume of, and total amounts paid by the US for, dredging activities and treatment of dredged material on behalf of the US since 1997. The information should be provided for the entire United States, each United States Army Corps of Engineers civil engineer division and/or civil engineer district.

**RESPONSE TO INTERROGATORY NO. 15**

The Government objects to this interrogatory as overly broad and unduly burdensome to the extent that it seeks information irrelevant to a claim or defense of any party, or to the subject matter of this litigation and not likely to lead to the discovery of admissible evidence. The Government further objects to this interrogatory on the grounds that the phrase "since 1997" is overly broad. TDM has a cause of action for reasonable and entire compensation, if at all, going back only six years from the filing of its Complaint pursuant to 35 U.S.C. § 286. Additionally, the Government objects to this interrogatory on the ground that the phrase "dredging activity" is overly broad. The patents-in-suit generally relate to the treatment and processing of dredged and waste materials and do not claim methods for dredging itself. Similarly, the Government objects to this interrogatory on the grounds that the phrase "the entire United States, each United States Army Corps of Engineers civil engineer division and/or civil engineer district" is overly broad. The Government has identified the USACE districts that have contracts involving processing of dredged material and the Government has provided these contracts to Plaintiff. Information relating to amounts paid for dredging activities in USACE districts that do not have contracts involving processing dredged material is irrelevant to this litigation. The Government also objects to this interrogatory on the grounds that the phrase "total volume of" is undefined in the first sentence of the interrogatory and therefore does not make sense. Accordingly, the Government limits its response to information relating to USACE districts having contracts that include processing dredged material. The Government further limits its response to the total amounts paid to contractors for dredging and disposal of processed dredged material, and the total volume of dredged material processed for disposal upland or for reuse since 2000.

Subject to these specific objections and the General Objections, the Government responds that the total amounts paid to contractors for dredging and disposal of processed dredged material and the total volume of dredged material processed for disposal upland or for reuse since 2000 may be derived or ascertained from the business records of the USACE. The Government is in the process of producing these business records to Plaintiff. The Government has collected the available records containing this information and produces them with this interrogatory response as Attachment B.

**INTERROGATORY NO. 16**

The total volume of, and total amounts paid by the US for, treated dredged material disposed upland or beneficially reused in the United States. This information should be provided for the entire United States.

**RESPONSE TO INTERROGATORY NO. 16**

The Government objects to this interrogatory as overly broad and unduly burdensome to the extent that it seeks information irrelevant to a claim or defense of any party, or to the subject matter of this litigation and not likely to lead to the discovery of admissible evidence. The Government further objects to this interrogatory on the grounds that it vague because it does not include a time frame. In some instances, the total amounts paid for disposal of processed dredged material and the total volume of dredged material processed and disposed is not identified separately in USACE documents and may require expert testimony to determine what portion of the lump sum payment is attributable to processing and disposal. Therefore, the Government also objects to this interrogatory to the extent that it calls for the production of expert opinions prior to the time established under Rule 26(a)(2) and the Court's scheduling

order. Accordingly, the Government limits its response to information relating to the year 2000 to present that it has in its possession.

Subject to these specific objections and the General Objections, the Government responds that the USACE has not paid for "treated dredged material disposed upland or beneficially reused in the United States." Rather, the USACE has paid for disposal of dredged material which sometimes required treatment/processing for disposal upland or for beneficial reuse. The Government further responds that the total amounts paid to contractors for disposal of processed dredged material and the total volume of dredged material processed for disposal upland or for reuse since 2000 may be derived or ascertained from the business records of the USACE. The Government is in the process of producing these business records to Plaintiff. The Government has collected the available records containing this information and produces them with this interrogatory response as Attachment B.

DATED: March 23, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

Erica A. Franklin
ERICA A. FRANKLIN
Attorney
Commercial Litigation Branch
Department of Justice
Washington, D.C. 20530
Telephone: (202) 353-0517
Facsimile: (202) 307-0345

## SIGNATURE AND OATH AS TO ANSWERS

The foregoing responses are based upon such information as is presently available to the United States Army Corps of Engineers and was derived from sources available to me in the course of my duties and that I deem to be reliable. Upon information and belief, I declare under penalty of perjury that these responses are true and accurate.

Daniel Inkelas
Assistant Counsel for Litigation
Office of the Chief Counsel
United States Army Corps of Engineers
441 G Street, NW
Washington, DC 20314

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23d day of March 2007, a copy of the foregoing DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES (NOS. 15-16) was sent to the following counsel of record, via electronic mail and Federal Express:

David W. Denenberg
Michael A. Adler
DAVIDOFF MALITO & HUTCHER LLP
605 Third Avenue - 34 Fl
New York, New York 10158
maa@dmlegal.com

Counsel for Plaintiff TDM America, LLC

Gary J. Campbell, Esq.
McCarter & English, LLP
265 Franklin Street
Boston, Massachusetts 02110
gcampbell@mccarter.com

Counsel for Donjon Marine Company, LLC

Erica A. Franklin
ERICA A. FRANKLIN