Exhibit 14

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TDM America, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-472 C |
| | ) | |
| v. | ) | Judge Thomas C. Wheeler |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT PURSUANT TO RULE 33 OF THE RULES OF THE UNITED STATES COURT OF FEDERAL CLAIMS**

Pursuant to Rule 33 of the Rules of the United States Court of Federal Claims, plaintiff TDM America, LLC ("TDM" or "plaintiff") propounds the following interrogatories on defendant The United States of America ("US" or "defendant") to be answered in writing and under oath, within thirty (30) days of the date of service hereof, with such answers being provided to plaintiff's attorneys at the offices of Davidoff Malito & Hutcher LLP, 605 Third Avenue, 34th Floor, New York, NY 10157. The interrogatories are deemed continuing in nature and must be timely supplemented pursuant to Rule 26(e) of the Rules of the United States Court of Federal Claims.

**DEFINITIONS**

A. In addition to any standard definition, the terms "plaintiff" or "TDM" shall mean TDM America, LLC and (i) all its present and former directors, officers, members, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest and any parent, subsidiary or affiliated entities that

are/were in existence during the applicable period of time covered by these requests; (ii) any other person or entity acting on its behalf or on whose behalf it acted; and (iii) any other person or entity otherwise subject to its control or which controls it, or with which it is under common control.

B. The terms "defendant" or "US" shall refer to the executive, legislative and/or judicial branches of the federal government of the United States of America, including the Department of the Army, the United States Army Corps of Engineers ("US Army Corps of Engineers"), and any other federal department, agency, commission, bureau and/or office.

C. The term "contractor" shall mean any contractors and/or subcontractors.

D. The term "dredging activities" shall mean, in addition to dredging, the treatment, processing, stabilization, retention, staging, handling, curing, reuse, remediation, fixation, solidification and/or disposal of dredged materials.

E. The term "patent-in-suit" or "patents-in-suit" shall mean any one and/or combination of United States patent numbers 6,293,731 B1 (the " '731 patent") and 5,542,614 (the "'614 patent"), whichever is broader in context.

F. The term "document" shall mean its customary broad sense and includes, without limitation, the following items, whether printed, electronic, magnetic, taped, or reproduced by any process including audio and video, or written or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, namely; notes, letters, correspondence, communications, telegrams, memoranda, summaries of records of telephone conversations, summaries of records of personal conversations, diaries, reports, laboratory and research reports and notebooks, charts,

plans, drawings, graphs, photographs, phonorecords, DVD's, CD's video tapes, minutes or records of meetings, including directors' meetings, reports and/or summaries of interviews, reports and/or investigations, opinions or reports of consultants, reports of intellectual property searches, agreements, reports of summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of documents, known to or in possession or control of defendant.

G. The term "things" as used herein is any tangible object other than a document and includes objects of every kind and nature including, but not limited to prototypes, models, specimens, and the like.

H. To the extent that a term of a request may be interpreted in a broad sense or in a narrow sense, the term or request shall be interpreted in its broadest sense.

I. "Complaint" means the complaint filed in this action.

J. "Answer" means the answer filed in this action.

K. "Any" or "each" should be understood to include and encompass "all"; "or" should be understood to and encompass "and"; and "and" should be understood to include and encompass "or".

L. "Person" or "persons" means, unless otherwise specified, any individual, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature and type.

M. "Communication" or "communications" means, unless otherwise specified, any of the following (a) any letter, memorandum, or other document; (b) any telephone call between two or more persons; (c) any conversation or meeting between

two or more persons; and (d) any electronic and/or taped transmission including emails, audio and video tapes, CD's, DVD's and the like.

N. The term "date" means the exact date, month and year, if ascertainable, or if not, the best approximation (including relationship to other events).

O. For all purposes herein, spelling, syntax, abbreviations, idioms and proper nouns shall be construed and interpreted to give proper meaning and consistency to the context of each request.

