**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| TDM AMERICA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant,<br><br>and<br><br>DONJON MARINE COMPANY, INC.,<br><br>Third-Party Defendant. | No. 06-472 C<br><br>Judge Thomas C. Wheeler |

**DEFENDANT'S OPPOSITION TO TDM AMERICA LLC'S MOTION FOR AN ORDER DISMISSING THE UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO RCFC 56(f) AND TO RENEW ITS PREVIOUSLY-FILED MOTION FOR SANCTIONS PURSUANT TO RCFC 37 AGAINST THE UNITED STATES**

**TABLE OF CONTENTS**


Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

List of Exhibits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I. STATEMENT OF MATERIAL FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A. January 16, 2008 Phone Conversation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

B. January 22, 2008 Production . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

C. January 24, 2008 Production . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

D. January 28 Production . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

E. TDM's Motion for an Extension of Time . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

F. February 6 Production . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

II. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

A. TDM Improperly Requests That This Court Preclude the Government From Challenging Subject Matter Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

B. The Court Should Dismiss TDM's Motion as Moot. . . . . . . . . . . . . . . . . . . . . . . 10

C. Sanctions Against the Government are Unwarranted. . . . . . . . . . . . . . . . . . . . . . . 11

1. The Government did not Violate the Court's Order. . . . . . . . . . . . . . . . . . 12

2. The Government Demonstrated no Bad Faith or Misconduct. . . . . . . . . 13

3. TDM's Requested Relief is Unjust and Unrelated to Paragraph 6 of the Order. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

4. TDM's Request for Expenses under RCFC 37(a)(4)(A) is Unfounded. . 16

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## TABLE OF AUTHORITIES

### CASES

*Former Emples. of Quality Fabricating, Inc. v. United States Secy. of Labor*,
448 F.3d 1351 (Fed. Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Hendler v. United States*,
952 F.2d 1364 (Fed. Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13, 14

*John R. Sand & Gravel Co. v. United States*,
552 U.S. ___, 128 S. Ct. 750 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9

*Madey v. Duke Univ.*,
307 F.3d 1351 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Morris v. United States*,
37 Fed. Cl. 207 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 15

*Precision Pine & Timber v. United States*,
Case No. 98-720C, 2001 U.S. Claims LEXIS 181 (Fed. Cl. March 6, 2001) . . 11, 12, 13

*Rothe Dev. Corp. v. DOD*,
413 F.3d 1327 (Fed. Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Steel Co. v. Citizens for a Better Environment*,
523 U.S. 83 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*TDM America v. United States*,
Case No. 06-472C (Fed. Cl. Feb. 04, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11

*United Med. Supply Co. v. United States*,
77 Fed. Cl. 257 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*West v. Gibson*,
527 U.S. 212 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## STATUTES

28 U.S.C. 1498(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8

## OTHER AUTHORITIES

RCFC 37 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

RCFC 37(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

RCFC 37(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

RCFC 37(a)(4)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 16, 17

RCFC 56(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

# LIST OF EXHIBITS


| | | Page |
|---|---|---|
| Exhibit 1 | Letter from Walter W. Brown dated January 22, 2008 | A1 |
| Exhibit 2 | Revised Attachment 2 | A3 |
| Exhibit 3 | Letter from Walter W. Brown dated January 24, 2008 | A5 |
| Exhibit 4 | Letter from Erica A. Franklin dated November 22, 2006 | A7 |
| Exhibit 5 | Letter from Gary L. Hausken dated December 22, 2006 | A9 |
| Exhibit 6 | E-mail from Walter W. Brown dated January 24, 2008 | A11 |
| Exhibit 7 | ECF Notice dated January 24, 2008 | A13 |
| Exhibit 8 | Letter from Walter W. Brown dated January 28, 2008 | A15 |
| Exhibit 9 | Second Revised Attachment 2 | A18 |
| Exhibit 10 | Letter from Joshua B. Brady dated February 6, 2008 | A20 |
| Exhibit 11 | Revised Attachment 1 | A23 |
| Exhibit 12 | Declaration of Walter W. Brown | A51 |
| Exhibit 13 | Letter from David W. Denenberg dated February 8, 2008 | A54 |
| Exhibit 14 | Section 800 index for DACW51-01-B-0003 | A57 |
| Exhibit 15 | Excerpts of Section 800 for DACW51-02-B-0006 | A60 |
| Exhibit 16 | E-mail from Myrlande Lee dated September 18, 2002 | A68 |

