**DONJON MARINA CO INC (07796)**
**PCP020002**

Date: 9/19/2002

## New Jersey Department of Environmental Protection
## Facility Specific Requirements

**Subject Item:** FC

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 29 | Any exceedance of the operating requirements or emission concentrations specified in this permit shall be reported within three (3) business days, by writing, to the Regional Enforcement Office. [N.J.A.C. 7:27- 8.13(h)] | Other: Conduct all measurements as indicated in this permit [N.J.A.C. 7:27- 8.13(h)]. | Other: Maintain a copy of all information submitted to the Department. [N.J.A.C. 7:27- 8.13(h)]. | Comply with the requirement: Upon occurrence of event. [N.J.A.C. 7:27- 8.13(h)] |
| 30 | The permittee shall, when requested by the Department, provide such testing facilities exclusive of instrumentation and sensing devices as may be necessary for the Department to determine the kind and amount of air contaminants emitted from the equipment or control apparatus. The testing facilities shall include the utilities, the structure to hold testing equipment and/or personnel, and any ports in stacks needed to carry out testing required by this permit. During testing by the Department, the equipment and control apparatus shall be operated under such conditions within their capacities as may be requested by the Department. The test facilities may be either permanent or temporary, at the discretion of the person responsible for their provision, and shall conform to all applicable laws, regulations, and rules concerning the safe construction and safe practice. Testing facilities which contain platforms and other means of personnel access shall conform to OSHA standards. [N.J.A.C. 7:27- 8.13(i)] | None. | None. | Comply with the requirement: Upon occurrence of event. [N.J.A.C. 7:27- 8.13(i)] |



G0101505098

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

**New Jersey Department of Environmental Protection**
**Facility Specific Requirements**

Subject Item: FC

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 31 | Upon request of the Department, the permittee shall submit to the Department any record relevant to any permit or certificate. Such records shall be submitted to the Department within thirty (30) days of the request by the Department, or within a longer time period if approved in writing by the Department. [N.J.A.C. 7:27- 8.15(a)] | None. | Other: Maintain a copy of all information submitted to the Department. [N.J.A.C. 7:27- 8.15(a)]. | Comply with the requirement: Upon occurrence of event. [N.J.A.C. 7:27- 8.15(a)] |
| 32 | The permittee shall submit any required report in a format and on a schedule approved by the Department. Such a report shall be transmitted on paper, on computer disk, or electronically, at the discretion of the Department. Any report submitted to the Department, including but not limited to a report submitted as an amendment of the permit pursuant to N.J.A.C. 7:27-8.3(c), shall include as an integral part of the report, certifications complying with N.J.A.C. 7:27-1.39. [N.J.A.C. 7:27- 8.15(b)] | None. | Other: Maintain a copy of all information submitted to the Department. [N.J.A.C. 7:27- 8.15(b)]. | Comply with the requirement: Upon occurrence of event. [N.J.A.C. 7:27- 8.15(b)] |
| 33 | Any report submitted to the Department, including but not limited to, a report submitted as an amendment of this permit or the certificate to operate pursuant to N.J.A.C. 7:27-8.3(c) shall include, as an integral part of the report, certifications complying with N.J.A.C. 7:27-1.39. [N.J.A.C. 7:27- 8.15(c)] | None. | Other: Maintain a copy of all information submitted to the Department. [N.J.A.C. 7:27- 8.15(c)]. | Comply with the requirement: Upon occurrence of event. [N.J.A.C. 7:27- 8.15(c)] |
| 34 | Upon request of the Department, the permittee shall report, on forms obtained from the Department, the air contaminant actual emissions, and information relevant thereto, of any air contaminant or category of air contaminant emitted by the equipment, control apparatus, or source operation. [N.J.A.C. 7:27- 8.15(d)] | None. | Other: Maintain a copy of all information submitted to the Department. [N.J.A.C. 7:27- 8.15(d)]. | Comply with the requirement: Upon occurrence of event. [N.J.A.C. 7:27- 8.15(d)] |



G0101505099

**DONJON MARINA CO INC (07796)**
**PCP020002**

Date: 9/19/2002

**New Jersey Department of Environmental Protection**
**Facility Specific Requirements**

**Subject Item:** FC

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 35 | Any emission limit values in this permit shall be interpreted to be followed by inherent trailing zeros (0) in the decimal portion of the limit to three significant figures (e.g. a printed limit of "1 lb/hr" means a limit of "1.00 lb/hr"). [N.J.A.C. 7:27- 8.13(a)] | None. | None. | None. |
| 36 | The Department has included in this listing the state rules and regulations that apply to a majority of sources. The Department's failing to include a specific requirement in a rule or regulation that applies to a permittee does not relieve that permittee from the obligation to comply with that regulation. [N.J.A.C. 7:27- 8.13(a)] | None. | None. | None. |
| 37 | Please use the following address when submitting information to these offices: Bureau of Technical Services, P.O. Box 437, 380 Scotch Road, West Trenton, New Jersey 08625; Metro Regional Enforcement Office, 2 Babcock Place, West Orange, New Jersey 07052; Central Regional Enforcement Office, P.O. Box 407, Robbinsville, New Jersey 08625-0407; Southern Regional Enforcement Office, One Port Center, Suite 201, 2 Riverside Drive, Camden, New Jersey 08102; Northern Regional Enforcement Office, 1259 Route 46 Parsippany, New Jersey 07054. [N.J.A.C. 7:27- 8.13(a)] | None. | None. | None. |



G0101505100

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

## New Jersey Department of Environmental Protection
## Facility Specific Requirements

**Subject Item:** FC

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 38 | Any operation of equipment which may cause off-property effects, including odors, shall be immediately reported to the Department to the extent required by the Air Pollution Control Act, N.J.S.A. 26:2C-19(e). [N.J.S.A. 26:2C-19(e)] | Other: Observation of plant operations. [N.J.S.A. 26:2C-19(e)]. | Other: Maintain a copy of all information submitted to the Department. [N.J.S.A. 26:2C-19(e)]. | Notify by phone: Upon occurrence of event. A person who causes a release of air contaminants in a quantity or concentration which poses a potential threat to public health, welfare or the environment or which might reasonably result in citizen complaints shall immediately notify the Department. Such notification shall be made by calling the Environmental Action Hotline at (877) 927-6337. [N.J.S.A. 26:2C-19(e)] |



G0101505101

G0101505102

**DONJON MARINA CO INC (07796)**
**PCP020002**

Date: 9/19/2002

**New Jersey Department of Environmental Protection**
**Facility Specific Requirements**

**Subject Item:** **CD1 Baghouse**

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 1 | The baghouse (CD1) shall be installed to handle a maximum of 4,000 cubic feet/minute air flow, and shall operate under negative air-draft, sealed, and integrated into one system. The bagfilter shall be used for capturing potential particle emissions during the loading of cement through the Alleviator and the Screw Conveyor, and during mixing with the dredge material at the hood enclosed discharge spout. [N.J.A.C. 7:27- 8] | Monitored by documentation of construction once initially, based on an instantaneous determination. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter once initially. Records shall include baghouse specifications, operation, maintenance and monitoring requirements (OM&M) and as-built drawings, kept on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |
| 2 | The baghouse will be cleaned by an automatic shaking method once per every half-hour of operation. [N.J.A.C. 7:27-8.13(a)] | Monitored by visual determination once per shift during operation, based on an instantaneous determination. The permittee shall monitor the proper operation of the baghouse by visual operation, once per shift. A failure of the automatic baghouse cleaning system shall be indicated by a warning light and an alarm. At that point, the processing of the dredge material shall be ceased, and the permittee shall determine the cause of the automatic cleaning system's failure, and any corrective action(s) or measures to be implemented prior to re-starting the operation of the dredge processing system. [N.J.A.C. 7:27-8.13(d)2] | Recordkeeping by manual logging of parameter once per calendar day during operation either confirming the proper operation of the cleaning system or indicating any disruptions or failures, and the corrective measures taken, if any. All records shall be kept on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27-8.13(d)3] | |
| 3 | Air-to-Cloth Ratio <= 5.2 ACFM/sq.ft.. [N.J.A.C. 7:27- 8.13(a)] | Air-to-Cloth Ratio: Monitored by documentation of construction once initially, based on an instantaneous determination. [N.J.A.C. 7:27- 8] | Air-to-Cloth Ratio: Recordkeeping by manual logging of parameter once initially. Records shall be kept on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | None. |

G0101505103

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

**New Jersey Department of Environmental Protection**
**Facility Specific Requirements**

**Subject Item:** CD1 Baghouse

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 4 | The cloth area of CD1shall be 770 square feet (ft2), consisting of 48 bags of 16.04 square feet each. [N.J.A.C. 7:27- 8] | Monitored by documentation of construction once initially, based on an instantaneous determination. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter once initially. The permittee shall keep on-site documentation of manufacturer specifications, including filter cloth area and as-built drawings, where necessary, for at least five (5) years, and readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |
| 5 | The permittee shall conduct bag cleaning and replacement as specified by the manufacturer, on a schedule necessary to achieve and maintain a minimum of 99% particulate removal efficiency. [N.J.A.C. 7:27- 8] | Monitored by documentation of construction upon occurrence of event, based on an instantaneous determination. The permittee shall monitor the bag cleaning or replacement schedule with baghouse manufacturer's requirements, based on hours of operation. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter upon occurrence of event. The permittee shall record each instance of bag cleaning or bag replacement. All records shall be kept on-site for at least five (5) years, and readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |
| 6 | The bag filter shall be made of Dacron Polyester, or equivalent. [N.J.A.C. 7:27- 8] | Monitored by documentation of construction once initially, based on an instantaneous determination. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter once initially. The permittee shall keep baghouse material of construction on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

