# *Dredge No. 55*, Deep-Water Clamshell, Starts Up in Providence

plant
equipment news from GLD&D 2002/4




*Dredge No. 55 ready for action on the Providence project.*

GLD&D has inaugurated use of *Dredge No. 55*. To create the new dredge, the Great Lakes Engineering Department placed the renovated clamshell *Dredge No. 52* upon a newly purchased hull. The combination results in a sea-capable dredging platform with improved visibility for loading and handling material barges. After being finished in the spring, she was towed to Providence for her first working assignment, and reportedly has been performing well since her arrival.



*Small housing for the computerized winch array, a high viewpoint for the operator: a sea-capable dredge.*

During the early 1990s, GLDD was awarded a contract to perform work in Canada on the Hibernia project; *Dredge No. 52* performed this work. In ensuing years the dredge traveled to exotic ports in Spain, the Caribbean, and Panama. As the machine sat idle in Panama it was decided that she should be brought back to the U.S. for service in the domestic market. Yet in order to return to the U.S., it was required by law that the dredge have a new U.S.-documented hull. Great Lakes management recognized an opportunity to construct an ocean-capable clamshell dredge, outfitted to work on an automated anchor array, and capitalized upon it.

*(continued on next page)*

**plant** © **Great Lakes Dredge & Dock Company**
Richard Adams, Publications Manager • Richard Lowry, Editor
2122 York Road, Oak Brook, Illinois 60523 • 630.574.3000 *fax* 630.574.2909 • www.gldd.com

plant



*New cab controls*



*Reworked swing motor*



*Old cab controls*



*Old swing motor*

The new dredge's design concept affords improved operator visibility for the loading and handling of large scows, and gives the dredging platform the freeboard and structural size and physical integrity to withstand operation offshore in conjunction with large barges.

There were two other areas that required extensive engineering and capital funding to complete the project: *1)* The electrical system in the crane needed complete replacement, and *2)* An automated anchor handling and control system needed to be designed, built and installed.

Working on a fast track with vendor Crown ESA, of Portage, Ind., engineering was completed and new control panels were built to completely refit the crane's electrical system. Included was a new motor control center, new DC drives, a new bucket-positioning system, new lighting and a new operator cab. All motors and generators were reworked and reinstalled as well. The new equipment is designed and built to provide many years of trouble-free operation.

Rexroth Hydraulics, of Bethlehem, Pa., was chosen to provide the anchor winch system design and equipment. Three winch drums each on two skids, handle the six anchor wires. A centrally located hydraulic power unit (HPU) powers the system. GLD&D's Engineering Department handled all of the fleeting arrangements for the anchors. Electrical and automation for the winches was handled jointly between Rexroth and GLD&D Engineering. The system's design allows for future expansion as well as affording portability, two modes of flexibility for the future.

As engineering was taking place, the search for a suitable hull was also underway. After rejecting the first prospect due to poor deck condition and loading capacity, the search continued. After many inquiries, the *Philadelphia Trader* was located in Norfolk, Virginia. The former container-carrying deck barge was inspected and found to be in good condition. Built in 1981, the 250 x 72 x 15-ft hull fit the application perfectly. After some minor repairs, the removal of the deck beams used to hold containers during transit, and the installation of a sea chest, the barge was ready for the installation of the dredging plant.

In order to place the superstructure on top of the barge, it first had to be dry-docked. Holes were cut in the bottom of the barge and the deck hatches were opened. She was then lowered on the float-


*Crewman Memory Kennedy, Jr. operates automated anchor controls*


*New winches*


*New survey container*


*New, removable all-weather winch housings*

ing drydock at Atlantic Marine in Jacksonville, Fla. Once the deck was sufficiently submerged, the dredging plant was floated into position above it. The floating dock was then raised with dredging equipment positioned on the new hull. Once the bottom holes were repaired and deck hatches were replaced, the floating dock was sunk a last time to allow float-out of the new dredge. The new hull has been permanently affixed to the old hull, which now forms the superstructure and pedestal for the dredging plant.

The construction of this vessel was completed in May 2003 for immediate deployment on the Providence, R.I., project site, where she will work for the duration of the contract. The diligence of all involved in this design/construction project should be applauded as there were many long days endured in its accomplishment. Many thanks to the many vendors who played such big parts in making this project a success.

Congratulations to the following individuals on an outstanding effort:

Project Development & Management: Steve Becker
Arrangement and Mechanical Systems Design: Carl Pfeil
Electrical Systems Design: Sam Radjenovich
Shipyard Oversight/Hull Surveys: Charlie Maier
Stability Review: Tom Hoag
Electrical Design: Phil Mehlman
Electrical Technician: Gary Fortin
Electrical Technician: Bernd Koenig, Chris Slimmer
Electrical Drawings: Ron Winders
Dredge Engineer: Al Howard
Dredge Captain: Mike Clark
Start-up Assistance: Jack Chase

*Produced with materials provided by Sam Radjenovich and Steve Becker*

# plant



*Providence-bound!*



*Preparing for tow*



*New drive cabinets*



*After another day of commissioning: Phil Mehlman, Bernd Koenig, Ed Sajdera of Crown ESA, Sam Radjenovich, and Rod Mendall of RexRoth relax at day's end.*

info
news from GLD&D 2002/3

# Series 230 Barges Enlarged: Capacities Increased ~60%



In the spring of 2001, GLD&D management decided to increase production and efficiency on the projects requiring hopper barges by increasing their material capacity. This was achieved on the series GL230 barges by lengthening their hulls and hoppers and raising their coamings.

Hopper length was increased from 207 ft (63 m) to 258 ft 9 in (79 m), coaming height was increased from 2 ft (0.61 m) to 5 ft 5.5 in (1.7 m) with an additional one-foot splashguard at the top for a total height of 6 ft 6 in (2 m). These modifications account for a hopper capacity increase from 3,406 yd³ to 5,542 yd³ about 60%.

Bids were requested from shipyards in the summer of 2001, and Baltimore Marine Industries won the work. The scows were delivered to BMI the first week of December, and all three were drydocked simultaneously the following week.

BMI immediately began cutting the scows in two. When cutting was completed, two heavylift cranes lifted the 400-ton bow section and shifted it forward the required distance. The cranes then set the new 200-ton pre-fabricated mid-body sections into place between



*At the start of the work, the three barges were blocked up in drydock at Baltimore Marine. Then welders began the process of cutting the barges into sections to make room for insertion of an extension section.*

**info © Great Lakes Dredge & Dock Company**
Richard Adams, Graphics Engineer • Richard Lowry, Editor
2122 York Road, Oak Brook, Illinois 60523 • 630.574.3000 fax 630.574.2909 • www.gldd.com

info



1



2

the existing hull sections. All sections were then fitted and welded, and connections were inspected and air-tested for watertight integrity.

Additional maintenance and repair work was also performed. Existing hatchcovers were replaced, sections of damaged hull and bottom plate were cropped out and renewed, and damaged internal framing members were repaired or replaced.

Bay Engineering, Inc., was responsible for engineering and drawings, with final review and approval by Steve Becker and Dave Coombs. Bob Kilander and Dave Coombs conducted contract negotiations. Roy Woods was responsible for contract, budget, and assisted with negotiations. Don Mackie served as on-site rep.

*Prepared with materials provided by Don Mackie and Roy Woods*







*1) A 51-foot extension section readied for lifting by gantry crane for mating 2) with the prepared stern section. 3) The extension and stern sections are joined. 4) The bow section is lifted for positioning to complete the assembly. Inset: One of four temporary lifting eyepads.*





***While work progressed on the main project,** numerous worn spots were cut out and replaced with new material (inset above). As new coamings were installed, the sections were fit together. An almost-completed barge is shown at bottom, with heightened coamings in place.*



G0100300732

APPENDIX 10

**APPENDIX 10**

**CEDTI LETTER OF COMMITMENT**

**VIA FACSIMILE**
(630) 574-1515

July 27, 2006

Art Fletcher, P.E.
Division Engineer
Great Lakes Dredge and Dock Company, LLC
2122 York Road
Oak Brook, Illinois 60523

RE: Newark Bay Maintenance Dredging Project
Solicitation No. W912DS-06-B-0005

Dear Mr. Fletcher:

Pursuant to our recent conversations, Clean Earth Dredging Technologies, Inc. (CEDTI) currently has for the referenced channel improvement dredging project sufficient uncommitted processing and upland disposal/beneficial use capacity during the anticipated project schedule of late August 2006 to December 2006 to accommodate the 383,695 cubic yards of material from the referenced project.

As you are aware, CEDTI operates the Claremont DMPF in Jersey City, New Jersey, and has agreements for capacity at multiple upland beneficial use projects. CEDTI has executed exclusive supply agreements for supply of fill material to the FDP Intermodal Container Facility Improvement Project in Jersey City, New Jersey, the Prologis Elizabeth Seaport Business Park project in Elizabeth, New Jersey, and the Catellus Port Reading Business Park redevelopment project in Carteret and Woodbridge, New Jersey, and the former GATX S.I. Site in Staten Island, New York. The projects have a collective estimated total site capacity of 4,000,000 cubic yards of fill material required for completion. Sufficient uncommitted capacity remains at the sites for the referenced project. Additionally, CEDTI has negotiated an agreement with EnCap Golf, LLC, for the use of the Meadowlands Landfill Closure and Redevelopment Project for the beneficial use of dredged material from this project. The EnCap project has total capacity of in excess of 2,000,000 cubic yards and has sufficient remaining uncommitted capacity to

334 South Warminster Road
Hatboro, PA 19040
Phone 215-734-1400 • Fax 215-734-1416 • www.cleanearthinc.com

Printed on recycled paper

accommodate the approved portion of the referenced project after processing at CEDTI's Claremont DMPF.

All of these sites are permitted to receive stabilized dredged material, subject to dredging project-specific regulatory approvals upon receipt of analytical results. It is important to note that CEDTI has processed over 2.0 million yards of dredged material from several New York and New Jersey Harbor projects at the Claremont DMPF, with upland disposal/beneficial use at numerous upland disposal locations.

Should Great Lakes be contracted for the project, CEDTI will accept the referenced dredged material at the Claremont DMPF for processing, transport and placement by CEDTI at a processing and disposal rate of up to 3,500 cubic yards per day at one or more of the aforementioned sites.

Should you or your staff have questions or concerns, or should you require additional information, please do not hesitate to contact this office at 215-734-1400.

Sincerely,

**CLEAN EARTH DREDGING TECHNOLOGIES, INC.**

Daniel J. Morrow
Project Developer/Environmental Manager

cc: Steve Sands
Ken Sykes

APPENDIX 11

# APPENDIX 11

# GLDD COMMITMENT LETTER

**Great Lakes Dredge & Dock Company, LLC**
2122 YORK ROAD
OAK BROOK, IL USA 60523-1981
TEL: 630-574-3000

July 31, 2006

Department of the Army
New York District, Corps of Engineers
26 Federal Plaza
Jacob K. Javits Federal Building
New York, New York 10278-0090

Attn: Mr. Kenneth Peterson

**RE: KOPPERS SEABOARD DREDGE MATERIAL PROCESSING FACILITY, KEARNY, NJ**

Gentlemen:

Great Lakes Dredge & Dock Company, LLC certifies that the above referenced processing facility will be available to accept dredge material for use on the Newark Bay Project. During the scheduled window between August 2006 thru December 2006, the Koppers Seaboard Facility will have the capacity to process at least 3,500 c.y. per day. The site currently has the capacity to process the entire contract quantity of 383,695 cubic yards.

