# HUDSON-ESSEX-PASSAIC SOIL CONSERVATION DISTRICT

Jersey Natural Resources Conservation Program

15 BLOOMFIELD AVENUE
NORTH CALDWELL NJ 07006
Telephone: (973) 364-0786
Fax: (973) 364-0784

## *Condition for Certification*

March 5, 2003

**Ms. Kerri K. Mullins**
**DonJon Marine Company, Inc.**
**1250 Liberty Avenue**
**Hillside, NJ 07205**

**Re: NJMC Landfill "1E", Don Jon Marine Co.**
**Processed Dredge Placement Facility**
**Baler Boulevard & Belleville Turnpike, Kearny, NJ**
**Block: 149, Lot 10. District File No. 203-H-1741**
***Plan Date: 02/06/2003***

**Dear Ms. Mullins,**

The district has reviewed the revisions to the proposed Soil Erosion and Sediment Control Plan submitted to us on 1/8/2003. The plan and revisions are in compliance to the State Standards and is recommended for Conditional Certification at the March District Board of Supervisors Meeting on March 6, 2003. The district has assigned the above number to this project and request that it be referenced in all future correspondence This Letter is an advance notice to allow the permitting process to continue. The conditions for certification are:

- Provide separate full-scale pre & post drainage maps as required in Appendix A2 of the State Standards.
- Explain how the difference between Pre & Post Peak Q's. The pre is a pervious surface while the post is a semi pervious surface. There is no detention so how do you get a reduction of approximately 50% .in flow for the post drainage when you have increased the CN value. Calculations provided use same CN value which I question.
  **Note: This Condition has been fulfilled. Proper drainage calculations and explanation has been presented to the district on 3/5/03 via fax at 14:22 hours.**
- Incorporate procedure on Drawings to immediately establish a 3 foot buffer area below the sediment barrier (silt fence or hay bales). The purpose of the barrier is to provide a transition area to help prevent erosion between the semi pervious and pervious material on the slope. Properly grade and hydroseed the buffer area immediately after the installation of the sediment barrier so the barrier can be established. This should help to prevent erosion at the transition line

These conditions must be complied within 30 days. Your cooperation in correcting the plan so it can be certified at the district meeting in April 2003 would be appreciated.

Sincerely,

Andrew F. Graybush

C: Robert Ceberio, NJMC Executive Director
Kevin Funabashi, Esq. NJMC, Staff Attorney
Sharon A. Mascaro, P.E., NJMC.

Donjon Marine Permits

Donjon Marine Co., Inc.

Permits and Preliminary Schedule

- Waterfront Development Permit/Water Quality Certificate Modification Permit No. 0714-98-0002.1
- NJDEP Air Pollution Control Permit No. PCP020002
- Preliminary Project Schedule Bar Chart

State of New Jersey

James E. McGreevey
*Governor*

Department of Environmental Protection
Office of Dredging and Sediment Technology
P.O. Box 028
Trenton, NJ 08625
(609) 292-1250
FAX (609) 777-1914

Bradley M. Campbell
Commissioner

JUN 23 2003

BY:

June 20, 2003

Ms. Kerri Mullins
Donjon Marine Co., Inc.
1250 Liberty Avenue
Hillside, NJ 07205

RE: **MODIFICATION** of Waterfront Development Permit/Water Quality Certificate/Acceptable Use Determination (AUD)
Application No(s): 0714-03-0002.1 CDT 030001
Project: Donjon Marine Co., Inc.- Dredged Material Processing Facility
Port Newark Berth ~~20 & 22~~ 36
Block: 6000, Lot: 35 (portion)

Dear Mr. Woodruff:

Enclosed, please find a **MODIFIED** Waterfront Development Permit/Water Quality Certificate/ Acceptable Use Determination for the above referenced project. **The permit has been modified to reflect a change in the location of the dredged material processing facility from Berths 20 & 22 in Port Newark to Berth 36, located at Block 6000, Lot 35 in Port Newark, City of Newark, Essex County. In addition, the permit has been modified to reflect the current development plans for the new location. The design of the facility is essentially the same as was previously approved for construction in the existing permit issued May 13, 2003.**

In order to promote inter-governmental cooperation in the management of our natural resources, a copy of this decision shall be shared with appropriate local and federal agencies. Should you have any questions in this regard, please do not hesitate to contact me at (609) 292-8838.

Sincerely,

Suzanne U. Dietrick

Suzanne U. Dietrick, Chief
Office of Dredging and Sediment Technology
Site Remediation Program

Enclosures
C: Bureau of Coastal and Land Use Enforcement – Trenton
New York Army Corps of Engineers
Ken Sass, Bureau of Tidelands Management
City Clerk's Office, City Hall, 920 Broad Street, Newark, NJ 07102
Richard Gimello, Executive Director, NJ Maritime Resources
Thomas Wakeman, Port Authority of New York and New Jersey
Joseph Seebode, NY District ACOE.

# ACCEPTANCE OF
# REVOCABLE CONSTRUCTION PERMIT/S

Mail To:

State of New Jersey
Department of Environmental Protection
Site Remediation Program
Office of Dredging and Sediment Technology
P.O. Box 028
Trenton, NJ 08625

NJDEP Project Manager: ______________________________

Permit Number(s): ______________________________

______________________________

______________________________

Date Issued: ______________________________

The undersigned hereby accepts the above referenced revocable permit/s, subject to the terms and conditions included therein, including but not limited to the right of the State to revoke said permit/s with cause, and also subject to all provisions of law, rules, and regulations of any applicable government agency.

Signature: ______________________

Printed Name: ______________________

Title/Affiliation: ______________________

Attest: ______________________________
(To be properly witnessed, signed and sealed)

# ADJUDICATORY HEARING REQUEST CHECKLIST AND TRACKING FORM

I. Permit Decision or Other Department Decision Being Appealed:

______________________________________________

Issuance Date of Decision Document          Document Number (if any)

II.

______________________________________________

Name of Person Requesting Hearing          Name of Attorney (if applicable)

______________________________________________

Address          Address

______________________________________________

Telephone No.          Telephone No.

III. If you are the applicant or permittee, please include the following information with your hearing request:

A. The date you received the permit decision or other decision which you are appealing;
B. A copy of the decision document;
C. The findings of fact and conclusions of law you are appealing;
D. A statement as to whether or not you raised each legal and factual issue during the permit application process;
E. Suggested revised or alternative permit conditions;
F. An estimate of the time required for the hearing;
G. A request, if necessary, for a barrier-free hearing location for physically disabled persons;
H. A clear indication of any willingness to negotiate a settlement with the Department prior to the Department's processing of your hearing request to the Office of Administrative Law; and
I. This form, completed, signed and dated with all of the information listed above, including attachment, to:

1. New Jersey Department of Environmental Protection
Office of Legal Affairs
Attention: Adjudicatory Hearing Requests
401 E. State Street
P.O. Box 402
Trenton, NJ 08625-0402;

with a copy to:

2. New Jersey Department of Environmental Protection
Office of Dredging and Sediment Technology
Attention: Suzanne Dietrick, Acting Chief
Office of Dredging and Sediment Technology
401 East State Street
PO Box 028, Trenton, New Jersey 08625-0029

Signature:______________________________ Date:____________

IV. If you are a person other than the applicant or permittee, please include the following information with your hearing request:

- A. The date you or your agent received notice of the permit decision, and a copy of the permit decision;
- B. Evidence that a copy of your hearing request has been delivered to the applicant for the permit decision which is the subject of your hearing request (e.g., certified mail return receipt);
- C. A detailed statement of which findings of fact and/or conclusion of law you are challenging;
- D. A description of your participation in any public hearings held in connection with the permit application and copies of any written comments you submitted;
- E. Whether you claim a statutory or constitutional right to a hearing, and, if you claim such a right, a reference to the applicable statute or an explanation of how your interests are affected by the permit decision;
- F. Suggested revised or alternative permit conditions;
- G. An estimate of the time required for the hearing;
- H. A request, if necessary, for a barrier-free hearing location for physically disabled persons;
- I. A clear indication of any willingness to negotiate a settlement with the Department prior to the Department's processing of the hearing request to the Office of Administrative Law; and
- J. This form, completed, signed and dated with all the information listed above, including attachments to:

1. New Jersey Department of Environmental Protection
Office of Legal Affairs
Attention: Adjudicatory Hearing Requests
401 East State Street
P.O. Box 402
Trenton, NJ 08625-0402

with a copy to:

2. New Jersey Department of Environmental Protection
Office of Dredging and Sediment Technology
Attention: Suzanne Dietrick, Chief
Office of Dredging and Sediment Technology
401 East State Street
PO Box 028, Trenton, New Jersey 08625-0029

V. Signature: ______________________________ Date:________________

# CONSTRUCTION REPORT

Mail To:

State of New Jersey
Department of Environmental Protection
Site Remediation Program
Office of Dredging and Sediment Technology
P.O. Box 028
Trenton, NJ 08625

NJDEP Project Manager: ______________________________

Permit Number(s): ______________________________

______________________________

______________________________

Date Issued: ______________________________

Applicant: ______________________________

Name of Project: ______________________________

Municipality/County: ______________________________

Date Construction
Is to Begin: ______________________________

I hereby give notice that construction will begin on the above noted project on the date stated above (must give at least 14 days notice). Also, as required by condition 7 of the stream encroachment permit, a copy of the above referenced permit/s along with all approved drawings shall be available for inspection at the project site throughout construction.

