# EXHIBIT 63

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TDM AMERICA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant,<br><br>and<br><br>DONJON MARINE COMPANY, INC.,<br><br>Third-Party Defendant. | No. 06-472 C<br><br>Judge Thomas C. Wheeler |

**DEFENDANT UNITED STATES' RESPONSES TO PLAINTIFF'S THIRD SET OF INTERROGATORIES (NOS. 17-26)**

Pursuant to Rule 33 of the Rules of the Court of Federal Claims ("RCFC"), defendant United States ("the Government') hereby responds to plaintiff TDM America, LLC's ("TDM") third set of interrogatories (Nos. 17-26), served on the United States on May 23, 2007. The following responses are based upon present information and belief. The Government reserves the right to amend and supplement these responses if it learns of new information relevant hereto, through discovery or otherwise.

## GENERAL OBJECTIONS

Each response set forth below is subject to the general objections set forth in this section. Where a specific interrogatory is objectionable on one or more grounds, the Government may explicitly state or restate an objection in its response to the interrogatory. Such specific

objections are not intended to waive any of the following general objections, which apply to each interrogatory.

The Government hereby makes the following General Objections to TDM's interrogatories:

1. The Government objects to TDM's interrogatories to the extent that the information requested is protected by the following privileges, exemptions, and restrictions:

(a) the attorney-client privilege;

(b) the attorney work product doctrine;

(c) the community of interest privilege;

(d) the deliberative process privilege;

(e) the "FOR OFFICIAL USE ONLY" (FOUO) restriction;

(f) the Trade Secrets Act, 18 U.S.C. § 1905, or documents containing proprietary or other commercial information provided to the Government on a pledge of secrecy and confidentiality.

With respect to responses which contain information proprietary to the Government, or another third party, or information subject to the "FOR OFFICIAL USE ONLY," or Privacy Act restrictions, such responses will be subject to a protective order which is stipulated to by the parties and is entered by the Court.

2. The Government objects to each and every Instruction and Definition in TDM's interrogatories to the extent that they exceed the permissible scope of discovery under the RCFC and/or seek to impose upon defendant duties and responsibilities beyond those required by those Rules.

3. The Government objects to TDM's interrogatories to the extent that they seek legal conclusions or opinions, the mental impressions of Government counsel and the Government's legal theories. RCFC 26(b)(3).

4. The Government objects to the indefinite time period governing some of the interrogatories because it renders such interrogatory overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence in this action. The Government generally limits its answers relating to its processing of dredged material by contractors of the United States Army Corps of Engineers to the period beginning six years before the filing of the complaint in this action.

5. The Government objects to TDM's interrogatories to the extent that they are premature. Further, the Government's responses are based upon information that is known or reasonably believed by the Government at the time of its responses to these interrogatories. It is anticipated that further discovery, independent investigation, and analysis may supply additional facts, give new meaning to known facts, or entail new factual conclusions. The Government therefore reserves the right to amend and/or supplement these responses if it learns of new information relevant hereto, through discovery or otherwise.

6. The Government reserves the right to challenge the relevance, materiality, and admissibility at trial, or in any subsequent proceeding, of this or any other action, of any of the information it provides in response to these interrogatories.

7. The Government objects to TDM's interrogatories to the extent that they seek information relating to allegations of willful infringement because the intent of the Government and its contractors is irrelevant in an action brought under 28 U.S.C. § 1498 in the United States

Court of Federal Claims. Likewise, the existence or lack of opinions and/or advice of counsel is irrelevant to any issue in this litigation.

8. The Government objects to TDM's interrogatories to the extent that they seek information or documents that are generated or created by or for the use of counsel after the filing of TDM's Complaint.

9. The Government objects that TDM's definition and use of the term "defendant" and "US" incorporated into TDM's Interrogatories to the United States is overly broad to the extent that it purports to include the Legislative Branch and the Judicial Branch, and every agency of the Executive Branch of the federal government as the defendant in this litigation. Plaintiff's definition is overly broad and unduly burdensome in that requiring Government counsel to request information from every government entity would be cumbersome and would require a substantial amount of time. Further, under RCFC 11, plaintiff bears the burden of comparing the accused item or process with the construed patent claims, and making a good faith assertion of infringement as to each accused item or process. *See Antonious v. Spaulding & Evenflo Cos.*, 275 F.3d 1066, 1072-73 (Fed. Cir. 2002). Plaintiff's Complaint contains averments only as to the activities of the United States Army Corps of Engineers ("USACE") and only to activity involving harbor dredging materials. Thus, the USACE is the only federal entity accused of infringement as a defendant in this litigation. The Government therefore limits its responses to interrogatories referencing the terms "defendant" and "US" as such terms relate to the USACE and to those activities reasonably related to remediation and processing of harbor dredging materials.

10. The Government objects that TDM's definition and use of the term "contractor" incorporated into TDM's Interrogatories to the United States is overly broad to the extent that it purports to include any contractors and/or subcontractors without limitation. Plaintiff's Complaint contains averments only as to any contractors or subcontractors of the USACE relating to the subject of the patents-in-suit, i.e., remediation and processing of dredged materials. For the reasons stated in the foregoing paragraph, the Government limits its responses to these interrogatories by limiting the term "contractor" to contractors awarded contracts by the USACE for dredging activities and the subcontractors selected by those contractors to conduct remediation and processing of harbor dredging materials.

