# EXHIBIT 1

# In the United States Court of Federal Claims

No. 06-472C

(Filed: April 30, 2007)

****************************************

TDM AMERICA, LLC,

Plaintiff,

v.

THE UNITED STATES,

Defendant,

and

DONJON MARINE COMPANY, INC.,

Third-Party Defendant.

****************************************

## DISCOVERY ORDER

In this patent infringement case, the Court has before it various discovery disputes stemming from Defendant's April 6, 2007 Motion to Quash the Deposition Notice of Alan P. Klein, and Plaintiff's April 23, 2007 Cross-Motion for Sanctions or to Compel pursuant to RCFC 37. The events underlying the disputes began in November 2006, and seemingly have escalated despite the Court's attempts to assist the parties informally. The Court has conducted three discovery conferences with counsel on February 6, 2007, February 15, 2007, and March 6, 2007 respectively.

The issues presented are: (1) whether Defendant has furnished complete and verified responses to Plaintiff's interrogatories; (2) whether Defendant has responded properly to Plaintiff's requests for production of documents, particularly as to "process" documents showing the methods used to treat dredged material in other Government contracts; (3) whether Defendant has frustrated Plaintiff's attempts to proceed with discovery depositions noticed under RCFC 30(b)(1) and 30(b)(6); and (4) whether Plaintiff should be permitted to depose Alan P. Klein, patent counsel of the U.S. Army Legal Services Agency in the Office of the Judge Advocate. Fact discovery is to be completed in this case by July 13, 2007.

Case 1:06-cv-00472-TCW Document 54 Filed 04/30/2007 Page 2 of 2

Upon considering the parties' positions, the Court directs counsel to resolve all of the pending discovery disputes within 30 days, on or before May 30, 2007. Defendant is ordered to provide complete and verified responses to Plaintiff's interrogatories, and to respond properly to all of Plaintiff's document requests, within that time. Plaintiff's depositions noticed to date shall either be taken or scheduled within this 30-day period.

Defendant's motion to quash the deposition notice of Alan P. Klein is GRANTED. Pursuant to RCFC 26(c), Defendant is not required to produce Army patent counsel for a deposition or to respond to the accompanying document requests in paragraphs 2-4 of the Notice of Deposition.

Counsel are directed to file a Joint Status Report with the Court on June 5, 2007 indicating the extent of their compliance with this Order, and identifying any remaining discovery issues. Failure to adhere to this Order may result in the imposition of sanctions under RCFC 37(b)(2).

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge

# EXHIBIT 2

# In the United States Court of Federal Claims

No. 06-472C
(Filed: December 17, 2007)

*********************************************

TDM AMERICA, LLC,

Plaintiff,

v.

THE UNITED STATES,

Defendant,

and

DONJON MARINE COMPANY, INC.,

Third-Party Defendant.

*********************************************

## DISCOVERY ORDER

On December 13, 2007, the Court conducted a hearing with counsel for the parties to address the status of the discovery issues raised in Plaintiff's October 16, 2007 Rule 37 motion to compel, and the responses thereto. The Court also requested and received a Joint Status Report signed by all counsel two days before the hearing. Based upon the parties' submissions, as well as the arguments and representations at the hearing, the Court hereby orders as follows:

1. Plaintiff may continue to use Michael Chapman, PhD, Vice President of The Analysis Group, as an expert witness in this case. Defendant had raised a potential conflict of interest based upon the Government's retention of The Analysis Group in an unrelated case pending in this Court, The Boeing Co. v. United States, No. 00-705C. Dr. Chapman is not working on the Boeing case, and none of the people working on the Boeing case are assisting Dr. Chapman on this case. Plaintiff has represented that an internal "firewall" has been established within The Analysis Group to prevent any sharing of information between personnel working on these respective cases. Plaintiff apparently retained Dr. Chapman before the Government retained The Analysis Group for the Boeing case. The Court sees no basis to disqualify Dr. Chapman from his continued involvement in this matter. At the hearing, Defendant's counsel did not disagree with the Court's assessment, and did not further pursue any objection. Accordingly, the Court considers this issue to have been resolved, without prejudice to the assertion of any later concerns or objections that may arise.

2. Plaintiff has objected to Defendant's wholesale designation of nine deposition transcripts as being protected information, "Confidential – Attorneys' Eyes Only." Following Plaintiff's request that protected portions of the transcripts be re-designated, Defendant performed this task only for two relatively minor depositions. The Court directs Defendant to re-designate all deposition transcripts that are currently designated as protected information on or before January 15, 2008. Plaintiff provided a partial "priority list" to Defendant at the hearing, which it may update and finalize not later than December 21, 2007. Defendant should deliver to Plaintiff the re-designated transcripts when completed, in the prioritized order provided by Plaintiff.

