# EXHIBIT 4

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| TDM America, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant.<br><br>and<br><br>Donjon Marine Company, Inc.,<br><br>Interested Party. | Civil Action No. 06-472 C<br><br>Judge Thomas C. Wheeler |

**PLAINTIFF TDM AMERICA LLC'S ("TDM") IDENTIFICATION OF THE UNITED STATES OF AMERICA'S ("US") DREDGING CONTRACTS UNDERSTOOD TO PROVIDE FOR TREATMENT OF DREDGED MATERIAL**

In accordance with this Court's discovery order filed December 17, 2007 (the "Order"), the enclosed exhibits are lists or charts which set forth TDM's understanding of the contracted volumes of treated dredged material for each of the US' dredging contracts by United States Army Corps of Engineers ("USACE") district. The charts identify the US' dredging contracts for fiscal years 1999 through 2008 (present) that TDM asserts require or required dredged material to be treated for upland disposal in accordance with one or more of the methods of the patents-in-suit as based upon the US' documents and testimony.

The charts, and the basis therefore, are:

1. The first chart, Exhibit A hereto, identifies and lists US awarded contracts for fiscal years 1999 through 2006 that are reported in the USACE website database at:

http://www.iwr.usace.army.mil/ndc/db/dredging/dbf/dredging.xls

This exhibit provides the: (i) fiscal year; (ii) USACE district; (iii) job name; (iv) latitude/longitude; (v) estimated quantity; (vi) actual quantity; (vii) disposal type; (viii) winning bidder; (ix) winning bid; (x) actual cost; and (xi) job status. Information for this and other exhibits, where appropriate, was taken from previously produced documents TDM006751 - TDM006752 (USACE website) and TDM006572-TDM006677 (USACE website and contract list). It is noted that the USACE website depicted in these documents is updated at various times. The contracts listed in Exhibit A are described in the USACE website database as "1999 through 2006 Awarded Contracts."

Of the 3,186 contracts listed on this USACE website database, only 362 contracts were selected for inclusion in Exhibit A. That is, less than twelve (12%) percent of the total number of contracts are included in Exhibit A.

2. The second chart, Exhibit B hereto, identifies and lists US project contracts performed by USACE for fiscal years 1999 through 2006 that are reported in the USACE website database at:

http://www.iwr.usace.army.mil/ndc/db/COEdredge/dbf/COEdredge.xls

This exhibit provides information similar to the information described in Exhibit A, but does not provide the winning bidder or winning bid for the contracts that were performed by the USACE's dredging fleet because this information is not indicated in the USACE website database. These contracts are described in the USACE website database as "1999 through 2006 Corps Owned Projects."

3. The third chart, Exhibit C hereto, identifies and lists US awarded dredging contracts for fiscal years 2007 and 2008 that are reported in the USACE website at:

http://www.ndc.iwr.usace.army.mil/dredge/pdf/dredgerpts/drgawdpr.pdf (2007)

http://www.ndc.iwr.usace.army.mil/dredge/pdf/dredgerpts/drgawdpr.pdf (2008)

This exhibit provides the (i) fiscal year; (ii) USACE district; (iii) job name; (iv) estimated quantity; (v) winning bidder; and (vi) winning bid for each listed contract. However, latitude/longitude, actual quantity, disposal type, actual cost and job status are not provided because this information is not indicated in the USACE website. The data for Exhibit C is taken from the USACE website in PDF format. These contracts are described in the USACE website as "2007 and 2008 Awarded Contracts."

4. The fourth chart, Exhibit D hereto, identifies and lists US planned contracts for fiscal year 2008 that are reported in the USACE website at:

http://www.ndc.iwr.usace.army.mil/dredge/pdf/dredgerpts/drgadvcu.pdf

This exhibit provides the (i) fiscal year; (ii) USACE district; (iii) job name; (iv) estimated quantity; (v) disposal type; and (vi) dollar range for each listed contract. However, latitude/longitude, actual quantity, winning bidder and actual cost are not provided because these contracts have not yet been awarded or performed. The data for Exhibit D is taken from the USACE website in PDF format. These contracts are described in the USACE website as "2008 Contract Dredging Program."

5. The fifth chart, Exhibit E hereto, identifies and lists US awarded contracts for the San Francisco district for fiscal years 2000 through 2005 that are reported in the USACE website database at:

http://www.spn.usace.army.mil/conops/LTMS6-yrReviewReport.pdf

This exhibit provides the (i) fiscal year; (ii) USACE district; (iii) job name; (iv) actual quantity; and (v) disposal type. However, latitude/longitude, estimated quantity, winning bidder, winning bid, actual cost and job status are not provided because this information is not indicated in the USACE website database. These contracts are described in the USACE website database as "Dredging for San Francisco District 2000-2005."

6. The sixth chart, Exhibit F hereto, identifies and lists planned dredging contracts for the San Francisco district for fiscal years 2007 through 2009 that are reported in the USACE website database at:

http://www.spn.usace.army.mil/newsrelease/newsrelease_02_26_07.html

It should be noted that footnote 4 on this USACE website database states that the volume estimates are based on actual historical dredging records for at least twenty (20) years, but no actual historical information for the year 2006 appears on the website. Further, this USACE website database only reports maintenance dredging projects, but does not report deepening projects for the San Francisco district. Thus, TDM requests that the US produce the 2006 information and deepening project information for the San Francisco district in accordance with the Order.

