IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TDM America, LLC,<br>Plaintiff,<br>v.<br>The United States Of America ,<br>Defendant.<br>and<br>Donjon Marine Company, Inc.,<br>Interested Party. | Civil Action No. 06-472 C<br>Judge Thomas C. Wheeler |

**TDM AMERICA, LLC'S SUR-REPLY TO DEFENDANT UNITED STATES' MOTION TO COMPEL PLAINTIFF'S COMPLIANCE WITH THE COURT'S DECEMBER 17, 2007 DISCOVERY ORDER, OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME FOR THE GOVERNMENT TO RESPOND**

Plaintiff TDM America, LLC ("TDM") respectfully submits this sur-reply in opposition to the motion by defendant United States (the "US") to compel plaintiff's compliance with the Court's December 17, 2007 discovery order (the "Discovery Order") or, in the alternative, for an extension of time for the government to respond (the "US' motion").

## I. Preliminary Statement

The US' reply in support of its motion (the "US' reply") relies upon hearsay and uncorroborated declarations as full and complete compliance with the US' obligations under the Discovery Order. The declarations produced by the US in the past two weeks, are merely general denials and incomplete. They rely upon hearsay and refer to documents and electronic files never produced by the US in the seventeen (17) months of

discovery. Moreover, the US' expanded allegation in its reply that TDM did not comply with the Discovery Order is false because TDM's submission identifies New York district contracts.[1] Accordingly, TDM requests that the Court deny the US' request for an extension and deem TDM's submission uncontested in all respects pursuant to paragraph 7.b. of the Discovery Order.

## II. The US' Failure to Comply With the Discovery Order Renders TDM's Submission Uncontested

### A. The US' Declarations Are Non-Compliant, Improper and Deficient

Pursuant to paragraph 7.b. this Court ordered the US to respond to TDM's submission by providing a statement admitting or denying the accuracy of TDM's entries and the basis of its understanding along with the documents it relied upon by February 13, 2008. (Denenberg Opposing Dec., Ex. 2). Instead, the US files the instant motion to grant itself more time to comply with paragraph 7.b. of the Discovery Order. Six weeks after the Court's deadline, TDM still received nothing from the US that complies with paragraph 7.b. of Discovery Order.

On March 13, 2007, the US e-mailed six declarations regarding dredging contracts for five USACE districts. On March 21, and March 28, 2008, the US e-mailed additional declarations regarding seventeen (17) districts identified in TDM's submission. (See US' reply, Exs. 15-17). The US has still not provided any information for ten (10)

---

[1] The New York district contracts are identified as listed in the United States Army Corps of Engineers ("USACE") website. (See declaration of David W. Denenberg submitted with TDM's opposition ("Denenberg Opposing Dec."), Ex. 2). As set forth in TDM's opposing papers, pursuant to the Discovery Order, the US was required to provide documents to TDM regarding the New York district contracts on the same day that TDM was required to provide its chart. Therefore, TDM could not be required to include the specific processing, volume, and cost information for these districts in its submission. The US' reply references Navy and Coast Guard contracts that TDM discovered through its own initiative at a non-party deposition. The US denied the existence of these contracts until TDM brought them to its attention. The US recently produced these contracts from its files, but without further discovery, TDM is unable to determine volumes and processing methods.

USACE districts which account for approximately 100,000,000 cubic yards of dredged materials paid for by the US. (*Id.*). All of the declarations are deficient because they contain (i) general denials, (ii) refer to documents or electronic files never produced to TDM, and (iii) rely upon hearsay. (Denenberg Opposing Dec. 22; US' reply, Exs. 15-17).

Specifically, some of the declarations refer to office records, dredging files, dredging records, contract work histories, contracts, administration files, plans, specifications, and electronic files as the basis for "gathering information." (Denenberg Opposing Dec., Ex. 22 at declarations of Kim Kuk and Ronald S. Flodin, P.E.; US' reply, Exs. 15-17 at declarations of Duane A. West, Joseph A. Ryan, Thomas J. Szelest, Steve E. Hungness, John Rozsypal, and Michael K. O'Bryan). Yet, the US did not fully identify or produce any of the documents referenced therein nor did the US previously advise that such information was available.

Further, the declarations improperly rely upon hearsay from other USACE employees as the source of the information presented. (Denenberg Opposing Dec., Ex. 22 at declarations of Charles M. Franklin, Richard W. Reffner, Rhonda Johanson and Roger D. Bullock; US' reply, Exs. 15-17 at declarations of Markus Boedtker, Steven D. Tapp, Edward O'Donnell, Chris Accardo, Jean Todd, and Joseph O. Elwell, Jr., ). The US did not produce a single physical document or any electronic information to support any of the allegations contained in these declarations. By failing to provide this discovery, it is impossible for TDM to respond to the US' allegations of "no treatment" as TDM is not in possession of the underlying facts; nor can TDM ascertain how "upland" disposal can mean treatment in some districts but not others. Therefore,

pursuant to paragraph 7.b. of the Discovery Order, TDM's submission should be deemed uncontested.

### B. The USACE Website Is Subject to Discovery That Has Already Been Determined Relevant By the Court

The US is under Court order to produce the information and documents required under paragraph 7.b. of the Discovery Order. (Denenberg Opposing Dec., Ex. 2). Therefore, the US' argument that the projects identified in TDM's submission are irrelevant is moot.

While the US alleged that all treatment contracts were produced, TDM, through subpoena of contractors, found additional US Army, Navy and Coast Guard contracts not previously identified by the US. In moving for summary judgment, the US claimed that 18 New York district contracts had no provisions for authorization and consent but, when the US produced the actual contracts and contract-related documents, it became apparent that the contracts literally required contractors to use certain methods, processes and processors. Throughout this litigation, the US denied facts but the documents proved otherwise. The same occurs here. First, the US claimed that the projects identified in TDM's submission are irrelevant because they do not involve treatment of dredged material at all. Now, it argues that some contracts from TDM's submission do involve processing. (US' reply, p. 9). Discovery should not be foreclosed based upon attorney rhetoric and self-serving declarations which rely upon hearsay.

The cases cited in the US' reply are inapposite. In *Oppenheimer*, the Supreme Court referred to claims or defenses that had been stricken - clearly not the case here. *Oppenheimer Fund Inc., v. Sanders*, 437 U.S. 340, 352 (1978). In *Katz*, the Court addressed the limitations on discovery from a non-party. *Katz v. Batavia Marine &*

*Sporting Supplies,* 984 F.2d 422, 424 (Fed. Cir. 1993). Similarly, *American* involved confidential and privileged third party documents. *American Standard v. Pfizer Inc.*, 828 F.2d 734, 740 (Fed. Cir. 1987). None of the cases cited by the US find or hold that documents requested from a party that go directly to the core of the litigation are not discoverable. Here, the US was ordered to produce specific documents pursuant to the Discovery Order regarding the central issues of this case. Under the Discovery Order, it is insufficient for the US to merely claim non-infringement through its own declarations.

## III. Conclusion

For all the foregoing reasons, TDM respectfully requests that the US' motion be denied in all respects and that the Court deem TDM's submission uncontested in all respects pursuant to paragraph 7.b. of the Discovery Order.

Respectfully submitted,

DAVIDOFF MALITO & HUTCHER LLP
*Attorneys for Plaintiff*

Dated: April 1, 2008

s/David W. Denenberg

David W. Denenberg
Michael A. Adler
605 Third Avenue – 34 Floor
New York, NY 10158
Tel: (212) 557-7200
Fax: (212) 286-1884