# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TDM America, LLC, Plaintiff, v. The United States of America, Defendant, and Donjon Marine Company, Inc., Interested Party. | Civil Action No. 06-472-C<br>Judge Thomas C. Wheeler |

## [PROPOSED] SCHEDULE FOR FURTHER PROCEEDINGS

Pursuant to this Court's December 17, 2007 Discovery Order (the "Discovery Order"), counsel for TDM America, LLC ("TDM"), the United States of America (the "US") and Donjon Marine Company, Inc. ("Donjon") respectfully submit proposed schedules for further proceedings. The parties are unable to agree upon a single proposed schedule for further proceedings. Therefore, TDM submits a proposed schedule, and the US and Donjon jointly submit a proposed schedule for the Court's consideration.

### I. A. TDM'S Proposed Schedule for Further Proceedings

TDM submits a proposed schedule for further proceedings in the form of the Court's February 23, 2007 order, beginning with the March 31, 2008 close of fact discovery set by the Court's December 17, 2007 order and following the Court's Markman suggestions of December 13, 2007.

| | |
|---|---|
| March 31, 2008 | Fact discovery closed. (See TDM's statement regarding fact discovery on page 2). |
| April 30, 2008 | Parties shall exchange their proposed claim term construction. |
| May 7, 2008 | Last day for the parties to meet and confer regarding claim term construction. |
| May 21, 2008 | Parties shall file a joint claim construction statement. |
| June 11, 2008 | Parties shall submit opening Markman briefs on claim term construction. |
| July 2, 2008 | Parties shall submit opposition briefs on claim term construction. |
| July 16, 2008 | Two-day Markman hearing subject to the Court's availability. (Extrinsic evidence may be introduced on these dates, if necessary). |
| 30 days after the Court's Markman decision | Exchange of expert reports.<br>Expert deposition discovery begins. |
| 60 days after the Court's Markman decision | Exchange of rebuttal expert reports. |
| 90 days after the Court's Markman decision | Close of expert discovery. |
| 120 days after the Court's Markman decision | Deadline for filing dispositive motions. |
| In accordance with RCFC 7.2 | Deadline for filing replies to responses, objections and replies relating to dispositive motions. |

**B. TDM's Statement Regarding Fact Discovery**

Pursuant to paragraph 7.a. of the Discovery Order, TDM provided to the US a submission identifying by either contract number or Corps of Engineers District what plaintiff understands to be the volume of treated dredged material, the price paid by the US for the treatment of dredged material and, if available, the method of treatment employed. However, the US did not provide the information it was required to pursuant to paragraph 7.b. of the Discovery Order nor did the

US provide a statement admitting or denying the accuracy of each entry on plaintiff's list or chart in accordance with the Discovery Order. Accordingly, pursuant to paragraph 7.b. of the Discovery Order, all entries that the US has not denied and also provided its own entry of what it believes is more accurate are deemed uncontested.

To date, the US did not provide any documents pursuant to paragraph 7.b. of the Discovery Order or produce any representatives pursuant to paragraph 7.c. of the Discovery Order. Should this Court amend the Discovery Order to grant the US additional time for fact discovery, TDM respectfully requests that the schedule for further proceedings be amended accordingly to permit TDM time to review any documents or other information that the US will provide (as the US has produced no documents to this date), conduct discovery from knowledgeable representatives, and, thereafter, conduct Rule 30(b)(6) depositions it deems necessary.

TDM notes that Donjon and the US make certain allegations regarding the '731 patent in an apparent attempt to bifurcate the case based on the patents-in-suit. In this action, TDM alleges that the US infringes each and every patent-in-suit through all of its contractors, including Donjon. Moreover, Donjon was the US' contractor for US contracts where dredged material was treated using processes that infringe each of the patents-in-suit.

## II. <u>The US' and Donjon's Proposed Schedule</u>

### A. <u>Fact Discovery</u>

1. By May 15, 2008, the government will complete its submission of declarations from every USACE district implicated by TDM's January 15, 2008, submission under paragraph 7 of the Court's December 17, 2007, Discovery Order. By this date, the parties will also

complete all pending depositions of NJDEP witnesses, and TDM will produce any Court-ordered discovery in response to paragraph 7.a. of the December 17, 2007 Discovery Order.

