# In the United States Court of Federal Claims

No. 06-472C
(Filed: April 4, 2008)

*****************************************
TDM AMERICA, LLC,

Plaintiff,

v.

THE UNITED STATES,

Defendant,

and

DONJON MARINE COMPANY, INC.,

Third-Party Defendant.
*****************************************

## DISCOVERY ORDER

On April 2, 2008, the Court conducted a telephonic conference with counsel for the parties to address remaining discovery issues and the parties' competing proposed schedules for further proceedings. In the Court's most recent discovery order, filed December 17, 2007, the Court attempted to assist the parties in resolving four outstanding discovery disputes. On three of the four issues the Court's efforts were successful, but it appears that the parties were unable to work together to resolve the remaining issue. The April 2, 2008 conference was the sixth time the Court met with counsel for the parties to resolve discovery disputes. In the latest round of motions, the parties filed 188 exhibits containing several thousand pages of allegedly supporting materials.

After more than 16 months of discovery, Plaintiff has been unable to compile information on the extent of the Government's treatment of dredged materials, principally by the U.S. Army Corps of Engineers ("USACE"). In Paragraph 7 of its December 17, 2007 discovery order, the Court established an informal procedure by which Plaintiff could obtain the information it deemed necessary. In Paragraph 7(a), the Court directed Plaintiff to provide Defendant with a list identifying by contract number or by USACE district what Plaintiff understood to be the volume of treated dredged material, the price paid for the

treatment, and the method of treatment employed. The Court also directed Plaintiff to identify for each entry the basis of its understanding and the document(s) upon which it relied. In Paragraph 7(b), the Court directed Defendant to review Plaintiff's data, admit or deny the accuracy of each entry, and provide the basis of its understanding and the document(s) upon which it relied. Any entry that Defendant did not deny and provide its own entry of what it believed to be more accurate was to be deemed uncontested. Finally, where a disagreement existed, the Court directed Defendant to produce a knowledgeable representative who, during informal discussions, could address any of Plaintiff's concerns or questions. Additionally, Plaintiff could request leave of Court to conduct Rule 30(b)(6) depositions limited to the areas of disagreement.

At the time the Court established the procedure in Paragraph 7, 20 USACE contracts were at issue. In response to Paragraph 7, however, Plaintiff provided Defendant with a list of 657 entries in 32 USACE districts that contained potentially infringing treatment processes. Plaintiff's entries were based primarily on information taken from the USACE's website. Faced with this exponential increase in disputed contracts, Defendant was unable to comply with Paragraph 7(b) within the 29-day period set by the Court. On February 12, 2008, Defendant filed a motion requesting in part an extension of time to respond to Plaintiff's list of 657 entries. Defendant supported its motion with a sworn declaration from USACE counsel Daniel Inkelas stating that it would take "at least a year" for the Corps to locate the contract numbers, interview the knowledgeable personnel, locate relevant documents, and search the files for information relating to Paragraph 7(b). See Docket No. 116, Ex. 10.

Defendant states that the "vast majority" of the 657 entries do not relate to the treatment of dredged material, and, therefore, are irrelevant to the current litigation. As an alternative to a lengthy document search and production, in a February 6, 2008 letter to Plaintiff, Defendant proposed that it provide Plaintiff with sworn declarations that would include the following:

1. Declarants from each of the 32 USACE districts implicated by Plaintiff's submission;

2. Statements that the declarant has considered all of the entries relating to that district;

3. Statements identifying all of the contracts, by contract number, that are implicated by Plaintiff's entries for that district, not including the 20 contracts already identified in the Government's previous interrogatory responses;

4. Statements that confirm that no dredged material was treated under these contracts, identifying contracts that, in fact, involved treatment activities as well as known information and documents regarding the volume of treated materials, the amount paid for such treatment, and the methods of treatment; and

5. Statements that the declarant has investigated whether any other contracted dredging activities awarded from fiscal year 1999 to the present involve the treatment of dredged material and the conclusions drawn from that investigation.

See Doc. No. 116, Ex. 12. Defendant stated that it could provide these declarations within three months, but Plaintiff rejected this proposal.

On April 1, 2008, the parties submitted competing schedules for further proceedings. Plaintiff proposes that the Court strictly enforce its December 17, 2007 discovery order. Under this approach, fact discovery closed on March 31, 2008, and all 657 entries that Defendant failed to deny in accordance with Paragraph 7(b) would be deemed uncontested. In short, Plaintiff asks this Court to sanction Defendant by expanding its potential liability exponentially. The Court rejects this approach.

If Plaintiff wishes to expand the number of contracts at issue from 20 to 657, then it must allow Defendant a reasonable amount of time to respond. The Court finds Defendant's proposal outlined above to be reasonable and manageable. Based on the parties' submissions, as well as the arguments and representations at the April 2, 2008 conference, the Court hereby orders as follows:

1. Defendant shall provide Plaintiff with sworn declarations from the USACE districts identified in Plaintiff's January 15, 2008 submission. The declarations shall be furnished to Plaintiff not later than May 15, 2008, and shall include all of the information stated by Defendant in its February 6, 2008 letter.

2. Defendant shall complete its production of documents relevant to any contracts identified in the May 15, 2008 declarations, and provide those documents to Plaintiff by August 15, 2008.

3. Fact discovery will close on August 15, 2008, except that Plaintiff may submit a motion requesting additional time to review any documents provided by Defendant, conduct discovery from knowledgeable USACE representatives, and, thereafter by leave of Court, conduct any Rule 30(b)(6) depositions that it deems necessary.

4. The Court's December 17, 2008 Discovery Order is amended as set forth herein.

5. This Order disposes of all outstanding discovery motions filed by the parties. The impositions of any Rule 37 sanctions are DENIED without prejudice to being reconsidered at a later date if the foregoing discovery matters remain unresolved.

6. The Court shall conduct a telephone status conference with counsel for the parties on August 15, 2008 at 2:00 PM to address any outstanding discovery issues and a schedule for further proceedings. The parties shall submit a proposed schedule to the Court on or before August 13, 2008.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge