**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| TDM America, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant.<br><br>and<br><br>Donjon Marine Company, Inc.,<br><br>Interested Party. | ) | Civil Action No. 06-472 C<br>Judge Thomas C. Wheeler |

**TDM'S OPPOSITION TO DEFENDANT UNITED STATES' MOTION FOR AN ENLARGEMENT OF TIME TO FILE ITS BRIEF IN REPLY TO TDM'S OPPOSITION TO THE DEFENDANT UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR LACK OF SUBJECT MATTER JURISDICTION AND IN OPPOSITION TO TDM'S CROSS MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND TO STRIKE THE US' MOTION**

Plaintiff TDM America, LLC, ("TDM") respectfully submits this memorandum opposing the motion by defendant United States (the "US") for a second enlargement of time (the "US' second enlargement motion") to file its brief in reply to TDM's opposition to the US' motion for partial summary judgment for lack of subject matter jurisdiction and in opposition to TDM's cross motions for partial summary judgment and to strike the US' motion ("TDM's cross motions").

## I. Preliminary Statement

TDM opposes the US' second enlargement motion and seeks an order denying same because the US fails to proffer any justifiable cause for such enlargement. Specifically, the US' motion should be denied because:

i) the six-month protracted briefing of the pending motions is directly due to the US' failure to produce and review its own documents;

ii) the US already had more than a sufficient period of time to review TDM's opposition and cross motions especially because the exhibits used by TDM were documents produced by the US; and

iii) any further delay in resolving the outstanding motions is harmful and prejudicial to TDM.[1]

## II. Facts

On November 8, 2008, almost six months ago, the US filed its motion for partial summary judgment for lack of subject matter jurisdiction directed to eighteen (18) United States Army Corps of Engineers' contracts. The US filed its motion with virtually no documents attached and without producing or identifying relevant documents thereto – prejudicing TDM's ability to properly oppose the US' summary judgment motion. As a result and pursuant to RCFC 56(f), TDM sought the production and identification of the underlying contractual documents including the contracts themselves, the specifications, and the submittals thereto. By order dated December 17, 2007, this Court ordered the US to produce and identify those documents by January 15, 2008.

The US failed to meet the January 15, 2008 deadline and continued to produce and identify documents until the end of February. Nevertheless, TDM reviewed all of the documents and responded to the US' motion for partial summary judgment in <u>six</u> weeks. TDM filed its cross motions on February 28, 2008. The accompanying exhibits to TDM's cross motions are

[1] Aside from the obvious prejudice that a plaintiff incurs when litigation is stalled, the prejudice to TDM here is especially burdensome because delaying a decision on the merits of its summary judgment motion only prolongs discovery on the issue of authorization and consent.

comprised of the US' own documents; indeed, the very documents that the US was ordered to produce to TDM and the very documents TDM reviewed for its opposition and cross motions.

The US' response was due initially on March 31, 2008. On March 24, 2008, the US moved for a first enlargement of time to respond seeking an additional 30 days. TDM objected but did not oppose such an enlargement. On March 26, 2008, this Court granted the US' first motion for an enlargement pushing the US' deadline to respond to April 30, 2008. The US now seeks an additional 30 days to respond. TDM opposes the US' second enlargement motion for the reasons set forth herein.

## III. Argument

Pursuant to RCFC 6(b)(1), a court may grant a motion for enlargement of time for cause shown but deny such enlargements where, as here, the reason for the extension is not specifically alleged and/or contains little more than bald assertions. (*M.R.K. Corporation v. the United States*, 6 Cl. Ct. 544, (Cl. Ct. 1984). The US' second enlargement motion fails to specify why it was unable to evaluate TDM's cross motions in more than 60 days. The US merely states that it is taking more time than it anticipated to respond to TDM's cross motions. (*See* US' enlargement motion, p. 2). Even worse, the US gratuitously postulates that it is seeking an enlargement of time because it appears that exhibits were allegedly missing or misidentified in TDM's cross motions. (*Id.*). TDM denies this allegation. This contrived allegation shows that the US did not review the exhibits, suggesting that the real reason for this second enlargement motion is the US' neglect.

Further, it is paradoxical for the US to complain about the volume of the accompanying exhibits because these exhibits are the US' own contract documents. These documents clearly relate to the very issue underlying the US' motion for partial summary judgment because these documents comprise the US' authorization and consent given to the contractors for the methods

of treating dredged material. The US should already be familiar with these documents and should not need an additional 30 days on top of the 60 days it already had to evaluate them. If the US was not familiar with these documents, it should never have moved for summary judgment in the first place.

The very fact that the US is seeking additional time to decipher its own contract documents speaks volumes about the US' underlying bad faith in filing its motion for partial summary judgment. Apparently, the US never properly investigated, or chose not to investigate, the contracts when it moved for summary judgment.

The US' lack of diligence is also evinced because it neglected to submit proposed findings of uncontroverted facts with its motion for partial summary judgment as required under RCFC 56(h)(1). Instead of withdrawing its motion for partial summary judgment in view of all these deficiencies, it seeks yet another delay in replying and responding to TDM's opposition and cross motions. The US fails to show any justifiable cause for an enlargement of time and should not be permitted to further delay a decision on the merits of TDM's cross motions.

Finally, by filing its second enlargement motion only five days before its deadline, the US has already arrogated its time to respond. TDM respectfully requests that (i) the Court deny the US' second enlargement motion; (ii) deny the US an opportunity to reply to the instant motion; and (iii) order the US to respond to TDM's opposition and cross motions no later than May 5, 2008.

## IV. **Conclusion**

Based upon the foregoing, the US' second enlargement motion should be denied.

Respectfully submitted,

DAVIDOFF MALITO & HUTCHER LLP
*Attorneys for Plaintiff*

Dated: May 2, 2008

s/David W. Denenberg

David W. Denenberg
Michael A. Adler
605 Third Avenue – 34 Floor
New York, NY 10158
Tel: (212) 557-7200
Fax: (212) 286-1884