IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TDM AMERICA, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-472C |
| THE UNITED STATES, | ) | Judge Thomas C. Wheeler |
| Defendant, | ) | |
| and | ) | |
| DONJON MARINE COMPANY, INC., | ) | |
| Third-Party Defendant. | ) | |

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR AN ENLARGEMENT OF TIME TO FILE ITS BRIEF IN REPLY TO TDM'S OPPOSITION TO THE DEFENDANT UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR LACK OF SUBJECT MATTER JURISDICTION AND IN OPPOSITION TO TDM'S CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND TO STRIKE THE US' MOTION

Defendant, the United States, respectfully submits this reply in support of its motion for an enlargement of time within which to file its brief in reply to (1) TDM's Opposition To The Defendant United States' Motion For Partial Summary Judgment For Lack Of Subject Matter Jurisdiction And In Opposition To TDM's Cross-Motions For Partial Summary Judgment For Lack Of Subject Matter Jurisdiction, and in opposition to (2) TDM's Cross-Motions For Partial Summary Judgment And To Strike The US' Motion. TDM has opposed this motion. Docket No. 146.

In its opposition brief, TDM opposes the requested enlargement because the "US fails to proffer any justifiable cause for such enlargement." Docket No. 146 at 1. Specifically, TDM argues that the delay in the briefing related to the defendant's motion for partial summary

judgment and TDM's related cross-motions is attributable to the defendant. *Id.* at 2. TDM, however, fails to note that its opposition and associated cross-motions were filed almost four months after the defendant filed its motion on November 8, 2007. Similarly, while TDM asserts that their delay was based on the government's failure to identify and, in some cases, produce documents they deemed relevant to their response, TDM did not request RCFC 56(f) discovery until the December 13, 2007, hearing before the Court, over a month after the defendant's motion was filed. Nevertheless, the government did not oppose any extension of time requested by TDM during its briefing period.

TDM also asserts that the defendant should be familiar with all of the exhibits attached to TDM's brief because they are largely government contract documents. TDM, however, does not address the fact, raised in defendant's motion for enlargement, that it attached 80 exhibits relating to 18 distinct federal contracts to its 50-page brief and 45-page Proposed Findings of Uncontroverted Facts. With regard to the exhibits, many are complete copies of contract documents that are hundreds of pages in length. Indeed, a complete set of the exhibits fills at least four banker's boxes.

Review of the exhibits, in turn, has been complicated by the fact that TDM has apparently incorrectly compiled or misidentified exhibits. For example, Exhibit 14 to TDM's opposition brief is identified as a true and accurate copy of Donjon Marine Company's 35-day submittal (as "identified by the US") for Contract No. W912DS-07-C-0003, bearing Bates Nos. G01015 04753 to G01015 05141. Docket No. 120, Denenberg Dec. at ¶16. This is false. The government properly identified this submittal as bearing Bates Nos. G01015 04753 to <u>G01015 04986</u>. TDM's ("Pl's) Exhibit 14 begins at the correct number and then abruptly skips over 200

pages from G01015 04766 to G01015 05073. The document from Bates Nos. G01015 05073 to G01015 05141 contains a permit from an older contract, Donjon's PCP020002 air permit, which has been featured prominently in TDM's patent infringement allegations. The government will demonstrate in its responsive brief that the submittal, in fact, included a different Donjon permit. That permit clearly does not show a certain addition of water in the Donjon treatment process that TDM, in contrast, alleges is a part of the process. This is a key factor in TDM's allegations of patent infringement. Moreover, the incorrect range included by TDM, G01015 5073-05141, has already been identified as being part of (roughly the second half of) the 3-day submittal for Contract No. DACW51-03-C-0012, an older contract awarded to Donjon. Pl's Ex. 70 at 14.

Accordingly, defendant seeks additional time so that all relevant exhibits can be throughly evaluated, correctly identified, and fully provided to the Court, so that the Court can more easily consider the merits of the parties' motions. In this way, the defendant is hopeful that this additional time may expedite, rather than delay, resolution of the threshold jurisdictional issues relating to authorization and consent.

## Conclusion

For the reasons stated above, the defendant respectfully requests that its motion for enlargement be granted.

Dated: May 8, 2008

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JOHN FARGO
Director

s/Walter W. Brown
WALTER W. BROWN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 307-0341
Facsimile: (202) 307-0345

Attorneys for the United States

Of Counsel:
JOSHUA B. BRADY
Attorney
U.S. Department of Justice