# EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TDM America, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant,<br><br>and<br><br>DONJON MARINE COMPANY, INC.,<br><br>Interested Party. | No. 06-472 C<br><br>Judge Thomas C. Wheeler |

**NOTICE OF RULE 30(b)(6) DEPOSITION**
**TO PLAINTIFF TDM AMERICA, LLC**

To: David W. Denenberg, Esq.
Davidoff, Malito & Hutcher LLP
605 Third Avenue - 34 Fl
New York, New York 10158

Attorney for Plaintiff

PLEASE TAKE NOTICE that, commencing at 9:00 a.m. on Wednesday, August 13, 2008, at the offices of the United States Department of Justice, Civil Division, Commercial Litigation Branch, located at 1100 L Street NW, Washington, D.C. 20005, the United States will take the oral deposition of plaintiff TDM America, LLC, pursuant to Rule 30(b)(6) of the Rules of the United States Court of Federal Claims, before an officer authorized by law to take depositions. The oral examination will continue from business day to business day until completed.

NOTICE OF DEPOSITION

TDM America, LLC (TDM) shall designate and fully prepare one or more officers, directors, employees, managing agents, or other persons, pursuant to Rule 30(b)(6), to testify on its behalf as to matters known or reasonably available to TDM, TDM's parent UTEX Holdings, LLC, and UTEX Environmental Services, LLC (UTEX), regarding all matters related, directly or indirectly, to the following categories listed below.

1. With respect to documents produced in response to INTERESTED PARTY DONJON MARINE COMPANY, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF (NOS. 1-45),

   a. any and all document retention/destruction policies that would relate to any of the documents requested below pursuant to Rule 34;

   b. the location of the documents requested below pursuant to Rule 34;

   c. the organization, indexing and/or filing of the documents requested below pursuant to Rule 34;

   d. the method of search for the documents requested below pursuant to Rule 34;

   e. the completeness of the documents produced pursuant to Rule 34; and

   f. the authenticity of the documents produced pursuant to Rule 34.

2. With respect to documents produced in response to INTERESTED PARTY DONJON MARINE COMPANY, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF (NOS. 1-4),

   a. any and all document retention/destruction policies that would relate to any of the documents requested below pursuant to Rule 34;

   b. the location of the documents requested below pursuant to Rule 34;

   c. the organization, indexing and/or filing of the documents requested below pursuant to Rule 34;

d. the method of search for the documents requested below pursuant to Rule 34;

e. the completeness of the documents produced pursuant to Rule 34; and

f. the authenticity of the documents produced pursuant to Rule 34.

3. With respect to documents produced in response to DEFENDANT UNITED STATES' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF (NOS. 1–12),

a. any and all document retention/destruction policies that would relate to any of the documents requested below pursuant to Rule 34;

b. the location of the documents requested below pursuant to Rule 34;

c. the organization, indexing and/or filing of the documents requested below pursuant to Rule 34;

d. the method of search for the documents requested below pursuant to Rule 34;

e. the completeness of the documents produced pursuant to Rule 34; and

f. the authenticity of the documents produced pursuant to Rule 34.

4. All ex-situ remediation projects performed or contracted by UTEX or a subsidiary thereof, or any predecessors in interest, prior to the year 2000, including the dates of each project, the type of chemical fixation, stabilization and/or solidification process involved in each project (if any), the material(s) fixed, stabilized and/or solidified (if any), and the approximate revenues of UTEX and/or the UTEX subsidiary(ies) involved in each project;

5. All in-situ remediation projects performed or contracted by UTEX or a subsidiary thereof, prior to the year 2000, including the dates of each project, the type of chemical fixation, stabilization and/or solidification process involved in each project (if any), the material(s) fixed, stabilized and/or solidified (if any), and the approximate revenues of UTEX and/or the UTEX subsidiary(ies) involved in each project;

6. The ARCHON® chemical fixation and stabilization/solidification systems developed and operated by UTEX and its subsidiaries, referenced in the "Statement of Qualifications" of UTEX Environmental Services, L.L.C., produced by TDM at TDM 008502–008590.

**PLEASE TAKE NOTICE** that this Request is deemed continuing to and through trial of this case. Should TDM in the future discover any items relating to any of the above matters of this Request, you are required to notify counsel for the United States of said information by way of Supplemental Answers to this Request, or an objection will be made at trial for the use of information not revealed.

