# EXHIBIT L

# THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TDM AMERICA, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| THE UNITED STATES OF AMERICA, | ) | Case No. 06-472 C |
| Defendant | ) | Judge Thomas C. Wheeler |
| and | ) | |
| DONJON MARINE COMPANY, INC. | ) | |
| Interested Party. | ) | |

## NOTICE OF DEPOSITION OF DR. IRFAN TOOR

You are hereby notified that Interested Party Donjon Marine Company, Inc. ("Donjon") will take the deposition of Dr. Irfan Toor pursuant to Rule 30(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") at 9:30AM on July 2, 2007 or on a date and time to be mutually agreed upon by the parties, and continuing from day to day thereafter until completed or adjourned by mutual consent of the parties, at the office of McCarter & English, LLP, 100 Mulberry Street, Newark, NJ 07102. The deposition will be taken before an officer authorized to administer oaths and will be recorded by stenographic or other means permitted by the Rules of Court.

Pursuant to Rule 30(b)(5) of the RCFC, Donjon requests TDM America LLC produce the documents listed in Exhibit A, or make such documents available for inspection.

Dated: May 29, 2007

Respectfully submitted,

**McCARTER & ENGLISH, LLP**

By: Gary Campbell APN
Gary J. Campbell
265 Franklin Street
Boston, Massachusetts 02110
Telephone: (617) 449-6500
Facsimile: (617) 607-9200
E-mail:gcampbell@mccarter.com
*Attorney for Donjon Marine Company, Inc.*

*Of counsel:*

John E. Flaherty
Andrew P. Nemiroff
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 622-4444
Facsimile: (973) 624-7070
E-mail:jflaherty@mccarter.com

**Exhibit A to Deposition Notice**

**DEFINITIONS AND INSTRUCTIONS**

1. The term "Donjon" shall refer to interested party Donjon Marine Co., Inc.

2. "You" and "Your" shall mean and refer to the deponent.

3. "TDM" shall mean and refer to Plaintiff TDM America, LLC, and its officers, directors, employees, agents, representatives, attorneys, affiliates, successors, and assigns, and to persons and entities acting or purporting to act on behalf of TDM.

4. "UTEX" shall mean and refer to UTEX Holdings, LLC, and its officers, directors, employees, agents, representatives, attorneys, affiliates, successors, and assigns, and to persons and entities acting or purporting to act on behalf of UTEX .

5. The "United States" shall mean and refer to Defendant the United States of America.

6. "Patents in suit" shall mean and refer to United States Patent Nos. 5,542,614 (the "'614 patent"), 6,293,731 (the "'731 patent") and 5,794,862 (the "'862 patent") and any other patent identified in the Complaint that You allege or believe is infringed by Donjon dredging activities.

7. "Donjon Dredging Activities" shall mean, in addition to dredging, all of Donjon's activities relating to dredging and/or any treatment of dredged material by Donjon and/or upland disposal of dredged material by Donjon. "Treatment" as used herein shall mean processing, stabilization, retention, staging, handling, curing, reuse, remediation, fixation, solidification, and/or disposal.

8. "Lawsuit" shall mean and refer to TDM America, LLC v. The United States of America, Civil No. 06-472 C.

9. "Complaint" shall mean and refer to the Complaint or any Amended Complaint filed by TDM in the Lawsuit.

10. "UTEX's Administrative Claim" shall mean and refer to the administrative claim submitted by UTEX to the United States Army which alleges infringement of the '731 and '614 patents by three contractors, including Donjon.

11. "Person" or "Persons" means all natural persons, individuals, corporations, partnerships or other business associations, and all other legal entities, including all members, officers, predecessors, assigns, divisions, affiliates and subsidiaries.

12. "Claim chart" shall mean and refer to existing charts comparing each claim of the applicable patent to the product or process accused of infringing that claim on an element by element (for apparatus claims) or step by step (for method claims) basis.

13. "Claim construction" shall mean and refer to and refer to the interpretation of the words in the claims so as to determine their meaning and scope.