## INSTRUCTIONS

1. Where an interrogatory or document request seeks identification, listing or description of an act, event, fact, or instance, the following information as to each such act, event, fact or instance, shall be included wherever applicable:

A. Date;

B. Place;

C. Identification of each person present and the name of the organization that each represented or with which each was connected;

D. The identity of the person or persons involved in or performing such act, event, fact or instance (or, in the case of an omission, the identity of the person or persons failing to act);

E. When the act, event, fact or instance first became known to plaintiff;

F. The circumstances and manner in which defendant first obtained such knowledge;

G. Type of document;

H. General subject matter; and

I. Date of the document and its author(s), addressee(s) and recipient(s).

2. No part of any interrogatory shall be left unanswered merely because an objection has been interposed to another part of the interrogatory.

3. Where an objection is made to any interrogatory or part hereof under Rule 33 of The Rules of The United States Court of Federal Claims, the objection shall state with specificity all grounds therefor.

4. Where an interrogatory is objected to as unduly burdensome, defendant shall (i) indicate the nature of the burden involved in providing the response requested; and (ii) set forth a proposal as to a less burden-incurring response that would provide responsive information.

5. Where a claim of privilege is asserted in responding or objecting to any discovery requested herein and information is not provided on the basis of such assertion, identify the nature of the privilege (including work product) which is being claimed. When any privilege is claimed, defendant shall indicate as to the information requested, whether (a) any documents exist, or (b) any oral communications took place.

# INTERROGATORIES

## INTERROGATORY NO. 1

State when and how the US first learned of the patents-in-suit including identifying the persons, dates and documents involved.

## RESPONSE TO INTERROGATORY NO. 1

## INTERROGATORY NO. 2

Separately, for each claim of the patents-in-suit, state with particularity the factual basis for the US' contention that it has not infringed any claims of the patents-in-suit.

## RESPONSE TO INTERROGATORY NO. 2

## INTERROGATORY NO. 3

Separately, for each of the patents-in-suit, state with particularity the factual basis for the US' contention that the patents-in-suit are invalid.

## RESPONSE TO INTERROGATORY NO. 3

**INTERROGATORY NO. 4**

Separately, for each of the patents-in-suit, state whether the US is contending that one or more claims of the patents-in-suit are unenforceable and, if so, identify each such claim and state with particularity the factual basis therefor.

**RESPONSE TO INTERROGATORY NO. 4**

**INTERROGATORY NO. 5**

Identify all persons with any relevant knowledge of the matters alleged in the answer.

**RESPONSE TO INTERROGATORY NO. 5**

**INTERROGATORY NO. 6**

State with particularity all grounds in support of each denial made in the answer to this action.

**RESPONSE TO INTERROGATORY NO. 6**

**INTERROGATORY NO. 7**

Separately, for each of the patents-in-suit, identify all prior art to the patents-in-suit.

**RESPONSE TO INTERROGATORY NO. 7**

**INTERROGATORY NO. 8**

Identify all opinions, reports and evaluations concerning the patents-in-suit.

**RESPONSE TO INTERROGATORY NO. 8**

**INTERROGATORY NO. 9**

Identify the US' proposed construction for each claim of the patents-in-suit and all intrinsic and extrinsic evidence supporting that construction.

**RESPONSE TO INTERROGATORY NO. 9**

**INTERROGATORY NO. 10**

Identify each and every specific contract, and identify each and every contractor retained by the US for dredging activities at any port, harbor and/or waterway since 1997 to the present and for each such contract specify all contract information and processing information relevant to those contracts and the dredging activities, including specifically the treatment, processing, stabilization, retention, staging, handling, curing, reuse, remediation, solidification and/or disposal of the dredged materials.

**RESPONSE TO INTERROGATORY NO. 10**

**INTERROGATORY NO. 11**

Identify all processes and methods utilized by each of the respective contractors identified in the response to Interrogatory No. 10, and all documents, specifications, data, and other writings that describe and set forth the methods, processes and/or manner utilized for the dredging activities.