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| TDM AMERICA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant,<br><br>and<br><br>DONJON MARINE COMPANY, INC.,<br><br>Third-Party Defendant. | No. 06-472 C<br><br>Judge Thomas C. Wheeler |

**DEFENDANT'S OPPOSITION TO TDM AMERICA LLC'S MOTION FOR AN ORDER DISMISSING THE UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO RCFC 56(f) AND TO RENEW ITS PREVIOUSLY-FILED MOTION FOR SANCTIONS PURSUANTTO RCFC 37 AGAINST THE UNITED STATES**

The United States of America (the government) opposes Plaintiff TDM America LLC's (TDM's) Motion for an Order Dismissing the United States' Motion for Partial Summary Judgment Pursuant to RCFC 56(f) and to Renew Its Previously-Filed Motion for Sanctions Pursuant to RCFC 37 (TDM's motion), which seeks sanctions and other relief for a variety of discovery disputes.

**SUMMARY OF ARGUMENT**

This Court should deny TDM's motion for a multitude of reasons. First, TDM bears the burden of proving authorization and consent in order to establish subject matter jurisdiction over

its claims pursuant to section 1498(a). In seeking a sanction that would relieve it of that burden, TDM seeks relief that would effectuate an unlawful waiver of sovereign immunity. Dismissing the government's motion for partial summary judgment, and establishing, as fact, that the government authorized or consented to the contractors' methods of processing dredged material prevents the government from challenging the Court's jurisdiction under 28 U.S.C. § 1498(a), and hence whether the government waived sovereign immunity under the contracts-at-issue. Only Congress can waive the sovereign immunity of the government; sovereign immunity cannot be waived by the judicial branch of the government. Moreover, the Court has an independent duty to assure that jurisdiction exists. *John R. Sand & Gravel Co. v. United States*, 552 U.S. ___, 128 S. Ct. 750 (2008).

Second, all of the issues TDM raises are moot. While not every document responsive to paragraph 6 of the Court's Order was produced and identified by January 15, 2008, the government has now identified Bates numbers corresponding to all of the documents pursuant to paragraph 6 of the Court's Discovery Order, and has repeatedly assured TDM that the government would not oppose a motion for a reasonable enlargement of time. More importantly, this Court has already granted TDM's unopposed motion for an enlargement of time.[1]

Third, sanctions are unwarranted. The government did not violate the Court's Order, as it timely identified the Bates numbers for all of the requested documents produced as of January 15, 2008, except for three documents that it had not yet located. The government identified

---

[1] Government counsel urged TDM to withdraw the motion as unreasonable and moot, particularly in light of the government's willingness not to oppose a reasonable enlargement of time. Defendant's Exhibit ("Def's Ex.") 10. By letter dated February 8, TDM refused to withdraw the instant motion, stating that "the failure to comply with the Discovery Order, and the documents identified to date, shows that withdrawal of the US' motion for partial summary judgment is reasonable and proper." Def's Ex. 13 at A56.

these documents as soon as it located them, as well as other documents that had not yet been produced. As seen by the government's good faith efforts to locate, produce and identify the "missing parts," as well as its repeated assurances to TDM that the government would not oppose a reasonable enlargement of time, there is a complete lack of bad faith or misconduct by the government. Further, TDM's requested relief is unjust and unrelated to the particular claim that the Court's Order addresses.