## New Jersey Department of Environmental Protection
## Facility Specific Requirements

**Subject Item:** CD2 Water Spray

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 1 | The facility shall install and operate a "Water Spray System" at the bottom cement discharge end of the totally enclosed telescopic steel tube. The "Water Spray System" shall be comprised of at least six (6) nozzle system, with each nozzle capable of handling 4-gpm. [N.J.A.C. 7:27- 8] | Monitored by documentation of construction once initially, based on an instantaneous determination. Documentation of construction shall consist of control device specifications, as-built drawings and Operation, Monitoring and Maintenance manual (OM&M). [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter once initially. The permittee shall keep all documentation of construction and operation logs of the water spray system, on-site, for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |
| 2 | The automatic water sprays shall be at all times applied at the cement discharge point, within the mixing point of cement with dredge sediment inside the barge, at a minimum total water flow rate of 6 gpm, through the use of the water spray system (CD2). [N.J.A.C. 7:27- 8] | Monitored by material feed/flow monitoring once per batch during operation, based on an instantaneous determination. The permittee shall confirm that the minimum flow rate through the water sprays is at least 6 gpm, once per batch, by ensuring the setpoint has not been altered. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter once per batch during operation. The permittee shall keep records of water sprays usage. All monitoring records shall be kept on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | None. |
| 3 | The permittee shall use water sprays at a rate greater than 2 gpm per nozzle, on as needed basis, if visible emissions are observed during the injection and/or mixing of cement with dredge sediment inside the barge. [N.J.A.C. 7:27- 8] | Monitored by visual determination once per batch during operation, based on an instantaneous determination. The permittee shall observe the point of discharge of cement and its mixing point with dredge sediment, once per batch, during the operation of the screw conveying system and of the in-situ mixer. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter upon occurrence of event. The permittee shall keep records of the date and time when visible emissions are observed, and of the resulting amount of water sprays usage. All monitoring records shall be kept on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | Submit notification: Upon occurrence of event. If visible emissions or fugitive dusts are observed from the equipment during the injection of cement or during the mixing of cement with dredge sediment, the permittee shall cease operation. Operation shall not be restarted until the appropriate actions are taken and implemented to prevent the visible emissions. If measures fail to correct visible emissions within 24-hours of observation, the permittee shall report the incident (time, location and date of occurrence), and measures taken, in writing to the NJDEP Regional Enforcement Office, within three (3) working days from the date of occurrence. [N.J.A.C. 7:27- 8] |



G0101505104

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

## New Jersey Department of Environmental Protection
## Facility Specific Requirements

**Subject Item:** E1 Pneumatic Conveying System

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 1 | The Pneumatic Conveying System shall be used to transfer portland cement from the Cement Storage Blimp to the Screw Conveyor Inlet Chamber (E2) through an Alleviator. [N.J.A.C. 7:27- 8] | Monitored by documentation of construction once initially, based on an instantaneous determination. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter once initially and upon request by the Department. All documentation shall be kept on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |
| 2 | The Portland Cement transfer rate shall not exceed 150 tons per hour (tph), and shall be performed at ambient temperatures only. [N.J.A.C. 7:27- 8] | Monitored by material feed/flow monitoring once per batch during operation, based on an instantaneous determination. The permittee shall monitor the amount of Portland Cement conveyed per hour, once per batch during operation. A batch operation shall consist of the amount of dredge sediment that is being injected with cement in the barge, not to exceed 3,500 tons of dredge material. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter once per batch during operation. All operations monitoring records, including amount of dredge sediment processed per barge, batch size and amount of cement used, shall be kept on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |
| 3 | The Pneumatic Conveying System (E1) shall be fully enclosed to minimize potential fugitive dust emissions. The transfer of Portland Cement from the Cement Storage Blimp to E1 shall be fully enclosed, and performed during the operation of CD1. [N.J.A.C. 7:27- 8] | Monitored by documentation of construction once initially, based on an instantaneous determination. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter once initially. The permittee shall keep all records, equipment specifications and operation and maintenance manual (O&M) on-site fo at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |
| 4 | The Pneumatic Conveying System shall be installed and operated such that no visible emissions or fugitive dusts are observed or emitted, exclusive of condensed water vapor. [N.J.A.C. 7:27- 8] | Monitored by visual determination once per batch during operation, based on an instantaneous determination. In addition, operators and staff shall be instructed to report any visible emissions noticed from the Pneumatic Conveying System to the on-site Project Superintendent. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter upon occurrence of event. The permittee shall keep equipment visible emissions observation records, and corrective action taken should visible emissions or fugitive dust be emitted, on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | Submit a report: Upon occurrence of event. If visible emissions are observed during loading/or unloading of the Pneumatic Conveying System, the permittee shall cease operation. Operation shall not be resumed until the appropriate actions are taken to prevent the visible emissions. If measures fail to correct visible emissions within 24-hours of observation, the permittee shall report the incident to the NJDEP Metropolitan Regional Office, within three (3) working days. [N.J.A.C. 7:27- 8] |



G0101505105

**New Jersey Department of Environmental Protection**
**Facility Specific Requirements**

**Subject Item:** **E1 Pneumatic Conveying System**

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 5 | Potential emissions of TSP/PM-10 shall be controlled through the Baghouse (CD1) installed on the Screw Conveyor Inlet Chamber (E2). [N.J.A.C. 7:27- 8] | Monitored by visual determination once per batch during operation, based on an instantaneous determination. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter upon occurrence of event. The permittee shall record the date and time when visible emissions are observed. All records shall be kept on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |
| 6 | The enclosed air volume within the Pneumatic Conveying System (E1) shall be vented to CD1 at all times, during operation. [N.J.A.C. 7:27- 8] | Monitored by documentation of construction once initially, based on an instantaneous determination. Documentation of construction shall consist of as-built drawings, equipment specifications and operation and maintenance manuals. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter once initially. All records and documentation shall be maintained on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |

**DONJON MARINA CO INC (07796)**
**PCP020002**

Date: 9/19/2002

**New Jersey Department of Environmental Protection**
**Facility Specific Requirements**

**Subject Item:** **E2 Screw Conveyor**

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 4 | The Screw Conveyor (E2) shall be installed and operated such that no visible emissions are emitted, exclusive of condensed water vapor, and such that no cement spillage shall occur around the Conveyor and the Cement Storage Blimp. [N.J.A.C. 7:27- 8] | Monitored by visual determination once per batch during operation, based on an instantaneous determination. Operators and personnel should be instructed to report any visible emissions or occurrence of spill-materials to the on-site Project Superintendent. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter upon occurrence of event. The permittee shall keep equipment visible emissions observation records, and corrective action taken should visible emissions or fugitive dust be emitted, on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | Submit a report: Upon occurrence of event. If visible emissions are observed during loading of the Screw Conveyor, the permittee shall cease operation. Operation shall not be resumed until the appropriate actions are taken to prevent the visible emissions. If measures fail to correct visible emissions within 24-hours of observation, the permittee shall report the incident to the NJDEP Metropolitan Regional Office, within three (3) working days. [N.J.A.C. 7:27- 8] |
| 5 | Maximum No. of Billable Compliance Inspections <= 2 inspections. The equipment covered by this permit will be subject to inspection fees for the maximum periodic compliance inspections (as defined in N.J.A.C. 7:27-8.1) over the life of the Certificate, after it receives final approval for a five year duration. The permittee will be invoiced for a $200 service fee per inspection pursuant to N.J.A.C. 7:27-8.6 after the periodic compliance inspection is conducted. [N.J.A.C. 7:27- 8.13(e)] | | | |
| 6 | The enclosed air volume within the Screw Conveyor (E2) shall operate under a negative air-draft and vented to CD1 at all times, during operation. [N.J.A.C. 7:27- 8] | Monitored by documentation of construction once initially, based on an instantaneous determination. Documentation of construction shall consist of equipment as-built drawings and specifications, and operation and maintenance manuals. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter once initially. All records and documentation shall be maintained on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |



G0101505108

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

**New Jersey Department of Environmental Protection**
**Facility Specific Requirements**

Subject Item: E2 Screw Conveyor

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 1 | The Screw Conveyor (E2) shall be used to transfer Portland Cement from the Pneumatic Conveying System (E1) through the Inlet Chamber or Alleviator to the point where cement drops into an enclosed steel chute (mixing point), at ambient temperatures. [N.J.A.C. 7:27- 8] | Monitored by documentation of construction once initially, based on an instantaneous determination. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter once initially and upon request by the Department. All monitoring records shall be kept on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |
| 2 | The Portland Cement transfer rate shall not exceed 150 tons per hour (tph), and shall be performed at ambient temperatures only. [N.J.A.C. 7:27- 8] | Monitored by material feed/flow monitoring once per batch during operation, based on an instantaneous determination. The permittee shall monitor the amount of Portland Cement conveyed per hour, once per batch during operation. A batch operation shall consist of the amount of dredge sediment that is being injected with cement in the barge, not to exceed 3,500 tons of dredge material. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter once per batch during operation. All operations monitoring records, including amount of dredge sediment processed per barge, batch size and amount of cement used, shall be kept on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |
| 3 | The Screw Conveyor shall have no openings or vents, with the inlet connected to the Baghouse (CD1) via a flexible boot, and the discharge end attached to an enclosed telescopic steel chute. The transfer of Portland Cement from the Cement Storage Blimps to the inlet chamber or Alleviator of the Screw Conveyor (E2), through the Pneumatic Conveying System (E1), shall be fully enclosed, and performed during the operation of CD1. At least two (2) spray nozzles shall be installed at the head end of the Screw Conveyor for injection of water at the point that the cement drops into an enclosed steel chute. A rubber tube shall be installed at the bottom of the steel chute, that extends at a maximum of 3-4 inches above the water surface (in the barge). [N.J.A.C. 7:27- 8] | Monitored by documentation of construction once initially, based on an instantaneous determination. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter once initially. The permittee rhall keep all records, equipment specifications and operation and maintenance manual (O&M) on-site fo at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |



G0101505107

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

## New Jersey Department of Environmental Protection
## Facility Specific Requirements

Subject Item: E3 Mixer

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 1 | The in-situ processing of the dredge materials involves the injection of Portland Cement into barges filled with dredge, at a maximum rate of 150 tons/hour, through a Screw Conveyor. A hood/enclosed discharge spout arrangement equipped with water sprays controls potential dust emissions at the Screw Conveyor discharge. The Portland Cement is mixed with the dredge materials using a Lang Tool Co. (LTC) Series IV Mixing Head or Mixer (E3) attached to a Hydraulic Excavator. [N.J.A.C. 7:27- 8] | Monitored by documentation of construction once initially, based on an instantaneous determination . [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter once initially. The permittee shall keep all operating and monitoring records of the dredge materials processing equipment and controls on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |
| 2 | The injection rate of the Portland Cement into the barge shall not exceed 150 tons/hour. [N.J.A.C. 7:27- 8] | Monitored by other method (provide description) once per batch during operation, based on an instantaneous determination. The permittee shall monitor the flow of Portland Cement, once per batch. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter once per batch during operation. The permittee shall keep records of the rate of injection of Portland Cement and associated operating data, and make them readily available to representatives of the Department upon request. [N.J.A.C. 7:27- 8] | |
| 3 | The injection of cement should occur directly inside the barge fitted with a freeboard of at least 5 feet high. The mixing of the dredge with cement will be provided through the high rotational speed of the Mixing Head (E3) built into the LTC , and through the slow forward motion of the barge. [N.J.A.C. 7:27- 8] | Monitored by documentation of construction once initially, based on an instantaneous determination. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter once initially and at the request of the Department. The permittee shall maintain documentation, specifications and as-built drawings of the Mixer and injection area, on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |



G0101505109

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

**New Jersey Department of Environmental Protection**
**Facility Specific Requirements**

**Subject Item:** **E3 Mixer**

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 4 | The cement shall be continuously sprayed *with water as it is injected onto* the dredge sediment so it is maintained damp at all times, at a minimum throughput of 2 gpm. [N.J.A.C. 7:27- 8] | Monitored by visual determination once per batch during operation, based on an instantaneous determination. The permittee shall monitor that water spray is being used as required in Ref. No. 2 of CD2 of the conditions of this permit, while cement is supplied to the Mixer (E3), at least once per batch. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter once per batch during operation. The permittee shall record the date, time and location when visible emissions are observed, and minimum water use, once per batch. All records shall be kept on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | Submit notification: Upon occurrence of event. If visible emissions are observed during the injection of cement into the dredge material in the barge, the permittee shall cease operation. Operation shall not be resumed until the appropriate actions are taken to prevent the visible emissions. If measures fail to correct visible emissions within 24-hours of observation, the permittee shall report the incident to the NJDEP Metropolitan Regional Office, within three (3) working days. [N.J.A.C. 7:27- 8] |
| 5 | The permittee shall not use the equipment in a manner which will cause visible emissions or fugitive dusts, exclusive of condensed water vapor. [N.J.A.C. 7:27- 8] | Monitored by visual determination once per batch during operation, based on an instantaneous determination during operation. The permittee shall visually observe for potential dust or fugitive emissions during the injection of Portland Cement onto the dredge sediment inside the barge, once per batch. If visible emissions, exclusive of condensed water vapor, occur, the permittee shall then immediately cease operation and take corrective measures prior to restarting. In addition, operators and staff shall be instructed to report any visible emissions noticed from the Mixer (E3) to the on-site Project Superintendent. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter upon occurrence of event. The permittee shall record the date and time when visible emissions are observed, or if the operation of the Mixer (E3) causes visible emissions, exclusive of condensed water vapor, and any corrective measures taken to eliminate visible emissions or fugitive dusts, during the in-situ dredge processing operations, using the mixing head and ancillary equipment. All monitoring records shall be kept on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | Submit notification: Upon occurrence of event. If visible emissions or fugitive dusts are observed from the equipment during injection of cement into the barge, the permittee shall cease operation. Operation shall not be restarted until the appropriate actions are taken and implemented to prevent the visible emissions. If measures fail to correct visible emissions within 24-hours of observation, the permittee shall report the incident (time, location and date of occurrence), and measures taken in writing to the NJDEP Regional Enforcement Office within three (3) working days. [N.J.A.C. 7:27- 8] |



G0101505110

**DONJON MARINA CO INC (07796)**
**PCP020002**

Date: 9/19/2002

**New Jersey Department of Environmental Protection**
**Facility Specific Requirements**

**Subject Item:** **E3 Mixer**

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 6 | Maximum No. of billable Compliance *inspections <= 2 inspections.* The equipment covered by this permit will be subject to inspection fees for the maximum periodic compliance inspections (as defined in N.J.A.C. 7:27-8.1) over the life of the Certificate, after it receives final approval for a five year duration. The applicant will be invoiced for a $ 200 service fee per inspection pursuant to N.J.A.C. 7:27-8.11 after the periodic compliance inspection is conducted [N.J.A.C. 7:27- 8] | | | |
| 7 | 1 hour <= Cement Injection Time per Barge <= 2.5 hours, once per batch, corresponding to a maximum of 3,500 tons of dredge sediment processed per barge. [N.J.A.C. 7:27- 8] | Monitored by other method (provide description) once per batch during operation, based on an instantaneous determination. The duration of the cement injection into the barge shall be monitored, once per batch. A batch shall consist of a maximum of 3,500 tons of dredge sediment processed per barge. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter once per batch during operation. The permittee shall record the duration of the cement injection time and mixing time inside the barge, once per batch during operation. All monitoring records shall be kept on-site for at least five (5) years, and readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |
| 8 | Total Hours of Operation <= 1,500 hours. [N.J.A.C. 7:27- 8] | Monitored by hour/time monitor daily, based on an instantaneous determination. The permittee shall monitor the total hours of operation of the dredge processing facility, once per day. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter daily. The permittee shall record the hours of operation of the dredge processing facility, daily during operation. All monitoring records shall be kept on-site for at least five (5) years, and readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |
| 9 | The Mixer (E3) shall be operated submerged in the barge at all times. The Mixer *shall not be operated until it is* completely below the surface of the dredge material in order to eliminate scattering of dredge material and potential of dust generation. [N.J.A.C. 7:27- 8] | Monitored by documentation of construction once initially, based on an instantaneous determination , and upon request by the Department. Documentation of construction shall consist of equipment manufacturer's operation and manintenance manuals, and operation and inspection logs. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter once initially and upon request by the Department. All records shall be kept on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |



G0101505111

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

**New Jersey Department of Environmental Protection**
**Facility Specific Requirements**

**Subject Item:** **E4 Engine Generator Set**

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 1 | The permittee shall use an internal combustion engine (IC) of 365 maximum rated Kilowatts (KW) to supply power to the dredge processing facility. [N.J.A.C. 7:27-8] | Monitored by documentation of construction once initially, based on an instantaneous determination. [N.J.A.C. 7:27-8] | Recordkeeping by manual logging of parameter once initially. The permittee shall use an XQ 400 Engine Generator Set manufactured by Caterpillar of 365 kw maximum rated power, or an equivalent generator set. Equipment specifications, operation and maintenance manual (O&M) and as-built drawings shall be kept on-site for at least five (5) years, and readily made available to the Department upon request. [N.J.A.C. 7:27-8] | |
| 2 | Total Hours of Operation <= 1,500 hours for the duration of operations under this permit approval. [N.J.A.C. 7:27-8.13(h)] | Total Hours of Operation: Monitored by other method (provide description) daily, based on an instantaneous determination. A standard equipment run time meter shall be used daily to track the operation of the IC engine. [N.J.A.C. 7:27-8.13(d)2] | Total Hours of Operation: Recordkeeping by manual logging of parameter at the approved frequency. The permittee shall record the period of time the IC engine is in operation on a daily basis during operation. All records shall be kept on-site for at least five (5) years, and readily made available to the Department upon request. [N.J.A.C. 7:27-8.13(d)3] | |
| 3 | Maximum Gross Heat Input <= 3.3 MMBTU/hr corresponding to a maximum fuel consumption of 25.6 gallons per hour (gal/hr). [N.J.A.C. 7:27-8.13(h)] | Maximum Gross Heat Input: Monitored by documentation of construction once initially, based on an instantaneous determination, and upon request by the Department. [N.J.A.C. 7:27-8] | Maximum Gross Heat Input: Recordkeeping by manual logging of parameter once initially, and upon request by the Department. The permittee should keep IC engine documentation, on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27-8] | |
| 4 | Maximum No. of Billable Compliance Inspections <= 3 inspections. The permittee will be invoiced for a $200 service fee per inspection pursuant to N.J.A.C. 7:27-8.6 after the periodic compliance inspection is conducted. [N.J.A.C. 7:27-8.13(e)] | | | |



G0101505112

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

## New Jersey Department of Environmental Protection
## Facility Specific Requirements

**Subject Item:** E4 Engine Generator Set

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 5 | Diesel fuel Consumption Rate <= 25.6 gallons per hour (gal/hr) corresponding to maximum fuel consumption, at 100% peak load, as set by the design of the IC engine. [N.J.A.C. 7:27- 8.13(h)] | Monitored by documentation of construction once initially, based on an instantaneous determination , and upon request by the Department. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter once initially. The permittee shall keep records of the IC engine manufacturer maximum hourly fuel consumption rate, on-site, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |
| 6 | Sulfur Content in Fuel <= 0.2 weight %. [N.J.A.C. 7:27- 9] | Sulfur Content in Fuel: Monitored by other method (provide description) once per bulk fuel shipment, based on no averaging period. The permittee shall monitor fuel Sulfur content based on the review of Certificate of Analysis of fuel Sulfur sampling and testing records, from the oil distributor, once per new bulk fuel shipment. [N.J.A.C. 7:27- 8.13(a)] | Sulfur Content in Fuel: Recordkeeping by manual logging of parameter once per bulk fuel shipment. The permittee shall record the fuel oil Sulfur content for each delivery received. All records, including fuel oil certification receipts, and the name of oil supplier, shall be maintained on-site for a minimum of 5 years. [N.J.A.C. 7:27- 8.13(d)3] | Submit a report: Upon occurrence of event. The permittee shall report in writing, any non-compliance with Sulfur content in fuel oil, within 3 working days after the event to the Regional Enforcement Office. [N.J.A.C. 7:27- 8.13(d)4] |
| 7 | Opacity <= 20 % , exclusive of visible condensed water vapor, except for a period of not longer than 10 consecutive seconds (See Ref. No. 9 of OS2 under U1 of the conditions of this permit). [N.J.A.C. 7:27- 3.5] | Opacity: Monitored by visual determination annually, based on a 10 second rolling average. [N.J.A.C. 7:27- 8.13(d)1] | Opacity: Recordkeeping by manual logging of parameter annually. All records created in a calendar year shall be maintained on site for five additional calendar years, and made available to the Department for review, upon request. [N.J.A.C. 7:27- 3.6] | |