Should you have any additional questions regarding the Koppers Seaboard Facility, do not hesitate to contact me at 630/574-3001.

Best regards,

GREAT LAKES DREDGE & DOCK COMPANY, LLC

Steven F. O'Hara
Vice President

APPENDIX 12

# APPENDIX 12

## ENCAP GOLF HOLDING LLC
## LETTER OF COMMITMENT

EnCap golf

A Cherokee Company

**VIA FACSIMILE**
(630) 574-2909

July 31, 2006

Mr. Art Fletcher, P.E.
Division Engineer
Great Lakes Dredge and Dock Company, LLC
2122 York Road
Oak Brook, Illinois 60523

RE: Maintenance Dredging of Newark Bay, New Jersey (W912DS-06-B-0005)

EnCap Golf Holdings, LLC ("EnCap") is currently the owner of the Meadowlands landfill closure and redevelopment project located in the Township of Lyndhurst, the Borough of Rutherford, and the Borough of North Arlington. As part of the remediation phase of the project, EnCap is permitted to receive processed dredge material ("PDM") pursuant to and in accordance with certain regulatory and internal approvals, specifications, and criteria. Currently, the EnCap site has an uncommitted upland disposal/beneficial use capacity to accommodate up to approximately 1,000,000 in-place cubic yards of PDM. All of the current uncommitted capacity is for use in the Barrier Layer at the EnCap site.

Therefore, EnCap does have remaining capacity within the projected Project time frame of August 2006 to December 2006 for the approximately 82,000 cubic yards of dredged material meeting the Barrier Layer specifications to be removed from the Project.

Pursuant to our recent conversations, should Great Lakes Dredge and Dock Company, LLC be contracted for processing and disposal of material from the referenced dredging Project, EnCap will accept PDM at a disposal rate of up to 3,000 cubic yards per day, six (6) days per week, with proper advance notice and scheduling, and subject to possible short term minor descriptions based on site conditions, weather, etc. The delivered dredge must be in strict accordance with the EnCap Dredge Specifications attached hereto as Exhibit B. This commitment is subject to the execution of a mutually agreeable contract with the terms and conditions incorporating the attached terms and conditions dated July 31, 2006

**EnCap Golf Holdings, LLC**
• One Meadowlands Plaza
• Suite 810
• East Rutherford, NJ 07073
• Telephone (201) 804-9100 • Fax (201) 804-9154

702 Oberlin Road • Suite 150 • Raleigh, NC 27605
• Telephone (919) 743-2554 • Fax (919) 743-2501

Should you or your staff have additional questions, or should you require additional information, please do not hesitate to contact this office at 201-804-9100.

Sincerely,

**EnCap Golf Holdings, LLC**

James T. Hockensmith
Senior Vice President

cc: Tom Moran

**TERMS AND CONDITIONS RELATING TO
UPLAND DISPOSAL OF DREDGED MATERIAL
EnCAP MEADOWLANDS REDEVELOPMENT PROJECT SITE
July 31, 2006**

The following terms and conditions shall govern the delivery of dredged material for disposal at the Meadowlands Redevelopment Project Site (the "Site") to be owned and operated by (or on behalf of) EnCap Golf Holdings, LLC ("EnCap"). The following general terms shall apply to solicitations for bids issued by the U.S. Army Corps of Engineers, the Port Authority of New York and New Jersey or any other governmental entity in connection with the harbor deepening program.

The terms and conditions summarized below will be incorporated in a definitive agreement to be negotiated between EnCap and the dredger/processor submitting such bid.

1. Pricing. The dredger/processor shall make payment to (or upon the order of) EnCap for each cubic yard of dredged material delivered to the Site for disposal. The amount to be paid shall be as set forth below:

(A) Base Price. The price payable for disposal of dredged material at the Site shall be equal to **$5.23** per cubic yard, comprised of the **Base Price of $4.88** per cubic yard, plus **$.35** per cubic yard for site control expenses (collectively, the "Base Price"). The amount of dredged material for which payment will be required shall be determined by calculating the volume of dredge in the barge at the bulkhead and prior to adding any additives of the actual dredge sediment.

(B) Charge for Non-Processed Dredged Material. In the event that the dredger/processor delivers non-processed dredged material to the Site for disposal, the dredger/processor shall pay the following prices in lieu of the Base Price: (i) any "segregated" delivery of sand and/or gravel - $5.23 per cubic yard, comprised of the Base Price of $4.88 per cubic yard, plus $.35 per cubic yard for site control expenses, and/or (ii) any delivery not satisfying the criteria in (i) of this paragraph – $15.00 per cubic yard. For purposes of this paragraph (B), "segregated" means any delivery of sand and/or gravel that does not contain more than ten percent (10%) by dry weight of clay and silt.

EnCap's preference is not to accept any clay for disposal at the Site. However, if a dredger/processor must (in order to be responsive to the bid documents produced by the United States Army Corps of Engineers relating to the dredging and disposal of dredged material, sand/gravel and/or clay) agree to accept such material for disposal and wishes to utilize the Site, the $15.00 per cubic yard charge described above would be applicable.

In no event shall any delivery of material covered by this paragraph (B) contain any debris (i.e. timbers, scrap, tires, cables, etc.).

(C) Mobilization Fee. A lump sum payment of $100,000 shall be paid to EnCap by the dredger/processor if a contract is awarded based upon the upland disposal of such dredged material at the Site. Such payment shall be made on the date that a contract for the dredging, processing and disposal of dredged material from the Port Jersey Channel (Area 2a) is awarded to such dredger/processor pursuant to this solicitation.

(D) Surcharge for Fly Ash and Non-Cement Additive. In the event that (i) fly ash, (ii) municipal solid waste ash residue produced by a waste-to-energy facility, and/or (iii) any equivalent additive is used as an additive in the processing of the dredged material, a surcharge shall be added to the Base Price per cubic yard based upon the amount of such additive used. The surcharge shall be based upon a Base Price of $4.88 per cubic yard. As such, by way of example, if twenty percent (20%) fly ash is added to the dredged material, the cost of disposal for the processed dredge will be $4.88 x 1.2 = $5.86 per cubic yard plus $.35 = $6.21.

(E) Delivery Shortfall Payment. In the event that the amount of dredged material delivered to the Site during a 14-day calendar period is less than the agreed upon daily volume of dredge (as required in paragraph 3 below), a shortfall penalty shall be paid to EnCap by the dredger/processor(s) responsible for the shortfall (the "Delivery Shortfall Payment Amount"). The Delivery Shortfall Payment Amount shall be determined by using the table set forth in Exhibit A attached hereto. In the event that EnCap is able to mitigate any shortfall in deliveries through the acceptance of non-residential recyclable materials and/or other processed dredged material from any other source, the amount of the quantities received in such mitigation and/or the revenues received from such mitigation efforts shall be netted against the Delivery Shortfall Payment Amount.

2. Payment Terms. Payment shall be made every two weeks. The dredger/processor shall establish and fund a prepaid escrow account with EnCap (or its designated collection agent) equal to the cost of disposing of the aggregate quantity of dredged materials expected to be delivered during such 14-day period. The parties shall utilize barged volumes, as described in paragraph 1(A) above. **No dredged material shall be accepted from any dredger/processor that has an unpaid and outstanding balance with EnCap.**

3. Daily Minimum. It is EnCap's desire to receive 3,000 cubic yards per day on a continuous basis. EnCap is prepared to accept processed dredged material from one or more sources to make up a total of 3,000 cubic yards per day. However, if the dredger/processor can demonstrate that they cannot meet the 3,000 cubic yards per day requirement, then EnCap will accept an agreed upon reduced quantity. Thirty days prior to the start of dredging, EnCap and the dredger/processor shall agree in writing on the dredge delivery schedule. If during the dredge delivery, the agreed upon volumes are not met, then the Delivery Shortfall Payment Amount shall be applicable. Daily fluctuations up to 20% are acceptable as long as the daily average over a two-week period is maintained. **In the event that less than the agreed upon volume of dredge is delivered, a Delivery Shortfall Payment Amount will be due and payable, under the circumstances described in paragraph (1)(E) above. In such event, the Delivery Shortfall Payment Amount shall be determined in accordance with Exhibit A attached hereto.**

4. Days of Receipt. 20 hours a day, 6 days a week (Monday through Saturday), between the hours of 6:00 a.m. and 2:00 a.m., if 3,000 cubic yards per day is delivered on average. If the quantities delivered drop below 2,000 cubic yards per day, deliveries of dredged material will be limited to 11 hours a day, 5 days a week (Monday through Friday), between the hours of 6:00 a.m. and 5:00 p.m.

5. Mode of Delivery. Dredged material requiring disposal at the Site shall be delivered by "over-the-road trucks" and deposited at the location on the Site determined by EnCap (or its designated contractor or agent). Material must be unloaded without assistance



G0100300745

from EnCap (or its designated contractor or agent). The size of the vehicle delivering such dredged material shall be determined by the dredger/processor; however, such vehicles must be capable of easily maneuvering around the EnCap construction site.

6. <u>Processed Dredged Material Specifications</u>. Any processed dredged material to be disposed of at the Site shall satisfy the Processed Dredged Material Specifications, dated April 2, 2004 ("PDM Specifications"), which are attached hereto as Exhibit B.

7. <u>Debris</u>. EnCap will not accept any debris. The dredger/processor shall be responsible for proper disposal of any debris at its sole cost and expense.

8. <u>Dredger/Processor Related Delays</u>. Dredger/processor shall immediately notify EnCap of any delays or breakdowns in delivery (such notice to be confirmed in writing to EnCap within three (3) days). To the extent that there is no dredged material delivered, EnCap's (or its contractor's) labor and equipment costs at the Site that cannot be stopped ("Delayed Expenses") shall be paid by the dredger/processor. Such costs incurred by EnCap (or its contractor) shall be set forth by EnCap in a written notice to the dredger/processor. Such costs shall be paid within 15 days of receipt of such notice by the dredger/processor. If the dredger/processor delivers dredged material to the Site in amounts which exceed the agreed upon volume of dredge (i.e. 3,000 cubic yards a day) during any period subsequent to the payment of Delay Damages, the dredger/processor shall be entitled to a credit or refund for all or a portion of the Delay Damages previously paid. The amount of such credit or refund shall be determined by EnCap and set forth in a written notice to the dredger/processor.

9. <u>Accepted Use Determination (AUD)</u>. The dredger/processor shall be responsible for preparing and obtaining an Accepted Use Determination (AUD) from the New Jersey Department of Environmental Protection for processing and delivery of dredged material to the Site. EnCap has obtained the AUD for the Site.

10. <u>Point of Contact.</u> The point of contact for EnCap shall be:

James T. Hockensmith
Senior Vice President
EnCap Golf Holdings, LLC
One Meadowlands Plaza
East Rutherford, NJ 07666

201/804-9100

## EXHIBIT A

In the event that the dredger/processor delivers less than the agreed upon daily volume of dredge material to the Site, the Base Price shall be increased by the amount set forth in the table below.

| Average Volume Per Shift Under Agreed Upon Schedule | Delivery Shortfall Payment Amount (Additional Cost per cu. yd)[1,2] |
|---|---|
| 0 - 10 % | $ 0 |
| 10 - 20 % | $ 1.00[3] |
| 20 – 40 % | $ 2.00 |
| 40 – 60 % | $ 4.00 |
| 60 – 80 % | $ 8.00 |
| 80 – 100 % | $16.00 |
| No delivery without notice (daily standby) | $20,000 per day |

1 The Delivery Shortfall Payment Amount may be offset by an equivalent volume of Non-Residential recyclables or other processed dredged materials delivered to and placed at the EnCap Site in mitigation of the dredger/processor's delivery shortfall.