Engineer's Signature and Seal: ______________________________

N.J. License Number: ______________________________

Date: ______________________________

# COMPLETION REPORT

Mail To:

State of New Jersey
Department of Environmental Protection
Site Remediation Program
Office of Dredging and Sediment Technology
P.O. Box 028
Trenton, NJ 08625

NJDEP Project Manager: ______________________

Permit Number(s): ______________________

______________________

______________________

Date Issued: ______________________

Applicant: ______________________

Name of Project: ______________________

Municipality/County: ______________________

Date of Completion: ______________________

The undersigned hereby certifies that all activities approved by the Department within the above referenced permit/s have been constructed and completed in accordance with the plans approved therein, that said project is in compliance with all terms and conditions of the same, and that all unauthorized encroachments have been removed.

Engineer's Signature and Seal: ______________________

N.J. License Number: ______________________

Date: ______________________

STATE OF NEW JERSEY
DEPARTMENT OF ENVIRONMENTAL PROTECTION

*(See Issuing Division below)*

# PERMIT*

The New Jersey Department of Environmental Protection grants this permit in accordance with your application, attachments accompanying same application, and applicable laws and regulations. This permit is also subject to the further conditions and stipulations enumerated in the supporting documents which are agreed to by the permittee upon acceptance of the permit.

| | | |
|---|---|---|
| Permit No. 0714-03-0002.1 CDT 030001 | Application No. 0714-03-0002.1 CDT 030001 | |
| Issuance Date May 14, 2003 | Effective Date May 14, 2003 | Expiration Date May 14, 2008 |
| Name and Address of Applicant<br>Donjon Marine Co., Inc.<br>1250 Liberty Avenue<br>Hillside, NJ 07205 | Name and Address of Owner<br>Port Authority of NY and NJ<br>260 Kellogg Street<br>Port Newark, NJ 07114 | Name and Address of Operator<br>Donjon Marine Co., Inc.<br>1250 Liberty Avenue<br>Hillside, NJ 07205 |
| Location of Activity/Facility *(Street Address)*<br>Donjon Marine Co., Inc.<br>Starboard Street, Port Newark<br>Berths 36<br>Lot: 35 (portion) Block: 6000 | Issuing Division<br><br>Office of Dredging and Sediment Technology | Statute(s)<br>NJSA 58:10A<br>NJSA 12:5-3 |
| Type of Permit: Waterfront Development Permit/Water Quality Certificate/Acceptable Use Determination | Maximum Approved Capacity, if applicable | |

This permit grants permission to:

Construct and operate an in-barge mixing dredged material processing facility on 576' of berthing area (Berth 36) located at Port Newark. The project consists of the construction of a 200' long by 25' wide concrete pad to serve as the debris removal area, a 25' by 30' concrete pad mixing area, four cement additive storage blimps, a 10,000 gallon process and stormwater storage tank, offices and infrastructure to support the facility. The debris removal area will contain a hydraulic excavator with rake boom, roll-off containers, and 4' x 20' wood mats. Structures to be located in the mixing area consist of a hydraulic excavator with mixing head, a screw conveyor, and water spray equipment with dust hood.

Stormwater runoff will be contained within the two processing areas via 6" berms. The pavement in these areas will be sloped toward sump pumps, which will direct stormwater to the 10,000 gallon storage tank for reuse in the mixing operation.

The approved plan consists of two sheets "Don Jon Marine Co., Inc., Dredge Material Recovery & Recycling Facility, Berth 36, Port Newark, New Jersey, TAA No. PN-1421, March 2002, Change of Scope - Berth Location, June 2003" dated June 10, 2003, and prepared by Harry M. Betzig, P.E.

The project is authorized under, and in compliance with, the Rules of Coastal Zone Management (N.J.A.C. 7:7E) governing; Navigation Channels (7:7E-3.7), Ports (7:7E-3.11), Water Quality (7:7E-8.4) and Storm water Management (7:7E-8.7).

Prepared By: ____________ Suzanne U. Dietrick    6/20/03 Date

(See Page 5 of 5 pages for Chief's signature.)

| | |
|---|---|
| Revised Date | Approved by the Department of Environmental Protection<br>Name (Print or Type) ____________ Title ____________<br><br>Signature ____________ Date ____________ |

**The word permit means "approval, certification, registration, etc."* *(General Conditions are on Page Two)*

G0100304030

STATE OF NEW JERSEY
DEPARTMENT OF ENVIRONMENTAL PROTECTION

*(See Issuing Division below)*

# PERMIT*

The New Jersey Department of Environmental Protection grants this permit in accordance with your application, attachments accompanying same application, and applicable laws and regulations. This permit is also subject to the further conditions and stipulations enumerated in the supporting documents which are agreed to by the permittee upon acceptance of the permit.

| | | |
|---|---|---|
| Permit No. 0714-03-0002.1 CDT 030001 | Application No. 0714-03-0002.1 CDT 030001 | |
| Issuance Date May 14, 2003 | Effective Date May 14, 2003 | Expiration Date May 14, 2008 |
| Name and Address of Applicant<br>Donjon Marine Co., Inc.<br>1250 Liberty Avenue<br>Hillside, NJ 07205 | Name and Address of Owner<br>Port Authority of NY and NJ<br>260 Kellogg Street<br>Port Newark, NJ 07114 | Name and Address of Operator<br>Donjon Marine Co., Inc.<br>1250 Liberty Avenue<br>Hillside, NJ 07205 |
| Location of Activity/Facility *(Street Address)*<br>Donjon Marine Co., Inc.<br>Starboard Street, Port Newark<br>Berths 36<br>Lot: 35 (portion) Block: 6000 | Issuing Division<br><br>Office of Dredging and Sediment Technology | Statute(s)<br>NJSA 58:10A<br>NJSA 12:5-3 |
| Type of Permit: Waterfront Development Permit/Water Quality Certificate/Acceptable Use Determination | Maximum Approved Capacity, if applicable | |

This permit grants permission to:

Construct and operate an in-barge mixing dredged material processing facility on 576' of berthing area (Berth 36) located at Port Newark. The project consists of the construction of a 200' long by 25' wide concrete pad to serve as the debris removal area, a 25' by 30' concrete pad mixing area, four cement additive storage blimps, a 10,000 gallon process and stormwater storage tank, offices and infrastructure to support the facility. The debris removal area will contain a hydraulic excavator with rake boom, roll-off containers, and 4' x 20'wood mats. Structures to be located in the mixing area consist of a hydraulic excavator with mixing head, a screw conveyor, and water spray equipment with dust hood.

Stormwater runoff will be contained within the two processing areas via 6" berms. The pavement in these areas will be sloped toward sump pumps, which will direct stormwater to the 10,000 gallon storage tank for reuse in the mixing operation.

The approved plan consists of two sheets "Don Jon Marine Co., Inc., Dredge Material Recovery & Recycling Facility, Berth 36, Port Newark, New Jersey, TAA No. PN-1421, March 2002, Change of Scope - Berth Location, June 2003" dated June 10, 2003, and prepared by Harry M. Betzig, P.E.

The project is authorized under, and in compliance with, the Rules of Coastal Zone Management (N.J.A.C. 7:7E) governing; Navigation Channels (7:7E-3.7), Ports (7:7E-3.11), Water Quality (7:7E-8.4) and Storm water Management (7:7E-8.7).

Prepared By: [signature] 6/20/03
Suzanne U. Dietrick — Date

(See Page 5 of 5 pages for Chief's signature.)

| | |
|---|---|
| Revised Date | Approved by the Department of Environmental Protection<br>Name (Print or Type) ________ Title<br>________<br>Signature ________ Date ________ |

*The word permit means "approval, certification, registration, etc."* *(General Conditions are on Page Two)*

**This permit is subject to the following <u>general conditions:</u>**

1. This permit is revocable, or subject to modification or change at any time, pursuant to the applicable regulations, when in the judgement of the Department of Environmental Protection of the State of New Jersey such revocation, modification or change shall be necessary.

2. The issuance of the permit shall not be deemed to affect in any way action by the Department of Environmental Protection of the State of New Jersey on any future application.

3. The works, facilities, and/or activities shown by plans and/or other engineering data, which are this day approved, subject to the conditions herewith established, shall be constructed and/or executed in conformity with such plans and/or engineering data and the said conditions.

4. No change in plans or specifications shall be made except with the prior written permission of the Department of Environmental Protection of the State of New Jersey.

5. The granting of this permit shall not be construed to in any way affect the title or ownership of property, and shall not make the Department of Environmental Protection or the State a party in any suit or question of ownership.

6. This permit does not waive the obtaining of Federal or other State or local government consent when necessary. This permit is not valid and no work shall be undertaken until such time as all other required approvals and permits have been obtained.

7. A copy of this permit shall be kept at the work site, and shall be exhibited upon request of any person.

8. In cases of conflict, the conditions of this permit shall supersede the plans and/or engineering data.

This permit is approved, subject to, and in accordance with all applicable Tidelands conveyances issued for Port Newark and Port Elizabeth. Issuance of this permit does not in any way relinquish the State's ownership interest in the property, if any exists.