11. The Government objects to TDM's interrogatories to the extent that they call for the production of expert opinions prior to the time called for under Rule 26(a)(2) and the Court's scheduling order.

12. The Government objects to TDM's interrogatories to the extent that they exceed twenty-five in number including all discrete subparts, in contravention to Rule 33(a).

**SPECIFIC OBJECTIONS AND RESPONSES**

Subject to and without waiving its general objections, the Government hereby objects and responds to each interrogatory of TDM. Furthermore, this document is designated PROPRIETARY INFORMATION under the protective order because of the confidential nature of the information disclosed herein.

**INTERROGATORY NO. 17**[1]

For each contract identified in revised attachment A annexed to defendant United States' First Amended Responses to Plaintiff's First Set of Interrogatories (Nos. 1-14) (Attachment A"), state the name and location of the contractor for each contract and the name and location of the entity that treated dredged material with an additive(s) (e.g., portland cement) for upland disposal, directly or indirectly, (e.g., as a contractor or subcontractor) under each contract; identify the location of the facility where the processing or treatment of dredged material occurred (or is occurring); identify the disposal site(s) where the treated dredged material was disposed; and state if the disposal site only accepted dredged material that was treated with an additive(s).

**RESPONSE TO INTERROGATORY NO. 17**

The Government objects to this interrogatory as overly broad and unduly burdensome to the extent that it seeks information that is set forth in: contract and payment documents produced to plaintiff by the Government; documents produced to plaintiff by the referenced contractors and their subcontractors; previously served interrogatory responses by the Government; and deposition testimony. The Government also objects because the phrase "location of the contractor" is not defined and is therefore vague. The Government objects that this interrogatory contain five discrete subparts (contractor location, processor identification, processing facility identification and location, disposal site identification, and regulatory information) that each seek information relating to twenty distinct USACE contracts. The Government also objects that

---

[1] Plaintiff's Interrogatory No. 17 is renumbered as Interrogatories Nos. 17-21 to reflect all five discrete subparts pursuant to Rule 33(a).

subpart five of this interrogatory seeks information that is not in the possession of the Government and does not include a time frame. The Government further objects to this interrogatory to the extent that it references "Attachment A" to the United States' First Amended Responses to Plaintiff's First Set of Interrogatories (Nos. 1-14) instead of the United States' "Revised Attachment A" that was previously served upon the parties. Accordingly, the Government limits its response to contracts contained in its "Revised Attachment A" and for the "location of the contractor[s]", the Government responds by referencing the city and state of the contractors listed in the contract award documents.

Subject to these specific objections and the General Objections, the Government responds with Attachment C. The Government further responds that contract W912EP-04-C-0021 listed in Revised Attachment A did not involve processing with an additive such as portland cement. Rather, the contractor, Weston-Bean, added only a flocculation agent. The Government also responds that the addition of cement to dredged material that occurred in the study set forth in contract number DACW09-D-0010-0003 did not occur at a processing facility, but rather at the site of the study cells in the Port of Los Angeles. The Government further responds that the information requested in this interrogatory relating to whether the disposal site only accepted dredged material that was treated with an additive(s) is not in the possession of the Government, and such request is best directed to the contractors or subcontractors that disposed materials at the disposal sites, the operators of the disposal sites, or the state agencies responsible for regulating the disposal sites.

**INTERROGATORY NO. 18**[2]

To the extent not previously requested, for each entity that processed dredged material with an additive(s)(e.g., portland cement) so that the dredged material is suitable for upland disposal on behalf of the US, directly or indirectly (as a contractor and/or subcontractor), state the volume in cubic yards of dredged material that was treated with an additive(s) for each contract listed in Attachment A and, if precise volumes are not available, provide estimates and state the basis for each estimate.

**RESPONSE TO INTERROGATORY NO. 18**

The Government objects to this interrogatory on the grounds that it seeks information not in the possession of the United States. The Government further objects to this interrogatory to the extent that it references "Attachment A" to the United States' First Amended Responses to Plaintiff's First Set of Interrogatories (Nos. 1-14) instead of the United States' "Revised Attachment A" that was previously served upon the parties. The Government also objects to the extent that it has responded to the subject of this interrogatory previously. *See* United States' Responses to Interrogatories Nos. 15-16.