3. Plaintiff may complete its Rule 30(b)(6) deposition of Donjon Marine Company's witness, Kerri Mullins, for four additional hours on a date mutually agreeable to the parties. This deposition must be completed by the date established below for the completion of discovery.

4. Donjon may depose Plaintiff's two Rule 30(b)(6) witnesses, Mr. Rick Redle and Mr. Ritchie Studer, for four additional hours each on a date mutually agreeable to the parties. In order to expedite these depositions, Donjon shall provide Plaintiff with advance notice of the documents that Donjon intends to use at these depositions. These depositions must be completed by the date established below for the completion of discovery.

5. Based upon representations at the hearing, issues relating to Donjon's production of documents are considered resolved.

6. In accordance with Rule 56(f), the Court grants Plaintiff's request for limited discovery before it must respond to Defendant's November 8, 2007 motion for partial summary judgment. Plaintiff has requested Defendant to identify the documents by Bates numbers that comprise the 18 contracts placed at issue in Defendant's motion, as well as any amendments to the contracts, and any contractor submittals for each contract relating to treatment methods or quantities of dredged or treated materials. Defendant shall provide this information to Plaintiff on or before January 15, 2008. Plaintiff shall file its response to Defendant's motion for partial summary judgment on or before February 12, 2008. Further filings shall be in accordance with the Court's rules relating to motions for summary judgment.

7. Plaintiff has been attempting to compile information through discovery on the extent of the Government's treatment of dredged materials, principally by the U.S. Army Corps of Engineers, since early in this case. Through interrogatories, requests for production of documents, and Rule 30(b)(6) depositions, Plaintiff has achieved only limited and mixed success, and it complains that Defendant has not fully and completely responded to Plaintiff's discovery requests. Although Defendant perhaps could have responded on a more timely and complete basis, the tasks presented by Plaintiff's requests were daunting to say the least. Since serving its requests and receiving what it regards as incomplete responses, Plaintiff has learned of information on the Corps of Engineers' internet web site that it believes may be useful. Whereas Plaintiff has received some information on a contract-by-contract basis, the information on the Corps of Engineers' web site apparently is organized on a district-by-district basis. After a thorough discussion at the hearing, and for the

purpose of narrowing the issues in controversy, the parties agreed to adhere to the following procedure:[1]

a. On or before January 15, 2008, Plaintiff shall provide to Defendant a list or chart identifying by either contract number or Corps of Engineers District what Plaintiff understands to be the volume of treated dredged material, the price paid by the United States for the treatment of dredged material, and if available, the method of treatment employed. Plaintiff also shall identify for each entry the basis of its understanding and the document(s) upon which it relies.

b. On or before February 13, 2008, Defendant shall review the data provided by Plaintiff, and provide Plaintiff with a statement admitting or denying the accuracy of each entry on Plaintiff's list or chart. If Defendant denies the accuracy of Plaintiff's entry, it must provide what Defendant believes is the accurate data, along with the basis of its understanding and the document(s) upon which it relies. Any entry that Defendant does not deny and also provide its own entry of what it believes is more accurate, shall be deemed uncontested. It is insufficient for Defendant simply to deny the accuracy of Plaintiff's data.

c. Where any disagreements exist, Defendant shall produce a knowledgeable representative for informal discussions with Plaintiff who can address any of Plaintiff's concerns and answer Plaintiff's questions. The purpose of these discussions is to reduce or eliminate areas of disagreement on matters that can be stipulated. If, after engaging in such discussions, disagreements remain, Plaintiff may request leave of Court to conduct Rule 30(b)(6) depositions limited to the areas of disagreement.

8. All of the above matters, and all other non-expert discovery, shall be completed not later than March 31, 2008. The Court shall conduct a telephone status conference with all counsel on April 2, 2008 at 2:00 PM to address any outstanding discovery issues and a schedule for further proceedings. The parties shall submit a proposed schedule to the Court in advance of the status conference.

9. The Court's November 1, 2007 discovery order is vacated.

10. Plaintiff's motion for Rule 37 sanctions is DENIED, without prejudice to being reconsidered at a later date if the foregoing discovery matters remain unresolved.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge

---

[1] This procedure also may be used to obtain information for dredging contracts with other federal and state agencies.