Exhibit G hereto contains a walk-through of the USACE website database. This shows how TDM obtained the information it relies upon as the basis for its understanding of the US' dredging contracts which provide for treatment of dredged material. For Exhibits A through D, this procedure was utilized with the USACE website database or pdf to obtain the information identified and listed therein. It is noted that the USACE website is not only identified, but printouts of the pages thereof were produced. Exhibit H hereto contains an additional walk-through demonstrating the procedure utilized for obtaining information for Exhibit E. USACE website pages for Exhibit F are produced as Exhibit I hereto.

The specific contracts identified and listed in the exhibits represent only a small percentage of all USACE dredging contracts. The US testified that most, if not all, dredged material disposed "upland" was treated. Therefore, the contracts identified and listed in these exhibits were selected by TDM because the US categorized the disposal type for dredged material as: (i) <u>upland</u>; (ii) beach nourishment and <u>upland</u>; (iii) open water and <u>upland</u>; or (iv) undefined.

Where no disposal type was provided, and for Exhibit F (San Francisco district), all of the contracts were selected.

TDM understands that most, if not all, of the dredged material categorized as being disposed "upland" was treated. TDM further believes that the majority of the volumes of dredged material which was placed upland for the contracts categorized as being disposed for "beach nourishment and upland" and for "open water and upland" was treated. TDM bases its contention on the testimony of Harold Hawkins and the documents and websites identified herein. (See pp. 90-92 of the Hawkins transcript, contracts produced, exhibits hereto and USACE website). With respect to the contracts categorized as "undefined disposal," there is insufficient information from which TDM could ascertain the volume of dredged material that was treated.

TDM believes that the actual volumes provided for all of the listed and identified contracts in the exhibits are not actual final as-built volumes, but only represent "actual volumes" as of the time the database was updated. At times, the USACE website provides actual quantities that are greater and/or lower than the estimated quantities and because of this, TDM is unable to ascertain the actual and correct number. TDM believes that the actual volumes may be substantially higher and requests that the US produce the accurate numbers for actual volumes.

TDM asserts that the methods of treatment of dredged material employed for the above-identified and listed contracts are the land-based processes and/or barge-based processes described in the patents-in-suit. Specifically, the methods employed are either the land-based methods of EIC Associates, OENJ Cherokee Corp., Clean Earth Dredging Technologies, Inc. and/or Consolidated Technologies Inc. or the barge-based method of Donjon Marine Co.

In sum, and in accordance with the Order, it is TDM's contention that the exhibits list and identify the vast majority of contracts, by district, for which the greater of the estimated or actual

volume represents the volume of treated dredged material processed in accordance with methods of the patents-in-suit.[1]

In accordance with the Order, TDM requests that the US review the data in the exhibits provided by TDM and provide TDM with a statement admitting or denying the accuracy of each entry on the exhibits. In the event the US denies the accuracy of TDM's entry, it must provide what the US believes is the accurate data, along with the basis of its understanding and the document(s) upon which it relies. Any entry that the US does not deny, and also provide its own entry of what it believes is more accurate, shall be deemed uncontested. Therefore, the US should, for each contract listed, (i) admit the volume treated, deny the volume treated and, if denied, provide what the US asserts to be the volume along with the documentation and other evidence upon which the US relies; (ii) admit the actual cost and/or price paid for treatment, deny the actual cost and/or price paid for treatment and, if denied, provide what the US asserts to be the actual cost and/or price paid for treatment along with the documentation and other evidence upon which the US relies; and (iii) admit the method employed for treatment, deny the method and, if denied, provide the method utilized along with the documentation and other evidence upon which the US relies.

Respectfully submitted,

DAVIDOFF MALITO & HUTCHER LLP
*Attorneys for Plaintiff*

Dated: January 14, 2008

David W. Denenberg
Michael A. Adler
605 Third Avenue – 34 Floor
New York, NY 10158
Tel: (212) 557-7200
Fax: (212) 286-1884

[1] As to disposal type, TDM explains its position above. To wit, most, if not all, volumes categorized as disposed "upland" are treated; the majority of volumes categorized as disposed for "beach nourishment and upland" and "open water and upland" that were placed upland are treated; and it is unknown as to the amount of volumes categorized as "unidentified" disposal that are treated.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2008, I served a true and accurate copy of PLAINTIFF TDM AMERICA LLC'S ("TDM") IDENTIFICATION OF THE UNITED STATES OF AMERICA'S ("US") DREDGING CONTRACTS UNDERSTOOD TO PROVIDE FOR TREATMENT OF DREDGED MATERIAL by depositing a true copy of same, enclosed in a wrapper addressed as shown below, into the custody of Federal Express for overnight delivery, prior to the latest time designated by that service for overnight delivery, to:

Walter W. Brown
US Department of Justice
Civil Division
1100 L Street, NW
Suite 1100
Washington, DC 20001

and on interested party Donjon Marine Company, Inc.'s counsel by depositing a true copy of same, enclosed in a wrapper addressed as shown below, into the custody of Federal Express for overnight delivery, prior to the latest time designated by that service for overnight delivery, to:

John Flaherty
McCarter & English LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102

Michael A. Adler