2. By August 15, 2008, the government will complete its production of documents relevant to any USACE contracts, which were identified in its submitted district declarations. By this date, the parties will also complete any informal discovery sought by TDM pursuant to paragraph 7(c) of the Discovery Order relating to the submitted district declarations. Fact discovery will close on this date. Nevertheless, Defendants anticipate that they may move the Court for supplemental discovery after the Court's claim construction ruling is rendered, as it may impact certain aspects of its invalidity defenses.

**B. <u>Proceedings as to the '731 Patent</u>**

3. Following the conclusion of fact discovery, as extended, interested party Donjon wishes to file a motion for summary judgment of non-infringement of the '731 patent for treatment activities conducted by Donjon under certain USACE contracts. TDM's allegation that USACE infringes the '731 patent is based solely on Donjon's dredge treatment process. Donjon's dredge treatment process is not alleged to infringe the other patents-in-suit. Subject to the Court's direction on the subject, Donjon does not believe that expert testimony is needed to assist the court in construing any of the relevant claim language of the '731 patent as part of the resolution of this summary judgment motion. The government does not oppose this scheduling proposal and will likely join such a summary judgment motion.

4. No later than 30 days after the end of fact discovery, as extended, the summary judgment motion and supporting papers are to be filed.

5. No later than 28 days after receipt of the moving papers, plaintiff shall file responding papers in opposition to the motion for summary judgment.

6. No later than 14 days after the receipt of the opposition papers, defendant and interested party shall file its reply papers.

7. The return date for oral argument on the motion shall be set by the Court.

C. **Markman Proceedings as to Patents Other Than the '731 Patent**

8. Except with regard to the '731 patent, on or before August 22, 2008, the parties shall exchange a list of the claims and particular claim limitations that the parties seek to have construed in the Markman proceedings. If the Court chooses an alternative date to close fact discovery, this exchange, marking the beginning of Markman proceeding, should nonetheless occur roughly one week after the close of fact discovery, and the subsequent schedule dates should be set in roughly the same time intervals that are indicated below.

9. The parties shall confer with the Court as to whether the Court will require expert testimony to assist it in construing any of the terms identified by the parties.

10. If requested by the Court, on or before September 19, 2008, the parties shall exchange expert reports, if any, on its proposed claim constructions only, but not any other issues for which a party has the burden of proof. If the Court determines that no expert reports will be exchanged, the schedule for Markman briefs can be moved up to coincide with time period set aside below for expert discovery.

11. On or before October 17, 2008, the parties shall exchange rebuttal expert reports regarding the parties' proposed claim constructions.

12. On or before November 7, 2008, expert discovery, including any expert depositions, shall close.

13. On or before November 12, 2008, the parties shall meet and confer regarding their proposed claim constructions.

14. On or before November 19, 2008, the parties shall file their joint claim construction statement, setting forth the constructions agreed to by the parties as well as the disputed constructions. The statement should also set forth the evidence that will be relied upon by a party (or parties) for each particular construction of a claim term or limitation.

15. On or before December 12, 2008, the parties shall submit opening Markman briefs on claim construction.

16. On or before January 2, 2009, the parties shall submit opposition briefs on claim construction.

17. On or before January 16, 2009, the parties shall submit reply briefs on claim construction.

Following the Markman proceedings, and a ruling on claim construction issues, Defendants request that the schedule accommodate for the submission of any summary judgment motions, including those relating to assertions of non-infringement.

Respectfully submitted,

DAVIDOFF MALITO & HUTCHER LLP
*Attorneys for Plaintiff*

Dated: April 1, 2008

s/David W. Denenberg
David W. Denenberg
Michael A. Adler
605 Third Avenue – 34 Floor
New York, NY 10158
Tel: (212) 557-7200
Fax: (212) 286-1884

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

Dated: April 1, 2008

s/Walter W. Brown
Walter W. Brown
Attorney
Commercial Litigation Branch
Civil Division
1100 L Street, NW, Suite 1100
Department of Justice
Washington, D.C. 20001
Tel.: (202) 307-0341
Fax: (202) 307-0345
*Attorneys for the United States*

Dated: April 1, 2008

s/Gary J. Campbell
Gary J. Campbell
McCarter & English LLP
265 Franklin Street
Boston, MA 02110
Tel.: (617) 449-6558
Fax: (617) 326-3097
*Attorneys for Third-Party Defendant Donjon Marine Co.*