DATED: July 11, 2008

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN FARGO
Director

WALTER W. BROWN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 307-0341
Facsimile: (202) 307-0345

Attorneys for the United States

Of Counsel:
JOSHUA B. BRADY
Attorney
U.S. Department of Justice

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 11, 2008, a copy of the foregoing NOTICE OF RULE 30(b)(6) DEPOSITION TO PLAINTIFF TDM AMERICA, LLC was sent to the following counsel of record, via Federal Express and e-mail:

David W. Denenberg, Esq.
Michael A. Adler, Esq.
DAVIDOFF MALITO & HUTCHER LLP
605 Third Avenue - 34 Fl
New York, New York 10158
dwd@dmlegal.com
maa@dmlegal.com

**Counsel for TDM America, LLC**

John E. Flaherty, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056
jflaherty@mccarter.com

Gary J. Campbell, Esq.
McCARTER & ENGLISH, LLP
265 Franklin Street
Boston, Massachusetts 02110
gcampbell@mccarter.com

**Counsel for Donjon Marine Company, Inc.**

WALTER W. BROWN

# EXHIBIT B

# In the United States Court of Federal Claims

No. 06-472C
(Filed: December 17, 2007)

| | |
|---|---|
| TDM AMERICA, LLC, | * |
| Plaintiff, | * |
| v. | * |
| THE UNITED STATES, | * |
| Defendant, | * |
| and | * |
| DONJON MARINE COMPANY, INC., | * |
| Third-Party Defendant. | * |

**DISCOVERY ORDER**

On December 13, 2007, the Court conducted a hearing with counsel for the parties to address the status of the discovery issues raised in Plaintiff's October 16, 2007 Rule 37 motion to compel, and the responses thereto. The Court also requested and received a Joint Status Report signed by all counsel two days before the hearing. Based upon the parties' submissions, as well as the arguments and representations at the hearing, the Court hereby orders as follows:

1. Plaintiff may continue to use Michael Chapman, PhD, Vice President of The Analysis Group, as an expert witness in this case. Defendant had raised a potential conflict of interest based upon the Government's retention of The Analysis Group in an unrelated case pending in this Court, The Boeing Co. v. United States, No. 00-705C. Dr. Chapman is not working on the Boeing case, and none of the people working on the Boeing case are assisting Dr. Chapman on this case. Plaintiff has represented that an internal "firewall" has been established within The Analysis Group to prevent any sharing of information between personnel working on these respective cases. Plaintiff apparently retained Dr. Chapman before the Government retained The Analysis Group for the Boeing case. The Court sees no basis to disqualify Dr. Chapman from his continued involvement in this matter. At the hearing, Defendant's counsel did not disagree with the Court's assessment, and did not further pursue any objection. Accordingly, the Court considers this issue to have been resolved, without prejudice to the assertion of any later concerns or objections that may arise.

2. Plaintiff has objected to Defendant's wholesale designation of nine deposition transcripts as being protected information, "Confidential – Attorneys' Eyes Only." Following Plaintiff's request that protected portions of the transcripts be re-designated, Defendant performed this task only for two relatively minor depositions. The Court directs Defendant to re-designate all deposition transcripts that are currently designated as protected information on or before January 15, 2008. Plaintiff provided a partial "priority list" to Defendant at the hearing, which it may update and finalize not later than December 21, 2007. Defendant should deliver to Plaintiff the re-designated transcripts when completed, in the prioritized order provided by Plaintiff.

3. Plaintiff may complete its Rule 30(b)(6) deposition of Donjon Marine Company's witness, Kerri Mullins, for four additional hours on a date mutually agreeable to the parties. This deposition must be completed by the date established below for the completion of discovery.

4. Donjon may depose Plaintiff's two Rule 30(b)(6) witnesses, Mr. Rick Redle and Mr. Ritchie Studer, for four additional hours each on a date mutually agreeable to the parties. In order to expedite these depositions, Donjon shall provide Plaintiff with advance notice of the documents that Donjon intends to use at these depositions. These depositions must be completed by the date established below for the completion of discovery.

5. Based upon representations at the hearing, issues relating to Donjon's production of documents are considered resolved.

6. In accordance with Rule 56(f), the Court grants Plaintiff's request for limited discovery before it must respond to Defendant's November 8, 2007 motion for partial summary judgment. Plaintiff has requested Defendant to identify the documents by Bates numbers that comprise the 18 contracts placed at issue in Defendant's motion, as well as any amendments to the contracts, and any contractor submittals for each contract relating to treatment methods or quantities of dredged or treated materials. Defendant shall provide this information to Plaintiff on or before January 15, 2008. Plaintiff shall file its response to Defendant's motion for partial summary judgment on or before February 12, 2008. Further filings shall be in accordance with the Court's rules relating to motions for summary judgment.