14. "Prior art" shall refer to all categories of prior art recited in 35 U.S.C. § 102 and as used in 35 U.S.C. § 103.

15. For purposes of these Requests, the term "Document" shall include, but not be limited to, notes, letters, e-mail, correspondence, memoranda, notebooks, patents, patent claim charts, reports, photographs of any sort and recorded in any media, recordings of any sort and in any media, known to or in the possession of the plaintiff. "Documents" shall also include copies of any document to the extent the copies are not identical to the original being referred to. Requests for production of documents require the production of copies that contain any markings, additions, or deletions that make them different in any way from any other version of the Document. "Documents" shall also include all ESI as defined herein.

16. "Things" shall be given the most liberal definition embraced by the RCFC.

**Document Requests**

1. Your resume and/or CV.

2. All Documents and Things in your possession obtained by any Person, party to this Lawsuit or entity that relates to any claim, defense, remedy or testimony in this matter relating to Donjon dredging activities.

3. All Documents and Things in your possession that you rely upon or have relied upon to support any allegation that Donjon dredging activities infringe, either literally or by the doctrine of equivalents, the '731 patent.

4. All Documents and Things in your possession that you rely upon or have relied upon to support any allegation that Donjon dredging activities infringe, either literally or by the doctrine of equivalents, any patent other than the '731 patent alleged by TDM in the Complaint.

5. All correspondence, and any related Documents and Things, in your possession between you and any Person that discusses or in any other way relates to any alleged infringement of the '731 patent by Donjon dredging activities regardless of whether such correspondence was initiated by you or by such other party or parties.

6. All Documents and Things in your possession generated or received by you that discuss or in any other way relate to any alleged infringement of the '731 patent by Donjon dredging activities.

7. All Documents and Things in your possession generated or received by you that discuss or in any other way relate to any alleged infringement of any patent other than the '731 patents alleged by TDM in the Complaint by Donjon dredging activities.

8. All digital or film photographs in your possession of any Donjon dredging activities or of Donjon's operation site.

9. All Documents and Things in your possession pertaining to any investigation of Donjon dredging activities conducted by you or on your behalf prior to the filing of the Lawsuit or prior to the submission of UTEX's Administrative Claim including, but not limited to, all correspondence, presentations and discussions, along with Documents sufficient to establish the identity of all Persons who participated in any such investigation as well as any bills, invoices, correspondence or other Documents exchanged among such Persons.

10. All Documents and Things in your possession that you provided and/or considered in the preparation of UTEX's Administrative Claim and all Documents sufficient to identify any Person who supplied any information considered in the preparation of that submission and the content of the information supplied.

11. All Documents and Things in your possession concerning the '731 patent including, but not limited to, Documents related to the purported invention itself, its purported reduction to practice, the purported date of conception, any inventor notebooks, diaries or logs and all contracts, licenses and agreements referencing the '731 patent.

12. All Documents and Things in your possession concerning the '614 patent including, but not limited to, Documents related to the purported invention itself, its purported reduction to practice, the purported date of conception, any inventor notebooks, diaries or logs and all contracts, licenses and agreements referencing the '614 patent.

13. All Documents and Things in your possession related to all licensees of the '731 patent, and all settlement agreements relating to any alleged infringement of the '731 patent.

14. All Documents and Things in your possession related to all licensees of the '614

patent, and all settlement agreements entered into by you and a third party relating to any alleged infringement of the '614 patent.

15. Patents, publications, and/or other Documents in your possession which constitute prior art with respect to the '731 patent, whether or not asserted by you or any Person and/or whether or not disclosed to the United States Patent and Trademark Office during the prosecution of '731 patent.

16. Patents, publications, and/or other Documents in your possession which constitute prior art with respect to the '614 patent, whether or not asserted by you or any Person and/or whether or not disclosed to the United States Patent and Trademark Office during the prosecution of the '614 patent.