**RESPONSE TO INTERROGATORY NO. 11**

**INTERROGATORY NO. 12**

For each contract that the US was or is a party to since 1997 for any dredging activity at any port, harbor and/or waterway, complete the chart below either confirming that the contractor is performing the referenced element of the patent claim for the '731 patent or describe the manner in which the particular dredging activity and/or processing activity is performed and how the activity differs from the referenced one.

## RESPONSE TO INTERROGATORY NO. 12

| Contractor: | | Contract No. . |
|---|---|---|
| US Patent 6,293,731 (The '731 Patent) Claim 1 | If contractor performs activities under the referenced contract, insert "YES" | If contractor performs different activity, explain what the activity is and how it is different |
| A method for producing a structural fill material comprising the steps of: | | |
| obtaining a dredged material; | | |
| depositing the dredged material into a containment receptacle; | | |
| removing free water from the dredged material and the containment receptacle; | | |
| creating an additive slurry in a mixing container; | | |
| pumping the additive slurry from the mixing container to a mixing assembly disposed within the containment receptacle; | | |
| mixing the additive slurry into the dredged material to form a substantially homogenous mixture; and, | | |
| curing the substantially homogenous mixture in the containment receptacle, thereby producing a structural fill material and reducing particulate emissions. | | |

## INTERROGATORY NO. 13

For each contract that the US was or is a party to since 1997 for any dredging activity at any port, harbor and/or waterway, complete the chart below either confirming that the contractor is performing the referenced element of the patent claim for the '614 patent or describe the manner in which the particular dredging activity and/or processing activity is performed and how the activity differs from the referenced one.

**RESPONSE TO INTERROGATORY NO. 13**

| Contractor: ______ | Contract No. ______. | |
|---|---|---|
| **US Patent 5,542,614 (The '614 Patent) Claim 1** | **If contractor performs activities under the referenced contract, insert "YES"** | **If contractor performs different activity, explain what the activity is and how it is different** |
| A method for processing waste material comprising the steps of: | | |
| receiving said waste material in a vibrating screen box; | | |
| vibrating said vibrating screen box to separate lumps of said waste material that are larger than a predetermined size thereby removing lumps of said waste material of a size greater than said predetermined size from said waste material; | | |
| discharging said waste material of a size less than said predetermined size into a homogenizer; | | |
| receiving said waste material into said homogenizer; | | |
| homogenizing said waste material in said homogenizer; | | |
| dropping said waste material into a mixer after homogenizing, said mixer located below said homogenizer; | | |
| accumulating a batch of waste material in said mixer; | | |

| Contractor: | | Contract No. |
|---|---|---|
| US Patent 5,542,614 (The '614 Patent) Claim 1 | If contractor performs activities under the referenced contract, insert "YES" | If contractor performs different activity, explain what the activity is and how it is different |
| weighing said batch of waste material to determine an amount of additive to be added to said waste material; | | |
| mixing said waste material with said additive in said mixer to form a mixture; and | | |
| dropping said mixture from said mixer to a processing terminus located below said mixer. | | |

**INTERROGATORY NO. 14**

State the amount, in percentage and dollar terms, that the US believes is a reasonable royalty for each of the patents-in-suit, explain the basis therefor and identify the documents relied upon to support that basis.

**RESPONSE TO INTERROGATORY NO. 14**

Respectfully submitted,

DAVIDOFF MALITO & HUTCHER LLP
*Attorneys for Plaintiff*

Dated: November 6, 2006

David W. Denenberg
Michael A. Adler
605 Third Avenue – 34 Fl
New York, NY 10158
Tel: (212) 557-7200
Fax: (212) 286-1884

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2006, I served a true and accurate copy of PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT PURSUANT TO RULE 33 OF THE RULES OF THE UNITED STATES COURT OF FEDERAL CLAIMS on counsel for the United States by electronic mail at the following address:

Erica A. Franklin
Erica.franklin@usdoj.gov

and via overnight courier, postage prepaid, in an envelope addressed to:

Erica A. Franklin
US Department of Justice
Civil Division
1100 L Street, NW
Suite 1100
Washington, DC 20001

and

Erica A. Franklin
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530

Michael A. Adler