## I. <u>STATEMENT OF MATERIAL FACTS</u>

The Court held a hearing on December 13, 2007, to discuss certain discovery issues. During the hearing, TDM asserted that it is unable to discern what documents correspond to the "entire contract." TDM's Ex. A (Docket No. 110-2) at 43 ll. 16–19. The Court stated that it would be reasonable for the government to "identify what [it] says are the documents comprising each contract, including submittals," for the contracts at issue in its motion for partial summary judgment. TDM's Ex. A at 44 ll. 8–11.

Subsequently, the Court issued a Discovery Order on December 17, 2007 ("Order"). Paragraph 6 of the Order states:

> In accordance with Rule 56(f), the Court grants Plaintiff's request for limited discovery before it must respond to Defendant's November 8, 2007 motion for partial summary judgment. Plaintiff has requested Defendant to *identify the documents by Bates numbers that comprise the 18 contracts placed at issue in Defendant's motion, as well as any amendments to the contracts, and any contractor submittals for each contract relating to treatment methods or quantities of dredged or treated materials*. Defendant shall provide this information to Plaintiff on or before January 15, 2008. Plaintiff shall file its response to Defendant's motion for partial summary judgment on or before February 12, 2008. Further filings shall be in accordance with the Court's rules relating to motions for summary judgment.

Docket No. 106, ¶ 6 (emphasis added).

Consistent with its obligation under paragraph 6, the government diligently searched its document production to identify the responsive documents. As of January 15, 2008, the government's search indicated that about 253 relevant documents should exist, and successfully identified about 220 in the government's production. TDM's Ex. C (Docket No. 110-3), at 3–27.

Accordingly, government counsel sent a letter to TDM on January 15, 2008, with two attachments. TDM's Ex. C at 1–2. Attachment 1 is a 24-page compilation of lists of the responsive documents for each of the 18 contracts, with corresponding Bates numbers. *Id.* at 3–27. The government stated that it was unable to locate certain responsive documents, listed "not located" for these documents in Attachment 1, and provided Attachment 2 to specifically list what appeared to be "missing parts." *Id.* at 28. The letter clearly stated that the government "anticipate[d] that [it would] be producing these missing documents in the near future, to the extent that they exist in government files." *Id.* at 1. The government also stated that some of the 18 contracts did not require contractor submittals, and listed these documents as "not required" in Attachment 1. *Id.* at 1, 3–27.

From January 15 through February 6, the government continued to search for documents it listed as "not located." It identified three "missing parts" among the documents already produced, and located and produced the remaining "missing parts." *See* discussion *infra* n.7.

**A. January 16, 2008 Phone Conversation**

On January 16, 2008, Michael Adler, counsel for TDM called the government's lead attorney, Walter Brown, to announce that TDM would be filing a motion regarding the government's non-compliance with the Court's Order. Def's Ex. 12 at A52–53 (¶¶ 3–7); *see also* Adler Decl., at ¶¶ 4, 7 (Docket No. 110). Mr. Brown attempted to explain that some of the documents TDM requested apparently were not part of the government's previous productions, and that the government would have to locate, produce and identify these particular documents. *Id.* at 5; *see also* Adler Decl., at ¶ 6. When Mr. Adler pressed for a specific date, Mr. Brown explained that this process could take up to three weeks. Adler Decl., at ¶ 6. Mr. Adler demanded that the government seek an enlargement of time, but Mr. Brown suggested that the most reasonable course of action would be for TDM to seek an enlargement to respond to the government's motion for partial summary judgment after the government completed the process of locating, producing and identifying the missing parts. Def's Ex. 12, ¶ 5; *see also* Adler Decl., at ¶ 6. Mr. Brown unambiguously stated that the government would not oppose a motion for a reasonable enlargement of time, based on the time necessary for the government to complete this process. *Id.*; *accord* Adler Decl., at ¶ 6. Mr. Adler demanded that the government file a motion to enlarge, to which Mr. Brown responded that he believed TDM should file it, given that it was the party whose brief would be subject to the extended deadline. *Id.* at ¶ 6.