G0101505113

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

## New Jersey Department of Environmental Protection
## Facility Specific Requirements

**Subject Item:** PT1 Baghouse Stack

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 1 | No changes to the approved stack shall be made without prior approval from the Department, unless such change constitutes a seven-day-notice change pursuant to N.J.A.C. 7:27-8.20(b) or amendment pursuant to N.J.A.C. 7:27-8.21(b) and the permittee has complied with the appropriate seven-day-notice or amendments provisions of N.J.A.C. 7:27-8.20 and N.J.A.C. 7:27-8.21. [N.J.A.C. 7:27- 8.3(a)] | | | |
| 2 | Distance from Stack to Nearest Property Line >= 80 ft. [N.J.A.C. 7:27- 8.13(d)2ii] | | | |
| 3 | Stack Height Above Ground >= 15 ft. [N.J.A.C. 7:27- 8.13(d)2ii] | | | |
| 4 | Equivalent Flue Diameter at Stack Exit <= 16 inches. [N.J.A.C. 7:27- 8.13(d)2ii] | | | |
| 5 | Stack Gas Discharge Temperature >= 50 and Stack Gas Discharge Temperature <= 100 degrees F. [N.J.A.C. 7:27- 8.13(d)2ii] | | | |
| 6 | Volume of Gas Discharged at Stack Conditions <= 4,000 ACFM. [N.J.A.C. 7:27- 8.13(d)2ii] | | | |
| 7 | Emissions from the source shall be vented to the atmosphere upward through the approved stack. [N.J.A.C. 7:27- 8.13(d)2ii] | | | |



G0101505114

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

**New Jersey Department of Environmental Protection**
**Facility Specific Requirements**

**Subject Item:** PT2 Screw Conveyor Discharge

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 1 | No changes to the approved stack shall be made without prior approval from the Department, unless such change constitutes a seven-day-notice change pursuant to N.J.A.C. 7:27-8.20(b) or amendment pursuant to N.J.A.C. 7:27-8.21(b) and the permittee has complied with the appropriate seven-day-notice or amendments provisions of N.J.A.C. 7:27-8.20 and N.J.A.C. 7:27-8.21. [N.J.A.C. 7:27- 8.3(a)] | | | |
| 2 | Distance from Stack to Nearest Property Line >= 60 ft. [N.J.A.C. 7:27- 8.13(d)2ii] | | | |
| 3 | Stack Height Above Ground >= 8 ft. [N.J.A.C. 7:27- 8.13(d)2ii] | | | |
| 4 | Equivalent Flue Diameter at Stack Exit <= 27 inches. [N.J.A.C. 7:27- 8.13(d)2ii] | | | |
| 5 | Stack Gas Discharge Temperature >= 50 and Stack Gas Discharge Temperature <= 100 degrees F. [N.J.A.C. 7:27- 8.13(d)2ii] | | | |
| 6 | Emissions from the source shall be vented to the atmosphere upward through the approved stack. [N.J.A.C. 7:27- 8.13(d)2ii] | | | |



G0101505115

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

New Jersey Department of Environmental Protection
Facility Specific Requirements

Subject Item: PT3 In-Situ Mixing

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 1 | No changes to the approved stack shall be made without prior approval from the Department, unless such change constitutes a seven-day-notice change pursuant to N.J.A.C. 7:27-8.20(b) or amendment pursuant to N.J.A.C. 7:27-8.21(b) and the permittee has complied with the appropriate seven-day-notice or amendments provisions of N.J.A.C. 7:27-8.20 and N.J.A.C. 7:27-8.21. [N.J.A.C. 7:27- 8.3(a)] | | | |
| 2 | Distance from Stack to Nearest Property Line >= 50 ft. [N.J.A.C. 7:27- 8.13(d)2ii] | | | |
| 3 | Stack Height Above Ground >= 5 ft. [N.J.A.C. 7:27- 8.13(d)2ii] | | | |
| 4 | Equivalent Flue Diameter at Stack Exit <= 52 inches (surface). [N.J.A.C. 7:27- 8.13(d)2ii] | | | |
| 5 | Stack Gas Discharge Temperature >= 90 and Stack Gas Discharge Temperature <= 100 degrees F. [N.J.A.C. 7:27- 8.13(d)2ii] | | | |
| 6 | Emissions from the source shall be vented to the atmosphere upward through the approved stack. [N.J.A.C. 7:27- 8.13(d)2ii] | | | |



G0101505116

**DONJON MARINA CO INC (07796)**
**PCP020002**

Date: 9/19/2002

**New Jersey Department of Environmental Protection**
**Facility Specific Requirements**

**Subject Item:** **PT4 Engine-Generator Set**

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 1 | No changes to the approved stack shall be made without prior approval from the Department, unless such change constitutes a seven-day-notice change pursuant to N.J.A.C. 7:27-8.20(b) or amendment pursuant to N.J.A.C. 7:27-8.21(b) and the permittee has complied with the appropriate seven-day-notice or amendments provisions of N.J.A.C. 7:27-8.20 and N.J.A.C. 7:27-8.21. [N.J.A.C. 7:27- 8.3(a)] | | | |
| 2 | Distance from Stack to Nearest Property Line >= 50 ft. [N.J.A.C. 7:27- 8.13(d)2ii] | | | |
| 3 | Stack Height Above Ground >= 12 ft. [N.J.A.C. 7:27- 8.13(d)2ii] | | | |
| 4 | Equivalent Flue Diameter at Stack Exit <= 5 inches. [N.J.A.C. 7:27- 8.13(d)2ii] | | | |
| 5 | Stack Gas Discharge Temperature >= 750 and Stack Gas Discharge Temperature <= 850 degrees F. [N.J.A.C. 7:27- 8.13(d)2ii] | | | |
| 6 | Volume of Gas Discharged at Stack Conditions <= 3,020 ACFM. [N.J.A.C. 7:27- 8.13(d)2ii] | | | |
| 7 | Emissions from the source shall be vented to the atmosphere upward through the approved stack. [N.J.A.C. 7:27- 8.13(d)2ii] | | | |



G0101505117

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

**New Jersey Department of Environmental Protection**
**Facility Specific Requirements**

**Subject Item:** U1 Dredged Materials In-Situ Mixing
**Operating Scenario:** OS Summary

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 1 | VOC (Total) <= 0.4 tons/yr for the duration of the dredge processing operations. [N.J.A.C. 7:27- 8] | VOC (Total): Monitored by calculations upon occurrence of event, based on an instantaneous determination. The permittee shall determine VOC (Total) as tons for the duration of the dredge processing operations, based on the calculation of VOC (Total) emissions from the in-situ dredge processing, and IC engine operating at maximum load. [N.J.A.C. 7:27- 8] | VOC (Total): Recordkeeping by manual logging of parameter at the approved frequency : at the end of the dredge processing operations. All monitoring records shall be kept on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |
| 2 | HAPs (Total) <= 0.4 tons/yr for the duration of the dredge processing operations. [N.J.A.C. 7:27- 8] | HAPs (Total): Monitored by calculations upon occurrence of event, based on an instantaneous determination. The permittee shall compute HAPs (Total) as tons for the duration of the dredge processing operations, based on the calculation of combined HAPs (Total) emissions from the in-situ dredge processing and IC engine operating at maximum load. [N.J.A.C. 7:27- 8] | HAPs (Total): Recordkeeping by manual logging of parameter at the approved frequency : at the end of the dredge processing operations. All monitoring records shall be kept on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |
| 3 | Mercury Emissions <= 1.5 lb/yr for the duration of the dredge processing operations. [N.J.A.C. 7:27- 8] | Mercury Emissions: Monitored by calculations upon occurrence of event, based on an instantaneous determination. The permittee shall compute Mercury (Total) as pounds (lbs) for the duration of the dredge processing operations, based on 0.014 percent volatilization of maximum Hg concentration in the dredge sediment. [N.J.A.C. 7:27- 8] | Mercury Emissions: Recordkeeping by manual logging of parameter at the approved frequency : at the end of the dredge processing operations. All monitoring records shall be kept on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |
| 4 | TSP/PM-10 <= 0.86 ton/year for the duration of the dredge processing operations. [N.J.A.C. 7:27- 8] | Monitored by calculations upon occurrence of event, based on an instantaneous determination. The permittee shall compute TSP/PM-10 as tons for the duration of the dredge processing operations, based on the calculation of combined TSP/PM-10 emissions from the in-situ dredge processing and IC engine operating at maximum load. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter at the approved frequency : at the end of the dredge processing operations. All monitoring records shall be kept on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |



G0101505118

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

**New Jersey Department of Environmental Protection**
**Facility Specific Requirements**

**Subject Item:** U1 Dredged Materials In-Situ Mixing
**Operating Scenario:** OS Summary

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 5 | NOx (Total) <= 4.12 tons/yr for the duration of the dredge processing operations, based on the calculation of NOx/NO2 (Total) emissions from the IC engine, operating at 75% maximum load. [N.J.A.C. 7:27- 8] | NOx (Total): Monitored by calculations upon occurrence of event, based on an instantaneous determination. The permittee shall determine NOx/NO2 (Total) as tons for the duration of the in-situ dredge processing operations, based on the calculation of NOx/NO2 (Total) emissions from the IC engine operating at 75% maximum load. [N.J.A.C. 7:27- 8] | NOx (Total): Recordkeeping by manual logging of parameter at the approved frequency : at the end of the dredge processing operations. All monitoring records shall be kept on-site for at least five (5) years, and readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |
| 6 | In-situ dredge operations covered by this permit approval shall be limited to the processing of up to 1,650,000 tons of dredge materials on a wet basis, under ambient temperatures (with no external heat added). [N.J.A.C. 7:27- 8] | Monitored by material feed/flow monitoring once per batch during operation, based on an instantaneous determination. The permittee shall monitor the amount of dredge materials processed per batch, by weight. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter once per batch during operation. The permittee shall record the amount of dredge materials processed, once per batch. All monitoring records shall be maintained on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |
| 7 | The permittee shall post the name of the contact person, together with the address and phone number, on a permanent, legible sign in a conspicuous location at the dredge processing facility site prior to beginning the work to be performed in accordance with this permit approval. [N.J.A.C. 7:27- 8] | | | |
| 8 | The permittee shall notify the appropriate Regional Enforcement Office in writing at least seven (7) days prior to the start-up of the in-situ dredge processing operations. [N.J.A.C. 7:27- 8] | | | |