2 The additional cost per cubic yard does not include any mobilization - demobilization costs. If the dredger/processor requests EnCap's contractor to demobilize and re-mobilize to minimize or avoid the Delivery Shortfall Payment Amount, the costs incurred for such demobilization and re-mobilization will be charged by EnCap.

EXHIBIT B

PROCESSED DREDGED MATERIAL SPECIFICATIONS

[ATTACHED]

# Exhibit B
## EnCap Golf Holdings – Meadowlands Golf Redevelopment Project
## Processed Dredge Material Specifications
## April 2, 2004



**Mix Design**

The mix design will be the sole responsibility of the PDM processor. The processor will be responsible for obtaining the AUD for processing and delivery of the PDM to the EnCap project site. The processor will also obtain EnCaps approval for all additives to be used in the PDM. EnCap will be responsible for obtaining the AUD for the disposal site.

**Physical and Chemical**

The processed dredge material (PDM) shall meet the physical and chemical standards, as summarized below:

A. If the PDM will be used for the barrier layer, the PDM must meet a Maximum Hydraulic Conductivity of 1 x $10^{-5}$ centimeters per second (cm/sec). If the PDM is used for the grading and shaping layer, the permeability requirement is waved.
B. Achieve and sustain indefinitely a minimum unconfined compressive strength of 2000 pounds per square foot (PSF) at 28 days after placement including wet/dry cycles
C. Maximum particle size shall be four (4) inches. PDM delivered to the project site shall be free of deleterious materials.

The mix will meet the established maximum permeability (<1 x $10^{-5}$ cm/sec) and strength criteria (2000 PSF) when prepared and tested in a manner that duplicates the defined field placement method.

**Physical and Chemical Testing Frequency**

The test frequency will be at a minimum rate of:

- Not less than once per week, or
- For every change in the characteristics and/or source of the dredge material.

**PDM Additives**

The selection of additives will be the sole responsibility of the PDM processor. A Treatability Study must be performed and the results must be submitted to EnCap for review and approval. All additives will require the approval of EnCap. Such approval by EnCap will not be unreasonably withheld. The Processor must receive approval from NJDEP prior to use of fly ash as an additive.

**Pre-treatment Requirements**

Excess free water will be removed from the dredge material prior to processing. The dredge material will be screened to remove all debris such as tires, steel, timbers, trash, etc prior to processing. The final product size will be no more than 4 inches in any direction.

# Exhibit B
# EnCap Golf Holdings – Meadowlands Golf Redevelopment Project
# Processed Dredge Material Specifications
# April 2, 2004



The mixing plant must be capable of producing a homogeneous mixture of dredge material and additives such that the end product will be suitable as for use as an engineered fill. If in barge mixing is used, the barge will be inspected after each batch has been removed to avoid "carry-over of materials from the prior batch".

Dry additives such as Portland cement, cement kiln dust, and fly ash will be stored in silos or other similar means that protect against the weather. The mixing plant will include scales or equivalent mechanisms for measuring mix components. The mix system will be capable of providing an accuracy of the measurement of additives in compliance with the tolerances indicated in Section 304.08 of the DOT specifications for Lime-Pozolon Stabilized Base Course.

**Storage of Processed Material**

The PDM shall be allowed to cure for a minimum of 24 hours after the addition of additives. Processed material may be placed anytime within 5 calendar days after the minimum curing time that will still allow placement using the procedures noted and achieve the performance criteria.

**Handling and Transportation**

The processor/transporter shall use it's best efforts to protect the PDM from the adverse effects of cold and hot temperatures during storage and transportation. Adverse impacts shall be those changes, which do not enable the PDM to achieve the performance criteria of this specification. Processed material will be stored pending delivery to the EnCap project site using best efforts to prevent exposure to moisture (Rain or snow).

Care will be taken to assure that temporary storage/stockpiles of mixed materials are operated in such a manner that mixed materials do not remain in storage 5 days beyond mixing, or becoming hard and unworkable (whichever occurs sooner).

**Delivery**

PDM shall pass a paint filter test prior to transportation to the site. PDM will be transported to the EnCap project site by "over the road trucks". Each truck load will be accompanied by a Straight Bill of Lading or shipping form acceptable to EnCap. Material will be unloaded at the location designated by EnCaps remediation contractor.

EnCaps' remediation contractor will provide wheel-washing stations. Cleaning of truck beds or any other assistance in unloading will be the responsibility of the transporter. At no time during the mixing or delivery process shall the PDM or the additives become frozen or contain snow, ice or frozen matter.

**Placement**

The dredger/processor shall work with EnCap and EnCap's dredge placement contractor to proportion the dredge mix and assist in developing spreading and handling techniques in order to facilitate the optimum placement of the dredge. The dredger/processor shall control the

**Exhibit B**
**EnCap Golf Holdings – Meadowlands Golf Redevelopment Project**
**Processed Dredge Material Specifications**
**April 2, 2004**



dewatering process to achieve a workable end product. After delivery of the PDM by the processor, EnCap's contractor will spread and place the PDM. Within 120 hours of placement by EnCap's contractor, the placed material needs to have the capability to develop adequate strength to meet a performance requirement of supporting the processors fully loaded highway trucks delivering PDM. The dredger/processor shall utilize it's best efforts to delivery PDM that, with proper placement and maintenance by EnCap's contractor, is capable of supporting traffic without excessive rutting or the trucks becoming stuck. Placed soils will be tested using Soil Trafficability Test Method TM 5-530/NAVFAC MO-330/AFM or similar method that is deemed acceptable to EnCaps contractor. The dredger/processor is responsible to control the water and additives in order for the PDM to have the capability to achieve the desired results. However, the dredger/processor is not responsible for the means by which EnCap's contractor handles the material, protects the dredge, or weather related issues after the material is placed at the EnCap site. EnCap's contractor shall be responsible for maintaining adequate primary haul roads to the general area of placement.

Prior to full-scale operations a test pad and field correlation will be developed specific to the PDM. The processor (with technical assistance by EnCap and EnCap's Contractor) will conduct the test fill at the EnCap site. The dredger/processor will remove samples from the test fill for strength, permeability and environmental compliance testing by the PDM processor (with technical assistance and observation provided by EnCap and EnCaps' contractor). Additional test fills will be required if the initial tests results fail to meet the performance requirements or if there are significant changes in the characteristics of the PDM.

**Material Certification**

In accordance with NJDEP landfill closure requirements, the Processor will provide the following certifications regarding the PDM:

- Design Mixes and Test Reports indicating compliance with specified performance requirements. Permeability and strength testing will be conducted using test parameters that simulate the site placement conditions previously described in this document.
- Compliance with permitted AUD and DEP Leaching criteria.
- If used in the barrier layer, test results verifying that the PDM will achieve a permeability of not greater than $1 \times 10^{-5}$.
- Test results verifying the PDM will yield a minimum strength of 2000 PSF at 28 days
- The source all additives.
- "Bills of Lading" or approved shipping forms verifying the quantities of materials delivered.
- Mixing records indicating the amount (weight) of additives per batch.
  Results of Paint Filter testing

**Exhibit B**
**EnCap Golf Holdings – Meadowlands Golf Redevelopment Project**
**Processed Dredge Material Specifications**
**April 2, 2004**

APPENDIX 13

## APPENDIX 13

## WATERBORN EQUIPMENT CERTIFICATIONS

DHS-USCG-CG-1270 (REV. 06-03) OMB APPROVED 2115-0110

# UNITED STATES OF AMERICA

DEPARTMENT OF HOMELAND SECURITY
UNITED STATES COAST GUARD

NATIONAL VESSEL DOCUMENTATION CENTER

# CERTIFICATE OF DOCUMENTATION

| VESSEL NAME | OFFICIAL NUMBER | IMO OR OTHER NUMBER | YEAR COMPLETED |
|---|---|---|---|
| G.L.51 | 288765 | 426 | 1962 |

| HAILING PORT | HULL MATERIAL | MECHANICAL PROPULSION |
|---|---|---|
| NEW YORK, NY | STEEL | NO |

| GROSS TONNAGE | NET TONNAGE | LENGTH | BREADTH | DEPTH |
|---|---|---|---|---|
| 457 GRT | 457 NRT | 148.0 | 43.4 | 8.2 |

PLACE BUILT
MANITOWOC, WI

| OWNERS | OPERATIONAL ENDORSEMENTS |
|---|---|
| GREAT LAKES DREDGE & DOCK COMPANY LLC COMPRISED OF ONE MEMBER | COASTWISE<br>REGISTRY |

MANAGING OWNER
GREAT LAKES DREDGE & DOCK COMPANY LLC
ATTN: MAINTENANCE ADMINISTRATOR
2122 YORK RD
OAK BROOK, IL 60523

RESTRICTIONS
NONE

ENTITLEMENTS
NONE

REMARKS
NONE

ISSUE DATE
AUGUST 04, 2005

THIS CERTIFICATE EXPIRES
AUGUST 31, 2006

WDR

DIRECTOR, NATIONAL VESSEL DOCUMENTATION CENTER

PREVIOUS EDITION OBSOLETE. THIS CERTIFICATE MAY NOT BE ALTERED

G0100300755

*This certificate is not valid for operation of the vessel until the vessel is marked with the name, official number, and hailing port as shown on the certificate. The original certificate must be kept aboard the vessel at all times when in operation and must be presented* upon the demand of federal, state or local officials for law enforcement purposes. Vessels with only a recreational endorsement may not engage in commercial trade.

Documented vessels may be registered by states for tax and other purposes and may be required to display a state decal. This certificate is valid for one year. Renewal is the responsibility of the owner. This certificate must be surrendered to the National Vessel Documentation Center (NVDC) upon a change in ownership, change in state of incorporation, or a change in any other element shown on the certificate other than change of address. This certificate is invalid for any vessel other than one documented solely for recreation when the vessel is placed under the command of a person who is not a citizen of the U.S. The vessel and its equipment are liable to seizure and forfeiture to the U.S. government and the owner is liable for a civil penalty of not more than $10,000.00 per violation. Each day of a continuing violation is a separate violation.

Any change in address of the managing owner must be reported promptly to the NVDC. You may contact us at (304) 271-2400.

Note: The certificate on the face of this document is not conclusive evidence of title in any proceeding where ownership is in issue. Complete records are on file at the NVDC. The sale or transfer section below is provided for convenience only.

## SALE OR TRANSFER OF VESSEL

100% OF THE VESSEL IDENTIFIED HEREIN IS SOLD (TRANSFERRED) BY THE OWNER(S) NAMED ON THE FACE OF THIS CERTIFICATE TO THE FOLLOWING PERSON(S). ADDRESS MUST BE INCLUDED.

IF SOLD (TRANSFERRED) TO MORE THAN ONE PERSON, THE PURCHASER(S)/TRANSFEREE(S) ARE TENANTS IN COMMON, EACH OWNING AN EQUAL UNDIVIDED INTEREST, UNLESS OTHERWISE INDICATED HEREIN: CHECK ONLY ONE OF THE FOLLOWING BLOCKS TO SHOW ANOTHER FORM OF OWNERSHIP.