This permit is issued subject to and provided that the following conditions can be met to the satisfaction of the New Jersey Department of Environmental Protection (NJDEP) Office of Dredging and Sediment Technology. All conditions must be met prior to construction unless otherwise specified. Compliance with Administrative conditions shall be determined once copies of all specified permits, certifications, plans, agreements, etc. have been received, not less than 30 days prior to construction, and approved by the NJDEP Office of Dredging and Sediment Technology. All Physical Conditions are subject to on-site compliance inspection by the NJDEP Bureau of Coastal and Land Use Enforcement. As per N.J.A.C. 7:7-1.4, you must notify the NJDEP Bureau of Coastal and Land Use Enforcement, (401 East State Street, P.O. Box 422, Trenton, NJ 08625), in writing at least 3 days prior to commencement of construction or site preparation.

This permit shall be RECORDED in the office of the County Clerk (the REGISTRAR OF DEEDS AND MORTGAGES in the applicable counties) in the county wherein the lands included in the permit are located within ten (10) days after the receipt of the permit by the applicant and verified notice shall be forwarded to the NJDEP Office of Dredging and Sediment Technology immediately thereafter.

This permit is NOT VALID until the permit acceptance form has been signed by the applicant, accepting and agreeing to adhere to all permit conditions, and returned to the NJDEP Office of Dredging and Sediment Technology, 6th floor Assistant Commissioner's Suite, P.O. Box 028, Trenton, New Jersey 08625.

**ADMINISTRATIVE CONDITIONS**

1. The permittee shall allow an authorized representative of the NJDEP the right to inspect construction pursuant to N.J.A.C. 7:7-1.5.

2. The permittee shall obtain all required local, state and federal approvals.

**PHYSICAL CONDITIONS**

1. There shall be no discharge of decant water at this site without prior approval of a NJPDES Discharge to Surface Water Permit (DSW) authorizing such discharge. Dredged material shall be dewatered at the dredging site. If dredged material is to be dewatered at the processing facility, the decanted water shall be pumped into a scow of solid hull construction and transported back to the dredging site for discharge under and in compliance with a Water Quality Certificate authorizing such discharge. In the alternate, the permittee may use decanted water for dust control misting in the barge at the end of the cement conveyor at the facility. Should the permittee wish to utilize this option, all decant water must be pumped into an isolated system with no potential for discharge other than as misting water in the scow.

2. There shall be no discharge of stormwater from within the debris removal concrete pad or mixing concrete pad area generated by the 1.25-inch / 24-hour water quality design storm. Stormwater within these areas shall be fully contained by 6 inch asphalt berms collected by sump and pumped to the 10,000 gallon storage tank for reuse during the in-barge mixing operation (i.e., use as misting water). All stormwater containment, collection and storage devices shall be in place at the site prior to processing dredged material.

3. All debris sifted from dredged material within a scow shall be placed in roll-off containers and disposed of at an approved construction material disposal facility.

4. The permittee shall install a spill plate between the dredge scow and the debris removal area. The spill plate shall be maintained ~~at all times to ensure that any~~ dredged material that falls on the spill plate is directed back into the barge.

5. This permit does not authorize the off-loading or storage of dredged material (raw or amended) at this site other than in barges. Dredged material processed at this facility may be off-loaded at the Metals Management Dredge Material Transfer Facility located at Berth 30/32 (DEP File No. 0714-01-0004.1), or at another off-loading facility specifically authorized by the Department.

6. The permittee shall comply with all conditions of the Air Pollution Control Pre-Construction Permit (Permit #PCP 020002) issued on September 19, 2002.

**ACCEPTABLE USE DETERMINATION (AUD)**

1. This AUD is issued to allow for the processing of dredged material at the subject site provided all conditions included herein are met. No dredged material may be processed at this site unless that dredged material has received a Waterfront Development Permit and/or an Acceptable Use Determination, or a written waiver from these requirements. Dredged material processed at this site shall be blended with the approved add mixtures at the ratio specified in the AUD for the specific dredged material.

2. No dredged material shall be processed at this facility unless an AUD has been issued for the acceptable use site if it located in the State of New Jersey.

3. This AUD only authorizes the use of Portland Cement as the additive at this facility. If the facility proposes to use a different admixture other than Portland Cement, the permittee shall submit an application to modify this AUD, and receive written authorization from the Department, prior to use of the new additive. That application must include all relevant information found in the Department's dredging technical manual, and any subsequent amendments thereto including but not limited to: the source of additives, Material Data Safety Sheets, etc.

4. The dredged material processing facility shall maintain daily records noting the transportation vehicle identification number (truck and scow), material quantity, source and destination for all dredged material and admixtures entering and leaving the facility. The permittee shall submit a semi-annual report that details this information to the Department.

5. Within 30 days of the effective date of the permit, the permittee shall prepare and submit an Operation and Management (O&M) Plan to this Office for review and approval. That plan shall deal comprehensively with procedures for clean up of any processed dredged material or additive mixture, which is accidentally spilled at the site. The plan must also specify all arrangements to ensure the continuous maintenance and efficient operation of all proposed water quality measures on site. This includes, but is not limited to, a schedule for the cleaning of all sump pits, pumps, and storage tanks. The plan shall also include health and safety procedures. A copy of the O&M plan shall be kept on site and all employees involved in the dredged material processing facility shall be briefed on the contents of the plan.

4. The permittee shall install a spill plate between the dredge scow and the debris removal area. The spill plate shall be maintained ~~at all times to ensure that any~~ dredged material that falls on the spill plate is directed back into the barge.

5. This permit does not authorize the off-loading or storage of dredged material (raw or amended) at this site other than in barges. Dredged material processed at this facility may be off-loaded at the Metals Management Dredge Material Transfer Facility located at Berth 30/32 (DEP File No. 0714-01-0004.1), or at another off-loading facility specifically authorized by the Department.

6. The permittee shall comply with all conditions of the Air Pollution Control Pre-Construction Permit (Permit #PCP 020002) issued on September 19, 2002.

ACCEPTABLE USE DETERMINATION (AUD)

1. This AUD is issued to allow for the processing of dredged material at the subject site provided all conditions included herein are met. No dredged material may be processed at this site unless that dredged material has received a Waterfront Development Permit and/or an Acceptable Use Determination, or a written waiver from these requirements. Dredged material processed at this site shall be blended with the approved add mixtures at the ratio specified in the AUD for the specific dredged material.

2. No dredged material shall be processed at this facility unless an AUD has been issued for the acceptable use site if it located in the State of New Jersey.

3. This AUD only authorizes the use of Portland Cement as the additive at this facility. If the facility proposes to use a different admixture other than Portland Cement, the permittee shall submit an application to modify this AUD, and receive written authorization from the Department, prior to use of the new additive. That application must include all relevant information found in the Department's dredging technical manual, and any subsequent amendments thereto including but not limited to: the source of additives, Material Data Safety Sheets, etc.

4. The dredged material processing facility shall maintain daily records noting the transportation vehicle identification number (truck and scow), material quantity, source and destination for all dredged material and admixtures entering and leaving the facility. The permittee shall submit a semi-annual report that details this information to the Department.

5. Within 30 days of the effective date of the permit, the permittee shall prepare and submit an Operation and Management (O&M) Plan to this Office for review and approval. That plan shall deal comprehensively with procedures for clean up of any processed dredged material or additive mixture, which is accidentally spilled at the site. The plan must also specify all arrangements to ensure the continuous maintenance and efficient operation of all proposed water quality measures on site. This includes, but is not limited to, a schedule for the cleaning of all sump pits, pumps, and storage tanks. The plan shall also include health and safety procedures. A copy of the O&M plan shall be kept on site and all employees involved in the dredged material processing facility shall be briefed on the contents of the plan.

6. Any major accidental release of dredged material, add mixture or processed dredged material shall be immediately reported to the DEP Emergency Response 24-Hour Hotline at (609) 292-7172. The report must specify the type of substance discharged, estimated quantity, nature of the discharge, location of the discharge, any action being taken to mitigate the discharge and any other information the Department may request at the time of notification.

7. The Department reserves the right to revise or terminate this authorization at any time as a response to any: complaints, violations of this authorization or its conditions, any violation of any related permit and their conditions and / or failure to comply with the Department's Acceptable Use Criteria for the end use site.

6/20/03
DATE

Suzanne U. Dietrick, Chief
Office of Dredging and Sediment Technology

# State of New Jersey

James E. McGreevey
*Governor*

Department of Environmental Protection

Bradley M. Campbell
Commissioner

BY: ..........

## Air Pollution Control Pre-Construction Permit

| | | | |
|---|---|---|---|
| **Permit Activity ID Number:** | PCP020002 | **Facility ID Number:** | 07796 |
| **Approval Date:** | September 19th, 2002 | **Expiration Date:** | September 18th, 2007 |

| Mailing Address | Plant Location |
|---|---|
| Attention: Ms. Kerri K. Mullins | **DONJON MARINA CO INC** |
| DonJon Marine Co., Inc. | **140 MARSH ST** |
| 1250 Liberty Avenue | **Newark** |
| Hillside, New Jersey 07205 | **Essex County, New Jersey** |

Dear Ms. Mullins:

The New Jersey Department of Environmental Protection (Department) has reviewed the referenced air pollution control permit application. On the basis of the information available, the Department concludes that the application satisfies all applicable requirements of the New Jersey Air Pollution Control regulations codified at N.J.A.C. 7:27 et seq.. This Air Pollution Control Permit shall supercede any existing Air Pollution Control Permits issued for the specified source. This permit allows for inspection and evaluation of the equipment by the Department to assure conformance with all provisions of N.J.A.C. 7:27 et seq. and any other applicable federal requirements codified at 40 CFR 52, 60, 61 and 63.