Subject to these specific objections and the General Objections, the Government responds that the USACE does not have records identifying the volume in cubic yards of dredged material that was treated with an additive(s) for the New York District contracts listed in Revised Attachment A. The USACE did not require contractors awarded New York District contracts to submit to it the volume of dredged material that it treated with an additive, nor are they known to have submitted such information. Rather, in the New York District, the USACE and its

[2] Plaintiff's Interrogatory No. 18 is renumbered as Interrogatories No. 22.

contractors determined only the volume of material dredged pursuant to the contracts. The total volume of material dredged may not provide an accurate estimate of the volume of dredged material treated with an additive such as portland cement because (1) the volume of dredged material may have been reduced prior to the addition of an additive and (2) some of the dredged material may not have been treated with an additive prior to disposal/placement. Therefore, the Government does not have sufficient knowledge to provide the requested estimate. However, to the extent that this interrogatory seeks the final volumes of materials dredged pursuant to the New York District contracts, such volumes are ascertainable by referencing either the dredge surveys or the Approved Payment Estimates that have been previously produced to the parties by the Government. *See, e.g., id.* at Attachment B. The Government further responds that the total volume of dredged material treated with an additive such as portland cement in the Los Angeles contract was 1,850 cubic yards. *See* Dep. of Mr. James Fields. The Government also responds that the dredged material resulting from the Jacksonville contract was not treated with an additive such as portland cement. *See* Dep. of Mr. John Bearce.

**INTERROGATORY NO. 19**[3]

To the extent not previously requested, for each entity that processed dredged material with an additive(s)(e.g., portland cement) so that the dredged material is suitable for upland disposal on behalf of the US, directly or indirectly (as a contractor and/or subcontractor), state the total amount in dollars paid and/or total amount in dollars billed for dredged material that was treated with an additive(s) for each contract listed in Attachment A and if precise dollar amounts are not available, provide estimates and state the basis for each estimate.

---

[3] Plaintiff's Interrogatory No. 19 is renumbered as Interrogatories No. 23.

**RESPONSE TO INTERROGATORY NO. 19**

The Government objects to this interrogatory to the extent that it seeks information not in the possession of the United States. The Government further objects to this interrogatory to the extent that it references "Attachment A" to the United States' First Amended Responses to Plaintiff's First Set of Interrogatories (Nos. 1-14) instead of the United States' "Revised Attachment A" that was previously served upon the parties. The Government objects to the extent that it has responded to the subject of this interrogatory previously. *See* United States' Responses to Interrogatories Nos. 15-16. The Government also objects that this interrogatory seeks information previously provided through deposition testimony. The Government further objects to this interrogatory to the extent that it calls for the production of expert opinions, analysis and reporting prior to the time established under Rule 26(a)(2) and the Court's scheduling order.

Subject to these specific objections and the General Objections, the Government responds that the USACE did not purchase dredged material treated with an additive, as suggested in the interrogatory ("state the total amount in dollars paid ... for dredged material that was treated with an additive"). Rather, in the Los Angeles District, the USACE paid its contractor to perform a stabilization study on material that it collected from dredging activities by the Los Angeles Port Authority. In both the New York and Jacksonville Districts, the USACE paid its contractors to dredge and dispose of the dredged material. To the extent that this interrogatory intended to request the amount that the USACE paid, or was billed, for *the treatment* of dredged material with an additive for each contract, the Government responds that in both the New York and Jacksonville Districts, the USACE contracts itemized dredging and disposal of dredged material,

that may or may not have involved processing prior to disposal/placement. Neither the contracts nor the payment estimates in these districts separately identified the portion of the payment invoice or "bill" attributable to the cost of processing the dredged material with an additive such as portland cement. The USACE did not require its contractors to submit this processing cost information for contract award or for payment. As revealed in the deposition testimony of both USACE and contractor witnesses, such information must be obtained from the subcontractors that processed material. Without such information, the United States requires expert opinion to "provide estimates and state the basis for each estimate." As provided by RCFC 26(a)(2) any expert opinions or reports are not available at this time.

**INTERROGATORY NO. 20**[4]

To the extent not previously requested, identify, by bates numbers, all documents that constitute each contract listed on Attachment A, any modifications thereto, all 35-day and/or 70-day submissions that correspond to the contracts and/or "binder" submissions, and/or all permits that contain descriptions of the process for the treatment of dredged material with an additive(s) for upland disposal.

**RESPONSE TO INTERROGATORY NO. 20**

The Government objects to this interrogatory as overly broad and unduly burdensome to the extent that it seeks to have the Government review its entire document production consisting of more than 150,000 pages to essentially identify for plaintiff the contents of each page. The Government further objects to this interrogatory to the extent that it references "Attachment A" to the United States' First Amended Responses to Plaintiff's First Set of Interrogatories

[4] Plaintiff's Interrogatory No. 20 is renumbered as Interrogatories No. 24.

(Nos. 1-14) instead of the United States' "Revised Attachment A" that was previously served upon the parties.

Subject to this specific objection and the General Objections, the Government responds that pursuant to Rule 33(d), the Government has produced the USACE business records from which the answers to this interrogatory may be derived or ascertained and the burden of deriving or ascertaining the answers is substantially the same for the plaintiff as for the Government. The Government further responds, pursuant to Rule 33(d), with Attachment D that specifies the records from which the answers may be derived or ascertained for each contract included in Revised Attachment A.

**INTERROGATORY NO. 21**[5]

For each contract listed on Attachment A, identify the corresponding administrative contracting officer (AIO) and/or contracting officer (COR).