7. Plaintiff has been attempting to compile information through discovery on the extent of the Government's treatment of dredged materials, principally by the U.S. Army Corps of Engineers, since early in this case. Through interrogatories, requests for production of documents, and Rule 30(b)(6) depositions, Plaintiff has achieved only limited and mixed success, and it complains that Defendant has not fully and completely responded to Plaintiff's discovery requests. Although Defendant perhaps could have responded on a more timely and complete basis, the tasks presented by Plaintiff's requests were daunting to say the least. Since serving its requests and receiving what it regards as incomplete responses, Plaintiff has learned of information on the Corps of Engineers' internet web site that it believes may be useful. Whereas Plaintiff has received some information on a contract-by-contract basis, the information on the Corps of Engineers' web site apparently is organized on a district-by-district basis. After a thorough discussion at the hearing, and for the

purpose of narrowing the issues in controversy, the parties agreed to adhere to the following procedure:[1]

a. On or before January 15, 2008, Plaintiff shall provide to Defendant a list or chart identifying by either contract number or Corps of Engineers District what Plaintiff understands to be the volume of treated dredged material, the price paid by the United States for the treatment of dredged material, and if available, the method of treatment employed. Plaintiff also shall identify for each entry the basis of its understanding and the document(s) upon which it relies.

b. On or before February 13, 2008, Defendant shall review the data provided by Plaintiff, and provide Plaintiff with a statement admitting or denying the accuracy of each entry on Plaintiff's list or chart. If Defendant denies the accuracy of Plaintiff's entry, it must provide what Defendant believes is the accurate data, along with the basis of its understanding and the document(s) upon which it relies. Any entry that Defendant does not deny and also provide its own entry of what it believes is more accurate, shall be deemed uncontested. It is insufficient for Defendant simply to deny the accuracy of Plaintiff's data.

c. Where any disagreements exist, Defendant shall produce a knowledgeable representative for informal discussions with Plaintiff who can address any of Plaintiff's concerns and answer Plaintiff's questions. The purpose of these discussions is to reduce or eliminate areas of disagreement on matters that can be stipulated. If, after engaging in such discussions, disagreements remain, Plaintiff may request leave of Court to conduct Rule 30(b)(6) depositions limited to the areas of disagreement.

8. All of the above matters, and all other non-expert discovery, shall be completed not later than March 31, 2008. The Court shall conduct a telephone status conference with all counsel on April 2, 2008 at 2:00 PM to address any outstanding discovery issues and a schedule for further proceedings. The parties shall submit a proposed schedule to the Court in advance of the status conference.

9. The Court's November 1, 2007 discovery order is vacated.

10. Plaintiff's motion for Rule 37 sanctions is DENIED, without prejudice to being reconsidered at a later date if the foregoing discovery matters remain unresolved.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge

[1] This procedure also may be used to obtain information for dredging contracts with other federal and state agencies.

# EXHIBIT C

# In the United States Court of Federal Claims

No. 06-472C
(Filed: April 4, 2008)

| | |
|---|---|
| TDM AMERICA, LLC, | * |
| Plaintiff, | * |
| v. | * |
| THE UNITED STATES, | * |
| Defendant, | * |
| and | * |
| DONJON MARINE COMPANY, INC., | * |
| Third-Party Defendant. | * |

## DISCOVERY ORDER

On April 2, 2008, the Court conducted a telephonic conference with counsel for the parties to address remaining discovery issues and the parties' competing proposed schedules for further proceedings. In the Court's most recent discovery order, filed December 17, 2007, the Court attempted to assist the parties in resolving four outstanding discovery disputes. On three of the four issues the Court's efforts were successful, but it appears that the parties were unable to work together to resolve the remaining issue. The April 2, 2008 conference was the sixth time the Court met with counsel for the parties to resolve discovery disputes. In the latest round of motions, the parties filed 188 exhibits containing several thousand pages of allegedly supporting materials.

After more than 16 months of discovery, Plaintiff has been unable to compile information on the extent of the Government's treatment of dredged materials, principally by the U.S. Army Corps of Engineers ("USACE"). In Paragraph 7 of its December 17, 2007 discovery order, the Court established an informal procedure by which Plaintiff could obtain the information it deemed necessary. In Paragraph 7(a), the Court directed Plaintiff to provide Defendant with a list identifying by contract number or by USACE district what Plaintiff understood to be the volume of treated dredged material, the price paid for the

treatment, and the method of treatment employed. The Court also directed Plaintiff to identify for each entry the basis of its understanding and the document(s) upon which it relied. In Paragraph 7(b), the Court directed Defendant to review Plaintiff's data, admit or deny the accuracy of each entry, and provide the basis of its understanding and the document(s) upon which it relied. Any entry that Defendant did not deny and provide its own entry of what it believed to be more accurate was to be deemed uncontested. Finally, where a disagreement existed, the Court directed Defendant to produce a knowledgeable representative who, during informal discussions, could address any of Plaintiff's concerns or questions. Additionally, Plaintiff could request leave of Court to conduct Rule 30(b)(6) depositions limited to the areas of disagreement.