17. Prior art searches in your possession concerning the subject matter of the '731 patent.

18. All inventor notebooks in your possession that relate to the '614, '732 and '862 patents.

19. All claim charts, and related Documents and Things, in your possession that compare Donjon dredging activities to the claims of the '731 patent. For each such claim chart, produce all Documents in your possession that were relied upon in the preparation of those claim charts.

20. All Documents and Things in your possession that you provided in the preparation of David W. Denenberg's April 4, 2005 submission to Senator Orrin Hatch (including the "Analysis of Counsel" section that is part of the submission).

21. To the extent the allegations pertain to Donjon dredging operations, all Documents and Things in your possession that support the allegation that "dredging processes, utilized by or on behalf of the United States are covered by the patents-in-suit" as alleged in *Plaintiff TDM's Response to the Motion to Notice Interested Third Parties* filed in this Lawsuit.

22. All Documents and Things in your possession related to correspondence with third parties that resulted in the acquisition by TDM or UTEX of copies of permits issued to Donjon or Metals Management.

23. All Documents and Things in your possession that set forth, describe, calculate and/or itemize any form of damages or monetary relief claimed in this Lawsuit based on Donjon dredging activities.

24. All Documents and Things in your possession that relate to the facts underlying the allegations of the US' infringement of the patents-in-suit based on Donjon dredging activities.

25. All Documents and Things in your possession that discuss the pre-September 2001 use of cement to stabilize and/or solidify soil, including, but not limited to, dredge material.

**CERTIFICATE OF SERVICE**

I hereby certify that on 24 May 2007, I served a true and accurate copy of NOTICE OF DEPOSITION OF DR. IRFAN TOOR upon the attorney of record for each party by hand delivery upon:

David Denenberg, Esq.
Davidoff Malito & Hutcher LLP
605 Third Avenue - 34th Floor
New York, NY 10158

And by overnight mail at the following address:

Erica A. Franklin, Esq.
Attorney
Commercial Litigation Branch
Civil Division
1100 L Street, NW
Washington, DC, 20001

By: ______________________



ME1 6428943v.1

# EXHIBIT M

**THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| TDM AMERICA, LLC, Plaintiff, v. THE UNITED STATES OF AMERICA, Defendant and DONJON MARINE COMPANY, INC. Interested Party. | Case No. 06-472 C<br>Judge Thomas C. Wheeler |

**NOTICE OF DEPOSITION OF SCOTT CRAWFORD**

You are hereby notified that Interested Party Donjon Marine Company, Inc. ("Donjon") will take the deposition of Scott Crawford pursuant to Rule 30(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") at 9:30AM on July 2, 2007 or on a date and time to be mutually agreed upon by the parties, and continuing from day to day thereafter until completed or adjourned by mutual consent of the parties, at the office of McCarter & English, LLP, 100 Mulberry Street, Newark, NJ 07102. The deposition will be taken before an officer authorized to administer oaths and will be recorded by stenographic or other means permitted by the Rules of Court.

Pursuant to Rule 30(b)(5) of the RCFC, Donjon requests TDM America LLC produce the documents listed in Exhibit A, or make such documents available for inspection.

Dated: May 29, 2007

Respectfully submitted,

**McCARTER & ENGLISH, LLP**

By: Gary Campbell /APN

Gary J. Campbell
265 Franklin Street
Boston, Massachusetts 02110
Telephone: (617) 449-6500
Facsimile: (617) 607-9200
E-mail:gcampbell@mccarter.com
*Attorney for Donjon Marine Company, Inc.*

*Of counsel:*

John E. Flaherty
Andrew P. Nemiroff
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 622-4444
Facsimile: (973) 624-7070
E-mail:jflaherty@mccarter.com

**Exhibit A to Deposition Notice**

**DEFINITIONS AND INSTRUCTIONS**

1. The term "Donjon" shall refer to interested party Donjon Marine Co., Inc.

2. "You" and "Your" shall mean and refer to the deponent.

3. "TDM" shall mean and refer to Plaintiff TDM America, LLC, and its officers, directors, employees, agents, representatives, attorneys, affiliates, successors, and assigns, and to persons and entities acting or purporting to act on behalf of TDM.

4. "UTEX" shall mean and refer to UTEX Holdings, LLC, and its officers, directors, employees, agents, representatives, attorneys, affiliates, successors, and assigns, and to persons and entities acting or purporting to act on behalf of UTEX .

5. The "United States" shall mean and refer to Defendant the United States of America.

6. "Patents in suit" shall mean and refer to United States Patent Nos. 5,542,614 (the "'614 patent"), 6,293,731 (the "'731 patent") and 5,794,862 (the "'862 patent") and any other patent identified in the Complaint that You allege or believe is infringed by Donjon dredging activities.

7. "Donjon Dredging Activities" shall mean, in addition to dredging, all of Donjon's activities relating to dredging and/or any treatment of dredged material by Donjon and/or upland disposal of dredged material by Donjon. "Treatment" as used herein shall mean processing, stabilization, retention, staging, handling, curing, reuse, remediation, fixation, solidification, and/or disposal.

8. "Lawsuit" shall mean and refer to TDM America, LLC v. The United States of America, Civil No. 06-472 C.

9. "Complaint" shall mean and refer to the Complaint or any Amended Complaint filed by TDM in the Lawsuit.

10. "UTEX's Administrative Claim" shall mean and refer to the administrative claim submitted by UTEX to the United States Army which alleges infringement of the '731 and '614 patents by three contractors, including Donjon.

11. "Person" or "Persons" means all natural persons, individuals, corporations, partnerships or other business associations, and all other legal entities, including all members, officers, predecessors, assigns, divisions, affiliates and subsidiaries.

12. "Claim chart" shall mean and refer to existing charts comparing each claim of the applicable patent to the product or process accused of infringing that claim on an element by element (for apparatus claims) or step by step (for method claims) basis.

13. "Claim construction" shall mean and refer to and refer to the interpretation of the words in the claims so as to determine their meaning and scope.

14. "Prior art" shall refer to all categories of prior art recited in 35 U.S.C. § 102 and as used in 35 U.S.C. § 103.

15. For purposes of these Requests, the term "Document" shall include, but not be limited to, notes, letters, e-mail, correspondence, memoranda, notebooks, patents, patent claim charts, reports, photographs of any sort and recorded in any media, recordings of any sort and in any media, known to or in the possession of the plaintiff. "Documents" shall also include copies of any document to the extent the copies are not identical to the original being referred to. Requests for production of documents require the production of copies that contain any markings, additions, or deletions that make them different in any way from any other version of the Document. "Documents" shall also include all ESI as defined herein.

16. "Things" shall be given the most liberal definition embraced by the RCFC.

**Document Requests**

1. Your resume and/or CV.

2. All Documents and Things in your possession obtained by any Person, party to this Lawsuit or entity that relates to any claim, defense, remedy or testimony in this matter relating to Donjon dredging activities.

3. All Documents and Things in your possession that you rely upon or have relied upon to support any allegation that Donjon dredging activities infringe, either literally or by the doctrine of equivalents, the '731 patent.

4. All Documents and Things in your possession that you rely upon or have relied upon to support any allegation that Donjon dredging activities infringe, either literally or by the doctrine of equivalents, any patent other than the '731 patent alleged by TDM in the Complaint.

5. All correspondence, and any related Documents and Things, in your possession between you and any Person that discusses or in any other way relates to any alleged infringement of the '731 patent by Donjon dredging activities regardless of whether such correspondence was initiated by you or by such other party or parties.

6. All Documents and Things in your possession generated or received by you that discuss or in any other way relate to any alleged infringement of the '731 patent by Donjon dredging activities.

7. All Documents and Things in your possession generated or received by you that discuss or in any other way relate to any alleged infringement of any patent other than the '731 patents alleged by TDM in the Complaint by Donjon dredging activities.

8. All digital or film photographs in your possession of any Donjon dredging activities or

of Donjon's operation site.

9. All Documents and Things in your possession pertaining to any investigation of Donjon dredging activities conducted by you or on your behalf prior to the filing of the Lawsuit or prior to the submission of UTEX's Administrative Claim including, but not limited to, all correspondence, presentations and discussions, along with Documents sufficient to establish the identity of all Persons who participated in any such investigation as well as any bills, invoices, correspondence or other Documents exchanged among such Persons.

10. All Documents and Things in your possession that you provided and/or considered in the preparation of UTEX's Administrative Claim and all Documents sufficient to identify any Person who supplied any information considered in the preparation of that submission and the content of the information supplied.

11. All Documents and Things in your possession concerning the '731 patent including, but not limited to, Documents related to the purported invention itself, its purported reduction to practice, the purported date of conception, any inventor notebooks, diaries or logs and all contracts, licenses and agreements referencing the '731 patent.

12. All Documents and Things in your possession concerning the '614 patent including, but not limited to, Documents related to the purported invention itself, its purported reduction to practice, the purported date of conception, any inventor notebooks, diaries or logs and all contracts, licenses and agreements referencing the '614 patent.

13. All Documents and Things in your possession related to all licensees of the '731 patent, and all settlement agreements relating to any alleged infringement of the '731 patent.

14. All Documents and Things in your possession related to all licensees of the '614 patent, and all settlement agreements relating to any alleged infringement of the '614 patent.

15. Patents, publications, and/or other Documents in your possession which constitute prior art with respect to the '731 patent, whether or not asserted by you or any Person and/or whether or not disclosed to the United States Patent and Trademark Office during the prosecution of '731 patent.

16. Patents, publications, and/or other Documents in your possession which constitute prior art with respect to the '614 patent, whether or not asserted by you or any Person and/or whether or not disclosed to the United States Patent and Trademark Office during the prosecution of the '614 patent.

17. Prior art searches in your possession concerning the subject matter of the '731 patent.

18. All inventor notebooks in your possession for the '614, '731 and/or '862 patents.

19. All claim charts, and related Documents and Things, in your possession that compare Donjon dredging activities to the claims of the '731 patent. For each such claim chart, produce all Documents in your possession that were relied upon in the preparation of those claim charts.

20. All Documents and Things in your possession that you provided in the preparation of David W. Denenberg's April 4, 2005 submission to Senator Orrin Hatch (including the "Analysis of Counsel" section that is part of the submission).

21. To the extent the allegations pertain to Donjon dredging operations, all Documents and Things in your possession that support the allegation that "dredging processes, utilized by or on behalf of the United States are covered by the patents-in-suit" as alleged in *Plaintiff TDM's Response to the Motion to Notice Interested Third Parties* filed in this Lawsuit.

22. All Documents and Things in your possession related to correspondence with third parties that resulted in the acquisition by TDM or UTEX of copies of permits issued to Donjon or Metals Management.

23. All Documents and Things in your possession that set forth, describe, calculate and/or itemize any form of damages or monetary relief claimed in this Lawsuit based on Donjon dredging activities.

24. All Documents and Things in your possession that relate to the facts underlying the allegations of the US' infringement of the patents-in-suit based on Donjon dredging activities.

25. All Documents and Things in your possession that discuss the pre-September 2001 use of cement to stabilize and/or solidify soil, including, but not limited to, dredge material.

**CERTIFICATE OF SERVICE**

I hereby certify that on 29 May 2007, I served a true and accurate copy of NOTICE OF DEPOSITION OF SCOTT CRAWFORD upon the attorney of record for each party by hand delivery upon:

David Denenberg, Esq.
Davidoff Malito & Hutcher LLP
605 Third Avenue - 34th Floor
New York, NY 10158

And by overnight mail at the following address:

Erica A. Franklin, Esq.
Attorney
Commercial Litigation Branch
Civil Division
1100 L Street, NW
Washington, DC, 20001

By: ______________________



ME1 6428955v.1