**B. January 22, 2008 Production**

On January 22, 2008, the government produced 207 pages pertaining to all but seven of the "missing parts," and a Revised Attachment 2. Def's Exs. 1, 2. This production included the bulk of the contract modifications that the government was unable to locate as of January 15, and

two solicitation and specification documents that it did not locate by January 15, 2008.[2] The government stated that it would "be producing the remaining documents listed in Revised Attachment 2 in the near future, to the extent that they exist in government files." *Id.*

**C. January 24, 2008 Production**

During a telephone call on January 22, 2008, TDM indicated that it had not received certain document ranges identified in Attachment 1. Adler Decl., at ¶¶ 8, 9. Shortly thereafter, the government promptly cured this deficiency by providing TDM with documents in the range of G01010 00001 – G01010 012860. Def's Ex. 3. As explained in the letter, present counsel was unaware that the parties had not been provided documents bearing these Bates numbers. *Id.* The government had, in fact, previously produced these documents as G000001 – G012860 on November 22, 2006 through December 22, 2006. Def's Exs. 4, 5. In an effort to assure TDM that the government was acting in good faith, government counsel also sent an e-mail to TDM attaching the cover letter for this document production. Def's Ex. 6. TDM filed the present motion later that day.[3]

---

[2] The Order did not require the government to identify Bates numbers for solicitation and specification documents. Docket No. 106, ¶ 6. Moreover, at the December 13, 2007 hearing, counsel for TDM did not request identification of the solicitation and specification documents. TDM's Ex. A, at 44 line 22 – 45 line 2. TDM's first request for the government to identify these documents appeared in TDM's supporting memorandum. *See* Docket No. 111, at 4 n. 4. The parties disagree about what documents comprise the "official contract," and at the same hearing, government counsel indicated that the record should be "crystal clear" as to the types of documents the government should identify. *Id.* at 47 line 25 – 48 line 9. The Court stated that the government should identify "contracts, submittals, amendments," *Id.* at 48 ll. 12–14, which was memorialized in the Order. Docket No. 106, ¶ 6.

[3] TDM filed the instant motion at 7:03pm, Def's Ex. 7, over one hour after government counsel sent this e-mail at 5:51pm. Def's Ex. 6.

**D. January 28 Production**

The government produced approximately 1500 pages of documents relating to the "missing parts" on January 28, 2008, and also provided TDM with a Second Revised Attachment 2. Def's Exs. 8, 9. This document production included six contractor submittals that the government had previously indicated it had "not located." Second Revised Attachment 2 only listed three entries, for documents that the government had yet to locate and produce. Def's Ex. 9. The letter stated that one solicitation, DACW51-02-B-0006, did not require the 70-day submission, which the government had originally included in Revised Attachment 2. *Id.* Also, the government repeated its assurance that it would continue its effort to locate and provide TDM with the remaining documents listed in Second Revised Attachment 2. *Id.*

**E. TDM's Motion for an Extension of Time**

TDM filed an unopposed motion for an extension of time to reply to the government's motion for partial summary judgment on January 31, 2008, seeking an additional 16 days before filing its response. Docket No. 114. The Court granted TDM's motion on February 4, 2008. *TDM America v. United States*, Case No. 06-472C (Fed. Cl. Feb. 04, 2008) (setting Feb. 28, 2008, as the deadline for TDM's response).

**F. February 6 Production**

On February 6, 2008, the government completed the process of locating, producing and identifying the "missing parts." Def's Exs. 10, 11. First, the government produced four documents, two that corroborated the government's contention that certain solicitations did not require submittals, and another that was a contract modification mistakenly omitted from Attachment 2. *Id.*

Second, the government provided TDM with Revised Attachment 1, a 26-page compilation of lists of the relevant documents for each of the 18 contracts, as well as the corresponding Bates numbers. Def's Ex. 11. These lists also included citations to the same documents which were previously produced by various contractors in discovery, as well as the Bates numbers for the solicitation and specification documents for each contract.[4]

Third, the government indicated that if TDM needed additional time to review the recently identified and produced documents, then the government would not oppose a "reasonable extension of time." Def's Ex. 10 at A22. Finally, the government requested that TDM withdraw its motion on the grounds that the government had complied with paragraph 6 of the Order, and would not oppose a reasonable extension of time. *Id.*

## II. ARGUMENT

### A. TDM Improperly Requests That This Court Preclude the Government From Challenging Subject Matter Jurisdiction.

TDM's requested relief — that the Court dismiss the government's motion for partial summary judgment — is untenable. Docket No. 109, ¶ 1. The government's motion asks this Court to dismiss TDM's claims relating to certain contracts for a lack of authorization or consent. Yet, authorization or consent is required to effectuate the waiver of sovereign immunity provided by 28 U.S.C. § 1498. *See* Docket No. 92. Indeed, it is a jurisdictional requirement, and TDM bears the burden of proving its existence. Dismissal with prejudice would bar the government from raising the issue of whether the Court has subject matter jurisdiction pursuant to § 1498, allowing the suit to proceed when there is no subject matter jurisdiction, and

[4] It is worth noting that the issue dates for eight of the contract modifications originally included in the "missing parts" list appear to post-date the government's last document production in 2007.

therefore, no waiver of sovereign immunity.

Section 1498 acts as a waiver of sovereign immunity and consent to liability by the United States. *E.g.*, *Madey v. Duke Univ.*, 307 F.3d 1351, 1359 (Fed. Cir. 2002) (citations omitted). Only Congress may waive sovereign immunity; the judicial branch may not. *Former Emples. of Quality Fabricating, Inc. v. United States Secy. of Labor*, 448 F.3d 1351, 1354 (Fed. Cir. 2006) ("Only an express statute suffices to waive the sovereign immunity of the United States.") (citing *West v. Gibson*, 527 U.S. 212, 217 (1999)). Subject matter jurisdiction is a threshold issue, and the limited nature of federal court jurisdiction requires a federal court to determine, at the outset, whether it has subject matter jurisdiction, rather than to defer such determination until trial. *See Steel Co.* v. *Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998) (noting that the "requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception") (internal quotation omitted). Concomitantly, the Court has an independent duty to assure that it has subject matter jurisdiction over a claim. *John R. Sand & Gravel Co. v. United States*, 552 U.S. ___, 128 S. Ct. 750 (2008).

Assuming, *arguendo*, that the government failed to fully comply with the Order, such noncompliance cannot result in a sanction of a waiver of sovereign immunity. *Cf. Former Emples of Quality Fabricating, Inc.*, 448 F.3d at 1354. Therefore, the Court should deny TDM's motion for sanctions.[5]

---

[5] The same logic applies to the facts that TDM wishes to establish in its motion. Docket No. 109, ¶ 2. *See* discussion *infra* Part II.C.3.

**B. The Court Should Dismiss TDM's Motion as Moot.**

TDM's motion is moot; the government has complied with paragraph 6 of the Order and agreed to a reasonable extension. Therefore, the issues TDM presents in its motion are no longer live. *Rothe Dev. Corp. v. DOD*, 413 F.3d 1327, 1331 (Fed. Cir. 2005) (holding that a claim must be dismissed as moot "when the issues presented are no longer live"). TDM complains that the government did not identify and/or produce all of the documents subject to paragraph 6 of the Order. Docket No. 111 at 4–5. However, on February 6, 2008, the government produced the last remaining portions of the unlocated documents and provided Revised Attachment 1. *See* Def's Exs. 10, 11. More importantly, the government repeatedly informed TDM that it would not oppose a reasonable enlargement of time for TDM to respond to the government's motion for partial summary judgment. *E.g.*, Adler Decl., at ¶ 6; Def's Ex. 10 at A22; Def's Ex. 12 at A53 (¶¶ 5, 8).

TDM's supporting memorandum makes several incorrect statements. TDM states that "the 'missing parts' to which the US refers, include the contractor submittals, and contract amendments and solicitations/specifications." Docket No. 111 at 4 (citing TDM's Ex. C at Attachment 2). The government, however, had located and identified 15 contractor submittals, listed 17 contractor submittals as "not located," and identified 4 contractor submittals as "not required" in the original Attachment 1.[6] *Id.* By February 6, 2008, the government identified a

---

[6] Certain solicitations did not include a submission requirement, whereas certain solicitations require submissions only if the contractor includes multiple disposal sites in its bid. *See, e.g.,* Def's Ex. 14 (Section 800 index for DACW51-01-B-0003 showing no subsection for submittals); Def's Ex. 15 (excerpts of section 800 for DACW51-02-B-0006); Def's Ex. 16 (e-mail acknowledging that 70-day submission for DACW51-02-B-0006 is not required because of prior government approval of primary disposal site).

total of 24 contractor submittals and listed 12 as "not required," providing the corroborating citations to the solicitation documents. Def's Ex. 11. Moreover, the government also identified the solicitation and specification documents, even though it was not required by the Order.

TDM also complains that it will not have sufficient time to respond to the government's motion for partial summary judgment. Docket No. 111 at 7. However, the government has repeatedly indicated that it will not oppose a reasonable extension to give TDM sufficient time to review the recently identified and produced documents. *E.g.*, Adler Decl., at ¶ 6; Def's Ex. 10 atA22; Def's Ex. 12 at A53 (¶¶ 5, 8). With the government's consent, TDM ultimately filed an unopposed motion for an enlargement of time, which the Court granted. *TDM America v.United States*, Case No. 06-472C (Fed. Cl. Feb. 04, 2008) (setting Feb. 28, 2008, as the deadline for TDM's response).

Given the government's complete response to paragraph 6, and its willingness to agree to a reasonable extension of time, TDM is no longer in jeopardy of suffering the harm it alleges in its motion. TDM's decision to file the instant motion is premature, particularly in light of the Court's encouragement to the parties to work out timing issues among themselves. *See, e.g.*, TDM's Ex. A, at 57 ll. 16–24 ("if any party thinks they need more time, they can say so.").

Therefore, TDM's motion is moot.

**C. Sanctions Against the Government are Unwarranted.**

"No Rule 37 sanction is appropriate when a litigant's failure is not the result of bad faith or misconduct." *Hendler v. United States*, 952 F.2d 1364, 1368 (Fed. Cir. 1991). The government's good faith compliance with the Order, and subsequent production and identification of documents, does not warrant sanctions. The government did not violate the

Order, and there is a complete absence of any bad faith or misconduct by the government. Further, TDM requests relief that is both unjust and unrelated to the particular claim to which the Order is addressed.

1. <u>The Government did not Violate the Court's Order.</u>

For the Court to impose sanctions under RCFC 37(b), the Court must first find a violation of an order. *See Precision Pine & Timber v. United States*, Case No. 98-720C, 2001 U.S. Claims LEXIS 181, at *26 (Fed. Cl. March 6, 2001). Having identified Bates numbers for all of the documents it had produced by January 15, 2008, with one exception, the government did not violate paragraph 6 of the Court's Order, and sanctions are unwarranted.[7]

Paragraph 6 required the government to "identify the documents by Bates numbers that comprise the 18 contracts placed at issue in the Defendant's motion, as well as any amendments to the contracts, and any contractor submittals for each contract relating to treatment methods or quantities of dredged or treated materials." Docket No. 106, ¶ 6. The government timely produced Attachment 1 on January 15, 2008. TDM's Ex. C. In Attachment 1, the government identified all main contracts, contract amendments, and solicitations bearing Bates numbers as of January 15, 2008, with the exception discussed *infra* n. 7. Because some of the responsive documents had apparently not been part of the government's previous document productions, the government was clearly unable to fully identify all of the documents responsive to paragraph 6 in its production as of January 15, 2008.

---

[7] There is one exception. After January 15, the government located the 3-day, revised 3-day, and 70-day submittals for DACW51-01-B-0024 in the government's already-existing production. The government subsequently identified these documents in Revised Attachment 1, produced to TDM on February 6, 2008. Def's Ex. 11 at 23.

Nonetheless, the government exercised reasonable diligence to locate, produce and identify these documents to TDM. Def's Exs. 1, 2, 8, 9, 10, 11. Further, the government repeatedly assured TDM that it would not oppose a motion for a reasonable enlargement of time. *E.g.*, Adler Decl., at ¶ 6; Def's Ex. 10 at A22; Def's Ex. 12 at A53 (¶¶ 5, 8).

Given that the government timely identified all of the responsive documents that had been produced by January 15, 2008, the government did not violate the Order. *See, e.g.*, *Precision Pine & Timber*, 2001 U.S. Claims LEXIS 181, at *26–29 (finding that the government did not, "strictly speaking," violate discovery orders). TDM's motion should therefore be denied.

2. <u>The Government Demonstrated no Bad Faith or Misconduct.</u>

Even if the government's submission of January 15, 2008, amounted to a failure to fully comply with the Order, sanctions are inappropriate due to the complete absence of any bad faith or misconduct. "No rule 37 sanction is appropriate when a litigant's failure is not the result of bad faith or misconduct." *Morris v. United States*, 37 Fed. Cl. 207, 213 (1997) (quoting *Hendler v. United States*, 952 F.2d 1364, 1368 (Fed. Cir. 1991)). The government identified the Bates numbers corresponding to the requested documents produced as of January 15, 2008, then promptly and in good faith located, produced, and identified the "missing parts." TDM's Ex. C; Def's Exs. 1, 2, 8, 9, 10, 11.

Upon recognizing the apparent absence of certain documents responsive to paragraph 6, the government promptly requested that the USACE locate the missing documents.[8] Counsel

---

[8] Note that the government subsequently determined that it had, in fact, already produced some of the "missing documents." *See* discussion *infra* n. 7. Moreover, as Revised Attachment 1 shows, other parties had produced several of the documents. Def's Ex. 11.

for the government produced these documents on a rolling basis, and repeatedly assured TDM that the government would not oppose a motion for a reasonable enlargement of time. *E.g.*, Adler Decl., at ¶ 6; Def's Ex. 10 at A22; Def's Ex. 12 at A53 (¶¶ 5, 8). Additionally, the government provided the Bates numbers for solicitation and specification documents for each of the 18 contracts, even though the Order did not require the inclusion of these documents. Docket No. 106, ¶ 6; Def's Ex. 11. Clearly, there is nothing about the government's actions that suggests bad faith or misconduct. On the contrary, the government acted reasonably and in good faith to provide TDM with a complete index of the documents TDM requested, and even those that it did not request during the hearing. This lack of bad faith is supported by the government's assurances that it would agree to a reasonable extension. Absent any hint of bad faith or misconduct, sanctions are inappropriate. *Hendler*, 952 F.2d at 1368.

3. TDM's Requested Relief is Unjust and Unrelated to Paragraph 6 of the Order.

Not only is TDM's motion for sanctions unjustified given the government's conduct, but its requests for relief are completely inappropriate. TDM completely fails to consider the two explicit limitations to the imposition of sanctions under RCFC 37(b)(2). "The rule expressly requires that the sanctions must be 'just'; and the sanction must relate to the particular claims to which the discovery order was addressed." *Precision Pine & Timber*, 2001 U.S. Claims LEXIS 181, at *25–26. TDM's requested relief fails on both counts.

TDM's motion seeks to dismiss the government's motion for partial summary judgment, establish certain facts, and award TDM its attorneys' fees pursuant to RCFC 37(a)(4)(A). Docket No. 109, ¶¶ 1–3. As discussed *supra* Part II. A, dismissing the government's motion constitutes an improper waiver of sovereign immunity. As such, this Court should deny this

requested relief. Likewise, the first fact TDM asks the Court to establish, that "[t]he US consented and authorized [sic] the methods used in the processing of dredged material for all contracts at issue in this case," Docket No. 109, at ¶ 2(i), should be denied for the same reason.

In its second requested relief, TDM asks the Court to establish two additional facts. Docket No. 109, at ¶¶ 2 (ii)–(iii). First, TDM seeks to establish, that "the methods for processing dredged material . . . were performed in accordance with the . . . claims of the patents-in-suit," which effectively constitutes a finding of infringement in favor of TDM. *Id.* at ¶ 2 (ii). "[S]trong sanctions, such as issuing an order granting a claim and precluding a party from presenting evidence in opposition to it, should be imposed only for serious violations of discovery orders." *Morris,* 37 Fed. Cl. at 213 (citation omitted); *see also United Med. Supply Co. v. United States*, 77 Fed. Cl. 257, 270 (2007) (cautioning that "when considering the most powerful of the available sanctions, particularly those that might lead to a determination other than on the merits, the Court must use an additional measure of restraint, which ordinarily requires that the offending party's conduct evinces serious fault, willfulness or bad faith"). This is a severe sanction, as it would preclude the government from asserting its defenses to TDM's claim of infringement. Such a finding is far beyond the scope of paragraph 6 of the Order, which only addressed the government's identification of the Bates numbers of documents related to the 18 contracts.

Moreover, TDM has received copious amounts of testimony and documents from Donjon and other contractors directly relating to the methods of processing under each of the 18 contracts-at-issue. Given the availability of an enlargement of time to compensate for any delay, and the subsequent production and identification of responsive documents, coupled with the fact

that there is no trial date set for liability, there is no real prejudice to TDM. Thus, TDM has suffered no harm sufficient for imposition of any sanction, particularly such a severe sanction foreclosing the government's ability to defend against liability for infringement. The government's actions do not constitute a violation of the Order, and hence are a far cry from a serious violation of the Order.

Likewise, the third fact TDM seeks to have the Court establish is that certain documents are deemed part of the contracts is also unjust and unrelated to the particular claim that paragraph 6 of the Court's Order addresses. Docket No. 109, at ¶ 2(iii). The government has a legitimate challenge to the legal sufficiency of those documents, particularly with respect to the issue of authorization or consent. By seeking to establish as fact that "submittals and solicitations/specifications for all contracts at issue . . . are deemed part of those contracts," TDM apparently seeks to establish that the government authorized or consented to a specific process. This is unjust in that it effectuates a waiver of sovereign immunity, a result clearly barred. *See infra* Part II. A. As such, the Court should deny TDM's requested relief.

4. <u>TDM's Request for Expenses under RCFC 37(a)(4)(A) is Unfounded.</u>

TDM's third requested relief is for "attorneys' fees related to the instant motion pursuant to RCFC 37(a)(4)(A)." Docket 109, at ¶ 3. This request is unfounded for numerous reasons. Most notably, RCFC 37(a)(4)(A) explicitly bars recovery of expenses when "the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." RCFC 37(a)(4)(A). The government's opposition to TDM's motion pursuant to RCFC 37 was substantially justified, and a variety of factors demonstrate how an award of expenses is unjust.

The government complied with paragraph 6 of the Order by timely producing Attachment 1 on January 15, 2008. The government represented to counsel for TDM that the government would both produce and identify "missing parts," and also not oppose a motion for a reasonable enlargement of time for TDM to review newly produced documents before responding to the government's motion for partial summary judgment. Def's Exs. 1, 8, 10; Def's Ex. 12 at ¶¶ 5, 8. The government followed through on its representations to TDM, and the issues TDM raises in the instant motion are moot. *See infra* II.B. Nevertheless, TDM filed the instant motion. Awarding expenses for TDM's decision to file the instant motion, despite the government's compliance with the Order, and despite the governments representations, is unjust. Therefore, the Court should deny TDM's requests for expenses pursuant to RCFC 47(a)(4)(A).

## **CONCLUSION**

For the reasons set forth herein, the government respectfully requests that the Court deny TDM's motion for an order dismissing the United States' motion for partial summary judgment and to renew its previously-filed motion for sanctions.

DATED: February 11, 2008

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JOHN FARGO
Director

s/Walter W. Brown
WALTER W. BROWN
Attorney
Commercial Litigation Branch
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0341
Facsimile: (202) 307-0345

Attorneys for the United States

Of Counsel:
JOSHUA B. BRADY
Attorney