G0101505119

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

## New Jersey Department of Environmental Protection
## Facility Specific Requirements

**Subject Item:** U1 Dredged Materials In-Situ Mixing
**Operating Scenario:** OS Summary

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 9 | The permittee shall notify the appropriate Regional Enforcement Office in writing within thirty (30) days of the completion of the in-situ dredge processing operations. [N.J.A.C. 7:27- 8] | | | Submit a report: As per the approved schedule The permittee shall submit a report that includes, but not limited to, total amount of dredge sediment processed with corresponding total number of batche operations, total water spray usage, total amount of cement injected (into dredge sediment) and total hours of operation, to the Regional Enforcement Office upon request by Representatives from the Department. [N.J.A.C. 7:27- 8] |
| 10 | CO <= 0.293 tons/yr for the duration of the in-situ dredge processing operations. [N.J.A.C. 7:27- 8] | CO: Monitored by calculations upon occurrence of event, based on an instantaneous determination. The permittee shall determine CO as tons for the duration of the in-situ dredge processing operations, based on the actual percent load and fuel usage of the IC engine. [N.J.A.C. 7:27- 8] | CO: Recordkeeping by manual logging of parameter at the approved frequency : at the end of the soil stabilization activities. All records shall be kept on-site for at least five (5) years, and readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |
| 11 | The Internal Combustion Engine (E4) Hours of Operation <= 1,500 hours. [N.J.A.C. 7:27- 8] | Hours of Operation: Monitored by hour/time monitor once per batch during operation, based on an instantaneous determination. The permittee shall monitor the hours of operation of the Internal Combustion Engine (E4), once per batch, during operation. [N.J.A.C. 7:27- 8] | . The permittee shall maintain records of hours of operation of E4, on-site, for at least five (5) years, readily made available to the Department upon request. Hours of Operation: Recordkeeping by manual logging of parameter once per batch during operation. [N.J.A.C. 7:27- 8] | |
| 12 | Portland Cement shall be received at the site in sealed pneumatic conveyance trucks. These trucks will be pressurized to convey the cement through sealed piping/hoses to sealed (pneumatic) storage blimps, to be remained on-site for the duration of equipment operations. At no time should the cement be dumped or otherwise exposed to the atmosphere as a potential dust source during these transfers. [N.J.A.C. 7:27- 8] | Monitored by visual determination upon occurrence of event, based on an instantaneous determination. The permittee shall monitor the delivery of Portland Cement received on-site and processed, each time upon occurrence. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter upon occurrence of event. The permittee shall keep records of the total amount of Portland Cement delivered to the site, and its usage, each time upon delivery, and any instances of fugitive emissions, on-site for at least five (5) years, and readily make them available to representatives of the Department upon request. [N.J.A.C. 7:27- 8] | |



G0101505120

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

**New Jersey Department of Environmental Protection**
**Facility Specific Requirements**

**Subject Item:** U1 Dredged Materials In-Situ Mixing
**Operating Scenario:** OS Summary

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 13 | Pneumatic Conveying System (E1), Screw Conveyor (E2) and Mixer (E3) Hours of Operation <= 1,200 hours. [N.J.A.C. 7:27-8] | Hours of Operation: Monitored by hour/time monitor once per batch during operation, based on an instantaneous determination. The permittee shall monitor the hours of operation of E1, E2 and E3, once per batch. [N.J.A.C. 7:27- 8] | . The permittee shall maintain records of hours of operation of E1, E2, and E3, on-site for at least five (5) years, readily made available to the Department upon request. Hours of Operation: Recordkeeping by manual logging of parameter once per batch during operation. [N.J.A.C. 7:27- 8] | |
| 14 | Maximum amount of cement used for in-situ dredge processing <= 144,000 tons. [N.J.A.C. 7:27- 8] | Monitored by material feed/flow monitoring at the approved frequency, based on an instantaneous determination. The permittee shall monitor the total amount of Portland Cement used during in-situ dredge processing, based on the cumulative of cement used per barge and per batch. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter each hour during operation. All operations monitoring records, including amount of dredge sediment processed per barge, batch size and amount of cement used, shall be kept on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |

**New Jersey Department of Environmental Protection**
**Facility Specific Requirements**

**Subject Item:** U1 Dredged Materials In-Situ Mixing
**Operating Scenario:** OS1 Normal Operation of In-Situ Mixing Operation

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 1 | This operating scenario consists of mixing Portland Cement with dredge materials inside the barge. The Portland Cement is conveyed through the Pneumatic Conveyor (E1) and the Screw Conveyor (E2) to the Mixer (E3), located right above the dredge materials inside the barge. [N.J.A.C. 7:27-8] | Monitored by documentation of construction once initially, based on an instantaneous determination. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter once initially. In-situ equipment and control devices' configuration and as-built drawings shall be kept on-site for at least five (5) years and readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |
| 2 | VOC (Total) <= 0.6 lb/hr. [N.J.A.C. 7:27-8] | Other: VOC (Total) shall be determined from the following:<br>1. Assume 5% of the maximum volatiles and semi-volatiles concentration in the dredge materials are volatilized within 1 hour of mixing, during each batch.[N.J.A.C. 7:27- 8]. | VOC (Total): Recordkeeping by manual logging of parameter at the approved frequency. Recordkeeping shall be manual logging of maximum concentrations of VOC (total) and SVOC (total) concentrations in the dredge materials and associated emissions calculations. All monitoring records and calculations shall be kept on-site for a minimum of five (5) years, readily made available to representatives of the Department upon request. [N.J.A.C. 7:27- 8] | |
| 3 | TSP/PM-10 <= 1.06 lb/hr [N.J.A.C. 7:27- 8] | Monitored by other method (provide description) once per shift during operation, based on an other averaging period (describe). TSP/PM-10 shall be determined from the summation of the following:<br>1. Assume maximum particulate matter emissions at the discharge end of the baghouse are 0.01 grain/dscf, using a maximum air flow of 4,000 cubic feet/minute, and<br>2. Calculate particulate matter emissions from the Screw Conveyor (E2) and the Mixer (E3) assuming a 0.14% lb particulate emitted per ton of material processed, after being controlled with the Baghouse (CD1) and water sprays (CD2). [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter once per shift during operation. Recordkeeping shall be manual logging of maximum emissions of TSP/PM-10 based on emissions' estimate from Screw Conveyor and Mixer and associated emissions calculations. All monitoring records and calculations shall be kept on-site for a minimum of five (5) years, readily made available to representatives of the Department upon request. [N.J.A.C. 7:27- 8] | None. |

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

**New Jersey Department of Environmental Protection**
**Facility Specific Requirements**

**Subject Item:** U1 Dredged Materials In-Situ Mixing
**Operating Scenario:** OS1 Normal Operation of In-Situ Mixing Operation

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 4 | HAPs (Total) <= 0.72 lb/hr [Assume HAPs (Total) correspond to the summation of VOC (Total) from the IC engine and SVOC (Total) from the dredge sediment]. [N.J.A.C. 7:27- 8] | HAPs (Total): Monitored by other method (provide description) once per shift during operation, based on an other averaging period (describe). HAPs (Total), including Mercury, shall be determined from the summation of the following:<br>1. Assume 5% of SVOCs (Total) and VOC (Total) in dredge materials are volatilized, within 1 hour of mixing, during each batch, and<br>2. Calculate Mercury emissions assuming 0.014% volatilization from dredge materials @ 50% moisture and ambient temperatures, during each batch. [N.J.A.C. 7:27- 8] | HAPs (Total): Recordkeeping by manual logging of parameter once per shift during operation. Recordkeeping shall be manual logging of maximum concentrations of SVOCs (Total), including Mercury concentration, in the dredge materials and associated HAPs (Total) emissions calculations. All monitoring records and calculations shall be kept on-site for a minimum of five (5) years, readily made available to representatives of the Department upon request. [N.J.A.C. 7:27- 8] | |
| 5 | The mass of dredge materials to be processed shall not exceed 3,500 tons of dredge materials processed in up to 2.5 hours of mixing, per batch, which shall correspond to a maximum of 1,650,000 tons (wet basis) of dredge materials processed in 1,200 hours total. [N.J.A.C. 7:27- 8] | Monitored by calculations daily, based on an instantaneous determination. The permittee shall monitor the amount of dredge sediment processed, dredge processing time, per batch, daily, and total dredge sediment averaged at the end of 1,200 hours of in-situ dredge processing operations. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter daily. The permittee shall record the number of barges and corresponding quantity of dredge processed (per barge), and maximum dredge sediment (total), on a daily basis. The permittee shall also record the size or volume of the barges used for processing (with cement). All records shall be kept onsite for at least five (5) years, and readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |
| 6 | Hours of Operation <= 1,500 hours. [N.J.A.C. 7:27- 8] | Hours of Operation: Monitored by hour/time monitor once per batch during operation, based on an instantaneous determination. The permittee shall monitor the hours of operation of the in-situ dredge processing facility, once per batch, during operation. [N.J.A.C. 7:27- 8] | Hours of Operation: Recordkeeping by manual logging of parameter once per batch during operation. The permittee shall keep in-situ dredge processing total operating hours records, on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |



G0101505123

**New Jersey Department of Environmental Protection**
**Facility Specific Requirements**

**Subject Item:** U1 Dredged Materials In-Situ Mixing
**Operating Scenario:** OS1 Normal Operation of In-Situ Mixing Operation

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 7 | The total amount of dredge processed, in tons per hour, shall be calculated based on the amount of dredge materials processed and the number of hours of mixing dredge inside the barge, once per per batch. [N.J.A.C. 7:27- 8] | Monitored by calculations once per batch during operation, based on an instantaneous determination. The permittee shall monitor the amount of dredge materials processed or mixed inside the barge, once per batch during operation. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter once per batch during operation. The permittee shall record the amount of dredge materials processed inside the barge and the dredge processing time, once per batch. All records shall be kept on-site for at least five (5) years, and readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |
| 8 | The permittee shall identify and implement all actions necessary to keep the area around the Pneumatic Conveyor (E1), Screw Conveyor (E2) and ancillary equipment clean of dust and spill of cement. If noticeable amount of cement spill is found around E1, E2 andancillary equipment, operation shall be ceased immediately, and corrective measures shall be taken. [N.J.A.C. 7:27- 8] | Monitored by visual determination once per batch during operation, based on an instantaneous determination. In addition, operators and staff shall be instructed to report any visible emissions noticed from the In-Situ Mixing operation, to the on-site Project Superintendent. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter upon occurrence of event. The permittee shall keep records of any spill of cement around E1, E2 and ancillary equipment, and any correction measures implemented, on-site for at least five (5) years, and readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | Submit notification: Upon occurrence of event. If spill or piling of cement are observed around E1, E2 and ancillary equipment during in-situ dredge processing operations, the permittee shall immediately cease operation. Operation shall not be restarted until the appropriate actions are taken and implemented to prevent the piling of cement and other material. If measures fail to correct for open presence or piling of cement and other material, around E1, E2 and ancillary equipment within 24-hours of observation, the permittee shall report the incident (time, location and date of occurrence) in writing to the Regional Enforcement Office within three (3) working days. [N.J.A.C. 7:27- 8] |

**DONJON MARINA CO INC (07796)**
**PCP020002**

Date: 9/19/2002

**New Jersey Department of Environmental Protection**
**Facility Specific Requirements**

**Subject Item:** **U1 Dredged Materials In-Situ Mixing**
**Operating Scenario:** **OS2 Internal Combustion Engine**

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 1 | Diesel Usage <= 38,400 gallons for the duration of the in-situ dredge processing operations. [N.J.A.C. 7:27- 8.13(a)] | Diesel Usage: Monitored by fuel flow/firing rate instrument daily, based on an other averaging period (describe). This shall represent the maximum cumulative fuel usage from batch dredge processing operations. The permittee shall install, calibrate and maintain the monitor(s) in accordance with the manufacturer's specifications. The monitor(s) shall be ranged such that the allowable value is approximately mid-scale of the full range current/voltage output. [N.J.A.C. 7:27- 8.13(d)2] | Diesel Usage: Recordkeeping by manual logging of parameter daily. The permittee shall maintain diesel fuel consumption logs on-site for the duration of the project, and readily make them available to the Department upon request. [N.J.A.C. 7:27- 8.13(d)3] | |
| 2 | Sulfur Content in Fuel <= 0.2 weight %. [N.J.A.C. 7:27- 9] | Sulfur Content in Fuel: Monitored by other method (provide description) once per bulk fuel shipment, based on no averaging period. The permittee shall monitor fuel Sulfur content based on the review of Certificate of Analysis of fuel Sulfur sampling and testing records, from the oil distributor, once per new bulk fuel shipment. [N.J.A.C. 7:27- 8.13(a)] | Sulfur Content in Fuel: Recordkeeping by manual logging of parameter once per bulk fuel shipment. The permittee shall record the fuel oil Sulfur content for each fuel delivery received. All records, including fuel certification receipts, and the name of the oil supplier, shall be maintained on-site for a minimum of 5 years. [N.J.A.C. 7:27- 8.13(d)3] | Submit a report: Upon occurrence of event. The permittee shall report in writing, any non-compliance with Sulfur content in fuel oil, within 3 working days after the event to the Regional Enforcement Office. [N.J.A.C. 7:27- 8.13(d)4] |
| 3 | CO <= 0.39 lb/hr. [N.J.A.C. 7:27- 8.13(h)] | CO: Monitored by other method (provide description) once initially, based on an instantaneous determination. CO emissions shall be based on IC engine manufacturer's CO performance guarantee data at maximum operating load. [N.J.A.C. 7:27- 8] | CO: Recordkeeping by manual logging of parameter once initially. Records shall be kept on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |



G0101505125

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

## New Jersey Department of Environmental Protection
## Facility Specific Requirements

**Subject Item:** U1 Dredged Materials In-Situ Mixing
**Operating Scenario:** OS2 Internal Combustion Engine

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 4 | NOx (Total) <= 5.5 lb/hr under nominal operating conditions. [N.J.A.C. 7:27-8.13(h)] | NOx (Total): Monitored by other method (provide description) once initially, based on an instantaneous determination. The IC engine shall be set to operate under nominal conditions, corresponding to a maximum of 75% load. This can be done through monitoring of fuel firing rate, or air to fuel ratio, or any other operating parameter as established by the IC engine manufacturer's recommended operation, maintenance and monitoring guidelines, and time schedules. [N.J.A.C. 7:27- 8] | NOx (Total): Recordkeeping by manual logging of parameter upon occurrence of event. The permittee shall record the date and time when the IC engine operates above 75% load, or deviates outside of the set operating range at any time during operation. All monitoring records, including IC engine OM&M manual, shall be kept on-site for at least five (5) years, readily made available to the Deaprtment upon request. [N.J.A.C. 7:27- 8] | |
| 5 | PM-10 (Total) <= 0.08 lb/hr. [N.J.A.C. 7:27- 8.13(h)] | PM-10 (Total): Monitored by other method (provide description) once initially, based on an instantaneous determination. PM-10 emissions shall be based on IC engine manufacturer's PM-10 performance guarantee data at maximum operating load. [N.J.A.C. 7:27- 8] | PM-10 (Total): Recordkeeping by manual logging of parameter once initially. All records shall be kept on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |
| 6 | SO2 <= 0.78 lb/hr . [N.J.A.C. 7:27- 8.13(h)] | SO2: Monitored by other method (provide description) once initially, based on an instantaneous determination. SO2 emissions shall be based on IC engine manufacturer's SO2 performance guarantee data at maximum operating load. [N.J.A.C. 7:27- 8] | SO2: Recordkeeping by manual logging of parameter once initially. All records shall be kept on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |
| 7 | TSP <= 0.08 lb/hr. [N.J.A.C. 7:27- 8.13(h)] | TSP: Monitored by other method (provide description) once initially, based on an instantaneous determination. TSP emissions shall be based on IC engine manufacturer's TSP performance guarantee data at maximum operating load. [N.J.A.C. 7:27- 8] | TSP: Recordkeeping by manual logging of parameter once initially. All records shall be kept on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |



G0101505126

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

## New Jersey Department of Environmental Protection
## Facility Specific Requirements

**Subject Item:** U1 Dredged Materials In-Situ Mixing
**Operating Scenario:** OS2 Internal Combustion Engine

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 8 | THC <= 0.16 lb/hr. [N.J.A.C. 7:27- 8.13(h)] | THC: Monitored by other method (provide description) once initially, based on an instantaneous determination. THC or VOC (Total) emissions shall be based on IC engine manufacturer's THC performance guarantee data at maximum operating load. [N.J.A.C. 7:27- 8] | THC: Recordkeeping by manual logging of parameter once initially. All records shall be kept on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |
| 9 | There shall be no visible emissions except for a period of not longer than ten seconds. No visible emissions are equivalent to less than five percent (5%) opacity. [N.J.A.C. 7:27- 8.13(a)] | Monitored by visual determination once per calendar day during operation, based on an instantaneous determination. For compliance with the opacity standard, the permittee shall conduct visual opacity inspections during daylight hours. Visual inspections shall consist of a visual survey to identify if the stack has visible emissions, (other than condensed water vapor), greater than the prescribed standard. If visible emissions are observed, the permittee shall do the following: (1) Verify that the equipment and/or control device causing the emission is operating according to manufacturers specifications, the permit compliance plan, and all applicable conditions of approval. If the equipment or control device is not operating properly, the permittee shall take corrective action immediately to eliminate the excess emissions. the permitee must report any permit violations to the Department. (2) If the corrective action taken in Step (1) does not correct the opacity problem within 24 hours, the permittee shall perform a check via a certified opacity reader. Such test shall be conducted each day until corrective action successfully corrects the opacity problem. [N.J.A.C. 7:27- 8.13(d)1] | Recordkeeping by manual logging of parameter each week during operation. The permittee shall manually log in a permanently bound log book and retain the following records:<br>(1) Date and time of inspection;<br>(2) Emission Point number;<br>(3) Operation status of equipment;<br>(4) Observed results and conclusions;<br>(5) Description of corrective action taken, if needed;<br>(6) Date and time opacity problem was solved, if applicable;<br>(7) Results of opacity reading;<br>and<br>(8) Name of person(s) conducting the inspection.<br>All records shall be kept on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8.13(d)3] | Submit notification: Upon occurrence of event The permittee shall only report excess visible emissions, including any corrective measures taken, to the NJDEP Regional Enforcement Office within 24-hours of occurrence. [N.J.A.C. 7:27- 8.13(d)4] |



G0101505127

AIR POLLUTION CONTROL PRE-CONSTRUCTION PERMIT

**Section F**

**Facility Name: DONJON MARINA CO INC**
**Facility ID No.: 07796**
**Activity ID No.: PCP020002**

## INVENTORIES

**Equipment Inventory**
**Control Device Inventory**
**Emission Point Inventory**
**Emission Unit Inventory**

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

# New Jersey Department of Environmental Protection
## Equipment Inventory

| Equip. NJID | Facility's Designation | Equipment Description | Equipment Type | Certificate Number | Install Date | Grand-Fathered | Last Mod. (Since 1968) | Equip. Set ID |
|---|---|---|---|---|---|---|---|---|
| E1 | Cement Trans | Pneumatic Conveying System | Manufacturing and Materials Handling Equipment | | 6/1/2002 | No | 6/1/2002 | |
| E2 | Screw Convey | Screw Conveyor | Manufacturing and Materials Handling Equipment | | 6/1/2002 | No | 6/1/2002 | |
| E3 | Mixer | Mixer | Manufacturing and Materials Handling Equipment | | 6/1/2002 | No | 6/1/2002 | |
| E4 | Generator | Engine Generator Set | Stationary Internal Combustion Engine | | 6/1/2002 | No | 6/1/2002 | |



G0101505129

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

## New Jersey Department of Environmental Protection
## Control Device Inventory

| CD NJID | Facility's Designation | Description | CD Type | Install Date | Grand-Fathered | Last Mod. (Since 1968) | CD Set ID |
|---|---|---|---|---|---|---|---|
| CD1 | Baghouse | Baghouse | Particulate Filter (Baghouse) | 6/1/2002 | No | | |
| CD2 | Water Spray | Water Spray | Other | 6/1/2002 | No | | |



G0101505130

**DONJON MARINA CO INC (07796)**
**PCP020002**

Date: 9/19/2002

## New Jersey Department of Environmental Protection
## Emission Points Inventory

| PT NJID | Facility's Designation | Description | Config. | Equiv. Diam. (in.) | Height (ft.) | Dist. to Prop. Line (ft) | Exhaust Temp. (deg. F) | | | Exhaust Vol. (acfm) | | | Discharge Direction | PT Set ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | Avg. | Min. | Max. | Avg. | Min. | Max. | | |
| PT1 | Baghouse | Baghouse Stack | Round | 16 | 15 | 80 | 68.0 | 50.0 | 100.0 | 4,000.0 | 4,000.0 | 4,000.0 | Up | |
| PT2 | Screw Convey | Screw Conveyor Discharge | Square | 27 | 8 | 60 | 68.0 | 50.0 | 100.0 | 0.0 | 0.0 | 0.0 | Up | |
| PT3 | Mixer | In-Situ Mixing | Surface | 52 | 5 | 60 | 90.0 | 80.0 | 100.0 | 0.0 | 0.0 | 0.0 | Up | |
| PT4 | Engine | Engine-Generator Set | Round | 5 | 12 | 60 | 610.0 | 750.0 | 850.0 | 3,018.0 | 2,000.0 | 3,020.0 | Up | |



G0101505131

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

**New Jersey Department of Environmental Protection**
**Emission Unit/Batch Process Inventory**

**U 1 Mixing Dredged Materials In-Situ Mixing**

| UOS NJID | Facility's Designation | UOS Description | Operation Type | Signif. Equip. | Control Device(s) | Emission Point(s) | SCC(s) | Annual Oper. Hours | | VOC Range | Flow (acfm) | | Temp. (deg F) | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Min. | Max. | | Min. | Max. | Min. | Max. |
| OS1 | Normal Opera | Normal Operation of In-Situ Mixing Operation | Normal - Steady State | E3 | CD1 (P)<br>CD2 (S) | PT1<br>PT2<br>PT3 | A26-50-000-00 | 1,100.0 | 1,500.0 | | 4,000.0 | 4,000.0 | 50.0 | 100.0 |
| OS2 | Engine | Internal Combustion Engine | Normal - Steady State | E4 | | PT4 | | 1,100.0 | 1,500.0 | | 2,000.0 | 3,020.0 | 750.0 | 850.0 |

AIR POLLUTION CONTROL PRE-CONSTRUCTION PERMIT

**Section G**

**Facility Name: DONJON MARINA CO INC**
**Facility ID No.: 07796**
**Activity ID No.: PCP020002**

**PERMIT ACTION APPEAL FORM**
**AIR QUALITY PERMITTING PROGRAM**

Purpose: You are eligible to appeal this agency action. To appeal this agency action, complete the information requested herein and return the information to the addresses listed in H below. The filing of this information constitutes a request for an adjudicatory hearing pursuant to N.J.A.C. 7:27-1.32. The adjudicatory hearing request must be received by the Department within twenty (20) calendar days of your receipt of this agency action.

I. Permit Action Appealed: ______________________
Issuance Date of Agency Action: ______________________
Application Activity ID No.: ______________________

II. Person Requesting Hearing:
Name: ______________________
Name of Authorized Representative (Attorney or Consultant): ______________________
Company: ______________________
Company Address: ______________________
______________________
Address of Attorney: ______________________
______________________
Contact for further information: ______________________
Telephone Number: ______________________

III. Please Include the Following Information as Part of Your Request:
- A. A copy of the letter transmitting the action
- B. List of all permit conditions and issues contested
- C. The legal and factual questions at issue including remedy for each contested issue
- D. Suggested remedy for each contested issue
- E. An estimate of the time required for the hearing
- F. A request, if necessary, for a barrier-free hearing location for physically disabled persons
- G. A clear indication of any willingness to negotiate a settlement with the Department prior to the hearing with the Office of Administrative Law; and
- H. This form, completed, signed and dated with all of the information listed above, including attachments, to:

Office of Legal Affairs
Attention: Adjudicatory Hearing Requests
Department of Environmental Protection
401 East State Street
PO Box 402, Trenton, New Jersey 08625-0402

Copy to:

Air Quality Regulation
Attention: Adjudicatory Hearing Requests
401 East State Street
PO Box 027, Trenton, New Jersey 08625-0027

I. A request for a stay of this action (if applicable) pursuant to N.J.A.C. 7:27-1.33. If a stay is requested, the request must include evidence that one of the following circumstances exist:
1. N.J.A.C. 7:27-1.33(a)1; or
2. N.J.A.C. 7:27-1.33(a)2

IV. Signature:______________________ Date:______________

Metal Management, Inc.

Permit

- Waterfront Development Permit/Acceptable Use Determination
  Permit No. 0714-01-0004.1

State of New Jersey
Department of Environmental Protection

James E. McGreevey
Governor

Bradley M. Campbell
Commissioner

Site Remediation Program
Office of Dredging and Sediment Technology
P.O. Box 028
Trenton, NJ 08625
(609) 292-1250
FAX (609) 777-1914

May 2, 2002

Mr. Kenneth L. Woodruff
Kenneth L. Woodruff & Associates
182 Walton Drive, P. O. Box 42
Morrisville, Pennsylvania 19067-0042

RE: Waterfront Development Permit/Acceptable Use Determination
Permit No: 0714-01-0004.1
Project: Metals Management / Dredged Material Transfer Facility
Location: Port Newark Berths 30 & 32

Dear Mr. Woodruff:

Enclosed, please find the approved Waterfront Development Permit/Acceptable Use Determination 0714-01-0004.1 for the above referenced project. Please review this permit and note any conditions which may have been imposed, and have the applicant promptly complete and return the enclosed "Acceptance of Revocable Construction Permit/s" form to the Department at the above address.

This approval is valid for five years from the original effective date of the permit and all terms and conditions of the permit/s are detailed therein. Please note that the permittee must give notice of initiation of construction using the enclosed "Construction Report" form. Notice must be given at least 14 days prior to initiation of construction. Upon completion of construction, the "Completion Report" form must also be completed and submitted to the above address.

Any person who considers himself and herself aggrieved by this permit decision may request a hearing by addressing a written request for such hearing to the following address: Office of Legal Affairs, Department of Environmental Protection, P.O. Box 402, Trenton, New Jersey 08625-0402, Attention Adjudicatory Hearing Requests. This written request must include a completed copy of the attached Administrative Hearing Request Checklist and all information identified in Section III of that list.

In order to promote inter-governmental cooperation in the management of our natural resources, a copy of this decision shall be shared with appropriate local and federal agencies. Should you have any questions in this regard, please do not hesitate to contact me at (609) 292-8838.

Sincerely,

Lawrence J. Baier, Chief
Office of Dredging and Sediment Technology
Site Remediation Program

Enclosures
C: Richard Gimello, Executive Director, Office of Maritime Resources
Andrew Saporito, Operations Manager, NJ Marine Terminals, PANYNJ
Steven Dorrler, Port Authority of NY and NJ

STATE OF NEW JERSEY
DEPARTMENT OF ENVIRONMENTAL PROTECTION

*(See Issuing Division below)*

# PERMIT*

The New Jersey Department of Environmental Protection grants this permit in accordance with your application, attachments accompanying same application, and applicable laws and regulations. This permit is also subject to the further conditions and stipulations enumerated in the supporting documents which are agreed to by the permittee upon acceptance of the permit.

| | | |
|---|---|---|
| Permit No. 0714-01-0004.1 | Application No. 0714-01-0004.1 | |
| Issuance Date May 2, 2002 | Effective Date May 2, 2002 | Expiration Date May 2, 2007 |
| Name and Address of Applicant<br>Metals Management NE, Inc<br>P.O. Box 5158<br>Newark, New Jersey 07105 | Name and Address of Owner<br>Port Authority of NY & NJ<br>260 Kellogg Street<br>Port Newark, NJ 07114 | Name and Address of Operator<br>Metals Management NE, Inc.<br>P.O. Box 5158<br>Newark, NJ 07105 |
| Location of Activity/Facility *(Street Address)*<br>End of Calcutta St. Port Newark<br>Berths 30 & 32<br>Lot: 35 Block :6000 | Issuing Division<br>Office of Dredging and Sediment Technology | Statute(s)<br>NJSA 12:5-3<br>NJSA 58:10A |
| Type of Permit Waterfront Development Acceptable Use Determination | Maximum Approved Capacity, if applicable | |

This permit grants permission to:

Construct and operate a dredged material transfer facility located at Port Newark berths 30 and 32. Construction authorized by this permit includes a dredged material off-loading and transfer facility complete with stormwater containment and collection features, temporary storage area and other attendant features as shown on the approved drawings. Dredged material will be brought to the site by barge, pre-amended with Portland cement as necessary, off-loaded and transferred into trucks or rail cars for transport to an approved beneficial use site. This authorization includes the Department's Acceptable Use Determination, subject to the conditions and limitations expressed herein.

The approved plans are in 2 sheets titled, "PLOT PLAN – SITE "B" DREDGE MATERIALS RAIL LOADING PORT NEWARK BERTHS 30/32 FOR METAL MANAGE./DON JON MARINE," dated January 6, 2002, last revised March 5, 2002, and prepared by B-V Associates, and "DETAILS DREDGE MATERIAL PROCESSING PORT NEWARK BERTHS 30&32 FOR METAL MANAGEMENT, N.E.," dated February 28, 2002, last revised March 15, 2002, and prepared by B V Associates.

This permit is authorized under and in compliance with the Rules on Coastal Zone Management governing: Navigation Channels (7:7E-3.7), Ports (7:7E-3.11), Dredged Material Disposal on Land (7:7E-7.12), Water Quality (7:7E-8.4) and Stormwater Management (7:7E-8.7).

Prepared By: [signature]
Lawrence J Baier

(See page 5 for Chief's signature.)

| | |
|---|---|
| Revised Date | Approved by the Department of Environmental Protection<br>Name (Print or Type) ______________ Title ______________<br>Signature ______________ Date ______________ |

*The word permit means "approval, certification, registration, etc."

*(General Conditions are on Page Two)*

**This permit is subject to the following <u>general conditions</u>:**

1. This permit is revocable, or subject to modification or change at any time, pursuant to the applicable regulations, when in the judgement of the Department of Environmental Protection of the State of New Jersey such revocation, modification or change shall be necessary.

2. The issuance of the permit shall not be deemed to affect in any way action by the Department of Environmental Protection of the State of New Jersey on any future application.

3. The works, facilities, and/or activities shown by plans and/or other engineering data, which are this day approved, subject to the conditions herewith established, shall be constructed and/or executed in conformity with such plans and/or engineering data and the said conditions.

4. No change in plans or specifications shall be made except with the prior written permission of the Department of Environmental Protection of the State of New Jersey.

5. The granting of this permit shall not be construed to in any was affect the title or ownership of property, and shall not make the Department of Environmental Protection or the State a party in any suit or question of ownership.

6. This permit does not waive the obtaining of Federal or other State or local government consent when necessary. This permit is not valid and no work shall be undertaken until such time as all other required approvals and permits have been obtained.

7. A copy of this permit shall be kept at the work site, and shall be exhibited upon request of any person.

8. In cases of conflict, the conditions of this permit shall supersede the plans and/or engineering data.

This permit is approved subject to, and in accordance with, all applicable Tidelands conveyances issued for Port Newark and Elizabeth. Issuance of this permit does not in any way relinquish the State's ownership interest in the subject property, if any exists. The project site is located on Tidelands' Newark - Elizabeth Meadowlands Map.

This permit is issued subject to and provided that the following conditions can be met to the satisfaction of the Office of Dredging and Sediment Technology. All conditions must be met prior to construction unless otherwise specified. Compliance with Administrative conditions shall be determined once copies of all specified permits, certifications, plans, agreements, etc. have been received, not less than 30 days prior to construction, and approved by the Office of Dredging and Sediment Technology. All Physical Conditions are subject to on-site compliance inspection by the Bureau of Coastal and Land Use Enforcement. As per N.J.A.C. 7:7-1.4, you must notify the Bureau of Coastal and Land Use Enforcement, (P O Box 422, Trenton, New Jersey 08625), in writing at least 3 days prior to commencement of construction or site preparation.

This permit shall be RECORDED in the office of the County Clerk (the REGISTRAR OF DEEDS AND MORTGAGES in the applicable counties) in the county wherein the lands included in the permit are located within ten (10) days after the receipt of the permit by the applicant and verified notice shall be forwarded to the Land Use Regulation Program immediately thereafter.

This permit is NOT VALID until the permit acceptance form has been signed by the applicant, accepting and agreeing to adhere to all permit conditions, and returned to the Office of Dredging and Sediment Technology, 6th floor Assistant Commissioner's Suite, P.O. Box 028, Trenton, New Jersey 08625.

Administrative Conditions:

1. The permittee shall allow an authorized representative of the Department the right to inspect construction pursuant to N.J.A.C. 7:7-1.5.
2. The permittee shall secure approval of a Tenant Alteration Application and an Operating Plan from the Port Authority of New York and New Jersey if required.
3. The permittee shall obtain all appropriate local, state, and federal approvals.

Physical Conditions

1. At any time while this facility is unloading or storing dredged material, there shall be no discharge of stormwater from either the unloading or temporary storage areas under a typical 1-year storm event (i.e. 1.25 inches of rainfall over a 24 hour period) to the surface waters of the State. Watertight plugs shall be in place at the downstream end of the stormwater catch basins prior to the placement of any dredged material in the storage area. Stormwater from the 1-year storm event in these areas shall be collected by vacuum truck and either used as process water at the DonJon's Dredged Material Processing Facility located at Berths 20 and 22 or shall be placed in a solid hull dewatering scow and allowed to settle 24-hours prior to discharged back at the site of origin of the dredged material.

2. A maximum of 16,000 cubic yards of dredged material may be stored at this site at any one time other than material stored in barges. Stored dredged material shall be kept sufficiently wet to avoid the release of fugitive dust. Any visible loss of fugitive dust from this facility may be considered a violation of this condition and permit.

3. Upon anticipated cessation of dredged material off-loading for any period of time in excess of seven days, the permittee shall undertake clean up of the site in accordance with the procedure outlined in the

Operation and Management Plan once that plan has been approved.

4. The work authorized by this permit shall be conducted in such a manner so as not to threaten the structural integrity of any wharf or structure at the Port. The Department has not reviewed this project for potential structural impacts to the existing Port facilities.

5. There shall be no discharge of decant water at this site unless a NJPDES Discharge to Surface Waters Permit has been issued expressly authorizing such discharge.

## ACCEPTABLE USE DETERMINATION

1. This Acceptable Use Determination is issued to allow the off-loading and transfer of dredged material at the subject site provided all conditions included herein are met. However, no dredged material may be off-loaded or stored at this site unless that dredged material has received a Waterfront Development Permit and/or an Acceptable Use Determination, or a written waiver from these requirements, from the Department specifically authorizing the acceptable use destination for that material. Dredged material may not be processed at this site.

2. Amended dredged material shall be allowed to cure for a minimum of 24-hours from the time of amendment, prior to being off-loaded at this facility.

3. There shall be no discharge of decant water at this site without prior approval of a NJPDES Discharge to Surface Water Permit authorizing such discharge. Dredged material shall be dewatered at the dredging site. If dredged material is to be dewatered at this site, the decanted water shall be pumped into a scow of solid hull construction and transported back to the dredging site for discharge under and in compliance with a Water Quality Certificate authorizing such discharge. In the alternate the permittee may use decanted water for dust control misting in the barge at the end of the cement conveyor at the DonJon's Marine dredged material processing facility located at Berths 20 and 22. Should the permittee wish to utilize this option, all decant water must be pumped into an isolated system with no potential for discharge other than as misting water in the scow.

4. There shall be no discharge of stormwater from within the "off-loading" area or the "storage" area generated by the 1.25-inch / 24-hour water quality design storm. Stormwater within these areas shall be fully contained by 6 inch asphalt berms collected by sump or vacuum truck and either used as process water at dredged material processing facility located at Berths 20 and 22, or shall be placed into a solid hull scow and transported back to the dredging site for discharge in accordance with an approved Water Quality Certificate issued for the project generating the material. All stormwater containment, collection and storage devices shall be in place at the site prior to accepting dredged material.

5. The dredged material off-loading facility shall limit its activity to a single dredging project at a time. The dredged material off-loading facility shall maintain daily records noting the transportation vehicle identification number, material quantity, source and destination for all dredged material entering and leaving the facility. The daily records shall be compiled into standard reports, which shall be submitted to the Department upon request.

6 If the facility proposes to process dredged material from different dredging projects and/or destined for different acceptable use projects, the permittee shall be required to amend this Acceptable Use Determination. That amendment must specify how dredged material will be tracked to ensure that the dredged material is used on the site authorized to accept that material.

7. Spill plates and other best management practices shall be employed during off-loading to minimize any potential accidental release or loss of dredged material into the water at the berth.

The maximum amount of dredged material allowed to be stored on this site at any given time shall be 16,000 cubic yards. At no time shall dredged material be stored in an area other than that identified on the approved plans for this facility. In addition, the permittee shall place "Jersey Barriers" or similar structures at least 2.5 feet high around the immediate perimeter of the storage area either just inside or just outside of the proposed rolled asphalt curb to clearly delineate the boundaries of this area.

9. While the Department recognizes that the storage area will be in continuous use as a staging area for transloading dredged material when dredged material is being off loaded, the inventory of material in the storage area will be constantly changing. The same material may not be stored on the site in excess of seven days. The permittee shall provide for the management of the material (wetting) so as to avoid fugitive dust from leaving the facility. Any visible fugitive dust from the off-loading or storage facility shall constitute a violation of the Acceptable Use Determination.

10. All vehicles used to transport dredged material shall be properly tarped or otherwise treated to prevent loss of material during transit. Details of alternate methods to prevent the loss of dredged material during transit shall be included in the Operations and Management Plan for the facility.

11. Prior to transporting dredged material to this facility, the permittee shall prepare and submit an Operation and Management (O&M) Plan to this Office for review and approval. That plan shall deal comprehensively with procedures for clean up of any processed dredged material or additive mixture, which is accidentally spilled at the site. The plan must also specify all arrangements to ensure to ensure the continuous maintenance and efficient operation of all proposed water quality measures on site. This includes, but is not limited to, a schedule for the cleaning of all sump pits, pumps, and storage tanks. The plan shall also include health and safety procedures. A copy of the O&M plan shall be kept on site and all employees involved in the dredged material off-loading and transfer operations shall be briefed on the contents of the plan.

Any major accidental release of dredged material, add mixture or processed dredged material shall be immediately reported to the DEP Emergency Response 24 Hour Hotline at (609) 292-7172. The report must specify the type of substance discharged, estimated quantity, nature of the discharge, location of the discharge, any action being taken to mitigate the discharge and any other information the Department may request at the time of notification.

13. The Department reserves the right to revise or terminate this authorization at any time as a response to any: complaints, violations of this authorization or its conditions, any violation of any related permit and their conditions and / or failure to comply with the Department's Acceptable Use Criteria for the end use site.

14. Due to concerns over traffic congestion in and around the Port, this facility is limited to moving only 150 truckloads of material by truck between the hours of 6 AM and 6 PM. Additional trucks as needed to move material must move during the overnight hours. This restriction does not apply to material moved by rail.

Lawrence J. Baier, Chief
Office of Dredging and Sediment Technology

May 3, 2002
Date