☐ JOINT TENANCY WITH RIGHT OF SURVIVORSHIP ☐ TENANCY BY THE ENTIRETIES ☐ COMMUNITY PROPERTY

☐ OTHER

SIGNATURE OF SELLER(S)/TRANSFEROR(S) OR PERSONS SIGNING ON BEHALF OF SELLER(S)/TRANSFEROR(S):

DATE SIGNED:

NAME(S) OF PERSON(S) SIGNING ABOVE, AND LEGAL CAPACITY IN WHICH SIGNED (E.G. OWNER, AGENT, TRUSTEE, EXECUTOR)

ACKNOWLEDGMENT (TO BE COMPLETED BY NOTARY PUBLIC OR OTHER OFFICIAL AUTHORIZED BY A LAW OF A STATE OR THE UNITED STATES TO TAKE OATHS.)

STATE:

ON ____________ (DATE) THE PERSON(S) NAMED

COUNTY:

ABOVE ACKNOWLEDGED EXECUTION OF THE FOREGOING INSTRUMENT IN THEIR STATED CAPACITY(IES) FOR THE PURPOSES THEREIN CONTAINED.

NOTARY PUBLIC
MY COMMISSION EXPIRES:

## PRIVACY ACT STATEMENT

IN ACCORDANCE WITH 5 USC 552(A) THE FOLLOWING INFORMATION IS PROVIDED TO YOU WHEN SUPPLYING PERSONAL INFORMATION TO THE U.S. COAST GUARD:

1. AUTHORITY. SOLICITATION OF THIS INFORMATION IS AUTHORIZED BY 46 USC CHAPTER 313 AND 46 CFR, PART 67.
2. THE PRINCIPAL PURPOSES FOR WHICH THIS INSTRUMENT IS TO BE USED ARE:
   (A) TO PROVIDE A RECORD, AVAILABLE FOR PUBLIC INSPECTION AND COPYING, OF THE SALE OR OTHER CHANGE IN OWNERSHIP OF A VESSEL WHICH IS DOCUMENTED, WILL BE DOCUMENTED, OR HAS BEEN DOCUMENTED PURSUANT TO 46 USC, CHAPTER 121.
   (B) RETENTION FOR EXAMINATION BY GOVERNMENTAL AUTHORITIES AND MEMBERS OF THE GENERAL PUBLIC.
3. THE ROUTINE USE WHICH MAY BE MADE OF THIS INFORMATION INCLUDES DEVELOPMENT OF STATISTICAL DATA CONCERNING DOCUMENTED VESSELS.
4. DISCLOSURE OF THE INFORMATION REQUESTED ON THIS FORM IS VOLUNTARY. HOWEVER, FAILURE TO PROVIDE THE INFORMATION COULD PRECLUDE FILING OF A BILL OF SALE AND DOCUMENTATION OF THE VESSEL NAMED HEREIN PURSUANT TO 46 USC CHAPTER 121. MOREOVER, BILLS OF SALE WHICH ARE NOT FILED ARE NOT DEEMED TO BE VALID AGAINST ANY PERSON HAVING ACTUAL KNOWLEDGE OF THE SALE. (46 USC 31321 (A)).

AN AGENCY MAY NOT CONDUCT OR SPONSOR, AND A PERSON IS NOT REQUIRED TO RESPOND TO A COLLECTION OF INFORMATION UNLESS IT DISPLAYS A VALID OMB CONTROL NUMBER.

THE COAST GUARD ESTIMATES THAT THE AVERAGE BURDEN FOR THIS FORM IS 20 MINUTES FOR COMPLETING AND 5 MINUTES FOR FILING. YOU MAY SUBMIT ANY COMMENTS CONCERNING THE ACCURACY OF THIS BURDEN ESTIMATE OR ANY SUGGESTIONS FOR REDUCING THE BURDEN TO: COMMANDANT (G-M), U.S. COAST GUARD, 2100 2ND STREET, SW, WASHINGTON, DC 20593-0001 OR OFFICE OF MANAGEMENT AND BUDGET, PAPERWORK REDUCTION PROJECT (2115-0110), WASHINGTON, DC 20503.

AD 207185322419

DHS USCG CG-1270 (REV. 06-03)

OMB APPROVED 2115-0110

# UNITED STATES OF AMERICA

DEPARTMENT OF HOMELAND SECURITY
UNITED STATES COAST GUARD

NATIONAL VESSEL DOCUMENTATION CENTER

# CERTIFICATE OF DOCUMENTATION

| VESSEL NAME | OFFICIAL NUMBER | IMO OR OTHER NUMBER | YEAR COMPLETED |
|---|---|---|---|
| G.L. 54 | 560225 | 2269 | 1974 |

| HAILING PORT | HULL MATERIAL | MECHANICAL PROPULSION |
|---|---|---|
| NEW YORK, NY | STEEL | NO |

| GROSS TONNAGE | NET TONNAGE | LENGTH | BREADTH | DEPTH |
|---|---|---|---|---|
| 1,120 GRT | 1,120 NRT | 185.3 | 60.1 | 11.1 |

PLACE BUILT
HARVEY, LA

| OWNERS | OPERATIONAL ENDORSEMENTS |
|---|---|
| GREAT LAKES DREDGE & DOCK COMPANY LLC COMPRISED OF ONE MEMBER | COASTWISE<br>REGISTRY |

MANAGING OWNER
GREAT LAKES DREDGE & DOCK COMPANY LLC
ATTN: MAINTENANCE ADMINISTRATOR
2122 YORK RD
OAK BROOK, IL 60523

RESTRICTIONS
NONE

ENTITLEMENTS
NONE

REMARKS
NONE

ISSUE DATE
AUGUST 15, 2005

THIS CERTIFICATE EXPIRES
AUGUST 31, 2006

WDR

DIRECTOR, NATIONAL VESSEL DOCUMENTATION CENTER

PREVIOUS EDITION OBSOLETE. THIS CERTIFICATE MAY NOT BE ALTERED

This certificate is not valid for operation of the vessel until the vessel is marked with the name, official number, and hailing port as shown on the certificate. The original certificate must be kept aboard the vessel at all times when in operation and must be presented upon the demand of federal, state or local officials for law enforcement purposes. Vessels with only a recreational endorsement may not engage in commercial trade.

Documented vessels may be registered by states for tax and other purposes and may be required to display a state decal. This certificate is valid for one year. Renewal is the responsibility of the owner. This certificate must be surrendered to the National Vessel Documentation Center (NVDC) upon a change in ownership, change in state of incorporation, or a change in any other element shown on the certificate other than change of address. This certificate is invalid for any vessel other than one documented solely for recreation when the vessel is placed under the command of a person who is not a citizen of the U.S. The vessel and its equipment are liable to seizure and forfeiture to the U.S. government and the owner is liable for a civil penalty of not more than $10,000.00 per violation. Each day of a continuing violation is a separate violation.

Any change in address of the managing owner must be reported promptly to the NVDC. You may contact us at (304) 271-2400.

**Note:** The certificate on the face of this document is not conclusive evidence of title in any proceeding where ownership is in issue. Complete records are on file at the NVDC. The sale or transfer section below is provided for convenience only.

**SALE OR TRANSFER OF VESSEL**

100% OF THE VESSEL IDENTIFIED HEREIN IS SOLD (TRANSFERRED) BY THE OWNER(S) NAMED ON THE FACE OF THIS CERTIFICATE TO THE FOLLOWING PERSON(S). ADDRESS MUST BE INCLUDED.

_______________________________________________

_______________________________________________

IF SOLD (TRANSFERRED) TO MORE THAN ONE PERSON, THE PURCHASER(S)/TRANSFEREE(S) ARE TENANTS IN COMMON, EACH OWNING AN EQUAL UNDIVIDED INTEREST, UNLESS OTHERWISE INDICATED HEREIN: CHECK ONLY ONE OF THE FOLLOWING BLOCKS TO SHOW ANOTHER FORM OF OWNERSHIP.

☐ JOINT TENANCY WITH RIGHT OF SURVIVORSHIP ☐ TENANCY BY THE ENTIRETIES ☐ COMMUNITY PROPERTY

☐ OTHER

SIGNATURE OF SELLER(S)/TRANSFEROR(S) OR PERSONS SIGNING ON BEHALF OF SELLER(S)/TRANSFEROR(S):

DATE SIGNED:

NAME(S) OF PERSON(S) SIGNING ABOVE, AND LEGAL CAPACITY IN WHICH SIGNED (E.G. OWNER, AGENT, TRUSTEE, EXECUTOR)

ACKNOWLEDGMENT (TO BE COMPLETED BY NOTARY PUBLIC OR OTHER OFFICIAL AUTHORIZED BY A LAW OF A STATE OR THE UNITED STATES TO TAKE OATHS.)

STATE:

ON ____________________ THE PERSON(S) NAMED
(DATE)

COUNTY:

ABOVE ACKNOWLEDGED EXECUTION OF THE FOREGOING INSTRUMENT IN THEIR STATED CAPACITY(IES) FOR THE PURPOSES THEREIN CONTAINED.

NOTARY PUBLIC
MY COMMISSION EXPIRES:

**PRIVACY ACT STATEMENT**

IN ACCORDANCE WITH 5 USC 552(A). THE FOLLOWING INFORMATION IS PROVIDED TO YOU WHEN SUPPLYING PERSONAL INFORMATION TO THE U.S. COAST GUARD:

1. AUTHORITY. SOLICITATION OF THIS INFORMATION IS AUTHORIZED BY 46 USC CHAPTER 313 AND 46 CFR, PART 67.
2. THE PRINCIPAL PURPOSES FOR WHICH THIS INSTRUMENT IS TO BE USED ARE:
   (A) TO PROVIDE A RECORD, AVAILABLE FOR PUBLIC INSPECTION AND COPYING, OF THE SALE OR OTHER CHANGE IN OWNERSHIP OF A VESSEL WHICH IS DOCUMENTED, WILL BE DOCUMENTED, OR HAS BEEN DOCUMENTED PURSUANT TO 46 USC, CHAPTER 121.
   (B) RETENTION FOR EXAMINATION BY GOVERNMENTAL AUTHORITIES AND MEMBERS OF THE GENERAL PUBLIC.
3. THE ROUTINE USE WHICH MAY BE MADE OF THIS INFORMATION INCLUDES DEVELOPMENT OF STATISTICAL DATA CONCERNING DOCUMENTED VESSELS.
4. DISCLOSURE OF THE INFORMATION REQUESTED ON THIS FORM IS VOLUNTARY. HOWEVER, FAILURE TO PROVIDE THE INFORMATION COULD PRECLUDE FILING OF A BILL OF SALE AND DOCUMENTATION OF THE VESSEL NAMED HEREIN PURSUANT TO 46 USC CHAPTER 121. MOREOVER, BILLS OF SALE WHICH ARE NOT FILED ARE NOT DEEMED TO BE VALID AGAINST ANY PERSON HAVING ACTUAL KNOWLEDGE OF THE SALE. (46 USC 31321 (A)).

AN AGENCY MAY NOT CONDUCT OR SPONSOR, AND A PERSON IS NOT REQUIRED TO RESPOND TO A COLLECTION OF INFORMATION UNLESS IT DISPLAYS A VALID OMB CONTROL NUMBER.

THE COAST GUARD ESTIMATES THAT THE AVERAGE BURDEN FOR THIS FORM IS 20 MINUTES FOR COMPLETING AND 5 MINUTES FOR FILING. YOU MAY SUBMIT ANY COMMENTS CONCERNING THE ACCURACY OF THIS BURDEN ESTIMATE OR ANY SUGGESTIONS FOR REDUCING THE BURDEN TO: COMMANDANT (G-M), U.S. COAST GUARD, 2100 2ND STREET, SW, WASHINGTON, DC 20593-0001 OR OFFICE OF MANAGEMENT AND BUDGET, PAPERWORK REDUCTION PROJECT (2115-0110), WASHINGTON, DC 20503.

AD 207136022419

DHS, USCG, CG-1270 (REV. 06-03)

OMB APPROVED 2115-0110

# UNITED STATES OF AMERICA

DEPARTMENT OF HOMELAND SECURITY
UNITED STATES COAST GUARD

NATIONAL VESSEL DOCUMENTATION CENTER

# CERTIFICATE OF DOCUMENTATION

| VESSEL NAME | OFFICIAL NUMBER | IMO OR OTHER NUMBER | YEAR COMPLETED |
|---|---|---|---|
| G.L. 230 | 695575 | 893 | 1986 |

| HAILING PORT | HULL MATERIAL | MECHANICAL PROPULSION |
|---|---|---|
| NEW YORK, NY | STEEL | NO |

| GROSS TONNAGE | NET TONNAGE | LENGTH | BREADTH | DEPTH |
|---|---|---|---|---|
| 2,189 GT ITC | 879 NT ITC | 298.2 | 52.0 | 17.0 |

PLACE BUILT
ST PAUL, MN

OWNERS
GREAT LAKES DREDGE & DOCK COMPANY
LLC COMPRISED OF ONE MEMBER

OPERATIONAL ENDORSEMENTS
COASTWISE
REGISTRY

MANAGING OWNER
GREAT LAKES DREDGE & DOCK COMPANY LLC
ATTN: MAINTENANCE ADMINISTRATOR
2122 YORK RD
OAK BROOK, IL 60523

RESTRICTIONS
NONE

ENTITLEMENTS
NONE

REMARKS
NONE

ISSUE DATE
AUGUST 15, 2005

THIS CERTIFICATE EXPIRES
AUGUST 31, 2006

WDR

DIRECTOR, NATIONAL VESSEL DOCUMENTATION CENTER

PREVIOUS EDITION OBSOLETE, THIS CERTIFICATE MAY NOT BE ALTERED

This certificate is not valid for operation of the vessel until the vessel is marked with the name, official number, and hailing port as shown on the certificate. The original certificate must be kept aboard the vessel at all times when in operation and must be presented upon the demand of federal, state or local officials for law enforcement purposes. Vessels with only a recreational endorsement may not engage in commercial trade.

Documented vessels may be registered by states for tax and other purposes and may be required to display a state decal. This certificate is valid for one year. Renewal is the responsibility of the owner. This certificate must be surrendered to the National Vessel Documentation Center (NVDC) upon a change in ownership, change in state of incorporation, or a change in any other element shown on the certificate other than change of address. This certificate is invalid for any vessel other than one documented solely for recreation when the vessel is placed under the command of a person who is not a citizen of the U.S. The vessel and its equipment are liable to seizure and forfeiture to the U.S. government and the owner is liable for a civil penalty of not more than $10,000.00 per violation. Each day of a continuing violation is a separate violation.

Any change in address of the managing owner must be reported promptly to the NVDC. You may contact us at (304) 271-2400.

Note: The certificate on the face of this document is not conclusive evidence of title in any proceeding where ownership is in issue. Complete records are on file at the NVDC. The sale or transfer section below is provided for convenience only.

## SALE OR TRANSFER OF VESSEL

100% OF THE VESSEL IDENTIFIED HEREIN IS SOLD (TRANSFERRED) BY THE OWNER(S) NAMED ON THE FACE OF THIS CERTIFICATE TO THE FOLLOWING PERSON(S). ADDRESS MUST BE INCLUDED.

IF SOLD (TRANSFERRED) TO MORE THAN ONE PERSON, THE PURCHASER(S)/TRANSFEREE(S) ARE TENANTS IN COMMON, EACH OWNING AN EQUAL UNDIVIDED INTEREST, UNLESS OTHERWISE INDICATED HEREIN: CHECK ONLY ONE OF THE FOLLOWING BLOCKS TO SHOW ANOTHER FORM OF OWNERSHIP.

☐ JOINT TENANCY WITH RIGHT OF SURVIVORSHIP ☐ TENANCY BY THE ENTIRETIES ☐ COMMUNITY PROPERTY

☐ OTHER

SIGNATURE OF SELLER(S)/TRANSFEROR(S) OR PERSONS SIGNING ON BEHALF OF SELLER(S)/TRANSFEROR(S):

DATE SIGNED:

NAME(S) OF PERSON(S) SIGNING ABOVE, AND LEGAL CAPACITY IN WHICH SIGNED (E.G. OWNER, AGENT, TRUSTEE, EXECUTOR)

ACKNOWLEDGMENT (TO BE COMPLETED BY NOTARY PUBLIC OR OTHER OFFICIAL AUTHORIZED BY A LAW OF A STATE OR THE UNITED STATES TO TAKE OATHS.)

STATE:

ON ______________ THE PERSON(S) NAMED
(DATE)

COUNTY:

ABOVE ACKNOWLEDGED EXECUTION OF THE FOREGOING INSTRUMENT IN THEIR STATED CAPACITY(IES) FOR THE PURPOSES THEREIN CONTAINED.

NOTARY PUBLIC
MY COMMISSION EXPIRES:

## PRIVACY ACT STATEMENT

IN ACCORDANCE WITH 5 USC 552(A), THE FOLLOWING INFORMATION IS PROVIDED TO YOU WHEN SUPPLYING PERSONAL INFORMATION TO THE U.S. COAST GUARD:

1. AUTHORITY. SOLICITATION OF THIS INFORMATION IS AUTHORIZED BY 46 USC CHAPTER 313 AND 46 CFR, PART 67.
2. THE PRINCIPAL PURPOSES FOR WHICH THIS INSTRUMENT IS TO BE USED ARE:
   (A) TO PROVIDE A RECORD, AVAILABLE FOR PUBLIC INSPECTION AND COPYING, OF THE SALE OR OTHER CHANGE IN OWNERSHIP OF A VESSEL WHICH IS DOCUMENTED, WILL BE DOCUMENTED, OR HAS BEEN DOCUMENTED PURSUANT TO 46 USC, CHAPTER 121.
   (B) RETENTION FOR EXAMINATION BY GOVERNMENTAL AUTHORITIES AND MEMBERS OF THE GENERAL PUBLIC.
3. THE ROUTINE USE WHICH MAY BE MADE OF THIS INFORMATION INCLUDES DEVELOPMENT OF STATISTICAL DATA CONCERNING DOCUMENTED VESSELS.
4. DISCLOSURE OF THE INFORMATION REQUESTED ON THIS FORM IS VOLUNTARY. HOWEVER, FAILURE TO PROVIDE THE INFORMATION COULD PRECLUDE FILING OF A BILL OF SALE AND DOCUMENTATION OF THE VESSEL NAMED HEREIN PURSUANT TO 46 USC CHAPTER 121. MOREOVER, BILLS OF SALE WHICH ARE NOT FILED ARE NOT DEEMED TO BE VALID AGAINST ANY PERSON HAVING ACTUAL KNOWLEDGE OF THE SALE. (46 USC 31321 (A)).

AN AGENCY MAY NOT CONDUCT OR SPONSOR, AND A PERSON IS NOT REQUIRED TO RESPOND TO A COLLECTION OF INFORMATION UNLESS IT DISPLAYS A VALID OMB CONTROL NUMBER.

THE COAST GUARD ESTIMATES THAT THE AVERAGE BURDEN FOR THIS FORM IS 20 MINUTES FOR COMPLETING AND 5 MINUTES FOR FILING. YOU MAY SUBMIT ANY COMMENTS CONCERNING THE ACCURACY OF THIS BURDEN ESTIMATE OR ANY SUGGESTIONS FOR REDUCING THE BURDEN TO: COMMANDANT (G-M), U.S. COAST GUARD, 2100 2ND STREET, SW, WASHINGTON, DC 20593-0001 OR OFFICE OF MANAGEMENT AND BUDGET, PAPERWORK REDUCTION PROJECT (2115-0110), WASHINGTON, DC 20503.

AD 207134922419

## CONVENTION MEASUREMENT SYSTEM INFORMATION

| ENCLOSED SPACES | | | CARGO SPACES | | |
|---|---|---|---|---|---|
| Name of Space | Location | Length (m) | Name of Space | Location | Length (m) |
| UNDERDECK & TRUNK | — | — | CARGO HOLD | FR 4-28 | 78.87 |

**NUMBER OF PASSENGERS**

Number of passengers in cabins with not more than 8 berths: 0

Number of other passengers: 0

**EXCLUDED SPACES**

An asterisk (*) should be added to those spaces listed above which comprise both enclosed and excluded spaces.

**MOLDED DRAFT**

3.89 m 12.8 ft

**MEASUREMENT HISTORY:**

Date and place of original measurement: March 3, 1986 - New York, NY

Date and place of last previous remeasurement:

**REMARKS:**

Certificate reissued to reflect addition of new 51.75 feet midbody section.

Rev 12-02

G0100300761

0491

DHS-USCG, CG-1270 (REV. 06-03) OMB APPROVED 2115-0110

# UNITED STATES OF AMERICA

DEPARTMENT OF HOMELAND SECURITY
UNITED STATES COAST GUARD

NATIONAL VESSEL DOCUMENTATION CENTER

# CERTIFICATE OF DOCUMENTATION

| VESSEL NAME | OFFICIAL NUMBER | IMO OR OTHER NUMBER | YEAR COMPLETED |
|---|---|---|---|
| G.L. 231 | 695576 | | 1986 |

| HAILING PORT | HULL MATERIAL | MECHANICAL PROPULSION |
|---|---|---|
| NEW YORK, NY | STEEL | NO |

| GROSS TONNAGE | NET TONNAGE | LENGTH | BREADTH | DEPTH |
|---|---|---|---|---|
| 2,189 GT ITC | 879 NT ITC | 298.2 | 52.0 | 17.0 |

PLACE BUILT
ST PAUL, MN

OWNERS
GREAT LAKES DREDGE & DOCK COMPANY
LLC COMPRISED OF ONE MEMBER

OPERATIONAL ENDORSEMENTS
COASTWISE
REGISTRY

MANAGING OWNER
GREAT LAKES DREDGE & DOCK COMPANY LLC
ATTN: MAINTENANCE ADMINISTRATOR
2122 YORK RD
OAK BROOK, IL 60523

RESTRICTIONS
NONE

ENTITLEMENTS
NONE

REMARKS
NONE

ISSUE DATE
AUGUST 15, 2005

THIS CERTIFICATE EXPIRES
AUGUST 31, 2006

WDR

[signature]
DIRECTOR, NATIONAL VESSEL DOCUMENTATION CENTER

PREVIOUS EDITION OBSOLETE. THIS CERTIFICATE MAY NOT BE ALTERED

G0100300762

This certificate is not valid for operation of the vessel until the vessel is marked with the name, official number, and hailing port as shown on the certificate. The original certificate must be kept aboard the vessel at all times when in operation and must be presented upon the demand of federal, state or local officials for law enforcement purposes. Vessels with only a recreational endorsement may not engage in commercial trade.

Documented vessels may be registered by states for tax and other purposes and may be required to display a state decal. This certificate is valid for one year. Renewal is the responsibility of the owner. This certificate must be surrendered to the National Vessel Documentation Center (NVDC) upon a change in ownership, change in state of incorporation, or a change in any other element shown on the certificate other than change of address. This certificate is invalid for any vessel other than one documented solely for recreation when the vessel is placed under the command of a person who is not a citizen of the U.S. The vessel and its equipment are liable to seizure and forfeiture to the U.S. government and the owner is liable for a civil penalty of not more than $10,000.00 per violation. Each day of a continuing violation is a separate violation.

Any change in address of the managing owner must be reported promptly to the NVDC. You may contact us at (304) 271-2400.

**Note:** The certificate on the face of this document is not conclusive evidence of title in any proceeding where ownership is in issue. Complete records are on file at the NVDC. The sale or transfer section below is provided for convenience only.

## SALE OR TRANSFER OF VESSEL

100% OF THE VESSEL IDENTIFIED HEREIN IS SOLD (TRANSFERRED) BY THE OWNER(S) NAMED ON THE FACE OF THIS CERTIFICATE TO THE FOLLOWING PERSON(S). ADDRESS MUST BE INCLUDED.

________________________________________

________________________________________

IF SOLD (TRANSFERRED) TO MORE THAN ONE PERSON, THE PURCHASER(S)/TRANSFEREE(S) ARE TENANTS IN COMMON, EACH OWNING AN EQUAL UNDIVIDED INTEREST, UNLESS OTHERWISE INDICATED HEREIN: CHECK ONLY ONE OF THE FOLLOWING BLOCKS TO SHOW ANOTHER FORM OF OWNERSHIP.

☐ JOINT TENANCY WITH RIGHT OF SURVIVORSHIP ☐ TENANCY BY THE ENTIRETIES ☐ COMMUNITY PROPERTY

☐ OTHER

SIGNATURE OF SELLER(S)/TRANSFEROR(S) OR PERSONS SIGNING ON BEHALF OF SELLER(S)/TRANSFEROR(S):

DATE SIGNED:

NAME(S) OF PERSON(S) SIGNING ABOVE, AND LEGAL CAPACITY IN WHICH SIGNED (E.G. OWNER, AGENT, TRUSTEE, EXECUTOR)

ACKNOWLEDGMENT (TO BE COMPLETED BY NOTARY PUBLIC OR OTHER OFFICIAL AUTHORIZED BY A LAW OF A STATE OR THE UNITED STATES TO TAKE OATHS.)

STATE:

ON ________________ (DATE) THE PERSON(S) NAMED

COUNTY:

ABOVE ACKNOWLEDGED EXECUTION OF THE FOREGOING INSTRUMENT IN THEIR STATED CAPACITY(IES) FOR THE PURPOSES THEREIN CONTAINED.

____________________

NOTARY PUBLIC
MY COMMISSION EXPIRES:

## PRIVACY ACT STATEMENT

IN ACCORDANCE WITH 5 USC 552(A). THE FOLLOWING INFORMATION IS PROVIDED TO YOU WHEN SUPPLYING PERSONAL INFORMATION TO THE U.S. COAST GUARD:

1. AUTHORITY. SOLICITATION OF THIS INFORMATION IS AUTHORIZED BY 46 USC CHAPTER 313 AND 46 CFR, PART 67.
2. THE PRINCIPAL PURPOSES FOR WHICH THIS INSTRUMENT IS TO BE USED ARE:
   (A) TO PROVIDE A RECORD, AVAILABLE FOR PUBLIC INSPECTION AND COPYING, OF THE SALE OR OTHER CHANGE IN OWNERSHIP OF A VESSEL WHICH IS DOCUMENTED, WILL BE DOCUMENTED, OR HAS BEEN DOCUMENTED PURSUANT TO 46 USC CHAPTER 121.
   (B) RETENTION FOR EXAMINATION BY GOVERNMENTAL AUTHORITIES AND MEMBERS OF THE GENERAL PUBLIC.
3. THE ROUTINE USE WHICH MAY BE MADE OF THIS INFORMATION INCLUDES DEVELOPMENT OF STATISTICAL DATA CONCERNING DOCUMENTED VESSELS.
4. DISCLOSURE OF THE INFORMATION REQUESTED ON THIS FORM IS VOLUNTARY. HOWEVER, FAILURE TO PROVIDE THE INFORMATION COULD PRECLUDE FILING OF A BILL OF SALE AND DOCUMENTATION OF THE VESSEL NAMED HEREIN PURSUANT TO 46 USC CHAPTER 121. MOREOVER, BILLS OF SALE WHICH ARE NOT FILED ARE NOT DEEMED TO BE VALID AGAINST ANY PERSON HAVING ACTUAL KNOWLEDGE OF THE SALE. (46 USC 31321 (A)).

AN AGENCY MAY NOT CONDUCT OR SPONSOR, AND A PERSON IS NOT REQUIRED TO RESPOND TO A COLLECTION OF INFORMATION UNLESS IT DISPLAYS A VALID OMB CONTROL NUMBER.

THE COAST GUARD ESTIMATES THAT THE AVERAGE BURDEN FOR THIS FORM IS 20 MINUTES FOR COMPLETING AND 5 MINUTES FOR FILING. YOU MAY SUBMIT ANY COMMENTS CONCERNING THE ACCURACY OF THIS BURDEN ESTIMATE OR ANY SUGGESTIONS FOR REDUCING THE BURDEN TO: COMMANDANT (G-M), U.S. COAST GUARD, 2100 2ND STREET, SW, WASHINGTON, DC 20593-0001 OR OFFICE OF MANAGEMENT AND BUDGET, PAPERWORK REDUCTION PROJECT (2115-0110), WASHINGTON, DC 20503.

AD 207134822419

Certificate Number:
A040210N

UNITED STATES OF AMERICA

AMERICAN BUREAU OF SHIPPING

# TONNAGE CERTIFICATE

## GENERAL INFORMATION

| Vessel Name | Vessel Number | Vessel Type |
|---|---|---|
| G.L. 231 | 695576 | BARGE |
| Builder: TWIN CITY SHIPYARD, INC. | Hull Number: 894 | Propulsion: [ ] Self-Propelled [X] Non-Self-Propelled |
| Where Built: ST. PAUL, MN. | | Date Keel Laid / Altered: 1986 / 2001 |

## MAIN DIMENSIONS

| Definition Used | Registered Dimension | Length | | Breadth | | Depth | |
|---|---|---|---|---|---|---|---|
| Convention | X | 90.90 m | 298.2 ft | 15.85 m | 52.0 ft | 5.18 m | 17.0 ft |
| Overall | | 95.02 m | 311.8 ft | m | ft | m | ft |
| Pre - 1990 | | m | ft | m | ft | m | ft |

## TONNAGES

| Measurement System | 46 CFR 69 Subpart | Gross Tonnage | Net Tonnage |
|---|---|---|---|
| CONVENTION | B | 2189 GT ITC | 879 NT ITC |
| REGULATORY | C | | |

I CERTIFY that I am duly authorized by the United States Government to issue this certificate:

(SEAL)

Issuing Officer: M. TREDER
Principal Engineer

Issued At: Houston, TX
Date: April 2, 2004

Rev. 2-98

## CONVENTION MEASUREMENT SYSTEM INFORMATION

| ENCLOSED SPACES | | | CARGO SPACES | | |
|---|---|---|---|---|---|
| Name of Space | Location | Length (m) | Name of Space | Location | Length (m) |
| UNDERDECK & TRUNK | — | — | CARGO HOLD | FR 4-28 | 78.87 |

**NUMBER OF PASSENGERS**

Number of passengers in cabins with not more than 8 berths: 0

Number of other passengers: 0

**EXCLUDED SPACES**

An asterisk (*) should be added to those spaces listed above which comprise both enclosed and excluded spaces.

**MOLDED DRAFT**

3.89 m 12.8 ft

**MEASUREMENT HISTORY:**

Date and place of original measurement: March 3, 1986 - New York, NY

Date and place of last previous remeasurement:

**REMARKS:**

Certificate reissued to reflect addition of new 51.75 feet midbody section.

Rev 12-02

0472

DHS, USCG, CG-1270 (REV. 06-03)

OMB APPROVED 2115-0110

# UNITED STATES OF AMERICA

## DEPARTMENT OF HOMELAND SECURITY
## UNITED STATES COAST GUARD

## NATIONAL VESSEL DOCUMENTATION CENTER

# CERTIFICATE OF DOCUMENTATION

| VESSEL NAME | OFFICIAL NUMBER | IMO OR OTHER NUMBER | YEAR COMPLETED |
|---|---|---|---|
| G.L. 232 | 695577 | 895 | 1986 |

| HAILING PORT | HULL MATERIAL | MECHANICAL PROPULSION |
|---|---|---|
| NEW YORK, NY | STEEL | NO |

| GROSS TONNAGE | NET TONNAGE | LENGTH | BREADTH | DEPTH |
|---|---|---|---|---|
| 2,189 GT ITC | 879 NT ITC | 298.2 | 52.0 | 17.0 |

PLACE BUILT
ST PAUL, MN

| OWNERS | OPERATIONAL ENDORSEMENTS |
|---|---|
| GREAT LAKES DREDGE & DOCK COMPANY LLC COMPRISED OF ONE MEMBER | COASTWISE<br>REGISTRY |

MANAGING OWNER

GREAT LAKES DREDGE & DOCK COMPANY LLC
ATTN: MAINTENANCE ADMINISTRATOR
2122 YORK RD
OAK BROOK, IL 60523

RESTRICTIONS
NONE

ENTITLEMENTS
NONE

REMARKS
NONE

ISSUE DATE
AUGUST 15, 2005

THIS CERTIFICATE EXPIRES
AUGUST 31, 2006

WDR

DIRECTOR, NATIONAL VESSEL DOCUMENTATION CENTER

UNITED STATES COAST GUARD 1790

PREVIOUS EDITION OBSOLETE. THIS CERTIFICATE MAY NOT BE ALTERED

This certificate is not valid for operation of the vessel until the vessel is marked with the name, official number, and hailing port as shown on the certificate. The original certificate must be kept aboard the vessel at all times when in operation and must be presented upon the demand of federal, state or local officials for law enforcement purposes. Vessels with only a recreational endorsement may not engage in commercial trade.

Documented vessels may be registered by states for tax and other purposes and may be required to display a state decal. This certificate is valid for one year. Renewal is the responsibility of the owner. This certificate must be surrendered to the National Vessel Documentation Center (NVDC) upon a change in ownership, change in state of incorporation, or a change in any other element shown on the certificate other than change of address. This certificate is invalid for any vessel other than one documented solely for recreation when the vessel is placed under the command of a person who is not a citizen of the U.S. The vessel and its equipment are liable to seizure and forfeiture to the U.S. government and the owner is liable for a civil penalty of not more than $10,000.00 per violation. Each day of a continuing violation is a separate violation.

Any change in address of the managing owner must be reported promptly to the NVDC. You may contact us at (304) 271-2400.

Note: The certificate on the face of this document is not conclusive evidence of title in any proceeding where ownership is in issue. Complete records are on file at the NVDC. The sale or transfer section below is provided for convenience only.

**SALE OR TRANSFER OF VESSEL**

100% OF THE VESSEL IDENTIFIED HEREIN IS SOLD (TRANSFERRED) BY THE OWNER(S) NAMED ON THE FACE OF THIS CERTIFICATE TO THE FOLLOWING PERSON(S). ADDRESS MUST BE INCLUDED.

________________________________

________________________________

IF SOLD (TRANSFERRED) TO MORE THAN ONE PERSON, THE PURCHASER(S)/TRANSFEREE(S) ARE TENANTS IN COMMON, EACH OWNING AN EQUAL UNDIVIDED INTEREST, UNLESS OTHERWISE INDICATED HEREIN: CHECK ONLY ONE OF THE FOLLOWING BLOCKS TO SHOW ANOTHER FORM OF OWNERSHIP.

☐ JOINT TENANCY WITH RIGHT OF SURVIVORSHIP ☐ TENANCY BY THE ENTIRETIES ☐ COMMUNITY PROPERTY

☐ OTHER

SIGNATURE OF SELLER(S)/TRANSFEROR(S) OR PERSONS SIGNING ON BEHALF OF SELLER(S)/TRANSFEROR(S):

DATE SIGNED:

NAME(S) OF PERSON(S) SIGNING ABOVE, AND LEGAL CAPACITY IN WHICH SIGNED (E.G. OWNER, AGENT, TRUSTEE, EXECUTOR)

ACKNOWLEDGMENT (TO BE COMPLETED BY NOTARY PUBLIC OR OTHER OFFICIAL AUTHORIZED BY A LAW OF A STATE OR THE UNITED STATES TO TAKE OATHS.)

STATE:

ON ______________ THE PERSON(S) NAMED
(DATE)

COUNTY:

ABOVE ACKNOWLEDGED EXECUTION OF THE FOREGOING INSTRUMENT IN THEIR STATED CAPACITY(IES) FOR THE PURPOSES THEREIN CONTAINED.

NOTARY PUBLIC
MY COMMISSION EXPIRES:

**PRIVACY ACT STATEMENT**

IN ACCORDANCE WITH 5 USC 552(A), THE FOLLOWING INFORMATION IS PROVIDED TO YOU WHEN SUPPLYING PERSONAL INFORMATION TO THE U.S. COAST GUARD:

1. AUTHORITY. SOLICITATION OF THIS INFORMATION IS AUTHORIZED BY 46 USC CHAPTER 313 AND 46 CFR, PART 67.
2. THE PRINCIPAL PURPOSES FOR WHICH THIS INSTRUMENT IS TO BE USED ARE:
   (A) TO PROVIDE A RECORD, AVAILABLE FOR PUBLIC INSPECTION AND COPYING, OF THE SALE OR OTHER CHANGE IN OWNERSHIP OF A VESSEL WHICH IS DOCUMENTED, WILL BE DOCUMENTED, OR HAS BEEN DOCUMENTED PURSUANT TO 46 USC, CHAPTER 121.
   (B) RETENTION FOR EXAMINATION BY GOVERNMENTAL AUTHORITIES AND MEMBERS OF THE GENERAL PUBLIC.
3. THE ROUTINE USE WHICH MAY BE MADE OF THIS INFORMATION INCLUDES DEVELOPMENT OF STATISTICAL DATA CONCERNING DOCUMENTED VESSELS.
4. DISCLOSURE OF THE INFORMATION REQUESTED ON THIS FORM IS VOLUNTARY. HOWEVER, FAILURE TO PROVIDE THE INFORMATION COULD PRECLUDE FILING OF A BILL OF SALE AND DOCUMENTATION OF THE VESSEL NAMED HEREIN PURSUANT TO 46 USC CHAPTER 121. MOREOVER, BILLS OF SALE WHICH ARE NOT FILED ARE NOT DEEMED TO BE VALID AGAINST ANY PERSON HAVING ACTUAL KNOWLEDGE OF THE SALE (46 USC 31321 (A)).

AN AGENCY MAY NOT CONDUCT OR SPONSOR, AND A PERSON IS NOT REQUIRED TO RESPOND TO A COLLECTION OF INFORMATION UNLESS IT DISPLAYS A VALID OMB CONTROL NUMBER.

THE COAST GUARD ESTIMATES THAT THE AVERAGE BURDEN FOR THIS FORM IS 20 MINUTES FOR COMPLETING AND 5 MINUTES FOR FILING. YOU MAY SUBMIT ANY COMMENTS CONCERNING THE ACCURACY OF THIS BURDEN ESTIMATE OR ANY SUGGESTIONS FOR REDUCING THE BURDEN TO: COMMANDANT (G-M), U.S. COAST GUARD, 2100 2ND STREET, SW, WASHINGTON, DC 20593-0001 OR OFFICE OF MANAGEMENT AND BUDGET, PAPERWORK REDUCTION PROJECT (2115-0110), WASHINGTON, DC 20503.

AD 207134622419

Certificate Number
A040211N

UNITED STATES OF AMERICA

AMERICAN BUREAU OF SHIPPING

# TONNAGE CERTIFICATE

## GENERAL INFORMATION

| Vessel Name | Vessel Number | Vessel Type |
|---|---|---|
| G.L. 232 | 695577 | BARGE |
| **Builder** | **Hull Number** | **Propulsion** |
| TWIN CITY SHIPYARD, INC. | 895 | [ ] Self-Propelled [X] Non-Self-Propelled |
| **Where Built** | | **Date Keel Laid / Altered** |
| ST. PAUL, MN. | | 1986 / 2001 |

## MAIN DIMENSIONS

| Definition Used | Registered Dimension | Length | | Breadth | | Depth | |
|---|---|---|---|---|---|---|---|
| Convention | X | 90.90 m | 298.2 ft | 15.85 m | 52.0 ft | 5.18 m | 17.0 ft |
| Overall | | 95.02 m | 311.8 ft | m | ft | m | ft |
| Pre - 1990 | | m | ft | m | ft | m | ft |

## TONNAGES

| Measurement System | 46 CFR 69 Subpart | Gross Tonnage | Net Tonnage |
|---|---|---|---|
| CONVENTION | B | 2189 GT ITC | 879 NT ITC |
| REGULATORY | C | | |

I CERTIFY that I am duly authorized by the United States Government to issue this certificate:

(SEAL)

Issuing Officer: M. TREDER
Principal Engineer

Issued At: Houston, TX
Date: April 2, 2004

Rev. 2-98

G0100300768

**CONVENTION MEASUREMENT SYSTEM INFORMATION**

| ENCLOSED SPACES | | | CARGO SPACES | | |
|---|---|---|---|---|---|
| Name of Space | Location | Length (m) | Name of Space | Location | Length (m) |
| UNDERDECK & TRUNK | — | — | CARGO HOLD | FR 4-28 | 78.87 |

**NUMBER OF PASSENGERS**

Number of passengers in cabins with not more than 8 berths: 0

Number of other passengers: 0

**EXCLUDED SPACES**

An asterisk (*) should be added to those spaces listed above which comprise both enclosed and excluded spaces.

**MOLDED DRAFT**

3.89 m 12.8 ft

**MEASUREMENT HISTORY:**

Date and place of original measurement: March 3, 1986 - New York, NY

Date and place of last previous remeasurement:

**REMARKS:**

Certificate reissued to reflect addition of new 51.75 feet midbody section.

Rev 12-02

0316

DHS USCG CG-1270 (REV. 06-03) OMB APPROVED 2115-0110

# UNITED STATES OF AMERICA

DEPARTMENT OF HOMELAND SECURITY
UNITED STATES COAST GUARD

NATIONAL VESSEL DOCUMENTATION CENTER

# CERTIFICATE OF DOCUMENTATION

| VESSEL NAME | OFFICIAL NUMBER | IMO OR OTHER NUMBER | YEAR COMPLETED |
|---|---|---|---|
| MCCORMACK BOYS | 646543 | 90 | 1982 |

| HAILING PORT | HULL MATERIAL | MECHANICAL PROPULSION |
|---|---|---|
| NEW YORK, NY | STEEL | YES |

| GROSS TONNAGE | NET TONNAGE | LENGTH | BREADTH | DEPTH |
|---|---|---|---|---|
| 85 GRT | 58 NRT | 73.5 | 26.0 | 9.9 |

PLACE BUILT
BOURG, LA

| OWNERS | OPERATIONAL ENDORSEMENTS |
|---|---|
| GREAT LAKES DREDGE & DOCK COMPANY LLC COMPRISED OF ONE MEMBER | COASTWISE<br>REGISTRY |

MANAGING OWNER
GREAT LAKES DREDGE & DOCK COMPANY LLC
ATTN: MAINTENANCE ADMINISTRATOR
2122 YORK RD
OAK BROOK, IL 60523

RESTRICTIONS
NONE

ENTITLEMENTS
NONE

REMARKS
NONE

ISSUE DATE
AUGUST 04, 2005

THIS CERTIFICATE EXPIRES
AUGUST 31, 2006

WDR

DIRECTOR, NATIONAL VESSEL DOCUMENTATION CENTER

UNITED STATES COAST GUARD 1790

PREVIOUS EDITION OBSOLETE. THIS CERTIFICATE MAY NOT BE ALTERED

This certificate is not valid for operation of the vessel until the vessel is marked with the name, official number, and hailing port as shown on the certificate. The original certificate must be kept aboard the vessel at all times when in operation and must be presented upon the demand of federal, state or local officials for law enforcement purposes. Vessels with only a recreational endorsement may not engage in commercial trade.

Documented vessels may be registered by states for tax and other purposes and may be required to display a state decal. This certificate is valid for one year. Renewal is the responsibility of the owner. This certificate must be surrendered to the National Vessel Documentation Center (NVDC) upon a change in ownership, change in state of incorporation, or a change in any other element shown on the certificate other than change of address. This certificate is invalid for any vessel other than one documented solely for recreation when the vessel is placed under the command of a person who is not a citizen of the U.S. The vessel and its equipment are liable to seizure and forfeiture to the U.S. government and the owner is liable for a civil penalty of not more than $10,000.00 per violation. Each day of a continuing violation is a separate violation.

Any change in address of the managing owner must be reported promptly to the NVDC. You may contact us at (304) 271-2400.

Note: The certificate on the face of this document is not conclusive evidence of title in any proceeding where ownership is in issue. Complete records are on file at the NVDC. The sale or transfer section below is provided for convenience only.

**SALE OR TRANSFER OF VESSEL**

100% OF THE VESSEL IDENTIFIED HEREIN IS SOLD (TRANSFERRED) BY THE OWNER(S) NAMED ON THE FACE OF THIS CERTIFICATE TO THE FOLLOWING PERSON(S). ADDRESS MUST BE INCLUDED.

________________________________________

________________________________________

IF SOLD (TRANSFERRED) TO MORE THAN ONE PERSON, THE PURCHASER(S)/TRANSFEREE(S) ARE TENANTS IN COMMON, EACH OWNING AN EQUAL UNDIVIDED INTEREST, UNLESS OTHERWISE INDICATED HEREIN: CHECK ONLY ONE OF THE FOLLOWING BLOCKS TO SHOW ANOTHER FORM OF OWNERSHIP.

☐ JOINT TENANCY WITH RIGHT OF SURVIVORSHIP ☐ TENANCY BY THE ENTIRETIES ☐ COMMUNITY PROPERTY

☐ OTHER

SIGNATURE OF SELLER(S)/TRANSFEROR(S) OR PERSONS SIGNING ON BEHALF OF SELLER(S)/TRANSFEROR(S):

DATE SIGNED:

NAME(S) OF PERSON(S) SIGNING ABOVE, AND LEGAL CAPACITY IN WHICH SIGNED (E.G. OWNER, AGENT, TRUSTEE, EXECUTOR)

ACKNOWLEDGMENT (TO BE COMPLETED BY NOTARY PUBLIC OR OTHER OFFICIAL AUTHORIZED BY A LAW OF A STATE OR THE UNITED STATES TO TAKE OATHS.)

STATE:

ON ________________ THE PERSON(S) NAMED
(DATE)

COUNTY:

ABOVE ACKNOWLEDGED EXECUTION OF THE FOREGOING INSTRUMENT IN THEIR STATED CAPACITY(IES) FOR THE PURPOSES THEREIN CONTAINED.

NOTARY PUBLIC
MY COMMISSION EXPIRES:

**PRIVACY ACT STATEMENT**

IN ACCORDANCE WITH 5 USC 552(A), THE FOLLOWING INFORMATION IS PROVIDED TO YOU WHEN SUPPLYING PERSONAL INFORMATION TO THE U.S. COAST GUARD:

1. AUTHORITY. SOLICITATION OF THIS INFORMATION IS AUTHORIZED BY 46 USC CHAPTER 313 AND 46 CFR, PART 67.
2. THE PRINCIPAL PURPOSES FOR WHICH THIS INSTRUMENT IS TO BE USED ARE:
   (A) TO PROVIDE A RECORD, AVAILABLE FOR PUBLIC INSPECTION AND COPYING, OF THE SALE OR OTHER CHANGE IN OWNERSHIP OF A VESSEL WHICH IS DOCUMENTED, WILL BE DOCUMENTED, OR HAS BEEN DOCUMENTED PURSUANT TO 46 USC, CHAPTER 121.
   (B) RETENTION FOR EXAMINATION BY GOVERNMENTAL AUTHORITIES AND MEMBERS OF THE GENERAL PUBLIC.
3. THE ROUTINE USE WHICH MAY BE MADE OF THIS INFORMATION INCLUDES DEVELOPMENT OF STATISTICAL DATA CONCERNING DOCUMENTED VESSELS.
4. DISCLOSURE OF THE INFORMATION REQUESTED ON THIS FORM IS VOLUNTARY. HOWEVER, FAILURE TO PROVIDE THE INFORMATION COULD PRECLUDE FILING OF A BILL OF SALE AND DOCUMENTATION OF THE VESSEL NAMED HEREIN PURSUANT TO 46 USC CHAPTER 121. MOREOVER, BILLS OF SALE WHICH ARE NOT FILED ARE NOT DEEMED TO BE VALID AGAINST ANY PERSON HAVING ACTUAL KNOWLEDGE OF THE SALE. (46 USC 31321 (A)).

AN AGENCY MAY NOT CONDUCT OR SPONSOR, AND A PERSON IS NOT REQUIRED TO RESPOND TO A COLLECTION OF INFORMATION UNLESS IT DISPLAYS A VALID OMB CONTROL NUMBER.

THE COAST GUARD ESTIMATES THAT THE AVERAGE BURDEN FOR THIS FORM IS 20 MINUTES FOR COMPLETING AND 5 MINUTES FOR FILING. YOU MAY SUBMIT ANY COMMENTS CONCERNING THE ACCURACY OF THIS BURDEN ESTIMATE OR ANY SUGGESTIONS FOR REDUCING THE BURDEN TO: COMMANDANT (G-M), U.S. COAST GUARD, 2100 2ND STREET, SW, WASHINGTON, DC 20593-0001 OR OFFICE OF MANAGEMENT AND BUDGET, PAPERWORK REDUCTION PROJECT (2115-0110), WASHINGTON, DC 20503.

AD 207176422419

DHS-USCG CG-1270 (REV. 06-03) OMB APPROVED 2115-0110

# UNITED STATES OF AMERICA

## DEPARTMENT OF HOMELAND SECURITY
## UNITED STATES COAST GUARD

## NATIONAL VESSEL DOCUMENTATION CENTER

# CERTIFICATE OF DOCUMENTATION

| VESSEL NAME | OFFICIAL NUMBER | IMO OR OTHER NUMBER | YEAR COMPLETED |
|---|---|---|---|
| RICHARD M. LOWRY | 643914 | 43 | 1981 |

| HAILING PORT | HULL MATERIAL | MECHANICAL PROPULSION |
|---|---|---|
| NEW YORK, NY | STEEL | YES |

| GROSS TONNAGE | NET TONNAGE | LENGTH | BREADTH | DEPTH |
|---|---|---|---|---|
| 76 GRT | 51 NRT | 70.5 | 23.6 | 9.4 |

PLACE BUILT
HOUMA, LA

| OWNERS | OPERATIONAL ENDORSEMENTS |
|---|---|
| GREAT LAKES DREDGE & DOCK COMPANY LLC COMPRISED OF ONE MEMBER | COASTWISE<br>REGISTRY |

MANAGING OWNER
GREAT LAKES DREDGE & DOCK COMPANY LLC
ATTN: MAINTENANCE ADMINISTRATOR
2122 YORK RD
OAK BROOK, IL 60523

RESTRICTIONS
NONE

ENTITLEMENTS
NONE

REMARKS
NONE

ISSUE DATE
AUGUST 04, 2005

THIS CERTIFICATE EXPIRES
AUGUST 31, 2006

WDR
4089801

Thomas Willis

DIRECTOR, NATIONAL VESSEL DOCUMENTATION CENTER

PREVIOUS EDITION OBSOLETE. THIS CERTIFICATE MAY NOT BE ALTERED

This certificate is not valid for operation of the vessel until the vessel is marked with the name, official number, and hailing port as shown on the certificate. The original certificate must be kept aboard the vessel at all times when in operation and must be presented upon the demand of federal, state or local officials for law enforcement purposes. Vessels with only a recreational endorsement may not engage in commercial trade.

Documented vessels may be registered by states for tax and other purposes and may be required to display a state decal. This certificate is valid for one year. Renewal is the responsibility of the owner. This certificate must be surrendered to the National Vessel Documentation Center (NVDC) upon a change in ownership, change in state of incorporation, or a change in any other element shown on the certificate other than change of address. This certificate is invalid for any vessel other than one documented solely for recreation when the vessel is placed under the command of a person who is not a citizen of the U.S. The vessel and its equipment are liable to seizure and forfeiture to the U.S. government and the owner is liable for a civil penalty of not more than $10,000.00 per violation. Each day of a continuing violation is a separate violation.

Any change in address of the managing owner must be reported promptly to the NVDC. You may contact us at (304) 271-2400.

**Note:** The certificate on the face of this document is not conclusive evidence of title in any proceeding where ownership is in issue. Complete records are on file at the NVDC. The sale or transfer section below is provided for convenience only.

## SALE OR TRANSFER OF VESSEL

100% OF THE VESSEL IDENTIFIED HEREIN IS SOLD (TRANSFERRED) BY THE OWNER(S) NAMED ON THE FACE OF THIS CERTIFICATE TO THE FOLLOWING PERSON(S). ADDRESS MUST BE INCLUDED.

______________________________________________

______________________________________________

IF SOLD (TRANSFERRED) TO MORE THAN ONE PERSON, THE PURCHASER(S)/TRANSFEREE(S) ARE TENANTS IN COMMON, EACH OWNING AN EQUAL UNDIVIDED INTEREST, UNLESS OTHERWISE INDICATED HEREIN: CHECK ONLY ONE OF THE FOLLOWING BLOCKS TO SHOW ANOTHER FORM OF OWNERSHIP.

☐ JOINT TENANCY WITH RIGHT OF SURVIVORSHIP ☐ TENANCY BY THE ENTIRETIES ☐ COMMUNITY PROPERTY

☐ OTHER

SIGNATURE OF SELLER(S)/TRANSFEROR(S) OR PERSONS SIGNING ON BEHALF OF SELLER(S)/TRANSFEROR(S):

DATE SIGNED:

NAME(S) OF PERSON(S) SIGNING ABOVE, AND LEGAL CAPACITY IN WHICH SIGNED (E.G. OWNER, AGENT, TRUSTEE, EXECUTOR)

ACKNOWLEDGMENT (TO BE COMPLETED BY NOTARY PUBLIC OR OTHER OFFICIAL AUTHORIZED BY A LAW OF A STATE OR THE UNITED STATES TO TAKE OATHS.)

STATE:

ON ______________________ THE PERSON(S) NAMED
(DATE)

COUNTY:

ABOVE ACKNOWLEDGED EXECUTION OF THE FOREGOING INSTRUMENT IN THEIR STATED CAPACITY(IES) FOR THE PURPOSES THEREIN CONTAINED.

NOTARY PUBLIC
MY COMMISSION EXPIRES:

## PRIVACY ACT STATEMENT

IN ACCORDANCE WITH 5 USC 552(A), THE FOLLOWING INFORMATION IS PROVIDED TO YOU WHEN SUPPLYING PERSONAL INFORMATION TO THE U.S. COAST GUARD:

1. AUTHORITY. SOLICITATION OF THIS INFORMATION IS AUTHORIZED BY 46 USC CHAPTER 313 AND 46 CFR, PART 67.
2. THE PRINCIPAL PURPOSES FOR WHICH THIS INSTRUMENT IS TO BE USED ARE:
   (A) TO PROVIDE A RECORD, AVAILABLE FOR PUBLIC INSPECTION AND COPYING, OF THE SALE OR OTHER CHANGE IN OWNERSHIP OF A VESSEL WHICH IS DOCUMENTED, WILL BE DOCUMENTED, OR HAS BEEN DOCUMENTED PURSUANT TO 46 USC, CHAPTER 121.
   (B) RETENTION FOR EXAMINATION BY GOVERNMENTAL AUTHORITIES AND MEMBERS OF THE GENERAL PUBLIC.
3. THE ROUTINE USE WHICH MAY BE MADE OF THIS INFORMATION INCLUDES DEVELOPMENT OF STATISTICAL DATA CONCERNING DOCUMENTED VESSELS.
4. DISCLOSURE OF THE INFORMATION REQUESTED ON THIS FORM IS VOLUNTARY. HOWEVER, FAILURE TO PROVIDE THE INFORMATION COULD PRECLUDE FILING OF A BILL OF SALE AND DOCUMENTATION OF THE VESSEL NAMED HEREIN PURSUANT TO 46 USC CHAPTER 121. MOREOVER, BILLS OF SALE WHICH ARE NOT FILED ARE NOT DEEMED TO BE VALID AGAINST ANY PERSON HAVING ACTUAL KNOWLEDGE OF THE SALE. (46 USC 31321 (A)).

AN AGENCY MAY NOT CONDUCT OR SPONSOR, AND A PERSON IS NOT REQUIRED TO RESPOND TO A COLLECTION OF INFORMATION UNLESS IT DISPLAYS A VALID OMB CONTROL NUMBER.

THE COAST GUARD ESTIMATES THAT THE AVERAGE BURDEN FOR THIS FORM IS 20 MINUTES FOR COMPLETING AND 5 MINUTES FOR FILING. YOU MAY SUBMIT ANY COMMENTS CONCERNING THE ACCURACY OF THIS BURDEN ESTIMATE OR ANY SUGGESTIONS FOR REDUCING THE BURDEN TO: COMMANDANT (G-M), U.S. COAST GUARD, 2100 2ND STREET, SW, WASHINGTON, DC 20593-0001 OR OFFICE OF MANAGEMENT AND BUDGET, PAPERWORK REDUCTION PROJECT (2115-0110), WASHINGTON, DC 20503.

**AD** 207176622419

APPENDIX 14





**APPENDIX 14**

**KOPPERS SEABOARD FACILITY PICTURES**