The equipment that is authorized to be installed and operated under this approval is described in Section A, Source Operations. Equipment at the facility referenced by this Permit shall be operated in accordance with the Conditions of Approval set forth in the attached document titled "Facility Specific Requirements" in Section E, which also includes the "General Provisions" under the subject item "FC".

This Air Pollution Control Pre-Construction Permit and Continuing Temporary Operating Certificate is being issued authorizing DonJon Marine Co., Inc. to operate for 1,500 (one thousand five hundred) hours. If the source is to continue to operate past the 1,500-hours, DonJon Marine Co., Inc. ("the permittee") must submit an application for a compliance plan change pursuant to N.J.A.C. 7:27-8.19. The application must include any information required in this permit, particularly as outlined in Section E, under FC, Reference No. 6 of the conditions of this permit.

The Department will not issue a 5-year Certificate to Operate until and unless the applicant demonstrates compliance with the Conditions of Approval set forth in Section E. This Air Pollution Control Pre-Construction Permit and Continuing Temporary Operating Certificate to Operate may be revoked pursuant to N.J.A.C. 7:27-8.16 should any of the provisions of that regulation become applicable.

There are a total of **61** pages in this permit including this cover page. An electronic file version of this permit will be e-mailed to you. The electronic file should not be used to prepare a permit modification application if and when you would need to submit one to the Department. A permit modification application should always be prepared using a new and blank RADIUS file.

If, in your judgement as an applicant for an air pollution control permit, the Department is imposing any unreasonable Condition of Approval, you may contest the Department's decision and request a contested case hearing pursuant to the Administrative Code at N.J.A.C. 1:1. All requests for contested case hearings must be received in writing by the Department within twenty (20) calendar days of the date you receive this permit approval and must contain the information specified in Section F (Permit Action Appeal Form).

If you have any questions on this matter, please call Dr. Negib Harfouche of the Bureau of Air Quality Engineering at (609) 292-2137.

Approved by:

Iclal Atay, Ph. D., Chief
Bureau of Air Quality Engineering

## AIR POLLUTION CONTROL PRECONSTRUCTION PERMIT

Table of Contents

**Facility Name: DONJON MARINA CO INC**
**Facility ID No.: 07796**
**Activity ID No.: PCP020002**


**Section A**

AUTHORIZED SOURCE OPERATIONS

**Section B**

GENERAL PROVISIONS – see Facility Specific Requirements Subject Item FC

**Section C**

ACRONYMS

**Section D**

FACILITY PROFILE (ADMINISTRATIVE INFORMATION)

**Section E**

FACILITY SPECIFIC REQUIREMENTS

**Section F**

INVENTORIES

**Section G**

PERMIT ACTION APPEAL FORM

AIR POLLUTION CONTROL PRECONSTRUCTION PERMIT

**Section A**

**Facility Name: DONJON MARINA CO INC**
**Facility ID No.: 07796**
**Activity ID No.: PCP020002**

## AUTHORIZED SOURCE OPERATIONS

This Preconstruction Permit and the Certificate to Operate for the following equipment is issued pursuant to N.J.A.C. 7:27-8.

**Description of Source Activity**

**Source Operation Type:** In-Situ Dredge Sediment (material) Processing Facility, consisting of a Pneumatic Conveying System, a Screw Conveyor, an In-Situ Mixing Head, an Internal Combustion Engine and Cement Storage Blimps.

**Source Operation Description:** Portland cement, conveyed through a Screw Conveyor, will be injected, one-at-a-time, at a maximum rate of 150 tons per hour (tph), into slowly moving barges filled with dredge sediment. Portland cement will be mixed with the dredge sediment using a Lang Tool Co. (LTC) Series IV Mixing Head, or equal, attached to a Hydraulic Excavator. A "Water Spray System" installed on the totally enclosed discharge spout arrangement equipped with water sprays will control potential dust emissions at the discharge point from the Screw Conveyor onto the dredge-sediment filled barge. Electrical power to the In-Situ Dredge processing facility will be supplied through an Internal Combustion Engine of 365 maximum rated KW. Portland cement will be delivered to the site in sealed pneumatic conveyance trucks and stored in blimps. The total hours of operation of the In-Situ Dredge Processing facility will not exceed 1,500 hours, corresponding up to 1,650,000 tons (wet basis) of dredge sediment processed.

**Source Operation Details:** The sources authorized by this permit shall be operated within the parameters specified in the detailed information attached to this section. Operation of the authorized sources within these parameters is required in addition to compliance with the conditions specified in Section E– Facility Specific Requirements of this permit.

07796 DONJON MARINA CO INC PCP020002 CD1 (Particulate Filter (Baghouse))
Print Date: 9/19/2002

| | |
|---|---|
| Make: | Fabri-Pulse or Equivalent |
| Manufacturer: | Mac, Procedair, Staclean, Am Air filter or Equivalent |
| Model: | 12-48-770 |
| Number of Bags: | 48 |
| Size of Bags (ft2 ): | 16.04 |
| Total Bag Area (ft2): | 770 |
| Bag Fabric: | Polyester |
| Fabric Weight (oz/ft): | 16 |
| Fabric Weave: | |
| Fabric Finish: | |
| Maximum Design Temperature Capability (deg F): | 150 |
| Maximum Design Air Flow Rate (acfm): | 4000 |
| Draft Type: | Suction |
| Maximum Air Flow Rate to Cloth Area Ratio: | 5.2 to 1 |
| Minimum Operating Pressure Drop (in. H2O): | 2 |
| Maximum Operating Pressure Drop (in. H2O): | 16 |
| Method of Monitoring Pressure Drop: | Magnehelic Gage |
| Maximum Inlet Temperature (deg F): | 120 |
| Minimum Inlet Temperature (deg F): | 40 |
| Dew Point of Gas Stream (deg F): | Ambient |
| Maximum Operating Exhaust Gas Flow Rate (acfm): | 4000 |
| Maximum Inlet Gas Stream Moisture Content (%): | |

07796 DONJON MARINA CO INC PCP020002 CD1 (Particulate Filter (Baghouse))
Print Date: 9/19/2002

| | |
|---|---|
| Method for Determining When Bag Replacement is Required: | Observation |
| Method for Determining When Cleaning is Required: | Timer |
| Method of Bag Cleaning: | Air Pulse |
| Is Bag Cleaning Conducted On-Line? | Yes |
| Maximum Number of Sources Using this Apparatus as a Control Device (Include Permitted and Non-permitted Sources): | 5 |
| Alternative Method to Demonstrate Control Apparatus is Operating Properly: | Visible Emissions |
| Have you attached a Particle Size Distribution Analysis? | No |
| Have you attached data from recent performance testing? | No |
| Have you attached any manufacturer's data or specifications in support of the feasibility and/or effectiveness of this control apparatus? | No |
| Have you attached a diagram showing the location and/or configuration of this control apparatus? | |
| Comments: | |

07795 DONJON MARINA CO INC PCP020002 E3 (Manufacturing and Materials Handling Equipment)
Print Date: 9/19/2002

| | |
|---|---|
| Make: | |
| Manufacturer: | Lang Tool Co. |
| Model: | LTC Series IV Blending Head |
| Type of Manufacturing and Materials Handling Equipment: | Mixing Head on Hydraulic Excavator |
| Capacity: | 1.00E+03 |
| Units: | (other units) |
| Description (if other): | Tons per Hour |
| Have you attached a diagram showing the location and/or the configuration of this equipment? | Yes |
| Have you attached any manuf.'s data or specifications to aid the Dept. in its review of this application? | Yes |
| Comments: | |

07796 DONJON MARINA CO INC PCP020002 E4 (Stationary Internal Combustion Engine)
Print Date: 9/19/2002

| | |
|---|---|
| Make: | XQ 400 Caterpillar Engine-Generator Set |
| Manufacturer: | Caterpillar |
| Model: | Engine model 3456 |
| Maximum Rated Gross Heat Input (MMBtu/hr): | 3.3 |
| Class: | |
| Duty: | |
| Description: | EPA Tier 1 & CARB Emissions Certified |
| Load Range (%): | 50 to 100 |
| Stroke: | 4 stroke-cycle diesel 6.75 inches |
| Power Output (BHP): | 546 (max) |
| Electric Output (KW): | 365 |
| Compression Ratio: | 16 to 1 |
| Ignition Type: | Turbocharged -ATAAC |
| Engine Speed (RPM): | 1800 |
| Engine Exhaust Temperature (deg F): | 750 to 850 |
| Air to Fuel Ratio at Peak Load: | |
| Lambda Factor (scfm/scfm): | |
| Brake Specific Fuel Consumption at Peak Load (Btu/BHP-hr): | 25.6 gph |
| Output Type: | |
| Heat to Power Ratio: | |
| Is the Engine Using a Turbocharger? | yes |
| Is the Engine Using an Aftercooler? | watercooled |
| Is the Engine Using (check all that apply): | |
| A Prestratified Charge (PSC) | |

G0100304043

07796 DONJON MARINA CO INC PCP020002 E4 (Stationary Internal Combustion Engine)
Print Date: 9/19/2002

| | |
|---|---|
| NOx Converter | |
| Air to Fuel Adjustment (AF) | |
| Ignition Timing Retard | |
| Low Emission Combustion | |
| Non-Selective Catalytic Retard (NSCR) | |
| Other | |
| Description: | |
| Have you attached a diagram showing the location and/or configuration of this equipment? | yes |
| Have you attached any manufacturer's data or specifications which may aid in the review of this application? | |
| Comments: | |

Include Emission Rates on the Potential to Emit Screen for each Contaminant in grams/BHP-hr and ppmdv @7% O2 in addition to lbs/hr and tons/yr.

AIR POLLUTION CONTROL PRE-CONSTRUCTION PERMIT

Section B

Facility Name: DONJON MARINA CO INC
Facility ID No.: 07796
Activity ID No.: PCP020002

## GENERAL PROVISIONS AND AUTHORITIES
### Preconstruction Permits

This section is now included in Facility Specific Requirements Subject Item FC.

AIR POLLUTION CONTROL PRECONSTRUCTION PERMIT

Section C

**Facility Name: DONJON MARINA CO INC**
**Facility ID No.: 07796**
**Activity ID No.: PCP020002**

## ACRONYMS

| | |
|---|---|
| ACFM | Actual Cubic Feet per Minute |
| BAQE, BAQEng | Bureau of Air Quality Engineering |
| BNSR | Bureau of New Source Review |
| BOP | Bureau of Operating Permits |
| BTS | Bureau of Technical Services |
| CEM | Continuous Emissions Monitor |
| CFR | Code of Federal Regulations |
| COM | Continuous Opacity Monitor |
| EPA | United States Environmental Protection Agency |
| Gal/hr | Gallons per hour |
| HAP | Hazardous Air Pollutant |
| KW | Kilowatts |
| Lb/hr | Pounds per hour |
| MMBTU/hr | Million British Thermal Units per hour |
| N.J.A.C. | New Jersey Administrative Code |
| NJDEP | New Jersey Department of Environmental Protection |
| OM&M | Operation, Maintenance and Monitoring |
| PM-10 | Particulate Matter of less than or equal to microns equivalent diameter |
| PST | Performance Specification Test |
| REO | Regional Enforcement Office – NJDEP |
| TSP | Total Suspended Particulate Matter |
| VOC | Volatile Organic Compound |

AIR POLLUTION CONTROL PRE-CONSTRUCTION PERMIT

Section D

Facility Name: DONJON MARINA CO INC
Facility ID No.: 07796
Activity ID No.: PCP020002

FACILITY PROFILE

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

# New Jersey Department of Environmental Protection
## Facility Profile (General)

**Facility Name (AIMS):** DonJon Marine Dredge Materials Recovery **Facility ID (AIMS):** 07796

**Street Address:** DONJON MARINE DREDGE MATERIALS FACILITY
BERTHS 20/22
PORT NEWARK, NJ 07114

**Mailing Address:** DONJON MARINE CO, INC
1250 LIBERTY AVE
HILLSIDE, NJ 07205

**State Plane Coordinates:**

| | |
|---|---|
| **X-Coordinate:** | 41 |
| **Y-Coordinate:** | 74 |
| **Units:** | Dec. Deg. |
| **Datum:** | NAD27 |
| **Source Org.:** | DEP-Program |
| **Source Type:** | Other/Unknown |

**County:** Essex

**Location Description:** Berth 20/22 Port Newark

**Industry:**

| | |
|---|---|
| **Primary SIC:** | 5093 |
| **Secondary SIC:** | |

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

New Jersey Department of Environmental Protection
Facility Profile (General)

**Contact Type:** Air Permit Information Contact

**Organization:** Kenneth L. Woodruff
**Org. Type:** Individually Owned
**Name:** Kenneth L. Woodruff
**NJ EIN:** 00232300761
**Title:** Consultant
**Phone:** (215) 736-2194 x
**Mailing Address:** PO Box 42
Morrisville, PA 19067-0042
**Fax:** (215) 736-2225 x
**Other:** (215) 499-3690 x
**Type:** Mobile
**Email:** kwood@bellatlantic.net

---

**Contact Type:** BAQE - Engineering

**Organization:** NJ Department of Environmental Protection
**Org. Type:** State
**Name:** Negib Harfouche, Ph.D.
**NJ EIN:**
**Title:** Principal Environmental Engineer (APC)
**Phone:** (609) 292-2137 x
**Mailing Address:** 401 East State Street
Bureau Air Quality Engineering - Floor 2
P.O.Box 027
Trenton, NJ 08625-0027
**Fax:** (609) 984-6369 x
**Other:** ( ) - x
**Type:**
**Email:** nharfouc@dep.state.nj.us

---

**Contact Type:** Consultant

**Organization:** Kenneth L. Woodruff
**Org. Type:** Individually Owned
**Name:** Kenneth L. Woodruff
**NJ EIN:** 00232300761
**Title:** Consultant
**Phone:** (215) 736-2194 x
**Mailing Address:** PO Box 42
Morrisville, PA 19067-0042
**Fax:** (215) 736-2225 x
**Other:** (215) 499-3690 x
**Type:** Mobile
**Email:** kwood@bellatlantic.net



G0100304049

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

**New Jersey Department of Environmental Protection**
**Facility Profile (General)**

**Contact Type:** Fees/Billing Contact
**Organization:** DonJon Marine Co., Inc. **Org. Type:** Corporation
**Name:** Arnold Witte **NJ EIN:** 00221844615
**Title:** President
**Phone:** (908) 964-8812 x **Mailing Address:** 1250 Liberty Avenue, Hillside, NJ 07205
**Fax:** (908) 964-7426 x
**Other:** ( ) - x
**Type:**
**Email:**

---

**Contact Type:** On-Site Manager
**Organization:** DonJon Marine Co., Inc. **Org. Type:** Corporation
**Name:** Kerri K. Mullins **NJ EIN:** 00221844615
**Title:** Facility Manager
**Phone:** (908) 964-8812 x **Mailing Address:** 1250 Liberty Avenue, Hillside, NJ 07205
**Fax:** (908) 964-7426 x
**Other:** ( ) - x
**Type:**
**Email:**

---

**Contact Type:** Owner (Current Primary)
**Organization:** DonJon Marine Co., Inc. **Org. Type:** Corporation
**Name:** Arnold Witte **NJ EIN:** 00221844615
**Title:** President
**Phone:** (908) 964-8812 x **Mailing Address:** 1250 Liberty Avenue, Hillside, NJ 07205
**Fax:** (908) 964-7426 x
**Other:** ( ) - x
**Type:**
**Email:**

Date: 9/19/2002

**DONJON MARINA CO INC (07796)**
**PCP020002**

**New Jersey Department of Environmental Protection**
**Facility Profile (General)**

**Contact Type:** Responsible Official

**Organization:** DonJon Marine Co., Inc.

**Org. Type:** Corporation

**Name:** Kerri K. Mullins

**NJ EIN:** 00221844615

**Title:** Facility Manager

**Phone:** (908) 964-8812 x

**Mailing Address:** 1250 Liberty Avenue
Hillside, NJ 07205

**Fax:** (908) 964-7426 x

**Other:** ( ) - x

**Type:**

**Email:**

AIR POLLUTION CONTROL PRE-CONSTRUCTION PERMIT

Section E

Facility Name: DONJON MARINA CO INC
Facility ID No.: 07796
Activity ID No.: PCP020002

## FACILITY SPECIFIC REQUIREMENTS

### Compliance Plan Table of Contents


| Subject Item and Name | Page Number |
|---|---|
| FC | 1 |
| **Controls:** | |
| CD1 Baghouse | 14 |
| CD2 Water Spray | 16 |
| **Equipment:** | |
| E1 Pneumatic Conveying System | 17 |
| E2 Screw Conveyor | 19 |
| E3 Mixer | 21 |
| E4 Engine Generator Set | 24 |
| **Emission Point** | |
| PT1 Baghouse Stack | 26 |
| PT2 Screw Conveyor Discharge | 27 |
| PT3 In-Situ Mixing | 28 |
| PT4 Engine-Generator Set | 29 |
| **Emission Unit** | |
| **U1 Dredged Materials In-Situ Mixing** | |
| OS Summary | 30 |
| OS1 Normal Operation of In-Situ Mixing Operation | 34 |
| OS2 Internal Combustion Engine | 37 |

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

## New Jersey Department of Environmental Protection
## Facility Specific Requirements

**Subject Item:** FC

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 1 | The permittee may operate the equipment authorized in this permit for only 1,500 hours from the actual startup date of operations. The permittee shall notify the Department of the actual startup date of operations. The permittee must submit a compliance plan change request to the Department pursuant to N.J.A.C. 7:27-8.19 for authorization to operate longer than the 1,500 hours. The Department may approve this request upon review of the report submitted pursuant to Ref. No. 4 under FC of the conditions of this permit. [N.J.A.C. 7:27- 8] | Monitored by hour/time monitor upon occurrence of event, based on an instantaneous determination. The permittee shall monitor the in-situ dredge processing plant startup date and sutdown date, and hours of operation, upon occurrence of event, based on instantaneous determination, during operation. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter upon occurrence of event. The permittee shall keep dredge material processing facility's startup and shutdown dates, and hours of operation on-site, for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | Submit a report: As per the approved schedule. The permittee shall submit to the NJDEP Bureau of Air Quality Engineering (BAQEng) a project summary report within sixty (60) days from the date of completion of site operations, or as part of the permittee's written request for permit compliance plan change, whichever is earliest. The project summary report shall include information as per data collected in accordance with Ref. No. 4 under FC of the conditions of this permit. [N.J.A.C. 7:27- 8] |
| 2 | The facility shall install and operate a "Water Spray System" at the bottom cement discharge end of the totally enclosed telescopic steel tube. The "Water Spray System" shall be comprised of at least six (6) nozzle system, with each nozzle capable of handling 4-gpm. Upon project startup, the water spray system will be activated at full capacity, such as all six (6) nozzle operating simultaneously, at 4-gpm per nozzle. The water flow may then be adjusted downward to a flow not to be less than 1-gpm per nozzle. The flow rate of water shall be adjusted as necessary to prevent fugitive emissions. [N.J.A.C. 7:27- 8] | Monitored by documentation of construction at the approved frequency, based on an instantaneous determination at project startup, and upon request by the Department. Documentation of construction shall consist of as-built drawings, specifications and operation logs of the "Water Spray System". Operation logs shall consist of monitoring of water spray usage once per batch, during operation. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter at the approved frequency : at project startup and once per batch.. All records and documentation of construction shall be kept on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | None. |



G0100304053

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

New Jersey Department of Environmental Protection
Facility Specific Requirements

Subject Item: FC

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 3 | If visible emissions are observed at the point where cement drops on the surface of the dredge sediment in the barge, the permittee shall immediately cease operations. The permittee shall take all necessary steps to prevent the occurrence of visible emissions prior to resuming of operations (See Ref. No. CD3 of the conditions of this permit). [N.J.A.C. 7:27- 8] | Monitored by visual determination once per batch during operation, based on an instantaneous determination. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter upon occurrence of event. The permittee shall manually record the date and time when visible emissions are observed, during the injection of cement on the dredge sediment in the barge. Records shall be kept on-site for a minimum of five (5) years from the date the records are taken, and made available to the Department upon request. [N.J.A.C. 7:27- 8] | Submit a report: Upon occurrence of event. Submit a report to the Metropolitan Regional Office when visible emissions are observed within two (2) days from the time of occurrence, indicating the source of emissions, occurrence date and time, and control measures taken to stop emissions. [N.J.A.C. 7:27- 8] |
| 4 | Portland cement shall be stored only in on-site storage blimps, for the duration of equipment operations. There shall be no storage of cement in open piles. Cement shall be charged into the Pneumatic Conveying System (E1) directly from the Storage Blimp through the Screw Conveyor inlet chamber (E2). [N.J.A.C. 7:27- 8] | | | |
| 5 | There shall be no storage of raw or stabilized dredge sediment or cement in open pile, on-site, at any time, for the duration of equipment operations, as specified in the conditions of this permit. [N.J.A.C. 7:27- 8] | | | |



G0100304054

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

## New Jersey Department of Environmental Protection
## Facility Specific Requirements

**Subject Item:** FC

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 6 | The permittee shall submit a project summary report pertaining to the operation of the in-situ dredge processing facility, to the NJDEP Bureau of Air Quality Engineering. [N.J.A.C. 7:27- 8] | Monitored by other method (provide description) continuously, based on an instantaneous determination. The permittee shall continuously monitor the operation of the in-situ dredge material processing facility, on-site, such as total amount of dredge material processed, total number of barges processed, amount of cement used, total hours of equipment operations (of E1, E2, E3 and E4), etc. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter each month during operation. Project summary report and pertaining documentation, shall be kept on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | Submit a report: As per the approved schedule. The permittee shall submit project summary report to the Bureau of Air Quality Engineering, within sixty (60) days from the completion of equipment operations. The report shall indicate the date and time when in-situ dredging operations were performed and completed. The report also shall include, but not limited to, the total quantity and maximum hourly rate of as-dredged material processed, total quantity and maximum hourly rate of cement used, total hours of equipment operations, number of daily batches, and total number of as-dredge material processing hours per batch, per calendar day. [N.J.A.C. 7:27- 8] |
| 7 | Not withstanding compliance with other provisions of N.J.A.C. 7:27-1 et seq., no person shall cause, suffer, allow or permit to be emitted into the outdoor atmosphere substances in quantities which shall result in air pollution as defined at N.J.A.C. 7:27-5.1 [N.J.A.C. 7:27- 5.2(a)] | Other: Observation of plant operations. [N.J.A.C. 7:27- 8.13(a)]. | Other: Maintain a copy of all information submitted to the Department. [N.J.A.C. 7:27- 8.13(a)]. | Notify by phone: Upon occurrence of event. A person who causes a release of air contaminants in a quantity or concentration which poses a potential threat to public health, welfare or the environment or which might reasonably result in citizen complaints shall immediately notify the Department. Such notification shall be made by calling the Environmental Action Hotline at (877) 927-6337. [N.J.S.A. 26:2C-19(e)] |
| 8 | The permittee shall not construct, reconstruct, install or modify a significant source without first obtaining a preconstruction permit under N.J.A.C. 7:27-8. This does not apply when conducting only normal repair or maintenance of control apparatus or equipment as defined at N.J.A.C. 7:27-8.1 and N.J.A.C. 7:27-8.3(i) [N.J.A.C. 7:27- 8.3(a)] | None. | None. | Comply with the requirement: Upon occurrence of event. [N.J.A.C. 7:27- 8.3(a)] |



G0100304055

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

**New Jersey Department of Environmental Protection**
**Facility Specific Requirements**

**Subject Item:** FC

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 9 | The permittee shall not operate (nor cause to be operated) a significant source without a valid operating certificate. This condition does not apply when conducting only normal repair or maintenance of control apparatus or equipment as defined at N.J.A.C. 7:27-8.1 and N.J.A.C. 7:27-8.3(i). [N.J.A.C. 7:27- 8.3(b)] | None. | None. | Comply with the requirement: Upon occurrence of event. [N.J.A.C. 7:27- 8.3(b)] |
| 10 | The permittee shall not take any action which requires a permit revision, compliance plan change, seven-day-notice change, amendment, or change to a batch plant permit, under any applicable provision at N.J.A.C. 7:27-8.17 through 8.23, without complying with that applicable provision. This condition does not apply when conducting only normal repair or maintenance of control apparatus or equipment, as defined at N.J.A.C. 7:27-8.1 and N.J.A.C. 7:27-8.3(i). The permittee shall review the provisions of N.J.A.C 7:27-8.18 through 7:27-8.21 to determine the appropriate type of request to file. [N.J.A.C. 7:27- 8.3(c)] | None. | None. | Comply with the requirement: Upon occurrence of event. [N.J.A.C. 7:27- 8.3(c)] |
| 11 | The permittee shall file a permit revision request and receive approval from the Department prior to increasing any maximum allowable emission limit, increasing actual emissions, to a rate or concentration greater than a maximum allowable emission limit, causing the emissions of a new air contaminant, using a new raw material, reconstructing equipment, changing the ground level concentration of an air contaminant in an area where the public has access, replacing the permitted source, or constructing or installing a new significant source. [N.J.A.C. 7:27- 8.18] | None. | None. | Comply with the requirement: Upon occurrence of event. [N.J.A.C. 7:27- 8.18] |



G0100304056

**DONJON MARINA CO INC (07796)**
**PCP020002**

Date: 9/19/2002

## New Jersey Department of Environmental Protection
## Facility Specific Requirements

**Subject Item:** **FC**

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 12 | The permittee shall file a compliance plan change request and receive approval from the Department prior to decreasing the frequency of testing monitoring, recordkeeping or reporting; changing the monitoring method; changing a level, rate or limit of an operational parameter included in the conditions; or reducing a source's potential to emit. [N.J.A.C. 7:27- 8.19] | None. | None. | Comply with the requirement: Upon occurrence of event. [N.J.A.C. 7:27- 8.19] |
| 13 | At least seven days prior to proceeding with a physical or operational change that is outside the scope of activities allowed by this permit, but will not increase emissions over the allowable emissions and will not alter the stack characteristics, the permittee shall file a seven-day-notice change. The permittee may proceed with the proposed changes seven days after such notice is filed with the Department. [N.J.A.C. 7:27- 8.20] | None. | None. | Comply with the requirement: Upon occurrence of event. [N.J.A.C. 7:27- 8.20] |
| 14 | The permittee shall file an amendment within 120 days of making any change of the information contained within Section D of this permit ( Facility Profile), changing the name, number or designation of any equipment or stack covered by this permit, changing the parameters of a stack in such a way to reduce the ground level concentration of an air contaminant, or correction of a typographical error that will not result in an increase of actual or allowable emissions. [N.J.A.C. 7:27- 8.21] | None. | None. | Comply with the requirement: Upon occurrence of event. [N.J.A.C. 7:27- 8.21] |
| 15 | The permittee shall make this permit, together with any amendments, seven-day-notices, or other documents related to this permit, readily available for inspection on the operating premises. [N.J.A.C. 7:27- 8.3(d)] | None. | None. | Comply with the requirement: Upon occurrence of event. [N.J.A.C. 7:27- 8.3(d)] |



G0100304057

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

New Jersey Department of Environmental Protection
Facility Specific Requirements

Subject Item: FC

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 16 | The permittee shall not use or cause to be used the equipment or control apparatus specified in this permit unless all components connected or attached to, or serving, the equipment or control apparatus, are functioning properly and are in compliance with all provisions of this permit. [N.J.A.C. 7:27- 8.3(e)] | None. | None. | As indicated in this permit Comply with the requirement: At no specified schedule. [N.J.A.C. 7:27- 8.3(e)] |
| 17 | This permit is not transferable either from the location authorized in this permit to another location, or from any one piece of control apparatus or equipment to another piece of control apparatus or equipment. [N.J.A.C. 7:27- 8.3(f)] | None. | None. | Comply with the requirement: Upon occurrence of event. [N.J.A.C. 7:27- 8.3(f)] |
| 18 | The permittee is fully responsible for compliance with N.J.A.C. 7:27-8 and with this permit and certificate, including adequate design, construction and operation of the source, even if employees, contractors, or others work on or operate the permitted source. If the Department issues any other requirement with the force of law, such as an order, which applies to the source, the permittee is also responsible for compliance with that requirement. [N.J.A.C. 7:27- 8.3(g)] | None. | None. | Comply with the requirement: Upon occurrence of event. [N.J.A.C. 7:27- 8.3(g)] |
| 19 | This permit does not relieve the permittee from the obligation to obtain all necessary permits from other governmental agencies and to comply with all other applicable Federal, State, and local rules and regulations. [N.J.A.C. 7:27- 8.3(h)] | None. | None. | Comply with the requirement: Upon occurrence of event. [N.J.A.C. 7:27- 8.3(h)] |



G0100304058

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

New Jersey Department of Environmental Protection
Facility Specific Requirements

Subject Item: FC

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 20 | The permittee shall not suffer, allow, or permit any air contaminant detectable by the sense of smell to be present in the outdoor atmosphere in such quantity and duration which is, or tends to be, injurious to human health or welfare, animal or plant life or property, or would unreasonably interfere with the enjoyment of life or property. This shall not include an air contaminant which occurs only in areas over which the permittee has exclusive use or occupancy. In determining whether an odor unreasonably interferes with the enjoyment of life or property, the Department shall consider all of the relevant facts and circumstances, including, but not limited to, the character, severity, frequency and duration of the odor, and the number of persons affected thereby. In considering these and other relevant facts and circumstances, no one factor shall be dispositive, but each shall be considered relevant in determining whether an odor interferes with the enjoyment of life and property and, if so, whether such interference is unreasonable considering all of the circumstances. [N.J.A.C. 7:27- 8.3(j)] | Other: Observation of plant operations. [N.J.A.C. 7:27- 8.3(j)]. | Other: Maintain a copy of all information submitted to the Department. [N.J.A.C. 7:27- 8.3(j)]. | Notify by phone: Upon occurrence of event. The permittee shall report any operation of the equipment which may cause a release of air contaminants in a quantity which poses a potential threat to public health, welfare, or the environment or which might reasonably result in citizen complaints. The permittee shall immediately notify the Department of any non-compliance by calling the Environmental Action Hotline at (877)927-6337. [N.J.S.A. 26:2C-19(e)] |
| 21 | The Department and its representatives have the right to enter and inspect any facility or property in accordance with N.J.A.C. 7:27-1.31. [N.J.A.C. 7:27- 8.3(m)] | None. | None. | None. |



G0100304059

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

New Jersey Department of Environmental Protection
Facility Specific Requirements

Subject Item: FC

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 22 | There shall be an affirmative defense to liability for penalties for a violation of this permit occurring as a result of an equipment malfunction, an equipment start-up, an equipment shut-down, or during the performance of necessary maintenance. The affirmative defense shall be asserted and established as required pursuant to P.L. 1993, c. 89 (adding N.J.S.A. 26:2C-19.1 through 2C-19.5) and any rules the Department promulgates thereunder, and shall meet all of the requirements thereof. There shall also be an affirmative defense to liabilities for penalties or other sanctions for noncompliance with any technology based emission limitation in this permit, if the noncompliance was due to an emergency as defined in N.J.A.C. 7:27-22.1, provided that the affirmative defense is asserted and established in compliance with 40 CFR 70.6(g) and meets all requirements thereof. [N.J.A.C. 7:27- 8.3(n)] | None. | None. | Comply with the requirement: Upon occurrence of event. [N.J.A.C. 7:27- 8.3(n)] |
| 23 | The permittee shall not cause or use the equipment specified in this permit in a manner that will result in the emission of any air contaminant not listed in the Conditions of Approval set forth in the "Facility Specific Requirements" at a rate equal to or higher than the applicable reporting threshold set forth at N.J.A.C. 7:27-8 Appendix I, Table A or B. [N.J.A.C. 7:27- 8.4(k)1] | None. | None. | As indicated in this permit Comply with the requirement: At no specified schedule. [N.J.A.C. 7:27- 8.4(k)1] |
| 24 | Any person to whom the Department has issued a preconstruction permit or certificate shall comply with all terms and conditions of any order related to the preconstruction permit or certificate. [N.J.A.C. 7:27- 8.13(a)] | None. | None. | Comply with the requirement: Upon occurrence of event. [N.J.A.C. 7:27- 8.13(a)] |



G0100304060

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

**New Jersey Department of Environmental Protection**
**Facility Specific Requirements**

**Subject Item:** FC

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 25 | The permittee shall maintain all records required in the Conditions of Approval set forth in the "Facility Specific Requirements" for a period of five calendar years from the calendar year within which the record was generated. [N.J.A.C. 7:27- 8.13(a)] | None. | Other: Maintain records for a period of five calendar years [N.J.A.C. 7:27- 8.13(a)]. | None. |
| 26 | The Department may change the conditions of approval of any approved certificate to operate at the time of renewal of a temporary operating certificate; at the time of approval or renewal of a five-year operating certificate; or at any time during the period a certificate is in effect, if the Department determines that such change is necessary to protect human health or welfare or the environment. [N.J.A.C. 7:27- 8.13(b)] | None. | None. | Comply with the requirement: Upon occurrence of event. [N.J.A.C. 7:27- 8.13(a)] |
| 27 | Upon request of the Department, the permittee shall submit to the Department information relevant to the operation of equipment and control apparatus including all information specified at N.J.A.C. 7:27-8.13(c). [N.J.A.C. 7:27- 8.13(c)] | None. | None. | Demonstrate compliance: Upon occurrence of event. [N.J.A.C. 7:27- 8.13(c)] |
| 28 | If the conditions of this permit or certificate to operate require the Department to incur any of the following charges, the permittee shall reimburse the Department for the full amount of these charges: (1) The charges billed by any phone company for the maintenance of a dedicated telephone line required by this permit or the certificate to operate for the electronic transmission of data; or (2) The charges billed by any laboratory for performing the analysis of audit samples collected pursuant to testing or monitoring required by this permit or certificate to operate. [N.J.A.C. 7:27- 8.13(g)] | None. | None. | Comply with the requirement: Upon occurrence of event. [N.J.A.C. 7:27- 8.13(g)] |



G0100304061

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

## New Jersey Department of Environmental Protection
## Facility Specific Requirements

Subject Item: FC

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 29 | Any exceedance of the operating requirements or emission concentrations specified in this permit shall be reported within three (3) business days, by writing, to the Regional Enforcement Office. [N.J.A.C. 7:27- 8.13(h)] | Other: Conduct all measurements as indicated in this permit [N.J.A.C. 7:27- 8.13(h)]. | Other: Maintain a copy of all information submitted to the Department. [N.J.A.C. 7:27- 8.13(h)]. | Comply with the requirement: Upon occurrence of event. [N.J.A.C. 7:27- 8.13(h)] |
| 30 | The permittee shall, when requested by the Department, provide such testing facilities exclusive of instrumentation and sensing devices as may be necessary for the Department to determine the kind and amount of air contaminants emitted from the equipment or control apparatus. The testing facilities shall include the utilities, the structure to hold testing equipment and/or personnel, and any ports in stacks needed to carry out testing required by this permit. During testing by the Department, the equipment and control apparatus shall be operated under such conditions within their capacities as may be requested by the Department. The test facilities may be either permanent or temporary, at the discretion of the person responsible for their provision, and shall conform to all applicable laws, regulations, and rules concerning the safe construction and safe practice. Testing facilities which contain platforms and other means of personnel access shall conform to OSHA standards. [N.J.A.C. 7:27- 8.13(i)] | None. | None. | Comply with the requirement: Upon occurrence of event. [N.J.A.C. 7:27- 8.13(i)] |



G0100304062

**New Jersey Department of Environmental Protection**
**Facility Specific Requirements**

**Subject Item:** FC

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 31 | Upon request of the Department, the permittee shall submit to the Department any record relevant to any permit or certificate. Such records shall be submitted to the Department within thirty (30) days of the request by the Department, or within a longer time period if approved in writing by the Department. [N.J.A.C. 7:27- 8.15(a)] | None. | Other: Maintain a copy of all information submitted to the Department. [N.J.A.C. 7:27- 8.15(a)]. | Comply with the requirement: Upon occurrence of event. [N.J.A.C. 7:27- 8.15(a)] |
| 32 | The permittee shall submit any required report in a format and on a schedule approved by the Department. Such a report shall be transmitted on paper, on computer disk, or electronically, at the discretion of the Department. Any report submitted to the Department, including but not limited to a report submitted as an amendment of the permit pursuant to N.J.A.C. 7:27-8.3(c), shall include as an integral part of the report, certifications complying with N.J.A.C. 7:27-1.39. [N.J.A.C. 7:27- 8.15(b)] | None. | Other: Maintain a copy of all information submitted to the Department. [N.J.A.C. 7:27- 8.15(b)]. | Comply with the requirement: Upon occurrence of event. [N.J.A.C. 7:27- 8.15(b)] |
| 33 | Any report submitted to the Department, including but not limited to, a report submitted as an amendment of this permit or the certificate to operate pursuant to N.J.A.C. 7:27-8.3(c) shall include, as an integral part of the report, certifications complying with N.J.A.C. 7:27-1.39. [N.J.A.C. 7:27- 8.15(c)] | None. | Other: Maintain a copy of all information submitted to the Department. [N.J.A.C. 7:27- 8.15(c)]. | Comply with the requirement: Upon occurrence of event. [N.J.A.C. 7:27- 8.15(c)] |
| 34 | Upon request of the Department, the permittee shall report, on forms obtained from the Department, the air contaminant actual emissions, and information relevant thereto, of any air contaminant or category of air contaminant emitted by the equipment, control apparatus, or source operation. [N.J.A.C. 7:27- 8.15(d)] | None. | Other: Maintain a copy of all information submitted to the Department. [N.J.A.C. 7:27- 8.15(d)]. | Comply with the requirement: Upon occurrence of event. [N.J.A.C. 7:27- 8.15(d)] |



G0100304063

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

New Jersey Department of Environmental Protection
Facility Specific Requirements

Subject Item: FC

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 35 | Any emission limit values in this permit shall be interpreted to be followed by inherent trailing zeros (0) in the decimal portion of the limit to three significant figures (e.g. a printed limit of "1 lb/hr" means a limit of "1.00 lb/hr"). [N.J.A.C. 7:27- 8.13(a)] | None. | None. | None. |
| 36 | The Department has included in this listing the state rules and regulations that apply to a majority of sources. The Department's failing to include a specific requirement in a rule or regulation that applies to a permittee does not relieve that permittee from the obligation to comply with that regulation. [N.J.A.C. 7:27- 8.13(a)] | None. | None. | None. |
| 37 | Please use the following address when submitting information to these offices: Bureau of Technical Services, P.O. Box 437, 380 Scotch Road, West Trenton, New Jersey 08625; Metro Regional Enforcement Office, 2 Babcock Place, West Orange, New Jersey 07052; Central Regional Enforcement Office, P.O. Box 407, Robbinsville, New Jersey 08625-0407; Southern Regional Enforcement Office, One Port Center, Suite 201, 2 Riverside Drive, Camden, New Jersey 08102; Northern Regional Enforcement Office, 1259 Route 46 Parsippany, New Jersey 07054. [N.J.A.C. 7:27- 8.13(a)] | None. | None. | None. |



G0100304064

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

## New Jersey Department of Environmental Protection
## Facility Specific Requirements

Subject Item: FC

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 38 | Any operation of equipment which may cause off-property effects, including odors, shall be immediately reported to the Department to the extent required by the Air Pollution Control Act, N.J.S.A. 26:2C-19(e). [N.J.S.A. 26:2C-19(e)] | Other: Observation of plant operations. [N.J.S.A. 26:2C-19(e)]. | Other: Maintain a copy of all information submitted to the Department. [N.J.S.A. 26:2C-19(e)]. | Notify by phone: Upon occurrence of event. A person who causes a release of air contaminants in a quantity or concentration which poses a potential threat to public health, welfare or the environment or which might reasonably result in citizen complaints shall immediately notify the Department. Such notification shall be made by calling the Environmental Action Hotline at (877) 927-6337. [N.J.S.A. 26:2C-19(e)] |

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

New Jersey Department of Environmental Protection
Facility Specific Requirements

Subject Item: CD1 Baghouse

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 1 | The baghouse (CD1) shall be installed to handle a maximum of 4,000 cubic feet/minute air flow, and shall operate under negative air-draft, sealed, and integrated into one system. The bagfilter shall be used for capturing potential particle emissions during the loading of cement through the Alleviator and the Screw Conveyor, and during mixing with the dredge material at the hood enclosed discharge spout. [N.J.A.C. 7:27- 8] | Monitored by documentation of construction once initially, based on an instantaneous determination. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter once initially. Records shall include baghouse specifications, operation, maintenance and monitoring requirements (OM&M) and as-built drawings, kept on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |
| 2 | The baghouse will be cleaned by an automatic shaking method once per every half-hour of operation. [N.J.A.C. 7:27-8.13(a)] | Monitored by visual determination once per shift during operation, based on an instantaneous determination. The permittee shall monitor the proper operation of the baghouse by visual operation, once per shift. A failure of the automatic baghouse cleaning system shall be indicated by a warning light and an alarm. At that point, the processing of the dredge material shall be ceased, and the permittee shall determine the cause of the automatic cleaning system's failure, and any corrective action(s) or measures to be implemented prior to re-starting the operation of the dredge processing system. [N.J.A.C. 7:27-8.13(d)2] | Recordkeeping by manual logging of parameter once per calendar day during operation either confirming the proper operation of the cleaning system or indicating any disruptions or failures, and the corrective measures taken, if any. All records shall be kept on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27-8.13(d)3] | |
| 3 | Air-to-Cloth Ratio <= 5.2 ACFM/sq.ft.. [N.J.A.C. 7:27- 8.13(a)] | Air-to-Cloth Ratio: Monitored by documentation of construction once initially, based on an instantaneous determination. [N.J.A.C. 7:27- 8] | Air-to-Cloth Ratio: Recordkeeping by manual logging of parameter once initially. Records shall be kept on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | None. |

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

## New Jersey Department of Environmental Protection
## Facility Specific Requirements

**Subject Item:** **CD1 Baghouse**

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 4 | The cloth area of CD1shall be 770 square feet (ft2), consisting of 48 bags of 16.04 square feet each. [N.J.A.C. 7:27- 8] | Monitored by documentation of construction once initially, based on an instantaneous determination. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter once initially. The permittee shall keep on-site documentation of manufacturer specifications, including filter cloth area and as-built drawings, where necessary, for at least five (5) years, and readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |
| 5 | The permittee shall conduct bag cleaning and replacement as specified by the manufacturer, on a schedule necessary to achieve and maintain a minimum of 99% particulate removal efficiency. [N.J.A.C. 7:27- 8] | Monitored by documentation of construction upon occurrence of event, based on an instantaneous determination. The permittee shall monitor the bag cleaning or replacement schedule with baghouse manufacturer's requirements, based on hours of operation. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter upon occurrence of event. The permittee shall record each instance of bag cleaning or bag replacement. All records shall be kept on-site for at least five (5) years, and readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |
| 6 | The bag filter shall be made of Dacron Polyester, or equivalent. [N.J.A.C. 7:27- 8] | Monitored by documentation of construction once initially, based on an instantaneous determination. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter once initially. The permittee shall keep baghouse material of construction on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |



G0100304067

DONJON MARINA CO INC (07796)
PCP020002

Date: 9/19/2002

## New Jersey Department of Environmental Protection
## Facility Specific Requirements

**Subject Item:** CD2 Water Spray

| Ref.# | Applicable Requirement | Monitoring Requirement | Recordkeeping Requirement | Submittal/Action Requirement |
|---|---|---|---|---|
| 1 | The facility shall install and operate a "Water Spray System" at the bottom cement discharge end of the totally enclosed telescopic steel tube. The "Water Spray System" shall be comprised of at least six (6) nozzle system, with each nozzle capable of handling 4-gpm. [N.J.A.C. 7:27- 8] | Monitored by documentation of construction once initially, based on an instantaneous determination. Documentation of construction shall consist of control device specifications, as-built drawings and Operation, Monitoring and Maintenance manual (OM&M). [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter once initially. The permittee shall keep all documentation of construction and operation logs of the water spray system, on-site, for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | |
| 2 | The automatic water sprays shall be at all times applied at the cement discharge point, within the mixing point of cement with dredge sediment inside the barge, at a minimum total water flow rate of 6 gpm, through the use of the water spray system (CD2). [N.J.A.C. 7:27- 8] | Monitored by material feed/flow monitoring once per batch during operation, based on an instantaneous determination. The permittee shall confirm that the minimum flow rate through the water sprays is at least 6 gpm, once per batch, by ensuring the setpoint has not been altered. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter once per batch during operation. The permittee shall keep records of water sprays usage. All monitoring records shall be kept on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | None. |
| 3 | The permittee shall use water sprays at a rate greater than 2 gpm per nozzle, on as needed basis, if visible emissions are observed during the injection and/or mixing of cement with dredge sediment inside the barge. [N.J.A.C. 7:27- 8] | Monitored by visual determination once per batch during operation, based on an instantaneous determination. The permittee shall observe the point of discharge of cement and its mixing point with dredge sediment, once per batch, during the operation of the screw conveying system and of the in-situ mixer. [N.J.A.C. 7:27- 8] | Recordkeeping by manual logging of parameter upon occurrence of event. The permittee shall keep records of the date and time when visible emissions are observed, and of the resulting amount of water sprays usage. All monitoring records shall be kept on-site for at least five (5) years, readily made available to the Department upon request. [N.J.A.C. 7:27- 8] | Submit notification: Upon occurrence of event. If visible emissions or fugitive dusts are observed from the equipment during the injection of cement or during the mixing of cement with dredge sediment, the permittee shall cease operation. Operation shall not be restarted until the appropriate actions are taken and implemented to prevent the visible emissions. If measures fail to correct visible emissions within 24-hours of observation, the permittee shall report the incident (time, location and date of occurrence), and measures taken, in writing to the NJDEP Regional Enforcement Office, within three (3) working days from the date of occurrence. [N.J.A.C. 7:27- 8] |



G0100304068