**RESPONSE TO INTERROGATORY NO. 21**

The Government objects to this interrogatory as unduly burdensome to the extent that it seeks information that is set forth in contract documents produced to plaintiff by the Government and deposition testimony. The Government further objects to this interrogatory to the extent that it references "Attachment A" to the United States' First Amended Responses to Plaintiff's First Set of Interrogatories (Nos. 1-14) instead of the United States' "Revised Attachment A" that was previously served upon the parties. The Government also objects to the description of a "COR" as the contracting officer. The "COR" refers to the contracting officer representative. Therefore,

---

[5] Plaintiff's Interrogatory No. 21 is renumbered as Interrogatories No. 25.

the Government limits its response to the identification of the administrative contracting officer and/or contracting officer representative.

Subject to these specific objections and the General Objections, the Government responds with Attachment E.

**INTERROGATORY NO. 22**[6]

With respect to the documents bearing Bates Nos. TDM005329-TDM005330, TDM006751-TDM006752, and TDM 006578-006583, for each row containing the term "Upland," either by itself or with another term, describe the components that comprise those numbers for the years 2000-2006, who has knowledge regarding these numbers, and what amounts and/or percentages relate to treatment of dredged material for upland disposal.

**RESPONSE TO INTERROGATORY NO. 22**

The Government objects to this interrogatory on the grounds that the terms "components," "comprise," and "those numbers" in the phrase "components that comprise those numbers" are not defined or explained in the Definitions or in this interrogatory causing this interrogatory to be vague and confusing. The Government also objects to this interrogatory as overly broad and unduly burdensome to the extent that it seeks information irrelevant to a claim or defense of any party, or to the subject matter of this litigation and not likely to lead to the discovery of admissible evidence. The patents-in-suit generally relate to the treatment and processing of dredged materials and the Government has identified and provided to the plaintiff the USACE contracts involving processing of dredged material. Information relating to USACE contracts for dredging and disposal of dredged materials that do not involve processing dredged

[6] Plaintiff's Interrogatory No. 22 is renumbered as Interrogatories No. 26.

material is irrelevant to this litigation. The Government further objects that although this interrogatory is numbered as "22" by plaintiff, it is at least number "26" pursuant to the application of Rule 33(a) to the discrete subparts to plaintiff's previous interrogatories. Consequently, this interrogatory exceeds the number of interrogatories authorized by Rule 33(a) and the Government is not required to provide a response.

Subject to these specific objections and the General Objections, the Government responds that the referenced Bates ranges contain three charts that list the term "upland" and each of those charts describes the term "upland." *See* TDM005330, TDM006579, and TDM006752. The Government also responds that the number of contracts listed for each year from 2000 to 2006 in these charts represent consolidated information supplied by all USACE districts that awarded contracts for dredging activities in each respective year. These districts enter their respective data into a database centrally managed by the National Data Center ("NDC"). The Government further responds that not all of the USACE contracts awarded for dredging activities involved processing or treatment with an additive prior to disposal. Indeed, relatively few of the USACE dredging contracts involved treatment with an additive prior to disposal. *See* Dep. of Mr. Bryce Wisemiller, vol. 2, at 307-309. The Government also responds that USACE contracts involving disposal of dredged material upland usually do not require processing with an additive. *Id.* (explaining that the New York District is an exception). Moreover, the charts contained in the referenced Bates ranges do not separately identify such contracts. The Government responds that it has identified by contract number, contractor, processor and disposal site each USACE contract that involved processing of dredged material, and contract files for each contract have been provided to the parties. Additionally, as stated in Response to Interrogatory Numbers 18 and 19

(renumbered as 22 and 23) , supra, the USACE does not have information relating to the volume of cubic yards or the dollar amounts paid for dredged material that was treated prior to disposal upland. The Government has also indicated that Ms. Virginia Pankow of the USACE-NDC, whose deposition has been scheduled, has knowledge relating to the maintenance of the database reflected in the referenced charts.

**INTERROGATORY NO. 23[7]**

To the extent not provided in previous responses and amended responses, please supplement responses to all interrogatories which refer to the "patents-in-suit" so that the response covers all patents-in-suit, including '862 and '590.

**RESPONSE TO INTERROGATORY NO. 23**

The Government objects to this interrogatory as it exceeds the allowable number of interrogatories set forth in Rule 33(a). Plaintiff numbered this interrogatory as 23, however, based on renumbering of discrete subparts in previous interrogatories and the thirty-two subparts in this interrogatory (which seeks responses relating to two additional patents for Interrogatories 1-16), the United States renumbers this interrogatory as numbers 27-58. Because these interrogatories exceed the twenty-five interrogatories permitted by Rule 33(a), responses are neither required nor provided.

**INTERROGATORY NO. 24[8]**

For each contract that the US was or is a party to since 1997 for any dredging activity at any port, harbor and/or waterway, complete the chart below either confirming that the contractor

[7] Plaintiff's Interrogatory No. 23 is renumbered as Interrogatories Nos. 27-58.

[8] Plaintiff's Interrogatory No. 24 is renumbered as Interrogatories No. 59-78.

is performing the referenced element of the patent claim for the '862 patent or describe the manner in which the particular dredging activity and/or processing activity is performed and how the activity differs from the referenced one.

**RESPONSE TO INTERROGATORY NO. 24**

The Government objects to this interrogatory as it exceeds the allowable number of interrogatories set forth in Rule 33(a). Plaintiff numbered this interrogatory as 24, however, based on renumbering of discrete subparts in previous interrogatories and the twenty subparts in this interrogatory (which seeks separate responses for each USACE contract at issue), the United States renumbers this interrogatory as numbers 59-78. Because these interrogatories exceed the twenty-five interrogatories permitted by Rule 33(a), responses are neither required nor provided.

**INTERROGATORY NO. 25**[9]

For each contract that the US was or is a party to since 1997 for any dredging activity at any port, harbor and/or waterway, complete the chart below either confirming that the contractor is performing the referenced element of the patent claim for the '590 patent or describe the manner in which the particular dredging activity and/or processing activity is performed and how the activity differs from the referenced one.

**RESPONSE TO INTERROGATORY NO. 25**

The Government objects to this interrogatory as it exceeds the allowable number of interrogatories set forth in Rule 33(a). Plaintiff numbered this interrogatory as 25, however, based on renumbering of discrete subparts in previous interrogatories and the twenty subparts in this interrogatory (which seeks separate responses for each USACE contract at issue), the United

---

[9] Plaintiff's Interrogatory No. 22 is renumbered as Interrogatories No. 79-98.

States renumbers this interrogatory as numbers 79-98. Because these interrogatories exceed the twenty-five interrogatories permitted by Rule 33(a), responses are neither required nor provided.

**INTERROGATORY NO. 26[10]**

Identify all documents used to respond to interrogatories 1-25 above[.]

**RESPONSE TO INTERROGATORY NO. 26**

The Government objects to this interrogatory as it exceeds the allowable number of interrogatories set forth in Rule 33(a).' Plaintiff numbered this interrogatory as 26, which, if accurate would exceed the allowable number of interrogatories. However, based on renumbering of discrete subparts in previous interrogatories and the twenty-five subparts in this interrogatory (which seeks the identification of documents used to respond to Interrogatories 1-25), the United States renumbers this interrogatory as numbers 99-123. Because these interrogatories exceed the twenty-five interrogatories permitted by Rule 33(a), responses are neither required nor provided.

---

[10] Plaintiff's Interrogatory No. 22 is renumbered as Interrogatories No. 99-123.

DATED: July 25, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

ERICA A. FRANKLIN
Attorney
Commercial Litigation Branch
Department of Justice
Washington, D.C. 20530
Telephone: (202) 353-0517
Facsimile: (202) 307-0345

**SIGNATURE AND OATH AS TO ANSWERS**

The foregoing responses are based upon such information as is presently available to the United States Army Corps of Engineers and was derived from sources available to me in the course of my duties and that I deem to be reliable. Upon information and belief, I declare under penalty of perjury that these responses are true and accurate.

Daniel Inkelas
Assistant Counsel for Litigation
Office of the Chief Counsel
United States Army Corps of Engineers
441 G Street, NW
Washington, DC 20314

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 25th day of July 2007, a copy of the foregoing DEFENDANT'S RESPONSES TO PLAINTIFF'S THIRD SET OF INTERROGATORIES (NOS. 17-26) was sent to the following counsel of record, via electronic mail and Federal Express:

David W. Denenberg
Michael A. Adler
DAVIDOFF MALITO & HUTCHER LLP
605 Third Avenue - 34 Fl
New York, New York 10158
maa@dmlegal.com

Counsel for Plaintiff TDM America, LLC

Gary J. Campbell, Esq.
John E. Flaherty, Esq.
McCarter & English, LLP
265 Franklin Street
Boston, Massachusetts 02110
gcampbell@mccarter.com

Counsel for Donjon Marine Company, LLC

Erica A. Franklin
ERICA A. FRANKLIN

# ATTACHMENT C

| Contract # | Contractor | Location | Processor | Location | Placement Site(s) |
|---|---|---|---|---|---|
| **New York** | | | | | |
| W912DS-07-C-0003 | Donjon | Hillside, NJ | Donjon | Berth 36, Port Newark, NJ | Overpeck, Fresh Kills, EnCap |
| W912DS-06-C-0018 | GLDD | Oakbrook, IL | Clean Earth | Jersey City | NJ Meadowlands, EnCap, FDPs, Elizabeth Prologis |
| W912DS-05-C-0003 | Don Jon | Hillside, NJ | Donjon & CEDTI | Berth 36, Port Newark/Jersey City | EnCap, Fresh Kills |
| W912DS-05-C-0004 | Bean | New Orleans, LA | CEDTI | Jersey City, NJ | Unknown |
| W912DS-05-C-0020 | DonJon | Hillside, NJ | Donjon | Newark, NJ | NJ Meadowlands, EnCap |
| W912DS-04-C-0008 | GLDD | Oakbrook, IL | Donjon & CEDTI | Berth 36, Port Newark/Jersey City | Unknown |
| W912DS-04-C-0016 | DonJon | Hillside, NJ | Donjon | Newark, NJ | NJ Meadowlands 1E Site |
| DACW51-03-C-0001 | DonJon | Hillside, NJ | OENJ | Bayonne, NJ | OENJ Golf Course |
| DACW51-03-C-0012 | DonJon | Hillside, NJ | Donjon | Bayonne, NJ | OENJ Golf Course |
| DACW51-03-C-0014 | Jay Cashman | Boston, MA | OENJ | Bayonne, NJ | OENJ Golf Course |
| DACW51-03-C-0019 | Bean | New Orleans, LA | Clean Earth | Jersey City | Fountain Avenue Landfill, Brooklyn |
| DACW51-03-C-0021 | DonJon | Hillside, NJ | OENJ | Bayonne, NJ | OENJ Bayonne, (NBCDF) |
| DACW51-02-C-0001 | Bean | New Orleans, LA | OENJ | Bayonne, NJ | OENJ Golf Course |
| DACW51-02-C-0002 | Cruz Constr. | Holmdel, NJ | N/A | N/A - project site | Unknown |
| DACW51-02-C-0019 | Bean | New Orleans, LA | CEDTI | Jersey City, NJ | Unknown |
| DACW51-02-C-0022 | DonJon | Hillside, NJ | OENJ | Bayonne, NJ | OENJ Bayonne |
| DACW51-01-C-0006 | DonJon | Hillside, NJ | OENJ | Bayonne, NJ | OENJ Golf Course |
| DACW51-01-C-0023 | GLDD | Oakbrook, IL | OENJ | Bayonne, NJ | OENJ Bayonne |
| **Los Angeles** | | | | | |
| DACW09-D-0010-0003 | Buddy's | Visalia, CA | WBR-ECDC | N/A - project site | N/A - Anchorage Road Waste Storage Site |
| **Jacksonville** | | | | | |
| W912EP-04-C-0021 | Weston Bean Jt. | West Chester, PA | N/A | N/A | N/A |

# ATTACHMENT D

# TDM America: Page Ranges Referencing Selected Contracts

| Contract | First Bates | Last Bates |
|---|---|---|
| **DACW09-D-0010-00** | | |
| | 100100335 | 100100619 |
| | 200100002 | 200100316 |
| | 200200001 | 200200315 |
| | 200200321 | 200200330 |
| | 200200332 | 200200346 |
| | 200200353 | 200200356 |
| | 200200362 | 200200365 |
| | 200200378 | 200200409 |
| | 200200411 | 200200608 |
| | 200200610 | 200200691 |
| | 200300001 | 200300147 |
| | 200400011 | 200400072 |
| | 200500008 | 200500008 |
| | 500101419 | 500101423 |
| **DACW51-01-C-0006** | | |
| | 100302034 | 100302035 |
| | 100302043 | 100302048 |
| | 100302051 | 100302074 |
| | 100302082 | 100302086 |
| | 100302113 | 100302119 |
| | 100302242 | 100302243 |
| | 100302339 | 100302407 |
| | 100302409 | 100302420 |
| | 100302426 | 100302593 |
| | 100302595 | 100302636 |
| | 100302643 | 100302758 |
| | 100302764 | 100302825 |
| | 100302831 | 100302947 |
| | 100302949 | 100303127 |
| | 100303129 | 100303253 |
| | 100303260 | 100303306 |
| | 100601617 | 100601619 |
| | 100802206 | 100802209 |
| | 100802779 | 100802780 |
| | 100803076 | 100803077 |

# TDM America: Page Ranges Referencing Selected Contracts

| Contract | First Bates | Last Bates |
|---|---|---|
| **DACW51-01-C-0006** | | |
| | 100905991 | 100906016 |
| | 101004407 | 101005715 |
| | 101200017 | 101200034 |
| | 101200040 | 101200049 |
| | 101200066 | 101200068 |
| | 101200073 | 101200077 |
| | 101200087 | 101200091 |
| | 101200101 | 101200105 |
| | 101200117 | 101200125 |
| | 101200131 | 101200135 |
| | 101200142 | 101200156 |
| | 101200174 | 101200179 |
| | 101200196 | 101200218 |
| | 101200235 | 101200299 |
| | 101200307 | 101200339 |
| | 101200349 | 101200356 |
| | 101200374 | 101200381 |
| | 101200398 | 101200413 |
| | 101200422 | 101200429 |
| | 101200438 | 101200461 |
| | 101200470 | 101200502 |
| | 101200510 | 101200518 |
| | 101200527 | 101200543 |
| | 101200560 | 101200567 |
| | 101200576 | 101200583 |
| | 101200585 | 101200606 |
| | 101200613 | 101200619 |
| | 101200628 | 101200635 |
| | 101200648 | 101200652 |
| | 101200659 | 101200700 |
| | 101200725 | 101200736 |
| | 101200743 | 101200754 |
| | 101200765 | 101200776 |
| | 101200784 | 101200789 |
| | 101200796 | 101200806 |

# TDM America: Page Ranges Referencing Selected Contracts

| Contract | First Bates | Last Bates |
|---|---|---|
| **DACW51-01-C-0006** | | |
| | 101200813 | 101200818 |
| | 101200822 | 101200871 |
| | 101200882 | 101200884 |
| | 101200888 | 101200896 |
| | 101200903 | 101200914 |
| | 101200921 | 101200931 |
| | 101200949 | 101200960 |
| | 101200962 | 101201074 |
| | 101201081 | 101201098 |
| | 101201105 | 101201134 |
| | 101201712 | 101201752 |
| | 101207311 | 101207493 |
| | 101210568 | 101210573 |
| | 101210580 | 101210585 |
| | 101210592 | 101210601 |
| | 101210605 | 101210620 |
| | 101210626 | 101210635 |
| | 101210642 | 101210649 |
| | 101210659 | 101210666 |
| | 101210675 | 101210682 |
| | 101210721 | 101210727 |
| | 101210729 | 101210736 |
| | 101210745 | 101210767 |
| | 101210799 | 101210812 |
| | 101210834 | 101210841 |
| | 101210850 | 101210865 |
| | 101210874 | 101210889 |
| | 101210898 | 101210905 |
| | 101210927 | 101210934 |
| | 101210989 | 101210996 |
| | 101211006 | 101211017 |
| | 101211022 | 101211054 |
| | 101211063 | 101211073 |
| | 101211080 | 101211085 |
| | 101211091 | 101211113 |

# TDM America: Page Ranges Referencing Selected Contracts

| Contract | First Bates | Last Bates |
|---|---|---|
| **DACW51-01-C-0006** | | |
| | 101211122 | 101211129 |
| | 101211141 | 101211146 |
| | 101211157 | 101211161 |
| | 101211355 | 101211357 |
| | 101211364 | 101211369 |
| | 101211380 | 101211385 |
| | 101211419 | 101211427 |
| | 101211431 | 101211433 |
| | 101211437 | 101211439 |
| | 101211446 | 101211448 |
| | 101211450 | 101211461 |
| | 101211470 | 101211472 |
| | 101211479 | 101211481 |
| | 101211488 | 101211490 |
| | 101211498 | 101211503 |
| | 101211507 | 101211509 |
| | 101211534 | 101211539 |
| | 101211591 | 101211605 |
| | 101400001 | 101400001 |
| | 101400004 | 101400012 |
| | 101400019 | 101400021 |
| | 101400034 | 101400035 |
| | 101400042 | 101400072 |
| | 101400079 | 101400084 |
| | 101400087 | 101400097 |
| | 101400100 | 101400103 |
| | 101400110 | 101400117 |
| | 101400120 | 101400216 |
| | 101400222 | 101400344 |
| | 101400346 | 101400348 |
| | 101400351 | 101400361 |
| | 101400372 | 101400384 |
| | 101400388 | 101400395 |
| | 101400397 | 101400398 |
| | 101400409 | 101400415 |

# TDM America: Page Ranges Referencing Selected Contracts

| Contract | First Bates | Last Bates |
|---|---|---|
| **DACW51-01-C-0006** | | |
| | 101400421 | 101400423 |
| | 101400429 | 101400431 |
| | 101400437 | 101400444 |
| | 101400483 | 101400485 |
| | 101400488 | 101400493 |
| | 101400496 | 101400621 |
| | 101400624 | 101400630 |
| | 101400643 | 101400773 |
| | 101400785 | 101400792 |
| | 101400794 | 101400801 |
| | 101400803 | 101400804 |
| | 101400810 | 101400811 |
| | 101400819 | 101400823 |
| | 101400841 | 101400848 |
| | 101400857 | 101400858 |
| | 101400876 | 101400881 |
| | 101400895 | 101400898 |
| | 101400908 | 101400934 |
| | 101400946 | 101400948 |
| | 101400954 | 101400956 |
| | 101400969 | 101400980 |
| | 101400986 | 101401086 |
| | 101401090 | 101401503 |
| | 500100409 | 500100436 |
| | 500101293 | 500101297 |
| **DACW51-01-C-0023** | | |
| | 101007554 | 101007927 |
| | 101401505 | 101401600 |
| | 101401604 | 101401606 |
| | 101401615 | 101401658 |
| | 101401660 | 101401729 |
| | 101401739 | 101401857 |
| | 101401864 | 101401882 |
| | 101401897 | 101401906 |
| | 101401908 | 101401910 |

# TDM America: Page Ranges Referencing Selected Contracts

| Contract | First Bates | Last Bates |
|---|---|---|
| **DACW51-01-C-0023** | | |
| | 101401914 | 101401953 |
| | 101401955 | 101401987 |
| | 101401992 | 101402005 |
| | 101402013 | 101402405 |
| | 500101245 | 500101279 |
| | 500101293 | 500101297 |
| | 500101372 | 500101378 |
| | 500101754 | 500101759 |
| **DACW51-02-C-0001** | | |
| | 100304899 | 100304918 |
| | 100500173 | 100500614 |
| | 100500625 | 100500875 |
| | 100500896 | 100502693 |
| | 100502720 | 100502819 |
| | 100502830 | 100502950 |
| | 100600001 | 100600547 |
| | 100602182 | 100602380 |
| | 100602382 | 100602651 |
| | 100602653 | 100602768 |
| | 100602780 | 100602785 |
| | 100602805 | 100602918 |
| | 100602920 | 100602980 |
| | 100602995 | 100603060 |
| | 100603063 | 100603071 |
| | 100603081 | 100603168 |
| | 100603176 | 100603188 |
| | 100603201 | 100603211 |
| | 100603221 | 100603299 |
| | 100603304 | 100603317 |
| | 100603326 | 100603341 |
| | 100603343 | 100603501 |
| | 100603505 | 100603572 |
| | 100603576 | 100603910 |
| | 100603912 | 100603980 |
| | 100603986 | 100604037 |

# TDM America: Page Ranges Referencing Selected Contracts

| Contract | First Bates | Last Bates |
|---|---|---|
| **DACW51-02-C-0001** | | |
| | 100604042 | 100604047 |
| | 100604050 | 100604161 |
| | 100604167 | 100604411 |
| | 100604414 | 100604440 |
| | 100604452 | 100604478 |
| | 100604485 | 100604682 |
| | 100604684 | 100605383 |
| | 100606443 | 100607087 |
| | 100607089 | 100607611 |
| | 100607613 | 100608305 |
| | 100608307 | 100611043 |
| | 100611058 | 100611221 |
| | 100611233 | 100611255 |
| | 100611269 | 100611279 |
| | 100611293 | 100611350 |
| | 100611364 | 100611654 |
| | 100611663 | 100611714 |
| | 100700002 | 100700073 |
| | 100700075 | 100700098 |
| | 100700100 | 100702495 |
| | 100702497 | 100702548 |
| | 100702573 | 100702577 |
| | 100702579 | 100706292 |
| | 100706307 | 100706495 |
| | 100706552 | 100708566 |
| | 100802206 | 100802209 |
| | 100803427 | 100803432 |
| | 100804466 | 100804466 |
| | 100804482 | 100804483 |
| | 100804520 | 100804520 |
| | 100804600 | 100804600 |
| | 100804604 | 100804620 |
| | 100804652 | 100804657 |
| | 100804689 | 100804730 |
| | 100804733 | 100804807 |

# TDM America: Page Ranges Referencing Selected Contracts

| Contract | First Bates | Last Bates |
|---|---|---|
| **DACW51-02-C-0001** | | |
| | 100804809 | 100804818 |
| | 100804824 | 100804829 |
| | 100804908 | 100804913 |
| | 100805016 | 100805073 |
| | 100805244 | 100805255 |
| | 100805402 | 100805412 |
| | 100805498 | 100805501 |
| | 100805504 | 100805504 |
| | 100805722 | 100806190 |
| | 100806192 | 100806230 |
| | 100806232 | 100806381 |
| | 100806383 | 100806953 |
| | 100806955 | 100807298 |
| | 100807300 | 100808047 |
| | 100808049 | 100808708 |
| | 100900002 | 100900861 |
| | 100900863 | 100901116 |
| | 100901125 | 100901388 |
| | 100901398 | 100901745 |
| | 100901747 | 100902776 |
| | 100902783 | 100902838 |
| | 100902840 | 100903284 |
| | 100903288 | 100905200 |
| | 101002700 | 101004405 |
| | 101100378 | 101100385 |
| | 101100398 | 101100620 |
| | 101100631 | 101101188 |
| | 101202341 | 101202443 |
| | 101202456 | 101202483 |
| | 101202493 | 101202513 |
| | 101202522 | 101202601 |
| | 101202608 | 101202625 |
| | 101202637 | 101202665 |
| | 101202677 | 101202685 |
| | 101202694 | 101202741 |

# TDM America: Page Ranges Referencing Selected Contracts

| Contract | First Bates | Last Bates |
|---|---|---|
| **DACW51-02-C-0001** | | |
| | 101202747 | 101202756 |
| | 101202769 | 101202800 |
| | 101202805 | 101202816 |
| | 101202821 | 101202824 |
| | 101202837 | 101202860 |
| | 101202865 | 101202876 |
| | 101202881 | 101202888 |
| | 101202893 | 101202896 |
| | 101202901 | 101202912 |
| | 101202917 | 101202960 |
| | 101202962 | 101202965 |
| | 101202970 | 101203005 |
| | 101203014 | 101203029 |
| | 101203034 | 101203069 |
| | 101203081 | 101203092 |
| | 101203094 | 101203357 |
| | 101203360 | 101203365 |
| | 101203368 | 101203372 |
| | 101203375 | 101203376 |
| | 101203379 | 101203427 |
| | 101203429 | 101203457 |
| | 101203463 | 101203521 |
| | 101203535 | 101204785 |
| | 101206523 | 101206559 |
| | 101206794 | 101206799 |
| | 101207155 | 101207299 |
| | 101207311 | 101207493 |
| | 101300001 | 101300001 |
| | 101300005 | 101300047 |
| | 101300055 | 101300058 |
| | 101300092 | 101300094 |
| | 101300114 | 101300116 |
| | 101300134 | 101300134 |
| | 101300136 | 101300157 |
| | 101300160 | 101300170 |