At the time the Court established the procedure in Paragraph 7, 20 USACE contracts were at issue. In response to Paragraph 7, however, Plaintiff provided Defendant with a list of 657 entries in 32 USACE districts that contained potentially infringing treatment processes. Plaintiff's entries were based primarily on information taken from the USACE's website. Faced with this exponential increase in disputed contracts, Defendant was unable to comply with Paragraph 7(b) within the 29-day period set by the Court. On February 12, 2008, Defendant filed a motion requesting in part an extension of time to respond to Plaintiff's list of 657 entries. Defendant supported its motion with a sworn declaration from USACE counsel Daniel Inkelas stating that it would take "at least a year" for the Corps to locate the contract numbers, interview the knowledgeable personnel, locate relevant documents, and search the files for information relating to Paragraph 7(b). See Docket No. 116, Ex. 10.

Defendant states that the "vast majority" of the 657 entries do not relate to the treatment of dredged material, and, therefore, are irrelevant to the current litigation. As an alternative to a lengthy document search and production, in a February 6, 2008 letter to Plaintiff, Defendant proposed that it provide Plaintiff with sworn declarations that would include the following:

1. Declarants from each of the 32 USACE districts implicated by Plaintiff's submission;

2. Statements that the declarant has considered all of the entries relating to that district;

3. Statements identifying all of the contracts, by contract number, that are implicated by Plaintiff's entries for that district, not including the 20 contracts already identified in the Government's previous interrogatory responses;

4. Statements that confirm that no dredged material was treated under these contracts, identifying contracts that, in fact, involved treatment activities as well as known information and documents regarding the volume of treated materials, the amount paid for such treatment, and the methods of treatment; and

5. Statements that the declarant has investigated whether any other contracted dredging activities awarded from fiscal year 1999 to the present involve the treatment of dredged material and the conclusions drawn from that investigation.

See Doc. No. 116, Ex. 12. Defendant stated that it could provide these declarations within three months, but Plaintiff rejected this proposal.

On April 1, 2008, the parties submitted competing schedules for further proceedings. Plaintiff proposes that the Court strictly enforce its December 17, 2007 discovery order. Under this approach, fact discovery closed on March 31, 2008, and all 657 entries that Defendant failed to deny in accordance with Paragraph 7(b) would be deemed uncontested. In short, Plaintiff asks this Court to sanction Defendant by expanding its potential liability exponentially. The Court rejects this approach.

If Plaintiff wishes to expand the number of contracts at issue from 20 to 657, then it must allow Defendant a reasonable amount of time to respond. The Court finds Defendant's proposal outlined above to be reasonable and manageable. Based on the parties' submissions, as well as the arguments and representations at the April 2, 2008 conference, the Court hereby orders as follows:

1. Defendant shall provide Plaintiff with sworn declarations from the USACE districts identified in Plaintiff's January 15, 2008 submission. The declarations shall be furnished to Plaintiff not later than May 15, 2008, and shall include all of the information stated by Defendant in its February 6, 2008 letter.

2. Defendant shall complete its production of documents relevant to any contracts identified in the May 15, 2008 declarations, and provide those documents to Plaintiff by August 15, 2008.

3. Fact discovery will close on August 15, 2008, except that Plaintiff may submit a motion requesting additional time to review any documents provided by Defendant, conduct discovery from knowledgeable USACE representatives, and, thereafter by leave of Court, conduct any Rule 30(b)(6) depositions that it deems necessary.

4. The Court's December 17, 2008 Discovery Order is amended as set forth herein.

5. This Order disposes of all outstanding discovery motions filed by the parties. The impositions of any Rule 37 sanctions are DENIED without prejudice to being reconsidered at a later date if the foregoing discovery matters remain unresolved.

6. The Court shall conduct a telephone status conference with counsel for the parties on August 15, 2008 at 2:00 PM to address any outstanding discovery issues and a schedule for further proceedings. The parties shall submit a proposed schedule to the Court on or before August 13, 2008.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge